IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01108-KLM

BARRY MORPHEW,

    Plaintiff,

v.

CHAFFEE COUNTY, Colorado,
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado,
CHAFFEE COUNTY SHERIFF'S DEPARTMENT,
LINDA STANLEY, District Attorney, in her official and individual capacities,
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual capacities,
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy,
ANDREW ROHRICH, Chaffee County Undersheriff,
ALEX WALKER, Eleventh Judicial District Attorney's Office Investigator,
JEFFREY LINDSEY, Deputy District Attorney,
ROBIN BURGESS, Chaffee County Sheriff's Detective,
RANDY CARRICATO, Chaffee County Sheriff's Deputy,
CLAUDETTE HYSJULIEN, Chaffee County Sheriff's Sergeant,
WILLIAM PLACKNER, Chaffee County Sheriff's Sergeant,
JOHN CAMPER, Colorado Bureau of Investigation Director,
JOSEPH CAHILL, Colorado Bureau of Investigation Agent,
MEGAN DUGE, Colorado Bureau of Investigation Agent,
CAITLIN ROGERS, Colorado Bureau of Investigation Agent,
DEREK GRAHAM, Colorado Bureau of Investigation Agent,
KEVIN KOBACK, Colorado Bureau of Investigation Agent,
KIRBY LEWIS, Colorado Bureau of Investigation Agent,
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director of Investigations,
JONATHAN GRUSING, Federal Bureau of Investigation Agent,
KENNETH HARRIS, Federal Bureau of Investigation Agent, and
JOHN/JANE DOES 1-10, and other unknown employees of the Eleventh Judicial District Attorney, and other unknown officers of the Chaffee County Sheriff's Department,

    Defendants.

---

**ORDER SETTING
SCHEDULING/PLANNING CONFERENCE**
(as *amended* effective November 22, 2019)

---

The above captioned case has been assigned to Magistrate Judge Kristen L. Mix pursuant

to D.C.COLO.LCivR 40.1(c).  [#3]; *see also* [#4] (explaining D.C.COLO.LCivR 40.1).  The parties are reminded that "[a]ll parties must either consent to the exercise of magistrate judge jurisdiction, or any party may decline to consent.  In either event, **filing of the Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction is mandatory**, indicating either the unanimous consent of the parties or that at least one party has declined to consent." [#4] at 1-2 (emphasis in original).

### A.  Date of Scheduling Conference

IT IS HEREBY **ORDERED** that a Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) shall be held on **August 29, 2023**, commencing at **11:00 a.m.** in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

### B.  How to Request Different Date for Scheduling Conference

If this date is not convenient for any counsel or *pro se* party, he or she shall file a motion to reschedule the conference to a more convenient date, and shall list dates in the motion which are available for all counsel and pro se parties. Absent exceptional circumstances, no request for rescheduling any appearance in this court will be considered unless a motion is made **five (5) business days** in advance of the date of appearance.

### C.  How to Request Appearance By Telephone at Scheduling Conference

If you wish to appear at the Scheduling Conference by telephone, you must file a motion seeking permission to appear by telephone and setting forth good cause for a telephonic appearance.  No motion for any telephonic appearance will be granted unless it is filed at least **five (5) business days** in advance of the date of appearance.

### D.  Plaintiff's Duty to Notify Parties of Scheduling Conference

The plaintiff shall notify all parties who have not entered an appearance as of the date of this Order of the date and time of the Scheduling/Planning Conference set forth above.

### E. Parties' Obligations Before Scheduling Conference

1. <u>Scheduling Order</u>

IT IS **ORDERED** that counsel and *pro se* parties in this case are to hold a pre-scheduling conference meeting pursuant to Fed. R. Civ. P. 26(f)(1) at least twenty-one (21) days before the proposed scheduling order is due to be tendered and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f), as amended.  The instructions for completing the Scheduling Order may be found on the Court's website (www.cod.uscourts.gov) with the scheduling order forms. **Please be aware there are multiple forms of Scheduling Order available on the Court's website under the "Forms" link: one form for ERISA cases, one form for patent cases, and one form for all other non-administrative review cases.  PLEASE USE THE CURRENT and CORRECT FORM FOR YOUR CASE.**

Pursuant to Fed. R. Civ. P. 26(d), as amended, no discovery is to be exchanged until after the Rule 26(f) conference meeting.  The parties **shall** include the following language in Section 8,

Paragraph (d) of their proposed Scheduling Order in *non-administrative review* cases:

> "Other Planning or Discovery Orders:  No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a).  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a telephone hearing with Magistrate Judge Mix regarding the issue.  Both of these steps must be completed before any contested discovery motions are filed with the Court."

No later than **seven (7) calendar days** prior to the Scheduling/Planning Conference, counsel and *pro se* parties shall submit their proposed Scheduling Order  in compliance with the Court's Electronic Case Filing Procedures which are also available on the Court's website.  An additional copy of the proposed scheduling order is to be provided to my chambers at Mix_Chambers@cod.uscourts.gov by **e-mail attachment** with the subject line containing the case number and stating "Proposed Scheduling Order."

Parties who are pro se or do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room  A105, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294.  Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of the Court on paper.

2. Mandatory Disclosures

IT IS **FURTHER ORDERED** that on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1), as amended.

**F.  Miscellaneous**

All counsel shall comply with D.C.COLO.LAttyR 1 through 14 before the Scheduling/Planning Conference. **Counsel are warned that the use of "appearance counsel" providing limited representation solely for a Scheduling Conference is not permitted** in light of the fact that the Court liberally permits appearances of counsel by telephone.  To the extent any attorney provides limited representation to a client, the requirements of D.C.COLO.LAttyR 5 must be followed.

It is the responsibility of all counsel and pro se parties to notify the Court of his or her entry of appearance, withdrawal of appearance, substitution of counsel, or change of address, e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion.  Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

Anyone seeking entry to the Alfred A. Arraj United States Courthouse will be required to show  valid  photo  identification.   *See*  D.C.COLO.LCivR 83.2(b).   Failure  to  comply  with  this

requirement will result in denial of entry to the courthouse.

    DATED: May 5, 2023 at Denver, Colorado.

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge