IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01108-KLM

BARRY MORPHEW,

    *Plaintiff*,

V.

Chaffee County, Colorado, et al.,

    *Defendants*.

─────────────────────────────────────────────

**MOTION TO EXTEND TIME TO EFFECT SERVICE**

─────────────────────────────────────────────

    Plaintiff, Barry Morphew, by and through his attorneys, Fisher & Byrialsen, PLLC, Samler & Whitson, PC, and Eytan Law LLC, moves this Court pursuant to Fed. R. Civ. Proc. 4(m) to extend the time to effect service upon the following defendants:

| | |
|---|---|
| District Attorney Linda Stanley | Sheriff John Spezze |
| Deputy District Attorney Mark Hurlbert | Undersheriff Andrew Rohrich |
| Scott Himschoot | Sgt. William Plackner |
| Claudette Hysjulien | Randy Carricato |

for a period of sixty (60) days, to and including September 29, 2023, and states as good cause for this request:

    1.    Counsel have worked diligently to accomplish service upon almost all of the twenty-three (23) defendants in this case.

    2.    The details regarding attempts on these remaining defendants are set forth below.

    3.    Pursuant to Rule 4(m), the deadline to accomplish service of the summons and complaint is July 31, 2023.

1

4. With respect to extensions of time for service, Rule 4(m) provides 90 days for effecting service after the Complaint is filed: "[b]ut if the plaintiff shows good cause for the failure, the court ***must*** extend the time for service for an appropriate period." (emphasis added).

5. As stated by the Tenth Circuit, "[t]he general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, No. 22-CV-02135-EFM, 2022 WL 17583183, at *4 (D. Kan. Dec. 9, 2022).[1] "The reluctance of the courts to dismiss an action when there is a possibility that effective service will be completed is understandable inasmuch as the dismissal would be without prejudice and probably would lead to the reinstitution of the suit by the plaintiff. Thus, dismissal needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits.") 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1354 (3d ed. 2004) (citations omitted).[2]

6. The commentary to the 1993 Amendments gives as examples of appropriate grounds for relief such factors as whether the applicable statute of limitations would bar a refiled action, or if the defendant is evading service. Both of these examples are present in this case.

7. Other considerations include whether plaintiff attempted service within the time provided by Rule 4(m),[3] whether the defendants have actual notice of the lawsuit and whether

---

[1] *Quoting Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (further quotations and citation omitted).
[2] Even in the absence of good cause, this Court has discretion to provide additional time, *Gallan v. Bloom Bus. Jets, LLC*, No. 19-CV-3050-WJM-SKC, 2020 WL 4904580 (D. Colo. Aug. 20, 2020); *Zapata v. City of New York,* 502 F.3d 192 (2nd Cir. 2007), and it may be error to dismiss the complaint. *See e.g., Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008).
[3] *Gallan v. Bloom Bus. Jets, LLC*, No. 19-CV-3050-WJM-SKC, 2020 WL 4904580 (D. Colo. Aug. 20, 2020) (granting an extension and noting that Plaintiff attempted to serve Defendants within the time provided).

there is any evidence that they would experience prejudice on the merits of the case from the granting of the requested extension. In *Bell v. Bd. of Educ., supra,* the court granted the requested extension and observed that the defendants "almost certainly had actual notice of the lawsuit" because another defendant received service of process and "likely informed" them. Further, there was no discernable prejudice to the defendants from granting the request. These circumstances exist here as well. Most if not all of the as-yet unserved parties are not only aware of the lawsuit, but have undoubtedly seen the Complaint as their co-workers have been served and it was widely available in media sources, and (as to the attorney defendants). Further, there is no prejudice to the merits of the case.

8.      **District Attorney Linda Stanley** is evading service. Even though she is a licensed attorney and the Elected District Attorney, and therefore has a duty to not obstruct service, Ms. Stanley is evading service. She has instructed her staff to refuse to accept service on her behalf and essentially expressed an intent to attempt to avoid service. Utilizing the place of business she has listed with the Colorado Attorney Regulatory Commission (and understanding the reticence of any District Attorney employee to be tracked down at a private residence), process was attempted at her place of business. The process server spoke with one of Ms. Stanley's Investigators (Matt Gribble) who indicated that he had already discussed the matter with Ms. Stanley and she had instructed her staff to not accept service. He stated words to the effect of, "it has already been discussed, no one will accept for her," and if we want to serve her we will need "to go to the four counties of Fremont, Park, Chaffee and Custer County to look for her."

9.      The process server also tried her at her last known home address, but persons there said that she no longer lives there. They reported that she moved to an unidentified

different address but reported that she has recently moved from that residence as well. At this point, undersigned counsel has no leads for the location of her private residence and will have to have a process server "stake out" her place of business and courtrooms in which she is appearing.

10.     Both Ms. Stanley and her Deputy, Mark Hurlbert (see paragraphs 12-13) claim to be practicing law at the District Attorney's Office at 136 Justice Center Road, Room 203, Canon City, Colorado, 81212, as evidenced by the address they utilized in a July 20, 2023 filing in the Colorado Supreme Court:

| SUPREME COURT, STATE OF COLORADO<br><br>2 East 14th Ave.<br>Denver, CO 80203 | DATE FILED: July 20, 2023 11:04 AM<br>FILING ID: 829D1303E572F<br>CASE NUMBER: 2023SA111 |
|---|---|
| On Petition for a Rule to Show Cause to the Fremont County District Court<br>Honorable Kaitlin Turner, District Judge<br>Case No. 23CR5000 | |
| | ▲ COURT USE ONLY ▲ |
| In Re:<br>**THE PEOPLE OF THE STATE OF COLORADO,**<br>Petitioner,<br><br>v.<br><br>**JOSEPH JAMES TIPPET,**<br>Respondent. | Case Number: 23SA111 |
| Prosecuting Attorney(s), 11th Judicial District<br>MARK HURLBERT, Deputy, for<br>LINDA STANLEY, District Attorney<br>136 Justice Center Rd rm 203,<br>Cañon City, CO 81212<br>Phone: (719) 269-0170<br><br>Atty. Reg. #(s): Stanley 45298, Hurlbert 24606 | |
| **PEOPLE'S REPLY BRIEF** | |

4

11.     Ms. Stanley's avoidance of service is good cause to permit an additional sixty (60) days to accomplish service of this recalcitrant District Attorney-defendant.

12.     **Deputy District Attorney Mark Hurlbert**  has the same ethical duty to not obstruct service. However, he is evading service.  When the process server approached with the Complaint Mr. Hurlbert refused service at his place of work.[4]  He informed the process server over an intercom that all documents related to "this case" had to go to the Chaffee County District Attorney's Office.  The interaction took place through a locked door that neither Mr. Hurlbert nor his staff member would open to receive service. Later, the process server returned and was again refused entrance. The process server heard the staff person (Gina Bongi) and Mark Hurlbert's voice and heard Mr. Hurlbert refuse to be served. He again said the matter was being "handled" by Chaffee County. Neither Mr. Hurlbert nor Ms. Bongi would unlock and open the door for the process server. At that point, undersigned counsel emailed Mr. Hurlbert. In an email that went unanswered, counsel stated:

> As you know Mr. Morphew has filed a lawsuit against you. It is our understanding that today you refused to accept service of the summons and complaint and informed our process that she had to go to the DA's office in Chaffee County. Obviously that is not correct as you are being sued individually. We are writing as a professional courtesy to determine whether you will accept service and complete a waiver. If not, we will be filing a motion in federal court today regarding this.

Mr. Hurlbert did not respond. The process server returned a final time and taped the summons and complaint to the locked door.

13.     While this may constitute adequate service, at the very least it establishes that Mr. Hurlbert is evading service. This is good cause to either deem service accomplished or to permit an additional sixty (60) days to accomplish service of this recalcitrant Deputy District Attorney-defendant.

---

[4] Mr. Hurlbert was found at his office at the District Attorney's Office in Summit County, 504 Airport Rd, Breckenridge, CO 80424. However, he stayed behind a locked door and refused service.

14. **Former Chaffee County Sheriff Personnel Scott Himschoot, Claudette Hysjulien and Randy Carricato.** Counsel have attempted service on but have not yet accomplished it for these three individuals. Attempting service on each of these individuals has required hiring of multiple process servers in different towns and counties.

(a) Ms. Hisjulien has been tried at three different addresses. At the most recently-reported home address, the process server has attempted twice but had no response at the door.

(b) Mr. Carricato was initially reported to no longer be with the Sheriff's Office. He was reported to be in Pueblo, at a residence where his mother was found; she reported he no longer lives there but reported he is currently back working in some capacity (perhaps as an independent contractor) at the Sheriff's Office. He is now believed to be in Chaffee County. Undersigned counsel believes that service can be accomplished soon.

(c) Mr. Himschoot. A local process server knows Mr. Himschoot and has been attempting to serve him but has not been able to make contact despite at least three attempts at one place of business and two different residence addresses. It is believed that service can be accomplished soon.

The above circumstances establish good cause to permit an additional sixty (60) days to accomplish service.

15. **Sheriff John Spezze, Undersheriff Andrew Rohrich and Sgt. William Plackner** refused to come out to receive process from the process server when all the other Chaffee County Sheriff's personnel were served at their Office. The County Attorney (Daniel Tom) told the process server that he would accept service on behalf of these three defendants.

6

When undersigned counsel's staff followed up, she was instructed to contact outside counsel, Nicholas Poppe. However, Mr. Poppe has not responded to inquiries regarding providing waivers of service.  It appears that these three defendants, through their attorney(s), will be accepting service but in an abundance of caution, counsel request the additional time in case they change their minds and end up refusing to waive personal service.  The statement by the County Attorney that the defendants intend to waive personal service constitutes good cause for the requested extension.

16.     Undersigned counsel believe that personal service (or a proper waiver of service) is likely for each of the above-named defendants in far less than sixty days. Indeed, service appears to be imminent for most of them despite attempts to evade service by some.  Counsel has requested sixty (60) days in an abundance of caution to allow for any unforeseen circumstances.

WHEREFORE, Plaintiff requests that this Court provide a sixty-day extension of time, to and including September 29, 2023, in which to effect service on District Attorney Linda Stanley, Deputy District Attorney Mark Hurlbert, Scott Himschoot, Claudette Hysjulien, Randy Carricato, Sheriff John Spezze, Undersheriff Andrew Rohrich, and Sgt. William Plackner.

Respectfully submitted this 30th day of July, 2023.

**FISHER & BYRIALSEN, P.L.L.C.**

s/*Jane Fisher-Byrialsen,*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
303-256-6345
Jane@FBLaw.org

**SAMLER AND WHITSON, PC**
Hollis Whitson
Eric Samler
Samler and Whitson, PC
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 670-0575
Hollis@SamlerandWhitson.com

**EYTAN LAW**
Iris Eytan
Eytan Law
2701 Lawrence St, Ste 108
Denver, CO 80205
(720) 440-8155
iris@eytanlawfirm.com

*ATTORNEYS FOR PLAINTIFF BARRY LEE MORPHEW*

8

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed on July 31, 2023, using the CM/ECF system and served on all counsel of record. Additionally, email service was provided to :

Nicholas Poppe, Esq. (npoppe@ndm-law.com)

/S/*Hollis A. Whitson*
Hollis Whitson
Samler and Whitson, PC
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 670-0575

9