IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01108-DDD-SKC

BARRY MORPHEW,

     Plaintiff,

v.

Chaffee County, Colorado,
Board of County Commissioners of Chaffee County, Colorado,
Chaffee County Sheriff's Department,
District Attorney Linda Stanley, in her individual and official capacity,
Chaffee County Sheriff John Spezze, in his individual and official capacity,
Chaffee County Undersheriff Andrew Rohrich,
Eleventh Judicial District Attorney's Office Investigator Alex Walker,
Deputy District Attorney Jeffrey Lindsey,
Deputy District Attorney Mark Hurlbert,
Chaffee County Sheriff's Detective Robin Burgess,
Chaffee County Sheriff's Deputy Randy Carricato,
Chaffee County Sheriff's Deputy Scott Himschoot,
Chaffee County Sheriff's Sergeant Claudette Hysjulien.
Chaffee County Sheriff's Sergeant William Plackner,
Colorado Bureau of Investigation Director John Camper,
Colorado Bureau of Investigation Agent Joseph Cahill,
Colorado Bureau of Investigation Agent Megan Duge,
Colorado Bureau of Investigation Agent Caitlin Rogers,
Colorado Bureau of Investigation Agent Derek Graham,
Colorado Bureau of Investigation Agent Kevin Koback,
Colorado Bureau of Investigation Agent Kirby Lewis,
Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer,
Federal Bureau of Investigation Agent Jonathan Grusing,
Federal Bureau of Investigation Agent Kenneth Harris,

     Defendants.

---

**MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE**

---

Defendants, by undersigned counsel, submit the following motion to stay proceedings pending resolution of anticipated motions to dismiss:

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for the parties conferred regarding this motion. Plaintiff is opposed.

### I.      LEGAL STANDARD

The Court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This extends to a stay of discovery while a dispositive motion is pending. *See Aurora Bank FSB v. Network Mortg. Servs*., No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2-*3 (D. Colo. Jun. 19, 2013) (collecting cases). As one Court in this District observed, "[p]recedent amply demonstrates the Court has broad discretion to stay an action when a dispositive motion is pending. Indeed, 'a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." *Robert W. Thomas & Anne McDonald Thomas Trust v. First W. Trust Bank*, No. 11-cv-03333-WYD-KLM, 2012 WL 3400532, at *3 (D. Colo. Aug. 14, 2012) (citation omitted) (internal quotations omitted) (brackets in original) (citing 8 Charles Allen Wright *et al.*, *Fed. Prac. & Proced.* § 2040, at 521-22 (2d ed. 1994)).

In evaluating whether to stay proceedings, the Court may consider (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese*

*Incident, LLC. V. Stylus Shows, Inc.* 02-CV-01934-LTB-PA, 2006 WL 894955, at \*2 (D. Colo. Mar. 30, 2006).

## II.    ARGUMENT

Defendants submit that further proceedings in this matter should be stayed pending the resolution of anticipated dispositive motions which will assert applicable immunities, including absolute and qualified immunity. Defendants are public officers to whom immunities apply. Absolute immunity and qualified immunity provide "*immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Even if the Court were to determine that some of plaintiff's claims are not subject to either absolute or qualified immunity, a stay only as to particular claims would be impracticable as the discoverable facts in this matter relate to all claims.

Distinguishing factual discovery between the two types of claims would be difficult and cumbersome. It would make litigation less streamlined and would likely lead to unnecessary costs. Therefore, a stay of all discovery is warranted. *See, e.g.*, *Drive Sunshine Inst. v. High Performance Transp. Enter.*, No. 14-cv-00844-REB-KMT, 2014 WL 5816900, at \*8-\*9 (D. Colo. 2014) (granting a stay of all discovery pending qualified immunity determination, observing that "proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative"); *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1131 (D. Colo. 2010) (granting motion to stay, upon filing of Rule 12 motion to dismiss, "after concluding that 'Defendants should not be subjected to suit until the [qualified] immunity issues are resolved'"). The United States Supreme Court recognized in *Ashcroft v. Iqbal* that, even where immunity may not be available to some defendants, a stay of all discovery is

3

necessary to protect government officials from the burdens of litigation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) ("It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Multiple decisions from this District have adopted this reasoning[1].

While assertions of absolute and qualified immunity are themselves grounds for a stay, the *String Cheese* factors likewise weigh in favor of a stay of proceedings. First, plaintiff will not be prejudiced by a stay. Should this case proceed upon the Court's ruling on all dispositive motions, plaintiff will then be able to complete discovery.

Second, if the stay is not granted, all parties will be burdened with the time and expense of conducting discovery, producing documents, and complying with other requirements of litigation while the dispositive motions to dismiss are pending. This burden may be particularly significant for defendants who are asserting immunities, but the potential exists for all parties to be burdened by unnecessary time and expense. Further, as plaintiff's claims may require

---

[1] *See, e.g.*, *Estate of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *12-15 (D. Colo. Dec. 12, 2019) ("[T]he Court reads *Iqbal* to direct a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity."); *A.A. v. Martinez*, No. 12–cv–00732–WYD–KMT, 2012 WL 5974170, at *3-4 (D. Colo. Oct. 9, 2012) (Supreme Court "believes discovery should be stayed as a whole" even when only one defendant asserts qualified immunity); *Eggert v. Chaffee Cnty.*, No. 10–cv–01320–CMA–KMT, 2010 WL 3359613, at *14 (D. Colo. Aug. 25, 2010) ("a stay of all proceedings is appropriate in this case to protect the defendants who have asserted immunity defenses from the burdens of litigation"); *Doe v. Woodard*, No. 15-cv-01165-KLM, 2015 WL 5444301, at *2 (D. Colo. Sept. 16, 2015) ("'The Court is obligated to 'exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'").

discovery of large amounts of documents, "resolving dispositive motions to determine which claims, if any, remain before proceeding to discovery makes eminent sense to preserve the resources of not only Defendants, but of both parties." *Goode v. Gaia, Inc.*, No. 20-cv-742-DDD-KLM, 2021 WL 3812167, at *2 (D. Colo. Apr. 26, 2021).

Third, the stay presents no inconvenience to the Court. Rather, granting a stay will likely lead to a more streamlined case management process in the event claims remain after resolution of dispositive motions. *See Hoang v. O'Rourke*, No. 18-cv-1755-RM-KLM, 2018 WL 11372178, at *2 (D. Colo. Dec. 17, 2018) ("If the case is stayed, judicial economy is enhanced, as is convenience to the Court given that scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address Defendant's Motion to Dismiss.").

Fourth, there are no known third parties who could be adversely affected by a stay.

Fifth, because this matter involves a private plaintiff against public officials, a stay is in the public interest. *See Iqbal*, 556 U.S. at 685 ("Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government."); *Colo. Spgs. Fellowship Church v. Williams*, No. 19-cv-02024-WJM-KMT, 2020 WL 6487420, at *3 (D. Colo. Nov. 3, 2020) ("the general public's primary interest in" a matter is "an efficient and just resolution," so "[a]voiding wasteful efforts by the court and the litigants serves that purpose."). Allowing public entities and their employees to focus on discharge of their duties, rather than expending resources to respond to discovery in litigation that may not proceed after a Rule 12 motion, conserves public resources.

## III.   CONCLUSION

Implementing a stay until motions to dismiss are resolved is the most efficient way of litigating this case. Defendants request that the Court enter an order granting a stay pending the resolution of the motions to dismiss. This would include vacating the Scheduling Conference currently set for October 26, 2023, to be rescheduled following the Court's determination on the motions to dismiss.

Respectfully submitted,

s/Eric M. Ziporin
Eric M. Ziporin
Jonathan N. Eddy
Courtney B. Kramer
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
eziporin@sgrllc.com
jeddy@sgrllc.com
ckramer@sgrllc.com
*Attorneys for Defendant Mark Hurlbert*

s/J. Andrew Nathan
J. Andrew Nathan
Nicholas C. Poppe
NATHAN DUMM & MAYER, P.C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
anathan@ndm-law.com
npoppe@ndm-law.com
*Attorneys for Chaffee County Defendants*

s/Andrew R. McLetchie
Andrew R. McLetchie
Rachel L. Bradley
Fowler Schimberg & Flanagan, P.C.
350 Indiana Street, Suite 601
Golden, CO 80401
Phone 303-298-8603; Fax 720-799-2177
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com
*Attorneys for Defendants Scott Himschoot and Claudette Hysjulien*

s/William Thomas O'Connell, III
William Thomas O'Connell, III
Wells Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, CO 80290
Telephone: -303-830-1212
Email: woconnell@warllc.com
*Attorneys for Defendants Alex Walker and Jeffrey Lindsey*

s/*Leslie L. Schluter*
Leslie L. Schluter
Sophia A. N. Fernald
DAGNER | SCHLUTER | WERBER LLC
8400 East Prentice, Suite 1401
Greenwood Village, CO 80111
Telephone: (303) 221-4661
Fax: (303) 221-4594
E-mail:  lschluter@lawincolorado.com
E-mail:  sfernald@lawincolorado.com
*Attorneys For Defendant Eleventh Judicial District Attorney, Linda Stanley*

s/Robert I. Lapidow
Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100
Denver, Colorado 80203
Tel: (303)860-2848
Fax: (303) 860-2869
san@omhlaw.com
rl@omhlaw.com
sat@omhlaw.com
*Attorneys for Defendant Joseph Cahill*

s/Dmitry B. Vilner
PHILIP J. WEISER, Attorney General
Dmitry B. Vilner, Assistant Attorney General*
Jennifer H. Hunt, Senior Assistant Attorney General*
Kathleen L. Spalding, Senior Assistant Attorney General*
Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov
*Attorneys for CBI Defendants*
*Counsel of Record

7

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 2, 2023, I electronically filed the foregoing **MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jane Holse Fisher-Byrialsen, Esq.
David Nathan Fisher, Esq.
Fisher & Byrialsen PLLC
jane@fblaw.org
david@fblaw.org

Iris Eytan, Esq.
Eytan Law LLC
iris@eytanlawfirm.com

Eric M. Ziporin, Esq.
Jonathan N. Eddy, Esq.
SGR, LLC
eziporin@sgrllc.com
jeddy@sgrllc.com

Andrew R. McLetchie, Esq.
Rachel L. Bradley, Esq.
Fowler Schimberg & Flanagan, P.C.
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com

Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
rl@omhlaw.com
sat@omhlaw.com
san@omhlaw.com

Hollis Ann Whitson, Esq.
Samler & Whitson, P.C.
hollis.whitson@gmail.com

J. Andrew Nathan, Esq.
Nicholas Christaan Poppe, Esq.
Nathan Dumm & Mayer PC
anathan@ndm-law.com
npoppe@ndm-law.com

William Thomas O'Connell, III, Esq.
Wells Anderson & Race, LLC
woconnell@warllc.com

Dmitry B. Vilner, Esq.
Jennifer H. Hunt, Esq.
Kathleen L. Spalding, Esq.
Colorado Attorney General's Office
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov

s/*Marisa Showalter*
Paralegal

8