IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

v.

Chaffee County, Colorado,
Board of County Commissioners of Chaffee County, Colorado,
Chaffee County Sheriff's Department,
District Attorney Linda Stanley, in her individual and official capacity,
Chaffee County Sheriff John Spezze, in his individual and official capacity,
Chaffee County Undersheriff Andrew Rohrich,
Eleventh Judicial District Attorney's Office Investigator Alex Walker,
Deputy District Attorney Jeffrey Lindsey,
Deputy District Attorney Mark Hurlbert,
Chaffee County Sheriff's Detective Robin Burgess,
Chaffee County Sheriff's Deputy Randy Carricato,
Chaffee County Sheriff's Deputy Scott Himschoot,
Chaffee County Sheriff's Sergeant Claudette Hysjulien.
Chaffee County Sheriff's Sergeant William Plackner,
Colorado Bureau of Investigation Director John Camper,
Colorado Bureau of Investigation Agent Joseph Cahill,
Colorado Bureau of Investigation Agent Megan Duge,
Colorado Bureau of Investigation Agent Caitlin Rogers,
Colorado Bureau of Investigation Agent Derek Graham,
Colorado Bureau of Investigation Agent Kevin Koback,
Colorado Bureau of Investigation Agent Kirby Lewis,
Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer,
Federal Bureau of Investigation Agent Jonathan Grusing,
Federal Bureau of Investigation Agent Kenneth Harris,

    Defendants.

**MOTION TO DISMISS**

Defendant District Attorney Linda Stanley moves to dismiss the claims against her under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim:

### CERTIFICATE OF CONFERRAL

In accordance with this Court's practice standards (DDD Civ. P.S. III.A.D), undersigned counsel conferred with plaintiff's attorneys regarding this motion. Plaintiff is opposed.

### I. INTRODUCTION

Plaintiff's complaint arises out of his prosecution in connection with the disappearance of his wife, Suzanne Morphew. Plaintiff asserts seven claims against DA Stanley under 42 U.S.C. § 1983 for federal constitutional violations, and five claims under C.R.S. § 13-21-131 for violations of rights secured by the Colorado Bill of Rights. Plaintiff's claims are not viable.

DA Stanley is entitled to absolute prosecutorial immunity because the allegations against her relate only to the judicial phase of the criminal process. In addition, DA Stanley would alternatively request qualified immunity on the § 1983 claims because she neither violated plaintiff's civil rights, nor does clearly established law exist such that a prosecutor in her position would know her conduct would violate plaintiff's civil rights. Plaintiff's claims under C.R.S. § 13-21-131 cannot proceed against DA Stanley because the statute only applies to peace officers, and does not include prosecutors.

### II. STANDARD OF REVIEW

**A.   Subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)**

The party asserting subject matter jurisdiction bears the burden of establishing jurisdiction exists. *Basso v. Utah Power & Light CO.*, 495 F.2d 906, 909 (10th Cir. 1974). On a

2

Rule 12(b)(1) motion to dismiss, the moving party "may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The district court must accept the allegations in the complaint as true when reviewing a facial attack. *Id.* However, the moving party may instead "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Id.* "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Holt v. United States*, 36 F.3d 1000, 1003 (10th Cir. 1995)).

**B.     Failure to state a claim under Fed. R. Civ. P. 12(b)(6)**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When legal conclusions are involved in a complaint "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to [those] conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

The plaintiff must show more than a sheer possibility that a defendant acted unlawfully – it is not enough to plead facts that are "merely consistent with" a defendant's liability. *Iqbal*, 556 U.S. at 676 (quoting *Twombly*, 550 U.S. at 557). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of

3

mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphases in original).

### III.    CLAIMS FOR RELIEF

Plaintiff's complaint asserts thirteen claims for relief against DA Stanley under § 1983 and C.R.S. § 13-21-131.

1. § 1983 malicious prosecution and unlawful detention;

2. § 1983 due process violation based on fabrication of evidence;

3. § 1983 due process violation based on false statements and omitted exculpatory evidence in the arrest affidavit;

4. § 1983 conspiracy;

5. § 1983 due process violation based on unlawful retention of property;

6. § 1983 failure to intervene;

7. § 1983 reckless investigation;

8. § 1983 *Monell* liability for ratification, unconstitutional policy, and failure to supervise and train;

9. C.R.S. § 13-21-131 malicious prosecution;

10. C.R.S. § 13-21-131 fabrication of evidence;

11. C.R.S. § 13-21-131 false and misleading information and omission of exculpatory evidence in the arrest affidavit;

12. C.R.S. § 13-21-131 conspiracy; and

13. C.R.S. § 13-21-131 unlawful deprivation of property.

4

## IV.   FACTUAL ALLEGATIONS

The following allegations are directed against DA Stanley:[1]

1. "The Defendants theorized that on May 9, 2020, Barry arrived home from work around 2:30 p.m., chased Suzanne around the house, killed her using tranquilizer serum in a dart shot by a gun, disposed of her body and all evidence of the crime, and then created an alibi by going to Broomfield the next day, Sunday, May 10, 2020." Compl. ¶ 88.

2. Partial DNA samples from an unknown male were found at the crime scene and uploaded into CODIS, where there were potential matches from sex offenses in Arizona and Illinois, but "[t]his highly exculpatory information was not disclosed in the Affidavit for Arrest Warrant prepared by Defendants Walker, Stanley, Lindsey, Cahill, and other defendants and co-conspirators." *Id.* ¶¶ 99-108.

3. Following plaintiff's arrest, "the judge ordered Defendant Prosecutors to ensure that all discovery mandated by the Colorado Rules of Criminal Procedure be produced to Barry by June 2, 2021" and issued a written discovery order, along with a written order that "any electronic communications created or received by law enforcement officers related to this case must be disclosed to the defense if they are material to the prosecution of the case or if they contain any evidence that would be in any way favorable to the defense." *Id.* ¶¶ 111-113.

4. "After January 2021, DA Defendants Stanley, Lindsey, and Walker conferred and met with each other about the Morphew investigation." *Id.* ¶ 123.

5. "On April 8, 2022, the judge issued a written discovery order sanctioning the Defendant Prosecutors for violating its May and June 2021 discovery orders. The April 8, 2022

---

[1] DA Stanley does not admit these allegations, but rather recites them for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

5

order ruled that the prosecutors concealed exculpatory information from the Arrest Affidavit." *Id.* ¶¶ 133-134.

6. "Leading up and into early May, 2021, Defendant Walker, Defendant Prosecutors Stanley and Lindsey; Defendant CBI Agents Cahill and Lewis; Defendant Officers Rohrich, Spezze, and Graham; Defendant FBI Agents Grusing and Harris, and other Defendants and co-conspirators whose identities are not known to Mr. Morphew at this time, authored the Arrest Affidavit." *Id.* ¶ 140.

7. "Just above the signature line, Defendant Walker "affirm[ed] that this affidavit and warrant has been reviewed by [Defendants Stanley and Lindsey]." *Id.* ¶ 143.

8. DA Stanley and other prosecutors submitted filings to the court which contained allegedly false statements relating to plaintiff's possession of a short rifle and anticipated testimony from a K-9 handler about a dog's efforts to go in the direction of plaintiff's residence. *Id.* ¶¶ 830-833.

9. DA Stanley and other defendants "have been in possession of Barry Morphew's property for over two years" after initially seizing it around 2020. *Id.* ¶¶ 880-882.

## V.  ARGUMENT

### A. The Eleventh Amendment bars claims against District Attorney Stanley in her official capacity.

A state or an agency that functions as an arm of the state is shielded from liability in federal court. *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) (*citing Quern v. Jordan*, 440 U.S. 332 (1979)). The Eleventh Amendment likewise precludes official-capacity suits against employees of such agencies. *See Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("the Eleventh Amendment precludes a federal court from assessing damages against state

6

officials sued in their official capacities because such suits are in essence suits against the state."); *see also Schwartz v. Jefferson Cty. Dep't of Human Servs.*, No. 09–cv–00915–WJM–KMT, 2011 WL 1843309, *6 (D. Colo. May 16, 2011).

The Tenth Circuit, and courts in this district, have consistently held that Colorado district attorney's offices, and therefore their employees, are arms of the state entitled to immunity. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) (citing *Beacom v. Bd. of County Commissioners,* 657 P.2d 440, 445 (Colo. 1983)) ("The Colorado Supreme Court has held that the District Attorney is an executive officer of the state."); *Sanchez v. Hartley*, 65 F. Supp. 3d 1111, 1126 (D. Colo. 2014) ("The Court agrees with the weight of state and federal case law, and finds that the District Attorney's Office is an arm of the State of Colorado, and thus protected from suit by the Eleventh Amendment."); *Bragg v. Office of the Dist. Attorney*, 704 F. Supp. 2d 1032, 1064–67 (D. Colo. 2009) ("Defendant [District Attorney's Office] is a state agency with the power to assert the defense of sovereign immunity under the Eleventh Amendment."); *San Agustin v. El Paso County*, No. 18-cv-02646-MEH, 2019 WL 4059167, at *10 (D. Colo. Aug. 28, 2019) ("This Court agrees with the more recent opinions and finds that Defendants Fourth and Eighth Judicial District Attorney's Offices, as well as Defendants [prosecutors], in their official capacities, are state entities entitled to sovereign immunity under the Eleventh Amendment.").

Plaintiff's eighth claim for relief is asserted against DA Stanley in her official capacity for failure to train and supervise officers, investigators, and other personnel; for promulgating unconstitutional official policy; and for ratifying unconstitutional conduct by others. Compl. ¶¶

954-963. Because DA Stanley, in her official capacity, is an arm of the state, this claim is barred by the Eleventh Amendment.

**B.   District Attorney Stanley is entitled to absolute prosecutorial immunity because the complaint does not allege actions other than those associated with the judicial phase of the criminal process.**

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)). In the § 1983 context, "the prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997) (citing *Imbler,* 424 U.S. at 431 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Mink*, 482 F.3d at 1258. Advocatory functions are those "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution" and "presenting the State's case." *Imbler*, 424 U.S. at 430-31.

Likewise, the supervision and training of deputy district attorneys in activities "directly connected with the conduct of a trial" is protected by absolute prosecutorial immunity. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). The presentation of "statements and evidence to the courts" and "eliciting" testimony relate to the judicial phase. Moreover, it is a "well-settled rule that prosecutors are 'entitled to absolute immunity for the malicious prosecution of someone whom [they] lacked probable cause to indict.'" *Warnick v. Cooley*, 895 F.3d 746, 752 (10th Cir. 2018) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993)).

Here, the allegations pleaded against DA Stanley are confined to her conduct in the judicial phase of the proceedings against plaintiff. Contrary to plaintiff's conclusory assertion that DA Stanley's acts took place in the investigative or administrative phases of the case, all

8

allegations against DA Stanley describe taken in her capacity as an advocate. Plaintiff does not allege DA Stanley herself participated in the investigation. Instead, he alleges that she participated in excluding exculpatory evidence from the arrest warrant affidavit and during criminal proceedings. However, the Tenth Circuit has held that "a prosecutor has absolute immunity from a civil damages suit[ ] even if [s]he deliberately withholds exculpatory information." *Hartz v. Campbell*, 680 F. App'x 703, 707 (10th Cir. 2017) (quotation and citation omitted); *see also Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n.4 (10th Cir. 1991) (even if "the claim involves withholding evidence ... absolute immunity from civil damages is the rule for prosecutors.").

      The only allegation against DA Stanley prior the filing of charges is that she reviewed and approved the arrest warrant affidavit. However, this too is conduct intimately associated with the judicial phase and directly linked to initiating a prosecution. Where a prosecutor swears or attests to an arrest warrant affidavit, she acts as a complaining witness, and is therefore not protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997); *see also Chilcoat v. San Juan County*, 41 F.4th 1196 (10th Cir. 2022) (noting the critical distinction between sworn and unsworn statements). But where a prosecutor is merely involved in drafting, reviewing, or approving an arrest warrant affidavit or charging document, she acts as an advocate and is protected by absolute immunity. *Kalina*, 522 U.S. at 129-30 (prosecutor functioned as advocate in submitting unsworn information and unsworn motion for arrest warrant)*; Chilcoat*, 41 F.4th at 1212 (prosecutor did not function as complaining witness in initiating prosecution and allegedly presenting mistaken information at pretrial court appearance).

Plaintiff does not allege that DA Stanley acted as a complaining witness in approving or reviewing the arrest warrant affidavit. Because all the allegations against DA Stanley relate to action in her capacity as an advocate, she is entitled to absolute immunity.

C. **District Attorney Stanley requests qualified immunity because her conduct neither violated plaintiff's civil rights, nor does clearly established law exist that would have informed her that her conduct would violate plaintiff's civil rights.**

While DA Stanley is protected from suit by absolute immunity, she alternatively requests dismissal on the basis of qualified immunity. Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). In evaluating whether the defendant violated a constitutional right, the court conducts a two-pronged test asking whether "(1) the defendant violated [the plaintiff's] constitutional or statutory rights and (2) [whether] the right was clearly established at the time of the alleged unlawful activity." *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015).

A right is clearly established "when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as [the] plaintiff maintains." *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1197-98 (10th Cir. 2010). It must be "be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016).

Plaintiff fails to satisfy the first prong as his complaint does not plausibly state a constitutional violation by DA Stanley. He likewise fails to satisfy the second prong as no clearly established law with sufficiently on-point factual particulars would have informed a prosecutor in DA Stanley's position that her conduct would violate plaintiff's civil rights.

1. **Plaintiff cannot state a plausible claim for a constitutional violation because he attributes allegations to "defendants" generally, rather than specifying who is alleged to have done what.**

Despite the length and numerosity of allegations in plaintiff's complaint, he does not adequately allege unconstitutional conduct by individual defendants. The Tenth Circuit has noted that in the § 1983 context, "it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249- 50 (10th Cir. 2008) (emphasis in original). When a complaint uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom" the complaint fails to satisfy the pleading standard as "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.* at 1250.

Plaintiff's complaint repeatedly refers to alleged conduct by "defendants," and "Defendant Prosecutors," but fails to specifically attribute conduct to individual defendants. With respect to DA Stanley, many of these generics references to "defendants" rely on a conclusory assertion that, because of her position as the district attorney, she was involved in the

alleged conduct of which he complains. This is inadequate to provide her with fair notice of the basis of the claims against her, and is therefore inadequate to state a plausible § 1983 claim.

### 2. Plaintiff cannot state a claim for malicious prosecution because probable cause supported his arrest and prosecution.

The Tenth Circuit has held that a plaintiff asserting a § 1983 malicious prosecution claim must show (1) that the defendant caused the plaintiff's prosecution; (2) that the original action terminated in favor of the plaintiff; (3) that no probable cause supported the original arrest, continued confinement, or prosecution; (4) that the defendant acted with malice; and (5) that the plaintiff sustained damages. *See Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Here, plaintiff alleges that the arrest warrant affidavit included "false and misleading information," and excluded exculpatory evidence. Compl. ¶ 15. The complaint points to a number of areas of the arrest warrant affidavit and offers alternative explanations or disputes the characterization of certain evidence. However, this does not satisfy plaintiff's burden to show the absence of probable cause. "Probable cause for an arrest warrant is established by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime." *Wolford v. Lasater,* 78 F.3d 484, 489 (10th Cir. 1996). The 129-page arrest warrant affidavit sets forth extensive bases to establish the existence of probable cause. *See* Pltf's Ex. 1, Arrest Warrant Affidavit.[2] Because probable cause existed for his arrest, plaintiff cannot state a malicious prosecution claim under § 1983.

---

[2] Generally, a district court must convert a motion to dismiss into a motion for summary judgment when matters outside the pleading are relied upon." *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005). However, "a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute." *Id.* at 1253-54. The Court may therefore consider the arrest warrant affidavit attached to plaintiff's complaint.

3. **Plaintiff cannot state a claim for deprivation of due process based on the alleged fabrication of evidence because he does not allege DA Stanley fabricated evidence.**

To state a due process claim based on the alleged fabrication of evidence, a plaintiff must allege that "(1) the defendant knowingly fabricated evidence, (2) the fabricated evidence was used against the plaintiff, (3) the use of the fabricated evidence deprived the plaintiff of liberty, and (4) if the alleged unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt." *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021).

Plaintiff does not allege that DA Stanley fabricated evidence, nor does he allege evidence was in fact fabricated. The only specifically "fabricated" evidence identified is the pushpin map. However, plaintiff's explanation of the map and underlying data allege that the GPS data used may have been unreliable or imprecise, not that the map was in fact fabricated. *See* Compl. ¶¶ 242-245. The complaint does not plausibly allege a due process claim against DA Stanley for fabrication of evidence.

4. **Plaintiff cannot state a claim for deprivation of due process based allegedly false, misleading, or omitted exculpatory statements in the arrest warrant affidavit because probable cause still existed for his arrest.**

In *Franks v. Delaware*, "the Supreme Court held that affiants seeking arrest warrants violate the constitution when they knowingly, or with reckless disregard for the truth, include false statements in a supporting affidavit or omit information which, if included, would prevent the warrant from lawfully issuing." *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) (citing *Franks*, 438 U.S. 154, 171 (1978)). In order to state a claim under *Franks*, a plaintiff must show that (1) the affiant included false statements in support or omitted

13

information from an affidavit; (2) the affiant acted knowingly or with reckless disregard for the truth; and (3) if the false information were omitted, or if the omitted information were included, the warrant would not have issued. *Id.*

Here, DA Stanley was not the affiant. Further, the arrest warrant affidavit sets forth in substantial detail the grounds for probable cause. *See* Pltf's Ex. 1. Even if the affidavit were to include the alleged exculpatory evidence plaintiff contends was omitted and exclude the allegedly false information relating to the "pushpin map," probable cause would still exist. Probable cause exists where "the facts and circumstances within the arresting officer's knowledge and of which [the officer] had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person arrested." *Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) (quotation and citation omitted). "Because probable cause is an objective standard, it may exist despite false statements or material omissions." *Sanchez v. Hartley*, 299 F.Supp.3d 1166, 1195 (D. Colo. 2017). The 129-page affidavit satisfies this standard. That plaintiff disputes the evidence described in the affidavit does not defeat probable cause.

5. **Plaintiff cannot state a § 1983 conspiracy claim because there was not an underlying constitutional violation.**

Because plaintiff does not plausibly allege a constitutional violation, he cannot state a § 1983 claim for conspiracy to violate a constitutional right. *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1231 (10th Cir. 2020) ("For a valid § 1983 conspiracy claim, plaintiffs 'must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.'" (quoting *Snell v. Tunnell*, 920 F.2d 670, 701 (10th Cir. 1990)).

Even if plaintiff could plausibly allege an underlying constitutional deprivation, which he cannot, he also fails to plausibly allege an agreement among the defendants to effect such deprivation. To state a § 1983 conspiracy claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 533 (10th Cir. 1998) "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983). Here, plaintiff's allegations of conspiracy amount to speculative and conclusory contentions, while the specific factual allegations reflect expected coordination between law enforcement and prosecutors in the context of a criminal investigation.

6. **Plaintiff cannot state a claim for deprivation of due process based on the continued holding of his property because he has not pursued available state court remedies.**

In order "to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon*, 494 U.S. at 126. "Only if the State provided no remedies, or the remedies were inadequate, could a plaintiff claim a taking of property occurred without due process of law." *Pinder v. Mitchell*, 658 Fed. Appx. 451, 453-54 (10th Cir. 2016); *see also Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional deprivation of property); *Parratt v. Taylor*, 451 U.S. 527, 542–44 (1981) (negligent deprivation of property), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). In *Woo v. El Paso County*, the Colorado Court of Appeals explained that "longstanding Colorado case law recognizes that a criminal defendant may file a motion for return of such property in the criminal court" and

15

described the process for doing so, which includes the filing of a verified motion by the defendant and an evidentiary hearing. 490 P.3d 884, 888-90 (Colo. App. 2020).

Here, plaintiff does not allege he attempted to seek the return of his property in state court. Because Colorado provides a constitutionally adequate process by which a criminal defendant may seek the return of property seized as part of a criminal investigation, plaintiff's failure to avail himself of this remedy precludes him from asserting a § 1983 due process claim on this basis.

> 7. **Plaintiff cannot state a claim for failure to intervene because he does not plausibly allege an underlying constitutional violation.**

To state a failure to intervene claim, a plaintiff must establish that "1) a government officer violated his constitutional rights, 2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and 3) the defendant had a realistic opportunity to intervene, but failed to do so." *Blesdoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022). Plaintiff has not plausibly alleged an underlying constitutional violation, nor has he plausibly alleged that DA Stanley either observed or knew of a constitutional violation. He thus cannot bring a § 1983 claim for failure to intervene.

**D.   Plaintiff cannot state a claim against District Attorney Stanley under C.R.S. § 13-21-131 because the statute only applies to the deprivation of civil rights by a peace officer.**

Plaintiff's ninth through thirteenth claims for relief seek relief under C.R.S. § 13-21-131. However, C.R.S. § 13-21-131 only applies to "[a] peace officer, as defined in section 24-13-901(3), who, under color of law, subjects or causes to be subjected including failing to intervene, any other person to the deprivation of any individual rights" secured by Article II of the Colorado Constitution. § 13-21-131(1). C.R.S. § 24-31-901(3) defines "peace officer" as "any

person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16-2.5-102, a Colorado state patrol officer as described in section 16-2.5-114, and any noncertified deputy sheriff as described in section 16-2.5-103(2)."

This definition does not encompass district attorneys. DA Stanley is not a state patrol officer or deputy sheriff. As a prosecutor, she is not required to be P.O.S.T. certified. She is thus not subject to liability under C.R.S. § 13-21-131 and the state law claims against her must be dismissed. Moreover, while C.R.S. § 13-21-131 provides that "[q]ualified immunity is not a defense to liability pursuant to this section," the statute does not prohibit the defense of absolute prosecutorial immunity. For the same reasons that DA Stanley is protected by absolute immunity with respect to the § 1983 claims, she is likewise protected by absolute immunity with respect to the claims under C.R.S. § 13-21-131.

## VI.  CONCLUSION

DA Stanley requests that the claims against her be dismissed. Because all her alleged conduct was within her capacity as an advocate and related to the judicial phase of the criminal process, she is protected by absolute prosecutorial immunity. In the alternative, she requests dismissal of the § 1983 claims on the basis of qualified immunity. Her alleged conduct did not violate Plaintiff's civil rights and no clearly established law exists such that a prosecutor in her position would know her conduct would have constituted a violation. She requests dismissal of plaintiff's C.R.S. § 13-21-131 claims as the statute only provides for a cause of action against peace officers.

Respectfully submitted,


By  s/*Leslie L. Schluter*
    Leslie L. Schluter
    Sophia A. N. Fernald
    DAGNER | SCHLUTER | WERBER LLC
    8400 East Prentice, Suite 1401
    Greenwood Village, CO 80111
    Telephone: (303) 221-4661
    Fax: (303) 221-4594
    E-mail:  lschluter@lawincolorado.com
    E-mail:  sfernald@lawincolorado.com

Attorneys For Defendant
Eleventh Judicial District Attorney, Linda Stanley

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on October 4, 2023, I electronically filed the foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jane Holse Fisher-Byrialsen, Esq.
David Nathan Fisher, Esq.
Fisher & Byrialsen PLLC
jane@fblaw.org
david@fblaw.org

Iris Eytan, Esq.
Eytan Law LLC
iris@eytanlawfirm.com

Eric M. Ziporin, Esq.
Jonathan N. Eddy, Esq.
Courtney B. Kramer, Esq.
SGR, LLC
eziporin@sgrllc.com
jeddy@sgrllc.com
ckramer@sgrllc.com

Andrew R. McLetchie, Esq.
Rachel L. Bradley, Esq.
Fowler Schimberg & Flanagan, P.C.
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com

Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
rl@omhlaw.com
sat@omhlaw.com
san@omhlaw.com

Hollis Ann Whitson, Esq.
Samler & Whitson, P.C.
hollis.whitson@gmail.com

J. Andrew Nathan, Esq.
Nicholas Christaan Poppe, Esq.
Nathan Dumm & Mayer PC
anathan@ndm-law.com
npoppe@ndm-law.com

William Thomas O'Connell, III, Esq.
Wells Anderson & Race, LLC
woconnell@warllc.com

Dmitry B. Vilner, Esq.
Jennifer H. Hunt, Esq.
Kathleen L. Spalding, Esq.
Colorado Attorney General's Office
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov

s/*Marisa Showalter*
Paralegal

19