UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

BARRY MORPHEW,

    Plaintiff,

v.

CHAFFEE COUNTY, COLORADO, *et al.*,

    Defendants.

Civil No. 1:23-cv-01108-KAS

Hon. District Judge Daniel D. Domenico
Hon. Magistrate Judge S. Kato Crews

## MOTION FOR EXTENSION

Under 28 U.S.C. § 517 and Department of Justice Manual § 4-5.410, Reginald M. Skinner, Senior Trial Attorney with the Civil Division of the United States Department of Justice, appears for the limited purpose of submitting this motion under Rule 6(b) of the Federal Rules of Civil Procedure to seek an extension of time to respond to Plaintiff's complaint.[1]  ECF No. 1.

---

[1] Department of Justice Manual § 4-5.410 states "[w]hile a request for individual capacity representation is pending, Department attorneys may seek an extension of time for the defendant employee to respond to a complaint to preserve the status quo, provided the motion makes it clear the Department attorney is appearing for that limited purpose and that a representation decision is pending within the Department."

1.	Under Local Rule 7.1(a), counsel has sought concurrence from Plaintiff's counsel to this extension request. *See* Attachment A. At this time, Plaintiff's counsel has not responded.

2.	On May 2, 2023, Plaintiff Barry Morphew filed a complaint against several defendants, including former Federal Bureau of Investigation ("FBI") Special Agent Jonathan Grusing and Special Agent Kenneth Harris (the "FBI Defendants").

3.	The FBI Defendants are sued in their individual capacities under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Complaint, pp. 12, 143, 146, 149, 151, 155, 157.

4.	Under Rule 12(a)(3) of the Federal Rules of Civil Procedure, federal officials sued in their individual capacities are required to file their first responsive pleading "within 60 days after service on the officer or employee or service on the United States Attorney, whichever is later." Fed. R. Civ. P. 12(a)(3).

5.	Based on the timing of service of process in this case, the responses of the FBI Defendants are currently due on October 27, 2023. A *Bivens* defendant must be served with process in accordance with Federal Rule of Civil Procedure 4(i)(3). This requires personal service on the employee under Rule 4(e), (f), or (g) and service on the United States under Rule 4(i)(1). Current information indicates that SA Harris was served on July 26, 2023, SA Grusing was served on July 28,

2023, and the United States was served on August 28, 2023. Accordingly, under Rule 12(a)(3), the FBI Defendants must respond to the complaint by October 27, 2023.[2]

6. As current and former federal employees sued in their individual capacities for actions within the scope of their duties, the FBI Defendants may be entitled to representation by the United States Department of Justice under 28 C.F.R. § 50.15.

7. The process for determining whether a federal official is entitled to Department of Justice representation requires several steps including review by the employee's agency, review by the Civil Division of the Department of Justice, and finally the decision to accept Department of Justice representation by the employee. *See* 28 C.F.R. § 50.15(a)(1)–(12).

8. The Department of Justice is obtaining information from the FBI in order to evaluate the requests for representation submitted by the FBI Defendants. The representation process is underway but may not be concluded by October 27, 2023, when the responsive pleadings of the FBI Defendants are due. Additional "[t]ime is needed for the United States to determine whether to provide

---

[2] The FBI Defendants acknowledge the Court's September 5, 2023 order granting the non-federal defendants' motions for extension of time and setting a deadline of October 13, 2023 for "all defendants" to respond Plaintiff's complaint. ECF No. 81.

3

representation to the defendant officer or employee." Fed. R. Civ. P. 12 advisory committee's note to 2000 amendment.

9. The Department of Justice anticipates that a 60-day extension will provide sufficient time to obtain a determination regarding Department of Justice representation and to prepare an appropriate response to the first amended complaint. *Cf. id.* ("If the United States provides representation, the need for an extended answer period is the same as in actions against the United States, a United States agency, or a United States officer sued in an official capacity.").

Accordingly, the Department of Justice respectfully requests that the Court grant the FBI Defendants a 60-day extension, to December 26, 2023, to respond to Plaintiff's complaint.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar No. 48785
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station

                                                                                                               Washington, D.C. 20044
                                                                                                               (202) 616-3111
                                                                                                               reginald.m.skinner@usdoj.gov

Dated: October 12, 2023

## **CERTIFICATION OF SERVICE**

I hereby certify that on October 12, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which resulted in service on all counsel of record.

By: */s/ Reginald M. Skinner*
REGINALD M. SKINNER
Senior Trial Attorney
Virginia State Bar No. 48785
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044
(202) 616-3111
reginald.m.skinner@usdoj.gov