**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-1108-DDD-SKC

BARRY MORPHEW,

      Plaintiff,

v.

CHAFFEE COUNTY, COLORADO, et al.

      Defendants.

---

**DEFENDANT HURLBERT'S MOTION TO DISMISS**

---

Defendant, **DEPUTY DISTRICT ATTORNEY MARK HURLBERT**, through his attorneys, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby moves the Court for an order dismissing with prejudice Plaintiff's Civil Rights Complaint [ECF No. 1] ("Complaint"), and states as follows:

**<u>CERTIFICATE OF COMPLIANCE</u>**

In compliance with DDD Civ. P.S. III(D)(1), undersigned counsel has conferred with Plaintiff's attorneys via email and telephone regarding the relief requested herein. Plaintiff remains opposed.

**I.**       **<u>INTRODUCTION</u>**

This case arises out of the criminal prosecution of Plaintiff, Barry Morphew, in connection with the 2020 disappearance/death of his wife, Suzanne Morphew. Defendant Hurlbert was involved in various aspects of this prosecution, within his capacity as Deputy

District Attorney for the 11th Judicial District Attorney's Office. The District Attorney subsequently dismissed all charges against Plaintiff without prejudice.

Plaintiff asserts the following claims against Defendant Hurlbert pursuant to 42 U.S.C. § 1983 ("§ 1983") and/or C.R.S. § 13-21-131 ("ELEIA"): (1) malicious prosecution (claims one and nine); (2) deprivation of due process and/or inalienable rights (claims two, five, seven, ten, and thirteen); (3) conspiracy to violate civil rights (claims four and twelve); and (4) failure to intervene (claim six).[1] Defendant Hurlbert, who was at all times acting as an advocate prosecutor, is entitled to absolute immunity from suit. Defendant Hurlbert, as a public official, is also entitled to qualified immunity as to all § 1983 claims. Lastly, Defendant Hurlbert is not a "peace officer" as defined under ELEIA, and such claims necessarily fail as to him.

## II.    STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). A plaintiff, however, may not rely on mere labels or conclusions, "and a formulistic formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

---

[1] Claims three, eight, and eleven are not asserted against Defendant Hurlbert.

2

### III.   <u>ALLEGATIONS RELEVANT TO DEFENDANT HURLBERT</u>[2]

1.     "At all times relevant to this Complaint, Defendant Mark Hurlbert was acting within the scope of his official duties and employment and under color of state law in his capacity as a Deputy District Attorney for the 11th Judicial District." [Complaint, ¶ 13].

2.     Defendant Hurlbert had "joined the prosecution team" tasked with prosecuting Plaintiff by July 22, 2021. [Complaint, ¶¶ 810–812].

3.     Following Plaintiff's arrest, "Defendant Hurlbert was involved in numerous of the meetings and conversations about the CODIS [DNA] matches" to an unknown male who was suspected of sex offenses in Arizona and Illinois. Per Colorado Bureau of Investigation ("CBI") Agent Megan Duge, this "lead" was based upon a "limited genetic profile." [Complaint, ¶¶ 103–107, 116, 813].

4.     Agent Duge advised Defendant Hurlbert, and others, that the term "[l]imited genetic profile" "was not a scientific term." [Complaint, ¶¶ 117–119].

5.     "Defendant Hurlbert participated in the decisions to not disclose exculpatory information, to provide false and misleading information, and to delay [Plaintiff's] discovery of the DNA investigation." [Complaint, ¶ 814].

6.     At the conclusion of Plaintiff's preliminary hearing on September 17, 2021, "the Court issued its ruling finding probable cause, but also finding that proof was not evident and the presumption not great." [Complaint, ¶ 820].

7.     On March 1, 2022, Defendant Hurlbert (and others) "filed a false statement with the Court in which [he] wrote that, at trial, K-9 handler Doug Spence would testify that 'the dog

---

[2] These allegations are accepted only for purposes of this dispositive motion. Defendant makes no admissions as to same.

3

kept trying to go in the direction of the Morphew residence but had to stop because he couldn't cross a creek.'" [Complaint, ¶ 834].

8.      Defendant Hurlbert (and others) delayed the disclosure of various information to Plaintiff's defense team throughout the prosecution, until January 2022. [Complaint, ¶¶ 839–857].

9.      Defendant Hurlbert (and others) participated in a November 18, 2021 meeting to discuss an "unresolved [DNA] match" recovered from Suzanne Morphew's vehicle. Notes from this meeting were not disclosed to Plaintiff's defense team until March 3, 2022. [Complaint, ¶¶ 859–863].

10.     Defendant Hurlbert (and others) "seized" Plaintiff's property, which included "physical evidence taken from the Morphew home as part of the law enforcement investigation into the disappearance of Suzanne Morphew." [Complaint, ¶¶ 880–882].

11.     All charges against Plaintiff were dismissed without prejudice on April 19, 2022, prior to trial. [Complaint, ¶ 839].

## IV.   ARGUMENT

### A.   PLAINTIFF'S § 1983 CLAIMS ARE NOT PLAUSIBLE.

#### 1.   Defendant Hurlbert is entitled to absolute immunity.

"Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)). "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what

4

information to show the court." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1209 (10th Cir. 2022)[3] (cleaned up). Though absolute immunity does not protect the act of "fabricating evidence during the preliminary investigation of a crime," it squarely applies to all conduct "intimately associated with the judicial phase of the criminal process." *Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1117 (10th Cir. 2019) (cleaned up). And while "immunity does not extend to actions that are primarily investigative or administrative in nature, [] it may attach even to such administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court." *Scott v. Hern*, 216 F.3d 897, 908 (10th Cir. 2000) (cleaned up).

Plaintiff asserts Defendant Hurlbert acted in an "investigative and/or administrative" capacity, and not as an advocate. [Complaint, ¶ 14]. This assertion is entirely conclusory. There is no indication from the allegations themselves that Defendant Hurlbert was involved in this case prior to Plaintiff's arrest, on May 4, 2021. [Complaint, ¶ 109]. Instead, the Complaint shows the extent of Defendant Hurlbert's conduct was limited to the judicial phase of the case, to include court hearing(s) and other prosecutorial matters. [*See* Complaint, ¶¶ 116–119, 810–815, 834, 858–864]. The Complaint also provides no factual averments showing Defendant Hurlbert was performing functions beyond those necessary to fulfill his role as prosecutor. For instance, Plaintiff asserts Defendant Hurlbert engaged in malicious prosecution by "improperly subjecting [him] to judicial proceedings for which there was no probable cause." [Complaint, ¶¶ 896–906]. But this is exactly the type of conduct shielded by absolute prosecutorial immunity. *Warnick v. Cooley*, 895 F.3d 746, 752 (10th Cir. 2018) (recognizing "well-settled rule that prosecutors are

---

[3] Cert. denied sub nom. *San Juan Cnty., Utah v. Chilcoat*, 143 S. Ct. 1748 (2023).

'entitled to absolute immunity for the malicious prosecution of someone whom [they] lacked probable cause to indict.'") (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993)).

Plaintiff further alleges Defendant Hurlbert violated his rights by withholding and/or fabricating evidence, and by providing "false statements" during a court hearing. [Complaint, ¶¶ 814, 834]. Even accepting these allegations as true does not defeat Defendant Hurlbert's absolute immunity. *See Buckley*, 509 U.S. at 270–71 (holding absolute prosecutorial immunity extends to "making false or defamatory statements during, and related to, judicial proceedings"); *Chilcoat*, 41 F.4th at 1210 (acknowledging same); *Romero v. Bd. of Cnty. Commissioners*, 847 F. App'x 536, 539 (10th Cir. 2021) ("absolute immunity still applies when a prosecutor withholds information relevant to the defense from the court.") (cleaned up); *Hartz v. Campbell*, 680 F. App'x 703, 707 (10th Cir. 2017) ("a prosecutor has absolute immunity from a civil damages suit[] even if he deliberately withholds exculpatory information.") (cleaned up). Because all claims asserted against Defendant Hurlbert are tied to his alleged conduct as an advocate prosecutor during the judicial phase of Plaintiff's prosecution, he is entitled to absolute immunity.

### 2.    Defendant Hurlbert is (alternatively) entitled to qualified immunity.

To the extent the Court determines it is plausible absolute immunity does not apply to any aspect of Defendant Hurlbert's alleged conduct, Defendant Hurlbert asserts qualified immunity. Plaintiff therefore bears the "heavy two-part burden" of adequately alleging: (1) how Defendant Hurlbert violated his constitutional rights, and (2) that such violation was clearly established at the time of the alleged conduct. *See Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015); *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). The qualified immunity

defense "protects all but the plainly incompetent or those who knowingly violate the law." *Holland ex rel. Overdorff v. Harrington*, 269 F.3d 1179, 1185 (10th Cir. 2001). The Court may conduct its qualified immunity analysis in whichever order it believes best suits this case. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If Plaintiff fails to satisfy either prong of this inquiry, the Court must grant qualified immunity. *Harrington*, 268 F.3d at 1186.

For civil rights claims generally, "personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). The Tenth Circuit has also held that allegations relating to personal participation in a civil rights violation will be heavily scrutinized at the motion to dismiss stage where multiple individual defendants have been named. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.").

As a general matter, Plaintiff does not adequately allege unconstitutional conduct by Defendant Hurlbert. The Complaint repeatedly refers to alleged conduct by "defendants" and "Defendant Prosecutors" [*see, e.g.*, Complaint, ¶¶ 15, 230, 768, 799] but in many cases fails to specifically attribute conduct to individual defendants. With respect to Defendant Hurlbert, many of these broad references rely on a conclusory assertion that, because of his role in the prosecution, he was necessarily involved in the alleged conduct. This collective tactic is inadequate to provide fair notice of the basis for the claims against him and is therefore inadequate to state a plausible § 1983 claim. *Est. of Roemer v. Johnson*, 764 F. App'x 784, 790

n.5 (10th Cir. 2019) (collecting cases recognizing a plaintiff's use of this tactic "will trigger swift and certain dismissal.").

### a.    No underlying violation: malicious prosecution (claim one).

Plaintiff fails to plausibly assert a claim for malicious prosecution. A malicious prosecution claim brought under the Fourth Amendment requires a showing that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008).

"Where the alleged Fourth Amendment violation involves a [] seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonably manner …" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (cleaned up).  The exception being only when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id.* at 547 (internal citations omitted).  The Supreme Court has noted "the threshold for establishing this exception is a high one, and it should be" as "an officer cannot be expected to question the magistrate's probable-cause determination" given "[i]t is the magistrate's responsibility to determine whether the [criminal] allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment." *Id*. (cleaned up). Moreover, the existence of *arguable* probable cause defeats any inference of malice. *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014).

8

First, Plaintiff cannot dispute the Affidavit for Arrest Warrant ("Affidavit") was endorsed by a neutral magistrate, Judge Patrick W. Murphy, and a warrant was issued. [Complaint, ¶ 789; ECF No. 1-1[4], p. 126]. Plaintiff also admits Judge Murphy made a subsequent finding of probable cause during the preliminary hearing. [Complaint, ¶ 820]. It would also not have been unreasonable for Defendant Hurlbert to conclude there was probable cause for Plaintiff's prosecution given the multitude of evidence described within the Affidavit—including Plaintiff's motive and opportunity to murder his wife, combined with his suspicious behavior and inconsistent statements to law enforcement. [*See* ECF No. 1-1, pp. 125–126]. *Fenzl v. Collier*, 2006 WL 8435610, at *9 (D.N.M. Sept. 20, 2006) (finding sufficient probable cause where plaintiff had "physical access, motive, and opportunity to carry out an [alleged] attac[k]").

Indeed, "[p]robable cause is not a precise quantum of evidence it does not, for example, require the suspect to be more likely guilty than not." *Stonecipher*, 759 F.3d at 1141. Nor does it require a preponderance of the evidence. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Instead, the question is whether 'a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011). The fact 'the suspect is [not convicted] of the offense for which he is arrested is irrelevant" to this inquiry. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). The contents of the 126-page Affidavit alone show Defendant Hurlbert (and others) had much more than a bare suspicion which was sufficient to justify the prosecution.

---

[4] This document, which has been attached to the Complaint, can be considered for purposes of the dispositive motion. *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (written documents attached to the complaint are exhibits and are considered part of the complaint for purposes of a Rule 12(b)(6) dismissal).

With respect to malice, the Complaint again contains no allegations that plausibly support this element. The Affidavit also demonstrates the existence of arguable probable cause, given "as a purely objective matter, a reasonable [official] in [Defendant Hurlburt's] position could have believed that probable cause existed to support [Plaintiff's] arrest." *Bailey v. Twomey*, 791 F. App'x 724, 731 (10th Cir. 2019) (cleaned up).

> **b.** ***No underlying violation: due process—fabrication of evidence / reckless investigation (claims two and seven).***

"The right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." *Estelle v. Williams*, 425 U.S. 501, 503 (1976). "The duties to disclose and preserve [] exculpatory evidence are grounded in the due process right to a fair trial." *Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) (emphasis omitted). "The [alleged] fabrication of evidence implicates a criminal defendant's right to a fair trial. *Romero v. Bowman*, 2021 WL 4947234, at *14 (D. Colo. June 11, 2021) (citing *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 280 (2d Cir. 2016); *Coleman v. City of Peoria*, 925 F.3d 336, 344 (7th Cir. 2019) ("Using false evidence to convict violates a defendant's right to a fair trial guaranteed by the Fourteenth Amendment's Due Process Clause.")). However, "in the absence of a conviction, a defendant 'cannot be said to have been deprived of the right to a fair trial.'" *Tiscareno v. Frasier*, 603 F. App'x 672, 679 (10th Cir. 2015) (quoting *Morgan*, 166 F.3d at 1310); *Bailey v. Twomey*, 791 F. App'x 724, 735 (10th Cir. 2019) (declining to reconsider this reasoning); *but see Truman v. Orem City*, 1 F.4th 1227, 1236 n.5 (10th Cir. 2021) (noting lack of conviction is not dispositive).

Because all charges were dismissed against Plaintiff [Complaint, ¶ 839], he fails to state a claim based on Defendant Hurlbert's alleged fabrication or withholding of evidence. *Sequeira v. McClain*, 2017 WL 1197296, at *9 (D. Colo. Mar. 31, 2017) ("The Court finds that plaintiff's ...

claims fail to state a claim on which relief can be granted because they allege injury based on deprivation of the right to a fair trial when plaintiff was not convicted."); *see also McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) ("Because the underlying criminal proceeding terminated in appellant's favor, he has not been injured by the act of wrongful suppression of exculpatory evidence."); *Romero*, 2021 WL 4947234, at *14 (same).

Plaintiff also fails to allege that evidence was fabricated in this case, much less that Defendant Hurlbert was knowingly involved in any such conduct. *Truman*, 1 F.4th at 1236 (describing prerequisites to a plausible claim). For instance, the only "fabricated" evidence specifically identified in the Complaint is the pushpin map. [Complaint, ¶ 908]. But Plaintiff's allegations merely assert the GPS data used to create the map was unreliable or imprecise, not that the map itself had been knowingly fabricated. [Complaint, ¶¶ 242–245]. What is more, the allegations demonstrate the pushpin map was created for purposes of the Affidavit, prior to Plaintiff's prosecution, and there is no allegation Defendant Hurlbert was involved in that aspect of the case, let alone the creation of the map. [*See* Complaint, ¶¶ 214–219, 243, 908].

### c. *No underlying violation: due process—deprivation of property (claim five).*

Plaintiff asserts Defendant Hurlbert is violating his rights by continuing to withhold property seized during the criminal investigation. [Complaint, ¶¶ 880–889]. "[T]o determine whether a constitutional [due process] violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). "Only if the State provided no remedies, or the remedies were inadequate, could a plaintiff claim a taking of property occurred without due process of law." *Pinder v. Mitchell*, 658 Fed. App'x. 451, 453–54 (10th Cir. 2016); *see also Hudson v. Palmer*, 468 U.S.

11

517, 533 (1984) (applying standard to intentional deprivation of property); *Parratt v. Taylor*, 451 U.S. 527, 542–44 (1981)[5] (applying standard to negligent deprivation of property).

In *Woo v. El Paso County*, the Colorado Court of Appeals explained that "longstanding Colorado case law recognizes that a criminal defendant may file a motion for return of such property in the criminal court" and described the process for doing so, which includes the filing of a verified motion by the defendant and an evidentiary hearing. 490 P.3d 884, 888–90 (Colo. App. 2020). Plaintiff does not allege he attempted to seek the return of his property in state court. Because Colorado provides an adequate process by which a criminal defendant may seek the return of property seized as part of a criminal investigation, his claim fails.

### d.    No underlying violation: conspiracy / failure to intervene (claims four and six).

Plaintiff asserts Defendant Hurlbert violated his rights by failing to intervene in the conduct of others, while also engaging in a conspiracy. To be liable for a failure to intervene, an official "must have observed or had reason to know of a constitutional violation and have had a realistic opportunity to intervene." *Rowell v. Bd. of Cty. Commissioners of Muskogee Cty., Oklahoma*, 978 F.3d 1165, 1175 (10th Cir. 2020). To state a § 1983 conspiracy claim, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). A perquisite to both claims is the existence of an underlying

---

[5] Overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

constitutional violation. *Blesdoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022) (failure to intervene); *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1231 (10th Cir. 2020) (conspiracy).

As discussed herein, Plaintiff has not stated a plausible underlying violation of his civil rights.[6] Moreover, Plaintiff's allegations of conspiracy are entirely conclusory with no supporting factual averments, given the specific allegations reflect typical coordination between law enforcement and prosecutors in the context of an ongoing criminal prosecution—including meetings and court hearings. Nor does the Complaint contain any allegations demonstrating Defendant Hurlbert had a realistic opportunity to intervene in the purported violations of others, as he is not alleged to have been involved in the Affidavit or Plaintiff's arrest.

### e.    No clearly established law.

In determining whether a right is clearly established, a claimant must point to Supreme Court or Tenth Circuit precedent (or the clear weight of authority from other circuit courts) recognizing an actionable constitutional violation in the circumstances presented. *See Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012). Thus, it is Plaintiff's burden to identify a case where an official acting under sufficiently similar circumstances was held to have violated an individual's civil rights. *White v. Pauley*, 580 U.S. 73, 80 (2017). "The dispositive question is whether the violative nature of the *particular conduct* is clearly established." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (emphasis in original). To satisfy this element, "existing

---

[6] Defendant Hurlbert also incorporates by reference the arguments raised by each Defendant in their respective motions to dismiss, as it relates to the lack of an underlying constitutional violation.

precedent must have placed the statutory or constitutional question beyond debate." *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015) (internal quotations and citation omitted).

Plaintiff cannot identify clearly established law which would have put Defendant Hurlbert on notice his alleged conduct violated Plaintiff's civil rights under the circumstances of this case. Defendant Hurlbert is therefore entitled to qualified immunity.

### B.   PLAINTIFF'S ELEIA CLAIMS ARE NOT PLAUSIBLE.

Plaintiff brings four ELEIA claims against Defendant Hurlbert (claims nine, ten, twelve, and thirteen). ELEIA, however, applies to "peace officer[s], as defined in section 24-13-901(3)." COLO.REV.STAT. § 13-21-131(1). C.R.S. § 24-31-901(3) defines "peace officer" as "any person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16-2.5-102, a Colorado state patrol officer as described in section 16-2.5-114, and any noncertified deputy sheriff as described in section 16-2.5-103(2)."

This definition does not encompass district attorneys, much less deputy district attorneys. As a prosecutor, Defendant Hurlbert is not required to be P.O.S.T. certified, nor is this alleged. He is therefore not a "peace officer" and is not subject to liability under ELEIA.[7]

**WHEREFORE**, for the reasons stated herein, Defendant Hurlbert respectfully requests the Court:

A.   Enter an Order dismissing Plaintiff's claims as to him with prejudice;

B.   Enter judgment in favor of Defendant Hurlbert and against Plaintiff; and

C.   Provide such other and further relief as the Court deems just and proper.

---

[7] While qualified immunity is inapplicable to ELEIA claims, the statute does not prohibit the defense of absolute prosecutorial immunity. For the same reasons Defendant Hurlbert is shielded by absolute immunity with respect to the § 1983 claims, he is similarly shielded with respect to ELEIA.

Respectfully submitted,

s/ Eric M. Ziporin
**Eric M. Ziporin**
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile:  (303) 320-0210
E-mail:  eziporin@sgrllc.com

s/ Jonathan N. Eddy
**Jonathan N. Eddy**
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile:  (303) 320-0210
Email:  jeddy@sgrll.com
*Attorneys for Defendant Hurlbert*

***This pleading complies with the Court's Civil Practice Standards***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of October, 2023, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT HURLBERT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jane Fisher-Byrialsen
Email:  jane@fblaw.org
*Counsel for Plaintiff*

Hollis Whitson
Email:  hollis@samlerandwhitson.com
*Counsel for Plaintiff*

Iris Eytan
Email:  iris@eytanlawfirm.com
*Counsel for Plaintiff*

J. Andrew Nathan
Nicholas Christaan Poppe
Email:  anathan@ndm-law.com
Email:  npoppe@ndm-law.com
*Counsel for Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, John Spezze, Robin Burgess, Randy Carricato, William Plackner, and Andrew Rohrich*

Dmitry B. Vilner
Jennifer H. Hunt
Kathleen L. Spalding
Email:  dmitry.vilner@coag.gov
Email:  jennifer.hunt@coag.gov
Email:  kit.spalding@coag.gov
*Counsel for Defendants John Camper, Megan Duge, Caitlin Rogers, Derek Graham, Kevin Koback, Kirby Lewis and Chris Schaefer*

William T. O'Connell, III
Email:  woconnell@warllc.com
*Counsel for Defendants Alex Walker and Jeffrey Lindsey*

Andrew R. McLetchie
Rachel L. Bradley
Email:  a_mcletchie@fsf-law.com
Email:  r_bradley@fsf-law.com
*Counsel for Defendant Scott Himschoot and Claudette Hysjulien*

Scott A. Neckers
Robert I. Lapidow
Sarah A. Thomas
Email:  san@omhlaw.com
Email:  rl@omhlaw.com
Email:  sat@ohmlaw.com
*Counsel for Defendant Joseph Cahill*

Leslie L. Schluter
Sophia A.N. Fernald
Email:  lschluter@lawincolordo.com
Email:  sfernald@lawincolorado.com
*Counsel for Defendant Linda Stanley*

/s/ Taylor Will
Legal Secretary