# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1108-DDD-SKC

BARRY MORPHEW

       Plaintiff,

v.

CHAFFEE COUNTY, Colorado,
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado,
CHAFFEE COUNTY SHERIFF'S DEPARTMENT,
LINDA STANLEY, District Attorney, in her official and individual capacities,
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual capacities,
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy,
ANDREW ROHRICH, Chaffee County Undersheriff,
ALEX WALKER, Eleventh Judicial District Attorney's Office Investigator,
JEFFREY LINDSEY, Deputy District Attorney,
ROBIN BURGESS, Chaffee County Sheriff's Detective,
RANDY CARRICATO, Chaffee County Sheriff's Deputy,
CLAUDETTE HYSJULIEN, Chaffee County Sheriff's Sergeant,
WILLIAM PLACKNER, Chaffee County Sheriff's Sergeant,
JOHN CAMPER, Colorado Bureau of Investigation Director,
JOSEPH CAHILL, Colorado Bureau of Investigation Agent,
MEGAN DUGE, Colorado Bureau of Investigation Agent,
CAITLIN ROGERS, Colorado Bureau of Investigation Agent,
DEREK GRAHAM, Colorado Bureau of Investigation Agent,
KEVIN KOBACK, Colorado Bureau of Investigation Agent,
KIRBY LEWIS, Colorado Bureau of Investigation Agent,
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director of Investigations,
JONATHAN GRUSING, Federal Bureau of Investigation Agent,
KENNETH HARRIS, Federal Bureau of Investigation Agent, and
JOHN/JANE DOES 1-10, and other unknown employees of the Eleventh Judicial District Attorney, and other unknown officers of the Chaffee County Sheriff's Department,

       Defendants.

---

## DEFENDANT JOSEPH CAHILL'S FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

---

Defendant Joseph Cahill ("Defendant Cahill" or "Cahill"), by and through his attorneys, Overturf McGath & Hull, P.C. hereby submits his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and in support states as follows:

### CERTIFICATE OF CONFERRAL

In accordance with this Court's practice standards (DDD Civ. P.S. III.A.D), undersigned counsel conferred with Plaintiff's attorneys regarding this motion. Plaintiff is opposed to the relief requested herein. Plaintiff's counsel was given the opportunity to amend the complaint in an effort to resolve the issues raised in this motion and has declined to do so.

## I.      INTRODUCTION AND BACKGROUND

In his 185-page Complaint, Plaintiff alleges a widespread conspiracy across multiple law enforcement agencies and prosecutors to fabricate evidence and maliciously prosecute him in connection with the disappearance of his wife, Suzanne Morphew. Ms. Morphew disappeared on May 10, 2020. (Compl. ¶ 53.) Multiple agencies began investigating Ms. Morphew's disappearance, including the Colorado Bureau of Investigation ("CBI"). Defendant Cahill was the lead CBI investigator

2

assigned to assist local authorities in the initial stages of the investigation and assisted minimally with preparation of the Arrest Affidavit. (*Id.* at ¶¶ 33,101.)

Plaintiff's claims against Defendant Cahill are premised on Cahill's alleged role in selectively including or not including certain information in the Arrest Affidavit. The Arrest Affidavit was drafted by Alex Walker with assistance from FBI Special Agent Jonathan Grusing, and states that it was edited and reviewed by FBI Special Agent Kenneth Harris and CBI Agents Joseph Cahill and Derek Graham. (Compl. ¶¶ 145 – 146.) Only Mr. Walker signed the Arrest Affidavit. Plaintiff also alleges that Defendant Cahill opposed arresting Plaintiff in May 2021 and actively urged, along with the other CBI Defendants, local law enforcement and prosecutors to continue the investigation and postpone any arrest until more evidence was gathered. (*Id.* at 125.) Plaintiff alleges that Cahill was "highly critical" of arresting Plaintiff, believing that further investigation was needed. (*Id.*)

Now, Plaintiff alleges various federal and state constitutional violations related to the investigation and prosecution surrounding Ms. Morphew's disappearance. Plaintiff asserts ten claims for relief against Defendant Cahill under 42 U.S.C. § 1983 and C.R.S. § 13-21-131:

| | |
|---|---|
| Claim 1 | 42 U.S.C. § 1983 Malicious Prosecution |
| Claim 2 | 42 U.S.C. § 1983 Due Process – Fabrication of Evidence |
| Claim 3 | 42 U.S.C. § 1983 Due Process (*Franks* Claim) – False and Misleading Information in an Arrest Warrant Affidavit |

Claim 4          42 U.S.C. § 1983 Conspiracy

Claim 6          42 U.S.C. § 1983 Failure to Intervene

Claim 7          42 U.S.C. § 1983 Reckless Investigation

Claim 9          State Law Malicious Prosecution Pursuant to C.R.S. § 13-21-131

Claim 10         State Law Fabrication of Evidence Pursuant to C.R.S. § 13-21-131

Claim 11         State Law False and Misleading Information in Arrest Warrant Affidavit and Omission/Concealment of Exculpatory Information Pursuant to C.R.S. § 13-21-131

Claim 12         State Law Conspiracy Pursuant to C.R.S. § 13-21-131

(*See* Compl. ¶¶ 896–1038.)

Plaintiff's state law claims brought under C.R.S. § 13-21-131 are not applicable to Defendant Cahill because he is not a "peace officer" as the statute contemplates. As such, Plaintiff's state law claims against Defendant Cahill fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), are barred under the Colorado Governmental Immunity Act ("CGIA")[1] and should be dismissed. Additionally, Plaintiff's 42 U.S.C. § 1983 claims fail because Defendant Cahill is entitled to qualified immunity in that

---

[1] Defendant Cahill asserts that his arguments regarding the state law claims being precluded by C.R.S. § 13-21-131 and Fed. R. Civ. P. 12(b)(6) are sufficient to warrant their dismissal without the discussion of the Colorado Governmental Immunity Act ("CGIA"), but to the extent that this Court finds this analysis is necessary for the dismissal of those claims, Defendant Cahill respectfully requests that this Court dismiss the state law claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction in that no waiver of immunity exists, and Plaintiff failed to plausibly allege that Defendant Cahill's conduct was "willful and wanton".

Plaintiff's Complaint fails to state any plausible allegations that Defendant Cahill violated Plaintiff's constitutional rights, and even if there were plausible constitutional violations pled, the alleged violations were not clearly established at the time of the alleged conduct.

Wherefore, Defendant Cahill respectfully requests this Court dismiss all claims against him with prejudice.

## II.   STANDARD OF REVIEW

When considering a motion filed under Fed. R. Civ. P. 12(b)(6), a court's function is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).

The sufficiency test has two prongs. First, a court must accept as true allegations that are not legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not warrant the presumption of truth. *Id.* at 678. Second, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 679. Plausibility means that the plaintiff pled facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court, however, need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste Mgmt.,* 161 F.3d 1259, 1262 (10th Cir. 1998).

A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will it do if it "tenders 'naked assertion[s]' devoid of 'further actual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, conclusory allegations are "not entitled to the assumption of truth" and are not considered. *Id.* at 679. Instead, a court looks to whether the complaint includes "enough factual matter (taken as true) to suggest that" the plaintiff is entitled to relief. *Twombly*, 550 U.S. at 556.

## III.   ARGUMENT AND AUTHORITY

### A. PLAINTIFF'S STATE LAW CLAIMS (CLAIMS 9 – 12) AGAINST DEFENDANT CAHILL SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### 1. Plaintiff Failed to State a Claim for Relief Under C.R.S. § 13-21-131 Because Defendant Cahill is Not a Peace Officer Under the Statute

##### i.   Applicable Law

Plaintiff brought state law claims against Defendant Cahill under C.R.S. § 13-21-131. This statute addresses civil actions for the deprivation of rights by "peace officers" as follows:

> A peace officer, as defined in section 24-31-901(3), who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights … is liable to the injured party for legal or equitable relief or any other appropriate relief.

C.R.S. § 13-21-131(1).

Under the referenced section, "peace officer" means "any person employed by a political subdivision of the state required to be certified by the P.O.S.T. board pursuant to section 16-2.5-102, a Colorado state patrol officer[2] as described in section 16-2.5-114, and any noncertified deputy sheriff[3] as described in section 16-2.5-103(2)." 24-31-901(3). The P.O.S.T. board certifies the following types of peace officers:

> A chief of police; a police officer; a sheriff; an undersheriff; a deputy sheriff; a Colorado state patrol officer; a town marshal; a deputy town marshal; a reserve police officer; a reserve deputy sheriff; a reserve deputy town marshal; a police officer or reserve police officer employed by a state institution of higher education; a Colorado wildlife officer; a Colorado parks and recreation officer; a Colorado police administrator or police officer employed by the Colorado mental health institute at Pueblo; an attorney general criminal investigator; a community parole officer; a public transit officer; a municipal court marshal; and the department of corrections inspector general.

C.R.S. § 16-2.5-102. Notably, CBI agents are not included in this definition.

## ii.   Application

At the time of the investigation and Plaintiff's subsequent arrest, Cahill was a CBI agent. (Compl. at ¶¶ 32-33). The CBI is a division of the Colorado Department of Public Safety. *See* C.R.S. § 24-33.5-401. (The CBI "exercise[s] their powers and

---

[2] "A Colorado state patrol officer is a peace officer whose authority shall include the enforcement of all laws of the state of Colorado … regulating the operation of vehicles and use of the highways or concerning motor vehicle registration. C.R.S. § 16-2.5-114 (citing 24-33.5-212(1)(a)(I)).

[3] "A noncertified deputy sheriff or detention officer is a peace officer employed by a county or city and county whose authority is limited to the duties assigned by and while working under the direction of the chief of police, sheriff, an official who has the duties of a sheriff in a city and county, or chief executive of the employing law enforcement agency." C.R.S. § 16-2.5-103(2).

performs their duties and functions under the department of public safety and the executive director.") The CBI and its agents are not included in the statutory definition of "peace officer" referenced by C.R.S. § 13-21-131. *See* §16-2.5-102. Accordingly, Defendant Cahill is not a member of the class of individuals that this statue was meant to address and is not subject to its restrictions, including the removal of CGIA immunity and qualified immunity for peace officers. Therefore, Defendant Cahill may not be held liable under C.R.S. § 13-21-131, and Plaintiff's Claims 9, 10, 11, and 12 fail as a matter of law.

**B. DEFENDANT CAHILL IS ENTITLED TO QUALIFIED IMMUNITY AGAINST PLAINTIFF'S § 1983 CLAIMS (CLAIMS 1–4, 6–7) BECAUSE PLAINTIFF FAILED TO STATE PLAUSIBLE CONSTITUTIONAL CLAIMS AND BECAUSE MANY OF HIS CLAIMS WERE NOT CLEARLY ESTABLISHED AT THE TIME OF THE ALLEGED CONDUCT**

To promote the efficient administration of public services, the doctrine of qualified immunity "shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). To impose liability, it must "be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Morris v. Noe*, 672 F.3d 1185, 1196 (10th Cir. 2012).

In evaluating whether the defendant violated a constitutional right, the court conducts a two-pronged test asking whether "(1) the defendant violated [the plaintiff's] constitutional or statutory rights and (2) [whether] the right was clearly

established at the time of the alleged unlawful activity." *Castillo v. Day*, 790 F.3d 1013, 1019 (10th Cir. 2015). If the plaintiff fails to satisfy either prong, the defendant is entitled to qualified immunity. *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016). The constitutional right at issue must be defined "at the appropriate level of specificity." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "Clearly established" precedent consists of either a Supreme Court decision, a binding circuit decision, or lacking either of these, a "consensus of cases of persuasive authority" from other jurisdictions. *Ullery v. Bradley*, 949 F.3d 1282, 1291, 1294 (2020). Fact-specific precedent is not required if case law has established a broader outline of the constitutional right at issue, and where, based on that precedent, all reasonable officers should have concluded that a defendant's actions violated constitutional guarantees. *Hope v. Pelzer*, 536 U.S. 730, 743-44 (2002).

Here, Plaintiff failed to allege sufficient violations of his constitutional rights such that he cannot satisfy the first prong of the test for qualified immunity against Cahill. The first prong required Plaintiff to "adequately plead a claim for relief that is based on the violation of a constitutional or statutory right." *Bledsoe v Carreno*, 53 F.4th 589, 606 (10th Cir. 2022). As discussed below with regard to each specific claim, Plaintiff has not sufficiently plead his § 1983 claims and thus, cannot establish that Defendant Cahill violated his constitutional rights. As a result, he cannot overcome

Defendant Cahill's assertion of qualified immunity and these claims should be dismissed.

Defendant Cahill is likewise entitled to qualified immunity in that there was arguable probable cause for Plaintiff's arrest and therefore there was no violation of a clearly established constitutional right. In the context of a qualified immunity defense on an unlawful search or arrest claim, the Court ascertains whether a defendant violated clearly established law "by asking whether there was 'arguable probable cause'" for the challenged conduct. *Kaufman v. Higgs, et al.*, 697 F.3d 1297,1300 (10th Cir. 2012). As to whether the law was clearly established at the time of the alleged violation, a section 1983 plaintiff must show that "it would have been clear to a reasonable officer that probable cause was lacking under the circumstances...." *Koch v. City of Del City,* 660 F.3d 1228, 1241 (10th Cir. 2011). Probable cause is measured at the moment the arrest occurs and must derive from facts and circumstances based on reasonably trustworthy information. *Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

## 1. Plaintiff Cannot State Plausible Claims for Constitutional Violations Because He Pleaded Allegations Against "Defendants" Generally Instead of Specifically Against Defendant Cahill (Claims 1–4, 6–7)

For § 1983 cases involving multiple individual government actors, the Tenth Circuit has stated that, "it is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Bledsoe*, 53 F.4th at 607

(quoting *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)). When a complaint uses "either the collective term 'Defendants' or a list of defendants named individually but with no distinction as to what acts are attributable to whom" the complaint fails to satisfy the pleading standard as "it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249- 50 (10th Cir. 2008). If the complaint does not specifically allege with non-conclusory allegations what each individual defendant did, it "does not 'provide adequate notice as to the nature of the claims against each' and fails for this reason." *Matthews v. Bergdorf,* 889 F.3d 1136, 1144 (10th Cir. 2018) (quoting *Robbins v. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)); *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013) (holding that the failure to identify personal participation "dooms" the plaintiffs' § 1983 claims and "entitles defendants to qualified immunity").

Here, Plaintiff includes Defendant Cahill in various "categories" of defendants including "Defendants," generally, "Defendant CBI Agents," "Defendants authoring the Arrest Affidavit" and "Defendants who authored the Arrest Affidavit." *See generally,* Compl. Not only are these terms confusing and subject to overlap, but they are too vague to adequately describe Defendant Cahill's specific conduct that allegedly violated Plaintiff's constitutional rights. Many of these generic references to "Defendants" also assume that Defendant Cahill was involved simply because of his general involvement in the investigation as the lead CBI Investigator. These

vague allegations do not provide sufficient notice of the basis of the claims against Defendant Cahill to qualify as a plausible claim under § 1983, and therefore Plaintiff failed to assert plausible allegations that Defendant Cahill specifically violated Plaintiff's constitutional rights, entitling Defendant Cahill to qualified immunity.

### 2. Plaintiff Cannot State a Claim for Malicious Prosecution Because Defendant Cahill's Conduct Was Not Malicious and Arguable Probable Cause Existed for Plaintiff's Arrest (Claim 1)

Fourth Amendment malicious prosecution claims under § 1983 include five elements: (1) defendant caused plaintiff's continued confinement or prosecution; (2) original action terminated in plaintiff's favor; (3) no probable cause supported arrest, confinement, or prosecution; (4) defendant acted maliciously; and (5) plaintiff sustained damages. *Shrum v. Cooke*, 60 F.4th 1304 (10th Cir. 2023); *see also Bledsoe*, 53 F.4th 589. Plaintiff has not sufficiently pled a lack of probable cause or that Cahill acted maliciously. Thus, this claim should be dismissed, because when either of those elements are absent, Plaintiff failed to allege a sufficient constitutional violation.

### i. Probable Cause

Officers must have probable cause to initiate a search, arrest, and prosecution under the Fourth Amendment. *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). Probable cause is "a 'substantial probability' … that the suspect committed the crime, requiring something 'more than a bare suspicion.'" *Id.* (quoting *Kerns v. Bader*, 663 F.3d 1173, 1188 (10th Cir. 2011)); s*ee also United States v. Martin,* 613 F.3d 1295, 1302 (10th Cir. 2010) ("As the standard itself indicates, probable cause does not

require metaphysical certitude or proof beyond a reasonable doubt. Probable cause is a matter of probabilities and common sense conclusions, not certainties. At the same time, probable cause requires, of course, more than mere suspicion that unlawful activity is afoot."). Arguable probable cause is another way of saying that the officer's conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists. *Stonecipher*, 759 F.3d at 1141 (citing *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir.2007)).

"Because probable cause is an objective standard, it may exist despite a police officer's false statements or material omissions." *Sanchez v. Hartley*, 299 F. Supp. 3d 1166, 1195 (D. Colo. 2017). When an affidavit allegedly contains false statements, "the existence of probable cause is determined by setting aside the false information and reviewing the remaining contents of the affidavit." *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). When a plaintiff alleges information has been omitted from an affidavit, the court determines probable cause "by examining the affidavit as if the omitted information had been included and inquiring if the affidavit would still have given rise to probable cause for the warrant." *Id*.

Here, Plaintiff alleges that there was no probable cause to support his arrest (Compl. ¶ 156) and that Cahill caused the Arrest Warrant to be issued and the murder charges to be brought despite knowing there was no probable cause. (*Id.* at ¶¶ 135-136.) However, Plaintiff also admits that Cahill expressed concerns to his

direct supervisor about arresting Plaintiff, citing the need for further investigation. (*Id.* at ¶ 125.)

In April 2021, Alex Walker circulated a draft of the Arrest Affidavit to numerous defendants. Cahill was critical of the Arrest Affidavit in its draft form, noting the need for "more forensic testing, evidence collection, and review and analysis of the investigation and materials seized up to date." (*Id.*) Cahill opposed arresting Plaintiff at that time given the deficiencies in the Arrest Affidavit (*Id.*). Cahill raised his concerns to his immediate superior, Kirby Lewis, who was the head of the Major Crimes Division at CBI. (*Id.* at ¶ 126.) Despite the concerns raised by Cahill and others, Chaffee County Sheriff's Department arrested Plaintiff on May 4, 2021. (*Id.* at ¶ 109).

It is inconsistent for Plaintiff to claim Cahill caused Plaintiff's arrest knowing there was a lack of probable cause while also acknowledging that Cahill warned his superiors that the arrest was premature. Even if these positions made sense together, there is still sufficient, objective evidence in the 129-page Arrest Affidavit (Exhibit A to Plaintiff's Complaint) which detailed almost a year's worth of investigation to support Plaintiff's arrest. For instance, the Arrest Affidavit details the following significant pieces of evidence against Mr. Morphew (that Plaintiff does not take issue with in his Complaint):

> -He lied to and misled the investigators regarding the condition of his marriage to Suzanne Morphew (Exhibit A, page 1);

-He knowingly destroyed evidence that his relationship with Ms. Morphew was deteriorating (Exhibit A, page 1);

-He changed critical details about his activities in the 2:00 PM hour on May 9th in attempts to match the evidence (Exhibit A, page 2);

-He placed his phone in "airplane mode" so that it could not be detected for significant stretches of time around the date/time of Ms. Morphew's disappearance (Exhibit A, page 127);

-Technology places him in the area where Ms. Morphew's bicycle helmet was found on the morning of her disappearance, which he explained was related to seeing a bull elk from two miles away at 4:30 AM (Exhibit A, page 125);

-Telling investigators that he woke to his alarm at 4:30 AM on May 9 (when no alarm was set) when his phone and truck telematics were moving in the 3:00 AM hour (Exhibit A, page 125);

-Leaving suddenly for a job in Broomfield, CO without telling his co-workers that he was leaving early on the morning of May 9 (Exhibit A, page 125);

-He was in his hotel room in Broomfield, CO at 5:00 PM when the neighbor called him, but he told investigators and the neighbor that he was at the job site at that time. After receiving that phone call, he took tools out of his truck and placed them in the hotel lobby (Exhibit A, page 126);

-Suzanne Morphew's bicycle appeared to have been thrown down the hill where the police located it (Exhibit A, page 126); and

-He began to liquidate Suzanne Morphew's assets within one month of her disappearance (Exhibit A, pages 45-46).

Further, the criminal Court (Judge Murphy) on September 17, 2021 found that there was sufficient probable cause such that the criminal case could proceed to trial.

(Compl. ¶ 820.)[4] Likewise,  Judge Lama later determined that the prosecution had failed to timely disclose potentially exculpatory evidence to Plaintiff and entered sanctions. (Comp. ¶¶ 822–823.) However, Judge Lama still did not find that probable cause was vitiated. Both Judges' decision not to dismiss the charges for lack of probable cause supports a finding that probable cause existed. *See Meacham*, 82 F.3d at 1562 (the Fourth Amendment is violated when a law enforcement investigator knowingly or recklessly omits from an arrest affidavit information that would have vitiated probable cause).

The Arrest Affidavit is full of direct and circumstantial evidence supporting adequate probable cause for the arrest. Colorado law makes no distinction between the effect of direct evidence and circumstantial evidence. *Quintana v. Kudrna*, 402 P.2d 927 (1965). A year's worth of investigation by dozens of investigators led to the 129-page Arrest Affidavit. Plaintiff's issues with the strength or credibility of certain pieces of evidence should not detract from the arguable probable cause related to all the evidence that Plaintiff does not discuss in his Complaint. Wherefore, arguable cause exists based on the entirety of the Arrest Affidavit, and therefore Plaintiff's claim against Defendant Cahill fails.

---

[4] It is not necessary to introduce evidence sufficient to prove defendant's guilt beyond a reasonable doubt but evidence sufficient to permit a person of ordinary prudence to reasonably believe in defendant's guilt. *People v. Walker*, 675 P.2d 304 (Colo. 1984).

### ii.   Malicious Intent

"Malice is shown if the primary motive of the defendant was a motive other than a motive to bring to justice a person thought to have committed a crime." *See Suchey v. Stiles*, 155 Colo. 363, 366, 394 P.2d 739, 741 (Colo.1964). "Malice may be inferred, for purpose of a Fourth Amendment malicious prosecution claim, if a defendant causes the prosecution without arguable probable cause." *Stonecipher*, 759 F.3d at 1146.

As discussed above, there was sufficient probable cause for Plaintiff's arrest such that malice cannot be inferred and must be specifically alleged in the Complaint. Plaintiff makes vague allegations that the misconduct described in the Complaint was undertaken "with malice" (Compl. ¶ 912) or that all defendants acted "maliciously," (*Id.* at ¶ 1014) but he does not identify any individual instances of malicious conduct that are directly attributed to Cahill. Instead, Plaintiff assumes Cahill's intent based solely on his participation in the investigation. This is not enough to support the malice requirement for this claim at the pleading stage, and thus, this claim should be dismissed.

Additionally, Cahill opposed arresting Plaintiff at that time given the deficiencies in the Arrest Affidavit, even raising his concerns to the head of the Major Crimes Division at CBI. (Compl. ¶¶ 125–126.) Despite the concerns raised by Cahill and others, Chaffee County Sheriff's Department arrested Plaintiff on May 4, 2021. (*Id.* at ¶ 109). Raising concerns about the timing of the arrest and the decision to

arrest Plaintiff is inapposite to a finding that Cahill acted with malice towards Plaintiff. Without a showing of malice against Plaintiff by Cahill, he has not alleged a constitutional violation and this claim must be dismissed.

### iii.   Defendant Cahill did not Cause Plaintiff's Arrest

Officials can be liable for malicious prosecution if they "cause" a prosecution by concealing or misrepresenting material facts to a prosecutor. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292-93 (10th Cir. 2004). Plaintiff's Complaint does not allege facts showing that Cahill caused Plaintiff's arrest or continued detainment or that he withheld any material information from prosecutors. The Arrest Affidavit indicates that it was edited and reviewed by Cahill. (Exhibit A, page 2.) Plaintiff in fact alleges that Cahill and other CBI personnel were "highly critical of the affidavit and opposed the impending arrest of Barry, citing the need for more forensic testing, evidence collection, and review and analysis of the investigation and materials seized up to date." (Compl. ¶ 125.) As such, the Complaint does not contain plausible allegations that Defendant Cahill caused Plaintiff's arrest.

### 3.   Plaintiff Failed to State a Claim for Fabrication of Evidence Because Plaintiff's Complaint Lacks Allegations Related to at Least Half of the Necessary Elements to Prove that a Constitutional Violation Occurred (Claim 2)

To state a fabrication of evidence claim, a plaintiff must allege that "(1) the defendant knowingly fabricated evidence, (2) the fabricated evidence was used against the plaintiff, (3) the use of the fabricated evidence deprived the plaintiff of

liberty, and (4) if the alleged unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt." *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) (citing *Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018)). "To rise to the level of a constitutional violation, a plaintiff must assert a causal connection between the fabrication of evidence and the deprivation of liberty." *Id.* An officer must possess knowledge of the evidence's falsity. *Id.* (citing Evidence, Black's Law Dictionary (11th ed. 2019) (defining "fabricated evidence" as "[f]alse or deceitful evidence that is unlawfully created ... in an attempt to achieve or avoid liability or conviction.")).

Plaintiff alleges that Defendant Cahill fabricated the "pushpin map" and used this fabricated evidence to effectuate Plaintiff's arrest. (Compl. ¶¶ 908-909.) The pushpin map is an attachment to the Arrest Affidavit described as "an estimate of the activity of Barry's phone…" (*Id.* ¶ 216.) Plaintiff alleges that the map and the GPS data were fabricated and "not based on any reliable science." (*Id.* ¶ 242.) However, Plaintiff's allegation relies on an email from an FBI agent, which noted that the GPS data may have been affected by "static drift." (*Id.* ¶ 223.) This statement does not allege that GPS data was fabricated but merely highlights that the data could be interpreted in multiple ways. One such interpretation was presented in the pushpin map. Without more, Plaintiff has not shown that Cahill knowingly fabricated evidence such that he violated Plaintiff's constitutional rights.

Plaintiff's minimal allegations against Cahill on this claim further amount to a failure to state a claim in that there is insufficient evidence in the complaint to prove elements three and four of this particular claim, that (3) the use of the fabricated evidence deprived the plaintiff of liberty, and, (4) if the alleged unlawfulness would render a conviction or sentence invalid, the defendant's conviction or sentence has been invalidated or called into doubt." Without evidence or even allegations to prove the elements of this claim, and therefore a constitutional due process violation by Cahill, Plaintiff's claim two fails and Cahill is entitled to qualified immunity.

> **4. Plaintiff Cannot State a Claim for Deprivation of Due Process Based on Allegedly False, Misleading, or Omitted Exculpatory Statements in the Arrest Warrant Affidavit Because Independent Probable Cause Still Existed for his Arrest (Claim 3)**

In *Franks v. Delaware*, "the Supreme Court held that affiants seeking arrest warrants violate the constitution when they knowingly, or with reckless disregard for the truth, include false statements in a supporting affidavit or omit information which, if included, would prevent the warrant from lawfully issuing." *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) (citing *Franks*, 438 U.S. 154, 171 (1978)). To state a claim under *Franks*, a plaintiff must show that (1) the affiant included false statements in support or omitted information from an affidavit; (2) the affiant acted knowingly or with reckless disregard for the truth; and (3) if the false

information were omitted, or if the omitted information were included, the warrant would not have issued. *Id*.

As identified in Section III(B)(1) of this motion, Plaintiff fails to allege any allegations directly against Cahill under Claim Three and combines him with eight other defendants without providing any factual analysis as to how Cahill "included false statements in support or omitted information from an affidavit" or "acted knowingly or with reckless disregard for the truth." *See Bledsoe*, 53 F.4th at 607. There is no allegation that Cahill authored or signed the affidavit, nor does the Complaint plausibly allege that Cahill was responsible for including any particular allegedly false evidence or omitting supposedly exculpatory evidence. Therefore, Plaintiff failed to allege sufficient facts against Cahill to satisfy the first two elements needed to prove a constitutional violation.

Additionally, Section III(B)(2)(i) shows there was sufficient probable cause for the underlying arrest based on a significant amount of evidence that Plaintiff does not challenge in his Complaint. (*See* Exhibit A.) Plaintiff failed to allege facts or state claims in paragraphs 916-921 of his Complaint that had additional information been removed or included in the arrest affidavit, the Judge would not have issued the arrest affidavit, which is the third element of a *Franks* claim. Without those allegations, Plaintiff failed to meet the third element of this claim and therefore failed to state a constitutional violation.

### 5. Plaintiff Cannot State a § 1983 Conspiracy Claim Because He Has Not Plausibly Alleged Any Underlying Constitutional Violations (Claim 4)

Plaintiff alleges that all defendants acted in conspiracy with each other to deprive Plaintiff of his due process rights and his right to be free from seizure and incarceration. (Compl. ¶ 923.)

"For a valid § 1983 conspiracy claim, plaintiffs 'must plead and prove not only a conspiracy, but also an actual deprivation of rights; pleading and proof of one without the other will be insufficient.'" *Hinkle v. Beckham Cnty. Bd. of Cnty. Comm'rs*, 962 F.3d 1204, 1231 (10th Cir. 2020) (quoting *Snell v. Tunnell*, 920 F.2d 670, 701 (10th Cir. 1990). Once this threshold is met, a plaintiff must then allege "[1]specific facts showing an agreement and concerted action among defendants, [2] an agreement upon a common, unconstitutional goal, and [3] concerted action taken to advance that goal." *Bledsoe*, 53 F.4th at 609(internal quotations omitted). Conclusory allegations of conspiracy [, however] are insufficient to state a valid § 1983 claim." *Id.* (citing *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021)).

Here, Plaintiff alleges all defendants conspired "to obtain the arrest and prosecution of [Plaintiff]" by conspiring to "manufacture probable cause…fabricate evidence [and]…withhold exculpatory evidence. (Compl. ¶ 780.) As discussed above, Plaintiff cannot state a plausible claim for malicious prosecution, fabrication of evidence, or false and/or misleading information in the Arrest Affidavit.

Even if Plaintiff could plausibly allege these constitutional violations, Plaintiff failed to allege specific facts showing an agreement and concerted action among any defendants but especially Defendant Cahill. "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). Plaintiff has not alleged that Cahill entered into any agreement with any other defendant to fabricate evidence, provide false information in the arrest affidavit, omit information in the arrest affidavit, or fail to investigate other leads. He generally alleges that the defendants worked together and shared information (Compl. ¶ 781) but fails to explain how these actions are anything more than standard collaboration among investigators doing their jobs. Simply stating that working together amounted to a conspiracy is not sufficient to show the existence of an agreement to pursue or concerted action taken to advance any conspiracy. As such, Defendant Cahill is entitled to qualified immunity against Plaintiff's conspiracy claim.

### 6. Cahill Could Not Have Known that his Conduct Could Give Rise to Liability for Failure to Intervene Because During Defendant Cahill's Involvement in the Investigation that Right Was Not Clearly Established in the 10th Circuit (Claim 6)

Until November 2022, the Tenth Circuit identified a failure to intervene theory exclusively as a variety of a 1983 excessive force claim.[5] *See , e.g., Vondrak v. City of Las Cruces,* 535 F.3d 1198, 1204 (10th Cir.2008). However, in *Bledsoe v. Carreno, supra*, the Court held for the first time that the failure to intervene was not limited to excessive force violations but could involve other constitutional violations as well. 53 F.4th at 617. Prior to *Bledsoe*, courts had avoided extending the duty to intervene beyond circumstances involving excessive force. *See Shaw v. Schulte*, 36 F.4th 1006, 1020 (10th Cir. 2022) (noting that the Tenth Circuit limited the duty to intervene to situations involving excessive force and holding that the right to have officers intervene to stop an unreasonable seizure was not clearly established).

As such, the constitutional right outlined in *Bledsoe* did not exist in the Tenth Circuit at the time of the events giving rise to Plaintiff's §1983 claims, and therefore it was not clearly established. Cahill's alleged wrongful conduct all took place from approximately May 2020 through the issuance of the arrest warrant on May 4, 2021. Thus, Plaintiff cannot establish the second prong of the qualified immunity analysis and his sixth claim should be dismissed.

---

[5] Plaintiff has not asserted any excessive force claims against Defendant Cahill.

### 7. Plaintiff Cannot State a Claim for Reckless Investigation Because This Claim is Not Recognized in the Tenth Circuit (Claim 7)

The Tenth Circuit has not explicitly recognized a viable substantive due process claim for reckless failure to investigate. *See Parker v. City of Tulsa,* 745 Fed. Appx. 79, 83 at n. 1 (10th Cir. 2018) ("As far as this court can tell, the Eighth Circuit stands alone in recognizing the existence of such a cause of action. The Seventh Circuit… has ruled that such claims must be brought as Fourth Amendment false arrest or malicious prosecution claims and, then, only if the claims fit within those rubrics.").

Some district courts have recognized that failure-to-investigate allegations may arise in the malicious prosecution context. *Romero v. Brown,* 2021WL4947234 (D. Colo. June 11, 2021). *See, e.g., Bledose v. Board of County Commissioners,* 501 F. Supp. 3d 1059, 1131 (D. Kan. 2020) (finding that an allegation that the defendants "intentionally refrained from collecting evidence…in a manner which would have exculpated [the] plaintiff supported the plaintiff's malicious prosecution claim); *Rakun v. Kendall Cty., Tex*, No. CIV.A. SA-06-CV-1044, 2007 WL 2815571, at *12 (W.D. Tex. Sept. 24, 2007) ("[T]he Court concludes that an officer's failure to investigate is not actionable in its own right, but is actionable only insofar as it may negate the existence of probable cause and thus provide a claim under the Fourth Amendment.").

Here, Plaintiff alleges that all defendants conducted a reckless investigation for failing to pursue investigative leads, not following up on CODIS DNA matches, and not fully investigating Jeff Libler as an alternative suspect. (Compl. ¶¶ 768–76.) Plaintiff also alleges all defendants conducted their investigation knowingly, recklessly and with reckless disregard for [Plaintiff's] innocence and constitutional rights." (*Id.* at ¶ 947.) There is no case law from the Tenth Circuit supporting a reckless investigation claim. Using the Eighth Circuit test for an inadequate investigation, Plaintiff needed to show that "the defendant officer's failure to investigate was intentional or reckless, thereby shocking the conscience." *Cooper v. Martin*, 634 F.3d 477, 481 (8th Cir.2011). Plaintiff has not sufficiently alleged that Cahill intentionally or recklessly failed to follow up on leads or investigate Mr. Libler beyond a conclusory statement that he did not take these actions. Moreover, "the mere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process." *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012) (citing *Amrine v. Brooks*, 522 F.3d 823, 833–34 (8th Cir.2008)). Thus, this Court should dismiss Plaintiff's claim for reckless investigation because Cahill is entitled to qualified immunity on that claim.

## IV.   CONCLUSION

For the reasons stated, Defendant Cahill respectfully requests that this Court dismiss all claims against him with prejudice and award such costs and fees as allowed.

DATED this 13th day of October 2023.

Respectfully submitted,

**OVERTURF McGATH
& HULL, P.C.**

By  *s/Scott A. Neckers*
     Scott A. Neckers
     Robert I. Lapidow
     Sarah A. Thomas
     Overturf McGath & Hull, P.C.
     625 East Sixteenth Avenue, Suite 100
     Denver, Colorado 80203
     Tel: (303)860-2848
     Fax: (303) 860-2869
     san@omhlaw.com
     rl@omhlaw.com
     sat@omhlaw.com
     *Attorneys for Defendant Joseph Cahill*

CERTIFICATION OF WORD COUNT: I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1), as modified by court order dated October 11, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2023, I electronically filed the foregoing **DEFENDANT JOSEPH CAHILL'S FED.R.CIV.P 12(b)(6) MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system with service as follows:

| | |
|---|---|
| Jane Fisher-Byrialsen<br>David Fisher<br>Fisher & Byrialsen, PLLC<br>4600 South Syracuse St., 9th Floor,<br>Denver, Colorado 80237<br>(303) 256-6345<br>Jane@FBlaw.org<br>*Attorneys or Plaintiff Barry Lee Morphew* | Hollis Whitson<br>Eric Samler<br>Samler and Whitson, PC<br>1600 Stout Street, Suite 1400<br>Denver, CO 80202<br>(303) 670-0575<br>Hollis@SamlerandWhitson.com<br>*Attorneys or Plaintiff Barry Lee Morphew* |
| Iris Eytan<br>Eytan Law<br>2701 Lawrence St, Ste 108<br>Denver, CO 80205<br>(720) 440-8155<br>iris@eytanlawfirm.com<br>*Attorneys or Plaintiff Barry Lee Morphew* | William T. O'Connell III<br>Wells, Anderson & Race, LLC<br>1700 Broadway, Suite 900<br>Denver, CO 80290<br>(303) 830-1212<br>woconnell@warllc.com<br>*Attorney for Defendants Alex Walker and Jeffrey Lindsey* |
| Nicholas C. Poppe<br>J. Andrew Nathan<br>NATHAN DUMM & MAYER P. C.<br>7900 E. Union Avenue, Suite 600<br>Denver, CO 80237-2776<br>(303) 691-3737<br>NPoppe@ndm-law.com<br>Anathan@ndm-law.com<br>*Attorneys for Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Colorado, Chaffee County Sheriff's Department, Chaffee County Sheriff John Spezze, Chaffee County Undersheriff Andrew Rohrich, Chaffee* | Jennifer H. Hunt<br>Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6215<br>jennifer.hunt@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of* |

29

| | |
|---|---|
| *County Sheriff's Detective Robin Burgess, Chaffee County Sheriff's Deputy Randy Carricato, and Chaffee County Sheriff's Sergeant William Plackner* | *Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* |
| Dmitry B. Vilner<br>Assistant Attorney General II<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6645<br>dmitry.vilner@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* | Kathleen L. Spalding<br>Senior Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6000<br>kit.spalding@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* |
| Andrew R. McLetchie<br>Rachel L. Bradley<br>Eden R. Rolland<br>Fowler, Schimberg, Flanagan & McLetchie, P.C.<br>350 Indiana Street, Suite 601<br>Golden, CO 80401<br>(303) 298-8603<br>a_mcletchie@fsf-law.com<br>r_bradley@fsf-law.com<br>e_rolland@fsf-law.com | Eric M. Ziporin<br>Jonathan N. Eddy<br>Courtney B. Kramer<br>SGR, LLC 3900 East Mexico Avenue, Suite 700<br>Denver, CO 80210<br>(303) 320-0509<br>eziporin@sgrllc.com<br>jeddy@sgrllc.com<br>ckramer@sgrllc.com<br>*Attorneys for Defendant Mark Hurlbert* |

| | |
|---|---|
| *Attorneys for Defendants Scott Himschoot and Claudette Hysjulien* | |
| Leslie L. Schluter<br>Sophia A. N. Fernald<br>DAGNER \| SCHLUTER \| WERBER LLC<br>8400 East Prentice, Suite 1401<br>Greenwood Village, CO 80111<br>(303) 221-4661<br>lschluter@lawincolorado.com<br>sfernald@lawincolorado.com<br>*Attorneys for Defendant Linda Stanley* | Reginald M. Skinner<br>Senior Trial Attorney<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 7146, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 616-3111<br>reginald.m.skinner@usdoj.gov<br>*Attorney for Defendants Jonathan Grusing and Kenneth Harris* |

*s/Jessica Pringle*