IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

v.

CHAFFEE COUNTY, *et al.*,

    Defendants.

---

**OBJECTION TO DEFENDANTS' MOTION TO STAY DISCOVERY [DOC. 84]**

---

Plaintiff, Barry Morphew, by and through undersigned counsel of record, hereby files this Objection to Defendants' Motion to Stay Discovery Pending Ruling on Motions to Dismiss ("motion to stay"), [Doc. 84], and states in support the following.

### I. INTRODUCTION

After violating the constitutional rights of Plaintiff Barry Morphew for over two years, Defendants now move to stay discovery. Plaintiff objects to this case being further delayed. He is seeking redress for constitutional violations that occurred years ago, and delay would exacerbate the injustice.

This is particularly true with respect to the municipal defendants. Over 40 years ago, the Supreme Court held that it is exactly patterns and practices like those alleged against Chaffee County, the Sheriff, and other municipal actors that underlie Congress's clear intent that "local governments, like every other § 1983 'person,'…may be sued for constitutional deprivations visited pursuant to governmental 'custom'" if "the persistent and widespread discriminatory

practices of [government] officials" are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). In requesting that this Court delay (for what could be years) Plaintiff's legal right to obtain relief against a municipal Defendant who violated Plaintiff's constitutional rights, Defendants now seek to defy this principle that municipalities should be liable for constitutional violations.

This Court should reject Defendants' effort to deprive Mr. Morphew of his right to adequately civilly prosecute this case before memories fade, witnesses scatter or pass away, and documents are lost, impeding his ability to expeditiously gather the necessary evidence to secure a just and speedy resolution to his case. Defendants have not shown that they will succeed on their anticipated motions to dismiss. They do not show any undue burdens in continuing with discovery and certainly do not show that any such burdens would outweigh Plaintiff's right to expeditiously proceed in this matter. A defendant is not entitled to a stay merely by asserting immunity or filing a Rule 12(b)(6) motion.  Accordingly, the Defendants have not established that they are entitled to a stay of discovery.

Defendants essentially claim they will be burdened if they have to engage in discovery. This is true of all cases:  "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden on the defendant in this case." *Chavez v. Young Am. Ins. Co.*, No. CIVA 06CV02419PSFBNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## II. LEGAL STANDARD

The Tenth Circuit has held that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott*

*Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).[1] For this good reason, "stays are generally disfavored in this district."[2] The movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay….will work damage to someone [sic] else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Federal Rules of Civil Procedure do not provide for a stay of proceedings simply because a motion to dismiss is pending. *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 U.S. Dist. LEXIS 15054, at *3, 2007 WL 683973, at *3 (D. Colo. Mar. 2, 2007). Instead, Defendants must show good cause for the issuance of a protective order under Fed. R. Civ. P. 26(c): that such an order is necessary to protect them from annoyance, embarrassment, oppression, or undue burden or expense. In *Chavez, supra*, the Court denied an unopposed motion for stay, observing that "[t]he deadlines established by the district judge could not be met if cases routinely are stayed while motions to dismiss are pending. Nor does the pendency of a run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6), as here, constitute 'extraordinary circumstances' within the contemplation of [the Judge's] instructions." *Ibid*.

Defendants cannot sustain their burden "merely by relying upon speculation or conclusory statements," *Breckenridge v. Vargo & Janson, P.C.*, 2016 U.S. Dist. LEXIS 168543, at *3 (D. Colo. Nov. 28, 2016), but rather must support their request for a stay with a "particular and specific demonstration of fact." *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 2012 U.S. Dist. LEXIS 704, at *1 (D. Colo. Jan. 4, 2012) (citation omitted). "The movant must show

---

[1] *Boden v. HMS Host Corp.*, No. 15-cv-00606-CMA-KMT, 2015 U.S. Dist. LEXIS 79874, at *3, 2015 WL 3826725, *1 (D. Colo. June 19, 2015) (Tafoya, J.)("The underlying principle in determination of whether to grant or deny a stay clearly is that 'the right to proceed in court should not be denied except under the most extreme circumstances.'") (quoting *Commodity Futures Trading Comm'n, supra*); *Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D.Colo. Mar. 2, 2007).
[2] *Id.* at *3.

specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *3-4.

Invoking qualified immunity "does not automatically bar all discovery." *Rome*, 225 F.R.D. at 643.  Further, there is hardly ever a basis to delay discovery against an entity, which is not entitled to qualified immunity. *See Lane v. Yohn*, 2012 U.S. Dist. LEXIS 148463, at *4 (D. Colo. Oct. 15, 2012). Thus, at the very least, discovery should proceed on Plaintiff's claims against the Defendants sued in their official capacities, because that is effectively a claim against the entities. *See Reynolds v. Flynn*, Civil Action No. 21-cv-01154-RM-NYW, 2022 U.S. Dist. LEXIS 15153, at *13 (D. Colo. Jan. 27, 2022) ("An action against a person in his official capacity is, in reality, an action against the government entity for whom the person works." quoting *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1009 (10th Cir. 1998)).

Even when qualified immunity is raised, courts in this District still disfavor a stay of ***all*** discovery. *See Rome*, 244 F.R.D. at 643 (stating that "qualified immunity does not protect an official from *all* discovery, but only from that which is 'broad-reaching'") (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998)). In short, "stays of the normal proceedings of a court matter should be the exception rather than the rule." *Boden*, 2015 U.S. Dist. LEXIS 79874, at *3.

### III.  ARGUMENT

#### A.  This Court should employ a modified *String Cheese* analysis.

Although the Tenth Circuit has not prescribed such, courts in this District have reflexively applied the test outlined by Magistrate Judge Coan in *String Cheese Incident, LLC v. Stylus Shows, Inc.* ("*String Cheese*"), in determining whether to stay discovery. 2006 U.S. Dist. LEXIS 97388, at *4 (D. Colo. Mar. 30, 2006). The *String Cheese* test, which is not binding

4

precedent, requires Defendants to establish that the balance of the following five interests tips in their favor: (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiff of a delay; (2) the burden on Defendants in going forward; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *Id.* at *4. The weight of these factors in the present case militates that discovery proceed.

That result is even more apparent if the Court includes in its analysis the crucial consideration of the likelihood of success of the motion to dismiss. A vast swath of jurisdictions properly employ this "preliminary peek" approach, and this Court should follow these courts in holding that (prior to granting a discovery stay) the Court must consider the likelihood of success of the pending motion to dismiss.[3]  One scholar has provided an example (which is salient to this case) highlighting the benefits of that framework:

> ***A judge might determine that the motion to dismiss merely quibbles around the edges and that the major claims are very likely to succeed***….Thus, the judge might decide to allow discovery to proceed, despite its costs and burdens on the parties and the court, because such discovery is unlikely to prove wasteful and any risk is outweighed by the harms associated with delay. The "preliminary peek" approach thus allows judges to refine their

---

[3] *See, e.g., Nakivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) ("[I]t is helpful, and often necessary, to 'take a preliminary peek' at any pending dispositive motions to see if the motions appear to be meritorious and 'truly case dispositive.'" (citation omitted)); *see also MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, 2017 U.S. Dist. LEXIS 205650, at *7 (S.D. Fla. Dec. 14, 2017);  *Suarez v. Beard*, 2016 U.S. Dist. LEXIS 161222, at *3 (N.D. Cal. Nov. 21, 2016); *Sams v. Ga W. Gate*, LLC, 2016 U.S. Dist. LEXIS 75974, at *15 (S.D. Ga. June 10, 2016); *Bennett v. Fastenal Co.*, 2016 U.S. Dist. LEXIS 194431, at *2 (W.D. Va. Mar. 8, 2016); *Minton v. Jenkins*, 2011 U.S. Dist. LEXIS 55695, at *3 (N.D. Fla. May 24, 2011); *Heinzl v. Cracker Barrel Old Country Store, Inc.*, 2015 U.S. Dist. LEXIS 132958, at *3 (W.D. Pa. Sep. 30, 2015); *United States ex rel. Jacobs v. CDS*, P.A., 2015 U.S. Dist. LEXIS 117915, at *4 (D. Idaho Sep. 3, 2015); *Great W. Cas. Co. v. Firstfleet, Inc.*, 2013 U.S. Dist. LEXIS 92465, at *5 (S.D. Ala. July 2, 2013); *DRK Photo v. McGraw-Hill Cos., Inc.*, 2012 U.S. Dist. LEXIS 168101, at *4 (D. Ariz. Nov. 27, 2012); *Barber v. Remington Arms Co.*, 2012 U.S. Dist. LEXIS 146938, at *2 (D. Mont. Oct. 11, 2012);  *Ceglia v. Zuckerberg*, 2012 U.S. Dist. LEXIS 85633, at *5 (W.D.N.Y. June 20, 2012); *Money v. Health*, 2012 U.S. Dist. LEXIS 49922, at *14-15 (D. Nev. Apr. 9, 2012); *Mlejnecky v. Olympus Imaging America, Inc.*, 2011 U.S. Dist. LEXIS 16128, at *28 (E.D. Cal. Feb. 7, 2011); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 U.S. Dist. LEXIS 80216, at *3 (M.D. Ga. 2008); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

> balancing in a way that allows them to minimize the risk of unnecessary costs and burdens in any particular case.

Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, 47 Wake Forest L. Rev. 71, 88 (2012) (emphasis added).

This Court is in no position to rule on the motion for stay – and indeed, Plaintiff is not able to fully address it – until after the remaining motions to dismiss are filed and reviewed.[4]

Thus, as relevant here, courts deny a stay pending the resolution of a motion to dismiss based on qualified immunity when "a review of the [m]otion…reveal[s] that success on the merits of [a qualified immunity] defense is not assured." *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, at *3 (D. Colo. Apr. 9, 2009); *see also Waisanen v. Terracon Consultants, Inc.*, 2009 U.S. Dist. LEXIS 123427, at *4 (D. Colo. Dec. 22, 2009). Without a preliminary showing that a qualified immunity defense is likely meritorious, the individual defendants have not justified a stay: if Defendants are not likely to succeed on the defense, the rationale for not subjecting them to the burdens of discovery disappears. Neither the municipal defendants nor the defendants acting in their official capacities may invoke qualified immunity.

Thus, in considering the burden on Defendants in moving forward, this Court must consider the likelihood that Defendants will succeed on their motion to dismiss.

### B. No *automatic* stay occurs upon the filing of a motion to dismiss.

"The mere pendency of a [m]otion to [d]ismiss . . . does not entitle [the] [d]efendant to a complete and indefinite stay." *Vaupel v. United States*, 2008 U.S. Dist. LEXIS 43730, at *6 (D. Colo. June 3, 2008); *Marks v. Lynch*, 2017 U.S. Dist. LEXIS 16234, at *6 (D. Colo. Feb. 6, 2017). The "Federal Rules of Civil Procedure presume that discovery may proceed despite the

---

[4] For this reason, this Court should permit Plaintiff to supplement this objection following filing of any additional motions to dismiss and particularly, after the last one has been filed.

6

filing of a motion to dismiss, absent special circumstances." *Boden*, 2015 U.S. Dist. LEXIS 79874, at *5 (citing *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No2011 U.S. Dist. LEXIS 101787, 2011 WL 4018207, at *2 (D. Colo. Sep. 8, 2011)). Nor does the invocation of qualified immunity by one defendant automatically entitle that defendant, or the rest of the defendants, to a stay of all discovery. *See, e.g.*, *Kaufman v. Univ. of Colo.*, 2015 U.S. Dist. LEXIS 106079, at *5 (D. Colo. Aug. 12, 2015); *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009); *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6; *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304, at *4-5 (D. Colo. Aug. 14, 2006).[5]

The Supreme Court's decision in *Iqbal* ***does not*** stand for the proposition that a defendant is entitled to a stay merely by invoking the term "qualified immunity." In *Iqbal*, the Supreme Court stated in *dicta* that the doctrine of qualified immunity may, *under certain circumstances*, shield public officials from "disruptive discovery" because, for policy reasons, high-level government officials should not without good cause have their attention diverted from their government jobs. *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). The situation outlined in *Iqbal*, however, is readily distinguishable from Defendants here. Defendants provide no specific details showing that they will be unduly distracted from their governmental duties by having to participate in discovery. Thus, Defendants will not be so taken from their duties in such a burdensome manner as to prevent the operation of government, as was contemplated in *Iqbal*. *Id*.

Defendants' interests in a stay in this case are nothing more than the now-standard effort in § 1983 litigation at avoiding the burden defendants invariably face when sued; those standard interests are insufficient to satisfy their burden in showing a stay is warranted. "Burdening"

---

[5] The Supreme Court has never addressed the propriety of granting a stay of discovery while a motion to dismiss based on qualified immunity is pending. Supreme Court cases that defendants cite in support of a stay all dealt with other issues. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226 (1991) (holding that the plaintiff failed to state a claim for a constitutional violation).

7

Defendants with participation in litigation will not touch on the concerns outlined by the Court in *Iqbal*. Thus, Defendants' entitlement to a stay should be evaluated through the modified *String Cheese* analysis, which weighs against granting a stay as to the Defendants in their individual or official capacity.

### C. Applying the *String Cheese* factors confirms that discovery should proceed.

Considering the relevant interests involved and "[t]he strong presumption against stays," *Pandaw Am.*, 2012 U.S. Dist. LEXIS 704, at *6, Defendants have not met their heavy burden to show that the filing of a motion to dismiss constitutes "extreme circumstances" so as to justify a stay. *Boden*, 2015 U.S. Dist. LEXIS 79874, at *3.

#### 1. *Plaintiff's interest in proceeding expeditiously is manifest.*

"Plaintiff's interests in proceeding with the lawsuit are manifest." *Robert W. Thomas & Anne McDonald Thomas Tr. v. First W. Tr. Bank*, 2012 U.S. Dist. LEXIS 114092, at *10 (D. Colo. Aug. 14, 2012). Granting Defendants' motion to stay "could delay the proceedings for an unknown period of time until there is a ruling on [the motion to dismiss] and…the delay would significantly impact and prejudice [Plaintiff's] right to pursue [his] case and vindicate [his] claim expeditiously." *String Cheese*, 2006 U.S. Dist. LEXIS 97388, at *6 (citation omitted). The longer Plaintiff must wait to obtain discovery, the more likely its value will be diluted. "[W]ith the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Lester v. Gene Express, Inc.*, 2010 U.S. Dist. LEXIS 25379, at *2-3 (D. Colo. Mar. 2, 2010); *see also Marks*, 2017 U.S. Dist. LEXIS 16234, at *7. In this respect, "delay may diminish Plaintiff's ability to proceed and may impact [his] ability to obtain a speedy resolution of [his] claims." *Id.*,

8

at *3; *see also Hargroves v. City of New York*, 2010 LEXIS 94664 (E.D.N.Y. Sep. 10, 2010), *at 12 ("[T]he [p]laintiff has the burden of proof, and as the case continues to languish, it may become more difficult for [the] [p]laintiff to locate documents and witnesses.").

Moreover, Plaintiff has a "right to have [his] claims heard without undue delay." *Jones v. Clinton*, 72 F.3d 1354, 1363 (8th Cir. 1996); *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 58 (D. Colo. 1987) (acknowledging that "justice delayed is justice denied" and "suffer[ing] no illusions that time and justice are unrelated"). Contrary to Defendants' dismissal of Plaintiff's interest as merely a "general" interest in proceeding expeditiously with discovery, this Court should fully consider the prejudice that would be inflicted upon Plaintiff if a stay is granted. "Like the government official who rightfully invokes the defense of qualified immunity, a private citizen is entitled to claim the timely protection of the law." *Sanchez v. Hartley*, 2016 U.S. Dist. LEXIS 185020, at *17-18 (D. Colo. Apr. 26, 2016) (citing *Marbury v. Madison*, 5 U.S. 137, (1803)). "It seems reasonable to ask at what point does staying discovery in deference to the qualified immunity defense unfairly impinge upon a private citizen's ability to obtain timely vindication of their constitutional protections."

The perils of delaying cases have been acknowledged for many years in this District. In 2006, when denying a motion to stay discovery, Magistrate Judge Boland observed:

> The average time from the filing of a dispositive motion to its determination in this district in 2006 was 7.5 months. Consequently, essentially staying the case while defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with injurious consequences.

*Chavez v. Young Am. Ins. Co.*, *supra*, at *2. Judge Boland stated that, because "motions to dismiss are denied more often than they result in the termination of a

9

case[,]..... it is more likely than not from a statistical point of view that a delay pending a ruling on the motion to dismiss would prove unnecessary." *Ibid*.

### 2. *Proceeding with discovery does not unfairly burden Defendants.*

Defendants have asserted no particularized facts that show they will suffer a clearly defined, serious harm in proceeding with discovery. "[W]here a movant seeks relief that would delay court proceedings by other litigants, [it] must make a strong showing of necessity because the relief would severely affect the rights of others." *Commodity Futures Trading*, 713 F.2d at 1484. "[A]bsent an extraordinary or unique burden imposed by the discovery at issue," courts often find that "on balance, a consideration of the first two *String Cheese* factors weigh against…a stay." *Wells v. Dish Network,* 2011 U.S. Dist. LEXIS 66948, at *4 (D. Colo. June 22, 2011).

It is anticipated that almost all of the discovery in this case on both sides is already in the possession of the Defendants as it was involved in the criminal investigation and prosecution of Barry Morphew. Thus, there cannot be a showing that they would be "unduly burdened."

Defendants have not shown any "extraordinary or unique burden" supporting departure from that norm. *Id.* "The ordinary burdens with litigating a case do not constitute undue burden." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *3. While "discovery may burden the individuals involved in this action and distract from their core professional responsibilities, such is always the case for witnesses in civil litigation." *Kaufman*, 2015 U.S. Dist. LEXIS 106079, at *6. Defendants' interests in seeking a stay in this case are nothing more than avoiding the obligations faced by all litigants when sued, and are insufficient to satisfy their burden in showing a stay is warranted. "Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case settles; or a trial occurs.

10

That is a consequence of our judicial system and the rules of civil procedure." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6. As a result, "[t]he party who seeks a stay of discovery has the burden of demonstrating good cause, and cannot sustain that burden by offering simply conclusory statements." *Pandaw Am., Inc.*, 2012 U.S. Dist. LEXIS 704, at *2 (citation omitted). Defendants have not met that burden here.

Nor does the mere fact that Defendants are filing motions to dismiss entitle them to claim any special burden in proceeding with discovery pending a ruling. "[T]he pendency of a run-of-the-mill motion to dismiss for failure to state a claim under Rule 12(b)(6)…[does not] constitute 'extraordinary circumstances.'" *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6-7. "This is particularly true where, as in this case, the motion to dismiss may just as well be denied as it is granted." *Breckenridge*, 2016 U.S. Dist. LEXIS 168543, at *5. "[B]oth statistically and in consideration of the burden on the moving party, there is a substantial likelihood [Defendants] will not prevail on" their motion to dismiss. *Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, 2008 U.S. Dist. LEXIS 101609, at *23 (D. Colo. Nov. 26, 2008); *see also Hall v. Town of Gilcrest*, 2011 U.S. Dist. LEXIS 44809, at *4 (D. Colo. Apr. 20, 2011) ("[M]otions to dismiss are denied far more often than they result in termination of a case," so "it is more likely than not from a statistical standpoint that a delay pending a ruling on [a] motion[] to dismiss would prove unnecessary." Defendants do not show that under the applicable standards, Plaintiff's claims are vulnerable to a Rule 12(b)(6) motion.

### 3.  *Convenience to the Court, the public interest, and the interests of third parties are all served by allowing discovery to proceed.*

This District's general policy to not stay discovery pending a ruling on a motion to dismiss recognizes that there are "burdens to the court and to the public in delaying, potentially

11

for months, those cases where a motion to dismiss is filed." *Sutton v. Everest Nat'l Ins. Co.*, 2007 U.S. Dist. LEXIS 34075, at *5 (D. Colo. May 9, 2007). "The [c]ourt is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from the imposition of a stay makes the Court's docket less predictable and, hence, less manageable," especially when, as here, "the stay is tied to…pending motion on which ultimate success is not guaranteed." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *4-5; *see also Patterson v. Santini*, 2014 U.S. Dist. LEXIS 12128 at *7 (D. Colo. Jan. 31, 2014) ("It is not convenient for the Court to have stale cases cluttering its docket."); *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *6-7 (stating that general discovery deadlines set by the judge for all litigants "could not be met if cases routinely [were] stayed while motions to dismiss [were] pending"). This Court's interests in cultivating a manageable, predictable, and efficient docket weigh against further delay.

These considerations are magnified in a case with numerous defendants. The prejudicial impacts from delay will be exacerbated as time goes by. When a case is delayed, the defendants tend to make more arguments that discovery is not possible or is complicated because it has been "so long." Especially when there are numerous parties, the public interest and the court's interests are served by preserving and producing discovery at an early stage, rather than two or three years later.

For similar reasons, a delay in court proceedings harms the public interest and the interests of other third parties who may be affected by this litigation. There is a "strong interest held by the public in general regarding the prompt and efficient handling of all litigation." *Lester*, 2010 U.S. Dist. LEXIS 25379, at *5; *see also Pandaw Am.*, 2012 U.S. Dist. LEXIS 704, at *6 ("The public interest…underlying all lawsuits [is] that they be resolved as fairly and quickly as

possible."). Delay is "of social concern" because it "is cost prohibitive and threatens the credibility of the justice system." *Chavez*, 2007 U.S. Dist. LEXIS 15054, at *4-5.

> The relation between case disposition time and civil justice goals is straightforward….Delays in the resolution of civil disputes erode public confidence in the civil justice system, disappoint and frustrate those seeking compensation through the legal system, and generate benefits for those with the financial ability to withstand delays or otherwise benefit from them. Such factors, individually and collectively, undermine public faith and confidence in the ability of our civil justice system to operate efficiently and, more importantly, equitably.

Michael Heise, *Justice Delayed*: *An Empirical Analysis of Civil Case Disposition Time*, 50 Cas. W. Res. L. Rev. 813, 814 (2000). Without confidence in our justice system, those who need the courts to vindicate their rights may not seek judicial remedies.

Further, here, the public has the right to know whether Defendants conspired to and did in fact violate Mr. Morphew's civil rights. Because Plaintiff's allegations "call into question…the competence and good faith" of public entities, the interests of third parties and the public in quickly discovering the veracity of Plaintiffs' allegations weigh against granting a stay. *"V.S." v. Muhammad*, 2008 U.S. Dist. LEXIS 96099, at *10 (E.D.N.Y. Nov. 24, 2008).

### D. Even if this Court disagrees and stays discovery against Defendants sued in their individual capacities, it should not stay discovery as to the entity Defendants and those sued in their official capacities.

Even if this Court disagrees with Plaintiff's arguments and stays discovery as to individual-capacity claims, it should not stay the official capacity claims or those against the entity Defendants. Because the defense of qualified immunity "is available ***only*** to individual government officials, Chaffee County, the Sheriff, CBI are not permitted to assert a defense of qualified immunity, and, therefore, are not entitled to a stay of discovery on the claims against

13

those Defendants. *Rome*, 225 F.R.D. at 643-44; *see also Hulse v. Adams Cty.*, 2015 U.S. Dist. LEXIS 49027, *3 (D. Colo. Apr. 14, 2015); *Wanstall v. Armijo*, 2014 U.S. Dist. LEXIS 130281, at *8-9 (D. Colo. Sept. 16, 2014); *Lane*, 2012 U.S. Dist. LEXIS 148463, at *4. Cases in this District have refused to stay discovery as to all Defendants merely because some Defendants were held to be entitled to a stay by asserting qualified immunity. *See, e.g.*, *Grobecker v. Grundy*, 2013 U.S. Dist. LEXIS 172655, at *2-6 (D. Colo. Dec. 9, 2013); *Pride Servs. v. Denver*, 2012 U.S. Dist. LEXIS 28286, at *3-8 (D. Colo. Mar. 5, 2012); *Rehberg v. Pueblo*, 2011 U.S. Dist. LEXIS 87860 (D. Colo. Aug. 9, 2011).

### IV.  CONCLUSION

For the reasons set forth herein, Defendants' Motion to Stay Discovery should be denied.

Respectfully submitted this 23rd day of October, 2023.


**s/ Jane Fisher-Byrialsen (#49133)**
David N. Fisher (#48253)
**FISHER & BYRIALSEN, P.L.L.C.**
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
T: 303-256-6345
Jane@FBLaw.org
David@FBLaw.org

14

## CERTIFICATE OF SERVICE

      I hereby certify that on October 23, 2023, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send a notification to all counsel of record.

      s/ *Abigail Clement*
      Fisher & Byrialsen, PLLC
      4600 S. Syracuse Street, 9th Floor
      Denver, CO 80237
      T: (303) 256-6345
      Abigail@FBLaw.org