IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BARRY MORPHEW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-cv-01108-DDD-SKC |
| CHAFFEE COUNTY, COLORADO, et. al., | ) ) ) |
| Defendants. | ) ) |

**MOTION TO ORDER PLAINTIFF'S RESPONSE TO ALL MOTIONS TO DISMISS TO BE DUE ON A SINGLE DAY AND THE DEADLINE EXTENDED TO MARCH 29, 2024**

COMES NOW Barry Morphew, Plaintiff, by and through counsel, and files this motion to schedule Mr. Morphew's responses to motions to dismiss so that they are all due on the same day -- March 29, 2024. Counsel has sought conferral with mixed results: This motion is unopposed by some defendants, opposed by others but only as to the length of time requested, and opposed by some conditionally, unless Mr. Morphew consents to stay discovery. Still others take no position. In support, counsel state:

1. On September 5, 2023, this Court entered an order making all Responsive pleadings due on October 13, 2023 and further provided that Plaintiff's counsel was given leave to file a motion to extend the time for responding to those motions:

> ORDER: For the sake of efficiency, the Court GRANTS all pending Motions for Extension of Time to Answer or Otherwise Respond and resets ALL Defendants' deadlines for responsive pleadings to October 13, 2023. Should any Defendants file Rule 12 motions as their responsive pleadings, Plaintiff is given leave in advance to seek any extension of time necessary for completing response briefs.

[Doc. 81 Minute Order of 9/5/2023].

1

2.     With the October 13, 2023 deadline for responsive pleadings, Plaintiff's response to the Rule 12 motions would be November 3, 2023.

3.     While many Responsive Pleadings have been filed, some are still outstanding. The last Responsive Pleading by any party is currently due December 26, 2023.

4.     The reason that a substantial extension after December 26, 2023 is requested is because (1) the defendants that have filed several separate motions to dismiss, (2) it is anticipated that there will be a meet and confer process undertaken by undersigned counsel before filing responses, in order to ascertain whether it is possible to reach common ground; with the large number of defendants and the upcoming holiday season, it is expected that a meaningful process will take more time than usual, (3) given the recent Office of Attorney Regulation complaint filed against Defendant Stanley, this case seems like a good candidate for mediation which Plaintiff's counsel will soon be requesting, (4) undersigned counsel have a substantial amount of litigation in a federal criminal death penalty case ongoing in the Eastern District of California; the local no-seek submission being due on November 7, 2023 and the likely DOJ submission being due in January or February; furthermore, trial in that case will be scheduled shortly for some date in 2024, and the trial is anticipated to last at least twelve weeks, and (5) counsel have a one-week evidentiary hearing on a post-conviction homicide case in Colorado state court scheduled for February 2024.

5.     During the week of October 23, 2023, both lead counsel Jane Fisher-Byrialsen and members of her family were ill with COVID-19.  Additionally, Ms. Fisher-Byrialsen will be out of the country from December 21, 2023 to January 8, 2024.

6.     On October 27, 2023, counsel inquired of all opposing counsel in this case about their positions on this motion. Counsel for Defendants Hysjulien and Himschoot has no

objection.  The Department of Justice (DOJ) reached out by email regarding Defendant Harris and Grusing, however, it is counsel's understanding that the (DOJ) does not yet represent Defendants Harris and Grusing.  The determination whether to represent them or not is under consideration at the DOJ.  Reginal Skinner, on behalf of the Department of Justice has indicated such and therefore is not taking a position on Plaintiff's request.  Defendant Stanley's attorney gave a conditional response in which she states that Mr. Morphew's request for this extension is untimely and she will not object to the untimeliness of this motion or to the extension requested if Mr. Morphew will consent to her request for stay of discovery (which Mr. Morphew has opposed in a separate filing).  The Attorney General's office representing Defendants Camper, Duge, Roger, Graham, Koback, Lewis and Shaeffer indicated a similar position as Defendant Stanley's counsel.   Similarly, the attorneys for Defendant Hurlbert also condition their consent on a stay of discovery.   Some defendants did not object in general but believed the amount of time requested was too long. Other counsel have not responded to the conferral request.

7. With respect to Ms. Stanley's contention that this motion is tardy, undersigned counsel state: While technically this motion would have been filed five days ago, counsel have been relying upon this Court's order making all responses due October 13 and providing leave to file an extension.[See Doc. 81 Minute Order of 9/5/2023].  Twenty-one days from October 13th is November 3rd.  All counsel were obviously on notice that this motion would be forthcoming.  Further, Defendant Stanley will experience no prejudice whatsoever due to the fact this motion is being filed on a Monday (October 30), rather than the previous Wednesday (October 25), particularly because undersigned counsel emailed Ms. Stanley's attorney on the morning of October 27, 2023 about this matter and Ms. Stanley's counsel waited to respond until October 30, 2023.

3

8. As a practical matter and in the interests of sound judicial economy, all of the responses should be due on the same day. The likelihood is great that this Court would rule on them all simultaneously as the issues will certainly overlap, so no individual defendant would be prejudiced or in any way delayed by making them all due on the same day. Having the ability to respond simultaneously increases the likelihood that arguments could be consolidated, increasing judicial economy.

9. Providing the time requested in order for lead counsel to return from overseas and then respond to the motions to dismiss on the same day will in no way disadvantage any defendant.

10. The Defendants all received lengthy extensions of time to file their motions to dismiss. Mr. Morphew consented to every request. It is true that Mr. Morphew is asking for more time than these defendants requested; however, it must be remembered that each defendant had to draft one Motion to Dismiss, where in the time for Mr. Morphew's responses he must draft responses to eight different motions, warranting the additional time as well.

11. There is no need to condition Plaintiff's request for additional to respond on a stay of discovery. Discovery in this case will inevitably involve all of these defendants regardless of the outcome of the Rule 12 motions. All the parties in this case will be witnesses, go through depositions, and be asked to produce documents or served with subpoenas, regardless of their status in this case.

12. Under the circumstances, the additional time requested is reasonable and appropriate in the interests of proper framing of the issues and judicial economy.

WHEREFORE, Plaintiff Barry Morphew moves this Court to extend the deadline for filing Responses to any and all motions to dismiss filed by Defendants, making them due simultaneously on March 29, 2024.

DENVER, COLORADO
DATED: October 31, 2023

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse St., 9th Fl.
Denver, CO 80237
(303) 256-6345
Jane@FBLaw.org

Hollis A. Whitson
Samler and Whitson, PC
1600 Stout Street, Suite 1400
Denver, Colorado 80202
303-670-0575
hollis@samlerandwhitson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2023, I served a true and correct copy of the foregoing via ECF to: All counsel of record.

*/s/Hollis A. Whitson*