IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:23-cv-01108-DDD-SKC

**BARRY MORPHEW,**

Plaintiff

v.

**CHAFFEE COUNTY, COLORADO, et al.,**

Defendants

---

**DEFENDANT HIMSCHOOT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendant, Chaffee County Sheriff's Deputy Scott Himschoot, by and through counsel of Fowler, Schimberg, Flanagan & McLetchie, P.C., present this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), which seeks the dismissal of all claims asserted against Deputy Himschoot in Plaintiff's Complaint [ECF #1], and states as follows:

**CONFERRAL**

Counsel for Deputy Himschoot, Andrew McLetchie, conferred by telephone with Plaintiff's counsel regarding the grounds for this Motion and relief requested. The Motion is opposed.

**INTRODUCTION**

The Court should dismiss Plaintiff's claims against Deputy Himschoot because Plaintiff has utterly failed to allege facts indicating that he personally participated in the alleged claims. In the 185-page Complaint, Plaintiff pleads only five instances of Himschoot's personal involvement, with each instance plainly demonstrating Himschoot's limited and peripheral investigatory role.

1

Significantly, Plaintiff expressly refrains from alleging that Deputy Himschoot prepared the Arrest Affidavit or personally contributed to determining its contents. Furthermore, Plaintiff fails to plead facts capable of surmounting Deputy Himschoot's qualified immunity. Because Plaintiff has not alleged sufficient facts of Himschoot's participation in Plaintiff's arrest and prosecution, Plaintiff's claims against Deputy Himschoot must be dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Conclusory allegations are not enough to withstand a motion to dismiss." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plaintiff has the burden of alleging sufficient facts to indicate he is entitled to relief. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## ARGUMENT

Plaintiff's Complaint [ECF #1] fails to state any claim on which relief can be granted against Chaffee County Sheriff's Deputy Scott Himschoot.[1] Plaintiff asserts seven claims against Deputy Himschoot; four are asserted under 42 U.S.C. § 1983, and three are state law claims asserted under a recently enacted state statute, C.R.S. § 13-21-131. The claims are:

---

[1] In this Motion, Deputy Himschoot is addressed according to the rank he held during his employment at the Chaffee County Sheriff's Office and when the events alleged in the Complaint occurred.

<u>Claims asserted under 42 U.S.C. § 1983:</u>

1. Malicious Prosecution (Plaintiff's Claim One);

2. Conspiracy (Claim Four);

3. Failure to Intervene (Claim Six);

4. Reckless Investigation (Claim Seven);

<u>State law claims under C.R.S. § 13-21-131</u>

5. Malicious Prosecution (Claim Nine);

6. Fabrication of Evidence (Claim Ten); and

7. Conspiracy (Claim Twelve).

The grounds for dismissing each of these claims are discussed below.

### I.   Claims asserted under 42 U.S.C. § 1983

### A. Plaintiff's Complaint does not allege any facts showing that Deputy Himschoot participated in unconstitutional or wrongful activity.

A polestar pleading requirement under 42 U.S.C. § 1983 is to sufficiently allege each defendant's personal participation. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). This requirement stems from the foundational principle that a person should not be subjected to suit without fair notice of the claims against them. *See Shrum v. Cooke*, 60 F.4th 1304, 1311-12 (10th Cir. 2023) (citing *Robbins*, 519 F.3d at 1250). In a Section 1983 suit asserted against multiple defendants, it is "particularly important" for the plaintiff to "make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations." *Pahls*, 718 F.3d. at 1225 (citations omitted). To make out a viable Section 1983 claim, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants.'" *Id.* at 1226 (citations omitted).

Despite 185 pages, Plaintiff's Complaint fails to allege Deputy Himschoot's personal participation in any unconstitutional activity or wrongful conduct. All claims against Himschoot—

3

those asserted under 42 U.S.C. § 1983 as well as those asserted under C.R.S. § 13-21-131—may be dismissed on this basis.

### 1. *Deputy Himschoot did not prepare the Arrest Affidavit.*

Deputy Himschoot was not involved in preparing the Affidavit for Mr. Morphew's arrest ("Arrest Affidavit"), and Plaintiff's Complaint does not allege that he was. The bulk of Plaintiff's Complaint allegations focuses on the contents of the Arrest Affidavit. *See* Compl. at pp. 26-122, ¶¶ 140-763 (allegations regarding "The Arrest Affidavit"). Essentially, Plaintiff alleges the Arrest Affidavit omitted exculpatory evidence and included inculpatory misrepresentations, resulting in an incorrect finding of probable cause for Plaintiff's arrest. *See generally id.* Critically for Deputy Himschoot, Plaintiff alleges via omission that he did *not* author the Arrest Affidavit. *Id.* at ¶ 140. Plaintiff does not allege that Deputy Himschoot wrote or otherwise prepared the Arrest Affidavit; was consulted during the preparation of the Arrest Affidavit; or knew about the Arrest Affidavit's contents while it was being prepared. *See id.* The absence of such allegations is accurate. Deputy Himschoot was not involved in preparing the Arrest Affidavit; he was not consulted about the Arrest Affidavit's contents; and he did not know what the Arrest Affidavit said before it was released to the public. Indeed, Plaintiff's allegations admit that Deputy Himschoot was *not* involved. *Id.* All claims based upon the Arrest Affidavit's contents therefore fail as against Deputy Himschoot and must be dismissed.

### 2. *Plaintiff does not allege unconstitutional activity or wrongful conduct by Deputy Himschoot.*

Plaintiff's Complaint contains only five specific facts regarding Himschoot's personal participation in the events surrounding the investigation, arrest, and prosecution of Plaintiff. Each alleged fact is listed with a response below. As alleged by Plaintiff:

4

- <u>Compl. ¶ 77 (finding bike helmet)</u>: On May 13, 2020, Deputy Himschoot found Mrs. Morphew's bike helmet located near where the bicycle was found and near the Morphew residence. **Response**: This allegation does not describe unlawful activity. It simply describes evidence discovery in the ordinary course of an investigation.

- <u>Compl. ¶¶ 92, 398, 405-408, and 413 (finding plastic cap in laundry dryer)</u>: On May 19, 2020, Deputy Himschoot reported finding "a plastic cap to what was believed to be a needle cover to a syringe, by itself at the bottom of the empty clothes dryer." *See* Compl. ¶ 92. Plaintiff states the needle cap was "purportedly" retrieved from an empty laundry dryer drum that had been previously searched. *See id.* at ¶¶ 398 n.12, 407-408. **Response**: On their face, the allegations of Himschoot finding and reporting the discovery of a needle cap in an empty dryer drum do not describe unlawful activity; they simply describe evidence discovery in the ordinary course of an investigation. Even if the Court were to construe these as allegations stating that Himschoot planted evidence—which the Complaint never directly says, but only potentially insinuates[2]—the allegations still fail to state a claim because there are no allegations Himschoot was involved or exerted any pressure or influence in the decision to include this evidence in the Arrest Affidavit, or that he represented he found the needle cap among sheets. The photography of the empty dryer drum and the body cam footage of his discovery belie any suggestion that Himschoot misrepresented, or that the authors of the Arrest Affidavit were unaware of, the circumstances in which Himschoot found the needle cap. *See* Compl. ¶¶ 406-08. The decision to include and describe the discovery of the needle cap in the Arrest Affidavit, which was made independently by others and not by Himschoot, breaks the chain of causation between the alleged planting of the evidence and the probable cause determination for Plaintiff's arrest. *See Shrum*, 60

---

[2] Deputy Himschoot vigorously denies that he planted evidence.

5

F.4th at 1312 (citations omitted) ("A complaint could draw many actors into a malicious prosecution claim, but . . . 'the chain of causation is broken by an indictment, absent an allegation of pressure or influence exerted by the police officers, or knowing misstatements made by the officers to the prosecutor.'").

- <u>Compl. ¶ 93 (searching garage and gun safe)</u>: Before finding the needle cap, Deputy Himschoot was responsible for searching and collecting evidence in Plaintiff's garage and locked gun safe. **Response**: This allegation does not describe unlawful activity. It simply describes actions taken in the ordinary course of an investigation.

- <u>Compl. ¶¶ 187-188 (potential DNA contributor on dart)</u>: According to lab reports, Deputy Himschoot was a potentially "low-level" DNA contributor on the dart in a box found in the garage, which was not mentioned in the Affidavit. **Response**: Other than potentially touching or otherwise leaving DNA on a dart found in the garage, the statement does not allege any action by Himschoot. The Complaint does not allege he was responsible for omitting this information from the Affidavit.

- <u>Compl. ¶¶ 203-204 (potential DNA contributor, bike brakes and handlebars)</u>: The Arrest Affidavit states that Suzanne Morphew, Deputy Brown, and Deputy Himschoot were "primary contributors" to DNA found on Mrs. Morphew's bicycle brakes and handlebars, but the Arrest Affidavit "did not disclose all the results of the swab from the bicycle brakes and handlebars," including the existence of an unknown male profile. **Response**: Other than potentially touching or otherwise leaving DNA on the bicycle brakes and handlebars, the statement does not allege any action by Himschoot. The Complaint does not allege he was responsible for not disclosing the swab results in the Affidavit.

6

In summary, none of the sparse allegations of Deputy Himschoot's limited personal participation in the events alleged in the Complaint are sufficient grounds, alone or in combination, on which to assert a plausible claim that Deputy Himschoot maliciously prosecuted Plaintiff, conspired to violate Plaintiff's rights, wrongfully failed to intervene to protect Plaintiff's rights, recklessly investigated Mrs. Morphew's disappearance, or fabricated evidence.[3] All of Plaintiff's claims against Deputy Himschoot may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) on this basis alone.

3. *<u>None of the factual allegations of Deputy Himschoot's involvement describe a violation Plaintiff's clearly established constitutional rights.</u>*

Deputy Himschoot is clothed with qualified immunity. Plaintiff's paltry allegations of his personal participation, detailed above, fail to describe conduct that violates a clearly established constitutional right. Most notably, it is not clearly established that a lower-ranking law enforcement officer — whose personal involvement in a multi-agency investigation was relatively limited, who was not tasked with or otherwise involved in writing the arrest affidavit, and who did not know and had no reason to know of material omissions and statements contained in the arrest affidavit — has an affirmative duty to inquire into the status of the arrest affidavit, review drafts of the arrest affidavit, or ensure the arrest affidavit is correct before it is executed. Imposing on all investigating officers the onerous and discretionary task of ensuring the accuracy of an arrest affidavit would not measurably enhance investigations accuracy or promote swift justice.

Additionally, as detailed in Section D, Plaintiff's failure to intervene claim under 42 U.S.C. § 1983 was not clearly established in the Tenth Circuit prior to November 15, 2022. *Bledsoe v. Carreno*, 53 F.4th 589, 616-17 (10th Cir. Nov. 15, 2022).

---

[3] Plaintiff's Complaint asserts a fabrication of evidence claim against Himschoot under state law only, and not under 42 U.S.C. § 1983.

7

Finally, Deputy Himschoot did not author the Arrest Affidavit, and his role in the investigation was limited. For perspective, the last alleged date of Deputy Himschoot's involvement was May 19, 2020, at the beginning of the investigation and nearly an entire year before the Arrest Affidavit was executed. Considering his limited role and authority in the investigation, Plaintiff's alleged constitutional rights against malicious prosecution, conspiracy, failures to intervene in preparing the Arrest Affidavit, and reckless investigation, as asserted against Deputy Himschoot, are not clearly established.

### B. Plaintiff fails to allege malicious prosecution and unlawful detention (Claim One) against Himschoot.[4]

A malicious prosecution claim requires specific factual allegations that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (citation omitted). Pleading factual allegations with "[s]pecificity is particularly important in a complaint alleging malicious prosecution." *Shrum*, 60 F.4th at 1312.

Deputy Himschoot challenges the sufficiency of Plaintiff's allegations with respect to the first and fourth elements. Regarding the first element, and as detailed above, there are no specific factual allegations that Himschoot caused Plaintiff's confinement or prosecution. His involvement in the investigation was early and limited. And, there are no allegations he prepared, was consulted on, or was even aware of the Arrest Affidavit. Moreover, the Complaint does not allege that

---

[4] Deputy Himschoot incorporates the preceding arguments regarding lack of personal participation allegations and qualified immunity, *see* pages 3-8, *supra*, into the arguments in following Sections B through E and arguments regarding Plaintiff's state law claims.

8

Himschoot personally arrested Plaintiff or prosecuted the charges against him. *See* Compl. ¶¶ 789-878 (no allegations of Himschoot's involvement).

Furthermore, there are no factual allegations of malice. To plausibly plead "malice," a plaintiff must allege a defendant acted either "knowingly" or with "reckless disregard for the truth." *See Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). Plaintiff's malicious prosecution claim relies on conclusory allegations that Defendants fabricated evidence and manufactured inculpatory evidence; manipulated witness testimony; suppressed exculpatory evidence; omitted exculpatory evidence and lied in the Arrest Affidavit; and falsified charges to arrest and prosecute Plaintiff without probable cause. *See* Compl. at pp. 143-44, ¶ 897. In a footnote, Plaintiff's Complaint states Deputy Himschoot "purportedly retrieved" a plastic needle cap from an empty dryer drum, but there are no direct allegations that he planted evidence. Furthermore, as explained in Part II, section B, this allegation is subject to dismissal because C.R.S. § 13-21-131 is not retroactive. None of the limited allegations of Himschoot's personal conduct describe actions that fall within the grounds of Plaintiff's malicious prosecution claim, nor do they plausibly show actions done with a knowing or reckless disregard for the truth. Plaintiff's malicious prosecution claim against Deputy Himschoot must be dismissed.

**C. Plaintiff's conspiracy allegations are conclusory (Claims Four and Twelve).**

To plead a conspiracy, Plaintiff must allege facts showing, "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Shimomura v. Carlson*, 17 F. Supp. 3d 1120, 1130 (D. Colo. 2014), *aff'd* 811 F.3d 349, 359-60 (10th Cir. 2015). A threadbare pleading that "two or more individuals 'took joint and concerted action' is a mere conclusory statement that the Court is bound to disregard." *Id.* Similarly, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.* (quoting *Bell Atlantic Corp. v.*

9

*Twombly*, 550 U.S. 544, 556 (2007)). "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

Plaintiff's Complaint is a classic example of conclusory allegations of "conspiracy" that must be ignored under Fed. R. Civ. P. 12(b)(6). *See* Compl. ¶¶ 923-30; *see id.*; *see also Iqbal*, 556 U.S. at 678. Plaintiff relies on collective and conclusory references that "Defendants" as a group conspired to manufacture probable cause to arrest and prosecute Plaintiff. *See* Compl. ¶¶ 923-30. The sparse allegations of specific conduct by Himschoot do not suggest his participation in a "meeting of the minds" or conspiratorial objective to arrest Plaintiff without probable cause. *See* Section A, *supra*. Allegations that a defendant participated in lawful investigatory activities or assisted another officer in an investigation are inadequate to support a Section 1983 conspiracy claim. *Frasier v. Evans*, 992 F.3d 1003, 1025 (10th Cir. 2021) (citation omitted). Furthermore, the possibility that multiple Defendants may have engaged in "parallel conduct" during the investigation does not create a *de facto* "conspiracy." *See Shimomura*, 17 F. Supp. 3d 1130. Because there are no specific factual allegations of "conspiracy" in the Complaint, Plaintiff's conspiracy claims must be dismissed.

### D. Plaintiff fails to allege plausible claims of failure to intervene (Claim Six).

A plaintiff states a constitutional violation in the form of failure to intervene by alleging (1) a government officer violated his constitutional rights, (2) the defendant observed or had reasons to know about that constitutional violation, and (3) the defendant had a realistic opportunity to intervene, but failed to do so. *Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. Nov. 15, 2022). Concerning Deputy Himschoot, Plaintiff's Complaint fails to allege facts that plausibly allege the second and third elements. As detailed in Section A above, there are no factual

allegations that Himschoot knew or had reason to know of alleged exculpatory omissions or misrepresentations in the Arrest Affidavit. Plaintiff alleges that officials from the D.A.'s Office, CBI, and the FBI, as well as higher-ranking Sheriff's officers, authored the Arrest Affidavit. Compl. ¶ 140. An employee of the District Attorney signed the Arrest Affidavit. *See* ECF #1-1 at p. 126. There are no factual allegations that Deputy Himschoot, who ranks lower in the Sheriff's chain of command, had any realistic opportunity to intervene in correcting the Arrest Affidavit's contents.

Additionally, until *Bledsoe*, Tenth Circuit precedent had not recognized failure-to-intervene claims outside of the excessive force context. *Id.* at 616-17. Thus, a plaintiff's right for law enforcement officers to intervene in known constitutional violations other than excessive force was not clearly established in the Tenth Circuit prior to November 15, 2022. *See id.* at 617. All of Plaintiff's allegations concerning Deputy Himschoot involve activity occurring prior to November 15, 2022.[5] As such, Plaintiff is unable to overcome Deputy Himschoot's qualified immunity on this claim.

### E. Plaintiff fails to allege a claim of "reckless investigation" (Claim 7)

As other Defendants have noted, the Tenth Circuit has not explicitly recognized a viable substantive due process claim based on a reckless failure to investigate. *See Parker v. City of Tulsa*, 745 Fed. Appx. 79, 81 at n.1 (10th Cir. 2018). Plaintiff's "reckless investigation" claim is probably more accurately subsumed within Plaintiff's malicious prosecution claim. *Id.* Assuming the claim exists, however, Plaintiff's Complaint still fails to allege facts showing that Deputy Himschoot was reckless in his investigation. *See* Argument section A, *supra*.

---

[5] The charges against Plaintiff were dismissed on April 19, 2022. *See* Compl. ¶ 879.

It appears that Plaintiff's "reckless investigation" claim is based on allegations that "Defendant Officers . . . received numerous investigative leads they did not pursue." There are no factual allegations that Deputy Himschoot had an investigative lead that he did not pursue. Furthermore, such allegations are insufficient to plead investigatory recklessness because "[t]he failure to investigate a matter fully, to 'exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence' rarely suggests a knowing or reckless disregard for the truth." *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994). Investigatory imperfections do not render the investigation unconstitutional. Plaintiff simply has not alleged sufficient factual information to show that Deputy Himschoot was "reckless" in his investigation activities.

## II.     State law claims under C.R.S. § 13-21-131

### A. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court has only supplemental jurisdiction over Plaintiff's state law claims asserted under C.R.S. § 13-21-131. *See* 28 U.S.C. § 1367(a). If the Court grants the dismissal of Plaintiff's Section 1983 claims against Deputy Himschoot, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Indeed, the Court not only may, but *should* dismiss Plaintiff's state law claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining claims."). Moreover, the Court may decline to exercise supplemental jurisdiction over state law claims that raise novel or complex issues of state law. *See* 28 U.S.C. § 1367(c)(3).

Dismissing Plaintiff's Section 1983 claims against Deputy Himschoot is warranted for all the reasons articulated above. All that remains are Plaintiff's claims of malicious prosecution,

fabrication of evidence, and conspiracy asserted under C.R.S. § 13-21-131. The Court is well within its discretion to decline to exercise its supplemental jurisdiction and dismiss these state law claims. Additionally, the statute was enacted relatively recently in June of 2020, and there have been few state court decisions applying and interpreting the statute since that time. The Court should refrain from broaching novel issues of state law that Colorado's state courts have not yet had the opportunity to address.

### B. C.R.S. § 13-21-131 does not apply retroactively. Therefore, all claims based on conduct allegedly occurring before the statute's enactment must be dismissed.

C.R.S. § 13-21-131 was enacted and went into effect June 19, 2020.[6] The legislative enactment does not contain a retroactivity clause. Absent legislative intent to the contrary, statutes are presumed to operate prospectively. C.R.S. § 2-4-202; *Hill v. DeWitt (In re Estate of DeWitt)*, 54 P.3d 849, 854 (Colo. 2002). The statute does not demonstrate a legislative intent for retroactive application. *See* Ex. A. Therefore, C.R.S. § 13-21-131 does not apply retroactively, which several Colorado trial courts have already recognized. *See e.g. Barnum v. Klassen, et al.*, 2020CV30762, Weld Cnty. Dist. Ct., Order Granting Defendants' Motion to Dismiss (entered March 25, 2021); *Maldonado v. Pueblo Cnty. Police Dept., et al.*, 2021CV30024, Pueblo County Dist. Ct., Order on Defendant's Motion to Dismiss (entered January 19, 2022).[7]

Because C.R.S. § 13-21-131 applies prospectively, Plaintiff's allegations of conduct occurring prior to the statute's enactment date of June 19, 2020 cannot serve as the basis for liability under C.R.S. § 13-21-131. Such allegations include, but are not necessarily limited to, the

---

[6] A copy of the statute is attached as Exhibit A for the Court's reference. Because it is a public record, the Court may take judicial notice of the statute without converting this Motion into one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[7] Copies of these orders are attached as Exhibits B and C. As with the statute, the Court may take notice of these court orders without converting this into a motion for summary judgment. *Tal*, 453 F.3d at 1264 n.24.

allegations that Deputy Himschoot "purportedly retrieved" a plastic needle cap from the laundry dryer or otherwise "fabricated" this evidence on May 19, 2020, *see* Compl. ¶¶ 92, 398 n.12, 407-408; and any allegations that Deputy Himschoot searched and investigated the Morphew residence and surrounding area "recklessly" prior to June 19, 2020, *see e.g.* Compl. ¶¶ 77, 93.

### C. Plaintiff's fabrication of evidence claim under state law must be dismissed.

Plaintiff's fabrication of evidence claim is asserted against Deputy Himschoot *only* under C.R.S. § 13-21-131, and not under 42 U.S.C. § 1983. Any allegations that Himschoot fabricated evidence prior to June 19, 2020 cannot support the claim. Plaintiff does not allege that Himschoot fabricated evidence after June 19, 2020. Thus, there is no plausible factual and legal basis for Plaintiff's fabrication of evidence claim against Himschoot and the claim must be dismissed.

### D. Plaintiff's state law malicious prosecution and conspiracy claims fail for lack of allegations of personal participation after June 19, 2020.

Deputy Himschoot incorporates the arguments made above in Section A. For those same reasons, particularly including Plaintiff's failure to allege Himschoot's personal participation, Plaintiff's state law claims of malicious prosecution and conspiracy against Himschoot fail and must be dismissed.

### CONCLUSION

Considering the absence of allegations of Deputy Himschoot's personal participation and his qualified immunity, the Court should dismiss all claims asserted against Deputy Himschoot pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Court should **grant** this Motion and order the dismissal of Plaintiff's claims of malicious prosecution (Claims One and Nine), conspiracy (Claims Four and Twelve), failure to intervene (Claim Six), reckless investigation (Claim Seven), and fabrication of evidence (Claim Ten).

Respectfully submitted this 3rd day of November, 2023.

> FOWLER, SCHIMBERG, FLANAGAN & McLETCHIE, P.C.
>
> */s/ Andrew R. McLetchie*
> Andrew R. McLetchie, #34035
> 350 Indiana Street, Suite 601
> Golden, CO  80401
> Phone: 303-298-8603
>             303-285-9310
> Fax: 720-799-2177
> a_mcletchie@fsf-law.com
>
> */s/ Eden R. Rolland*
> Eden R. Rolland, #48877
> 350 Indiana Street, Suite 601
> Golden, CO  80401
> Phone: 303-298-8603
> Fax: 720-799-2177
> e_rolland@fsf-law.com

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2023, the above **DEFENDANT HIMSCHOOT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed via the USDC E-Filing system which caused service on all counsel of record.

*/s/ Eden R. Rolland*
Eden R. Rolland