**Exhibit A**

## C.R.S. 13-21-131

Statutes current and final through all legislation from the 2023 Regular Session

***Colorado Revised Statutes Annotated*** **>** ***Title 13. Courts and Court Procedure*** **(§§ 13-1-101 — 13-100-102) >** ***Damages and Limitations on Actions*** **(Art. 21) >** ***Article 21. Damages*** **(Pts. 1 — 14) >** ***Part 1. General Provisions*** **(§§ 13-21-101 — 13-21-133)**

## 13-21-131. Civil action for deprivation of rights.

**(1)**  A peace officer, as defined in section 24-31-901 (3), who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights, article II of the state constitution, is liable to the injured party for legal or equitable relief or any other appropriate relief.

**(2)**

   **(a)**  Statutory immunities and statutory limitations on liability, damages, or attorney fees do not apply to claims brought pursuant to this section. The "Colorado Governmental Immunity Act", article 10 of title 24, does not apply to claims brought pursuant to this section.

   **(b)**  Qualified immunity is not a defense to liability pursuant to this section.

**(3)**  In any action brought pursuant to this section, a court shall award reasonable attorney fees and costs to a prevailing plaintiff. In actions for injunctive relief, a court shall deem a plaintiff to have prevailed if the plaintiff's suit was a substantial factor or significant catalyst in obtaining the results sought by the litigation. When a judgment is entered in favor of a defendant, the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous.

**(4)**

   **(a)**  Notwithstanding any other provision of law, a peace officer's employer shall indemnify its peace officers for any liability incurred by the peace officer and for any judgment or settlement entered against the peace officer for claims arising pursuant to this section; except that, if the peace officer's employer determines on a case-by-case basis that the officer did not act upon a good faith and reasonable belief that the action was lawful, then the peace officer is personally liable and shall not be indemnified by the peace officer's employer for five percent of the judgment or settlement or twenty-five thousand dollars, whichever is less. Notwithstanding any provision of this section to the contrary, if the peace officer's portion of the judgment is uncollectible from the peace officer, the peace officer's employer or insurance shall satisfy the full amount of the judgment or settlement. A public entity does not have to indemnify a peace officer if the peace officer was convicted of a criminal violation for the conduct from which the claim arises unless the peace officer's employer was a causal factor in the violation, through its action or inaction.

   **(b)**

      **(I)**  An employer shall not:

         **(A)**  Preemptively determine whether a peace officer acted in good faith before such action in question has occurred; or

         **(B)**  Provide a determination providing that any peace officer or peace officers are deemed to have acted in good faith until completion of a documented investigation conducted by the employer.

C.R.S. 13-21-131

**(II)** If a person believes that an employer has violated the provisions of subsection (4)(b)(I) of this section, the person shall submit a complaint to the P.O.S.T. board, created in section 24-31-302, which shall refer the complaint to an administrative law judge to determine whether a violation occurred. The administrative law judge shall notify the P.O.S.T. board chair of a finding that a violation of subsection (4)(b)(I) of this section occurred. If a violation is found, the P.O.S.T. board shall not provide P.O.S.T. cash fund money to the employer for one full year from the date of the finding.

**(III)** For the purposes of this subsection (4)(b), an employer includes the elected sheriff, chief of police, city or town administrator, county administrator, mayor, city or town council, county commission, or any other public body with formal supervision and oversight of a law enforcement agency.

**(5)** A civil action pursuant to this section must be commenced within two years after the cause of action accrues.

# History

**Source:L. 2020:**Entire section added,*(SB 20-217), ch. 110, p. 452, § 3*, effective June 19.**L. 2021:**(1) and (4) amended,*(HB 21-1250), ch. 458, p. 3062, § 6*, effective July 6.

Colorado Revised Statutes Annotated
Copyright © 2023 All rights reserved.

**End of Document**

Eden Rolland