IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:23-cv-01108-DDD-SKC

**BARRY MORPHEW,**

Plaintiff

v.

**CHAFFEE COUNTY, COLORADO, et al.,**

Defendants

---

### DEFENDANT HYSJULIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Defendant, Chaffee County Sheriff's Sergeant Claudette Hysjulien, by and through counsel of Fowler, Schimberg, Flanagan & McLetchie, P.C., presents this Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), which seeks the dismissal of all claims asserted against Sergeant Hysjulien in Plaintiff's Complaint [ECF #1], and states as follows:

### CONFERRAL

Counsel for Sergeant Hysjulien, Andrew McLetchie, conferred by telephone with Plaintiff's counsel regarding the grounds for this Motion and relief requested. The Motion is opposed.

### INTRODUCTION

The Court should dismiss Plaintiff's claims against Sergeant Hysjulien because Plaintiff has utterly failed to allege facts indicating she personally participated in the alleged claims. In the 185-page Complaint, Plaintiff pleads only four instances of Hysjulien's personal involvement, with each instance plainly demonstrating Hysjulien's limited and peripheral investigatory role.

1

Significantly, Plaintiff expressly refrains from alleging that Sergeant Hysjulien prepared the Arrest Affidavit or personally contributed to determining its contents. Furthermore, Plaintiff fails to plead facts capable of surmounting Sergeant Hysjulien's qualified immunity. Because Plaintiff has not alleged sufficient facts of Hysjulien's participation in Plaintiff's arrest and prosecution, Plaintiff's claims against Sergeant Hysjulien must be dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Conclusory allegations are not enough to withstand a motion to dismiss." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The plaintiff has the burden of alleging sufficient facts to indicate he is entitled to relief. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## ARGUMENT

Plaintiff's Complaint [ECF #1] fails to state any claim on which relief can be granted against Chaffee County Sheriff's Sergent Claudette Hysjulien.[1] Plaintiff asserts seven claims against Sergeant Hysjulien; four are asserted under 42 U.S.C. § 1983, and three are asserted under a recently enacted state statute, C.R.S. § 13-21-131. The claims are:

---

[1] In this Motion, Sergeant Hysjulien is addressed according to the rank she held during her employment at the Chaffee County Sheriff's Office and when the events alleged in the Complaint occurred.

<u>Claims under 42 U.S.C. § 1983:</u>

1. Malicious Prosecution (Claim One);

2. Conspiracy (Claim Four);

3. Failure to Intervene (Claim Six);

4. Reckless Investigation (Claim Seven);

<u>State law claims under C.R.S. § 13-21-131</u>

5. Malicious Prosecution (Claim Nine);

6. Fabrication of Evidence (Claim Ten); and

7. Conspiracy (Claim Twelve).

The grounds for dismissing each of these claims are discussed below.

## **Claims under 42 U.S.C. § 1983**

### A. Plaintiff's Complaint does not allege any facts showing that Sergeant Hysjulien participated in unconstitutional or wrongful activity.

A polestar pleading requirement under 42 U.S.C. § 1983 is to sufficiently allege each defendant's personal participation. *See Pahls v. Thomas*, 718 F.3d 1210, 1225-26 (10th Cir. 2013). This requirement stems from the foundational principle that a person should not be subjected to suit without fair notice of the claims against them. *See Shrum v. Cooke*, 60 F.4th 1304, 1311-12 (10th Cir. 2023) (citing *Robbins*, 519 F.3d at 1250). In a Section 1983 suit asserted against multiple defendants, it is "particularly important" for the plaintiff to "make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations." *Pahls*, 718 F.3d. at 1225 (citations omitted). To make out a viable Section 1983 claim, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants.'" *Id.* at 1226 (citations omitted).

Despite 185 pages, Plaintiff's Complaint fails to allege Sergeant Hysjulien's personal participation in any unconstitutional activity or wrongful conduct. All claims against Sergeant

3

Hysjulien—those asserted under 42 U.S.C. § 1983 and those asserted under C.R.S. § 13-21-131—may be dismissed on this basis.

### 1. *Sergeant Hysjulien did not prepare the Arrest Affidavit.*

Sergeant Hysjulien was not involved in preparing the Affidavit for Mr. Morphew's arrest ("Arrest Affidavit"), and Plaintiff's Complaint does not allege she was. The bulk of Plaintiff's Complaint allegations focuses on the contents of the Arrest Affidavit. *See* Compl. at pp. 26-122, ¶¶ 140-763 (allegations regarding "The Arrest Affidavit"). Essentially, Plaintiff alleges the Arrest Affidavit omitted exculpatory evidence and included inculpatory misrepresentations, resulting in an incorrect finding of probable cause for Plaintiff's arrest. *See generally id.* Critically for Sergeant Hysjulien, Plaintiff alleges via omission that she did *not* author of the Arrest Affidavit. *Id.* at ¶ 140. Plaintiff does not allege that Sergeant Hysjulien wrote or otherwise prepared the Arrest Affidavit; was consulted during the preparation of the Arrest Affidavit; or knew about the Arrest Affidavit's contents while it was being prepared. *See id.* The absence of such allegations is accurate. Sergeant Hysjulien was not involved in preparing the Arrest Affidavit; she was not consulted about the Arrest Affidavit's contents; and she did not know what the Arrest Affidavit said before it was released to the public. Indeed, Plaintiff's allegations admit Sergeant Hysjulien was *not* involved. *Id.* All claims based upon the Arrest Affidavit's contents therefore fail as against Sergeant Hysjulien and must be dismissed.

### 2. *Plaintiff does not allege any unconstitutional activity or wrongful conduct by Sergeant Hysjulien.*

Plaintiff's 185-page Complaint contains only four specific facts regarding Hysjulien's participation in the events surrounding the investigation, arrest, and prosecution of Plaintiff. Each alleged fact is listed below, followed by a response showing why that allegation, alone or in combination, fails to state a claim. As alleged by Plaintiff:

4

- <u>Compl. ¶¶ 261-262 (FBI email and chart re: "airplane mode phenomenon")</u>: On June 24 and 25, 2020, Sergeant Hysjulien was one of at least seven individuals who "received or were forwarded an email and a chart from a FBI expert that explained the airplane mode phenomenon," by which Plaintiff's cell phone may have appeared to be turned off or in airplane mode for eight hours on May 9, 2020, when it allegedly actually was not. **Response**: Even if Sergeant Hysjulien was aware of the exculpatory significance of this information—and there is no allegation that she was—the Complaint is devoid of allegations that Sergeant Hysjulien was involved in drafting the Arrest Affidavit, omitting exculpatory information regarding the FBI's email and chart from the Arrest Affidavit, or including allegedly false or misleading statements about "airplane mode" in the Arrest Affidavit.

- <u>Compl. ¶¶ 291-295 (June 14, 2020 FBI CAST Report)</u>: "In the summer of 2020," Sergeant Hysjulien was one of at least nine individuals who "received the FBI's CAST Report dated June 14, 2020," which documented that Mrs. Morphew's phone and computer showed activity after the time the Arrest Affidavit states she was killed, and that her phone was making and/or receiving calls late in the evening of May 9 and the early morning hours of May 10, 2020. The Complaint asserts Hysjulien and the other individuals "were aware" of this information in the FBI's CAST Report. **Response**: Again, there are no allegations Sergeant Hysjulien prepared the Arrest Affidavit, or was involved in allegedly misrepresenting the FBI's CAST Report or Mrs. Morphew's cell phone activity in the Arrest Affidavit. At most, the Complaint potentially suggests that Hysjulien, after receiving the FBI's CAST Report in "the summer of 2020," should have taken additional steps before May 4, 2021, to ensure that the FBI's CAST Report was presented in the Arrest Affidavit accurately. There are no allegations Hysjulien knew about the Arrest Affidavit's preparation, much less that she had a role in drafting it. But even if she were aware of the Arrest

Affidavit's preparation, the law does not impose a general duty on law enforcement officers to "investigate a matter fully, to 'exhaust every possible lead, interview all potential witnesses,'" or, by extension, comb the contents of an Arrest Affidavit prepared by senior ranking officials and outside law enforcement agencies to ensure its accuracy, in order to avoid liability for malicious prosecution. *See Moses-El v. City & Cnty. of Denver*, No. 20-1102, 2022 U.S. App. LEXIS 14847 at *22-*23 (10th Cir. 2022) (unpublished) (quoting *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994)).

- Compl. at ¶¶ 106, 172, 848 (December 2020 email re: CODIS match): On December 2 or 4, 2020, Sergeant Hysjulien and at least six other individuals "were made aware" via email of a CODIS [DNA database] match of an unsolved sex offense in Tempe, Arizona, with a partial genetic DNA profile collected from the glove compartment of Mrs. Morphew's car. **Response**: There are no allegations that Sergeant Hysjulien wrote the Arrest Affidavit or omitted CODIS match information from the Arrest Affidavit. Furthermore, the Complaint expressly does *not* allege that Sergeant Hysjulien knew about or was provided a follow-up "CODIS match letter" in May 2021 after the Arrest Affidavit was issued; that she was ever contacted or designated as a "point person" for performing follow-up investigation on the CODIS match; or that she knew about or participated in any follow-up meetings in the summer of 2021 to discuss the meaning of the CODIS match. None of Plaintiff's factual allegations plausibly allege that Sergeant Hysjulien maliciously or recklessly disregarded the CODIS match information, conspired with others to withhold the CODIS match information from the Arrest Affidavit, or maliciously or recklessly failed to intervene and ensure the CODIS match information was included in the Arrest Affidavit.

- Compl. ¶¶ 540, 547-548 (statements about the Morphews' marriage): The Arrest Affidavit states, "Suzanne told numerous close friends, her daughters and Barry that she wanted

6

out of her marriage." Compl. at ¶ 540. The Complaint alleges Sergeant Hysjulien "knew these statements were false." *Id.* at ¶ 547. It further alleges Sergeant Hysjulien "interviewed [daughters] Macy and Mallory Morphew and knew they did not make those statements." *Id.* at ¶ 548.

**Response**: There are no allegations Sergeant Hysjulien knew the Arrest Affidavit contained the allegedly "false" statements about the Morphews' marriage before the Arrest Affidavit was issued. There also are no allegations that Sergeant Hysjulien reported false statements to anyone who authored the Arrest Affidavit. Indeed, the Arrest Affidavit, which the Complaint incorporated, contains considerably more detail from Sergeant Hysjulien's interviews with the Morphews' daughters and others, and the Complaint does not take issue with any of those statements. *See* ECF #1-1 at pp. 5-7. In combination, the Complaint fails to allege that Hysjulien knowingly or recklessly included, or caused to be included, any false statements in the Arrest Affidavit.

In summary, none of the sparse allegations of Sergeant Hysjulien's limited personal participation in the alleged events are sufficient grounds, alone or in combination, on which to assert a plausible claim that Hysjulien maliciously prosecuted Plaintiff, conspired to violate Plaintiff's rights, wrongfully failed to intervene to protect Plaintiff's rights, recklessly investigated Mrs. Morphew's disappearance, or fabricated evidence.[2] All of Plaintiff's claims against Sergeant Hysjulien may be dismissed on this basis alone.

   3. ***None of the factual allegations of Sergeant Hysjulien's involvement describe a violation of Plaintiff's clearly established constitutional rights.***

Sergeant Hysjulien is clothed with qualified immunity. Plaintiff's paltry allegations of her personal participation, detailed above, fail to describe conduct that violates a clearly established constitutional right. Most notably, it is not clearly established that a lower-ranking law enforcement

---

[2] Plaintiff's Complaint asserts a fabrication of evidence claim against Sergeant Hysjulien under state law only, and not under 42 U.S.C. § 1983.

officer — whose personal involvement in a multi-agency investigation was relatively limited, who was not tasked with or otherwise involved in writing the arrest affidavit, and who did not know and had no reason to know of material omissions and statements contained in the arrest affidavit — has an affirmative duty to inquire into the status of the arrest affidavit, review drafts of the arrest affidavit, or ensure the arrest affidavit is correct before it is executed. To the contrary, Tenth Circuit precedent consistently holds that law enforcement officers may reasonably rely on information provided by other law enforcement officers when determining if there is probable cause for an arrest. *See e.g. Foote v. Spiegel*, 118 F.3d 1416, 1424 (10th Cir. 1997). Imposing on all investigating officers the onerous and discretionary task of ensuring the accuracy of an arrest affidavit would not measurably enhance investigations accuracy or promote swift justice.

Additionally, as detailed in Section D, Plaintiff's failure to intervene claim under 42 U.S.C. § 1983 was not clearly established in the Tenth Circuit prior to November 15, 2022. *Bledsoe v. Carreno*, 53 F.4th 589, 616-17 (10th Cir. Nov. 15, 2022).

Finally, Sergeant Hysjulien did not author the Arrest Affidavit, and her role in the investigation was limited. For perspective, the last alleged date of Hysjulien's involvement was December 4, 2020, when she was "made aware" of one of the CODIS matches. Compl. ¶ 106. This is five months before the Arrest Affidavit was executed. Considering her limited role and authority in the investigation, Plaintiff's alleged constitutional rights against malicious prosecution, conspiracy, failure to intervene in preparing the Arrest Affidavit, and reckless investigation, as asserted against Sergeant Hysjulien, were not clearly established.

### B. Plaintiff fails to allege malicious prosecution and unlawful detention (Claim One) against Sergeant Hysjulien.[3]

A malicious prosecution claim requires specific factual allegations that "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Stonecipher v. Valles*, 759 F.3d 1134, 1146 (10th Cir. 2014) (citation omitted). Pleading factual allegations with "[s]pecificity is particularly important in a complaint alleging malicious prosecution." *Shrum*, 60 F.4th at 1312.

Sergeant Hysjulien challenges the sufficiency of Plaintiff's allegations with respect to the first and fourth elements. Regarding the first element, and as detailed above, there are no specific factual allegations that Hysjulien caused Plaintiff's confinement or prosecution. Her involvement in the investigation was early and limited. And, there are no allegations she prepared, was consulted on, or was even aware of the Arrest Affidavit. Moreover, the Complaint does not allege Hysjulien personally arrested Plaintiff or prosecuted the charges against him. *See* Compl. ¶¶ 789-878 (no allegations of Hysjulien's personal involvement).

Furthermore, there are no allegations Sergeant Hysjulien acted with malice. To plausibly plead "malice," a plaintiff must allege a defendant acted either "knowingly" or with "reckless disregard for the truth." *See Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996). Plaintiff's malicious prosecution claim relies on conclusory allegations that Defendants fabricated evidence and manufactured inculpatory evidence; manipulated witness testimony; suppressed exculpatory evidence; omitted exculpatory evidence and lied in the Arrest Affidavit; and falsified charges to

---

[3] Sergeant Hysjulien incorporates the preceding arguments regarding lack of personal participation allegations and qualified immunity, *see* pages 3-8, *supra*, into the arguments in following Sections B through E, and arguments regarding Plaintiff's state law claims.

9

arrest and prosecute Plaintiff without probable cause. *See* Compl. at pp. 143-44, ¶ 897. None of the limited allegations of Hysjulien's personal conduct describe actions that fall within the grounds of Plaintiff's malicious prosecution claim, nor do they plausibly show actions done with a knowing or reckless disregard for the truth. Plaintiff's malicious prosecution claim against Hysjulien must be dismissed.

### C. Plaintiff's conspiracy allegations are conclusory (Claims Four and Twelve).

To plead a conspiracy, Plaintiff must allege facts showing, "either by direct or circumstantial evidence, a meeting of the minds or agreement among the defendants." *Shimomura v. Carlson*, 17 F. Supp. 3d 1120, 1130 (D. Colo. 2014), *aff'd* 811 F.3d 349, 359-60 (10th Cir. 2015). A threadbare pleading that "two or more individuals 'took joint and concerted action' is a mere conclusory statement that the Court is bound to disregard." *Id.* Similarly, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* (quoting *Twombly*, 550 U.S. at 556-57).

Plaintiff's Complaint is a classic example of conclusory allegations of "conspiracy" that must be ignored under Rule 12(b)(6). *See* Compl. ¶¶ 923-30; *see id.*; *see also Iqbal*, 556 U.S. at 678. Plaintiff relies on collective and conclusory references that "Defendants" as a group conspired to manufacture probable cause to arrest and prosecute Plaintiff. *See* Compl. ¶¶ 923-30. None of the few specific allegations of Hysjulien's conduct suggest her participation in a "meeting of the minds" or conspiratorial objective to arrest Plaintiff without probable cause. *See* Section A, *supra*. Allegations that a defendant participated in lawful investigatory activities or assisted another officer in an investigation are inadequate to support a Section 1983 conspiracy claim. *Frasier v.*

*Evans*, 992 F.3d 1003, 1025 (10th Cir. 2021) (citation omitted). Furthermore, the possibility that multiple Defendants may have engaged in "parallel conduct" during the investigation does not create a *de facto* "conspiracy." *See Shimomura*, 17 F. Supp. 3d 1130. Because there are no specific factual allegations of "conspiracy" in the Complaint, Plaintiff's conspiracy claims must be dismissed.

### D.  Plaintiff fails to allege plausible claims of failure to intervene (Claim Six).

A plaintiff states a constitutional violation in the form of failure to intervene by alleging (1) a government officer violated his constitutional rights, (2) the defendant observed or had reasons to know about that constitutional violation, and (3) the defendant had a realistic opportunity to intervene, but failed to do so. *Bledsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. Nov. 15, 2022). Concerning Sergeant Hysjulien, Plaintiff's Complaint fails to allege facts that plausibly allege the second and third elements. As detailed in Section A, there are no factual allegations that Hysjulien knew or had reason to know of alleged exculpatory omissions or misrepresentations in the Arrest Affidavit. Plaintiff alleges that officials from the D.A.'s Office, CBI, and the FBI, as well as higher-ranking Sheriff's officers, authored the Arrest Affidavit. Compl. ¶ 140. An employee of the District Attorney signed the Arrest Affidavit. *See* ECF #1-1 at p. 126. There are no factual allegations that Sergeant Hysjulien, who ranks lower in the Sheriff's chain of command, had a realistic opportunity to intervene in correcting the Arrest Affidavit.

Additionally, until *Bledsoe*, Tenth Circuit precedent had not recognized failure-to-intervene claims outside of the excessive force context. *Id.* at 616-17. Thus, a plaintiff's right for law enforcement officers to intervene in known constitutional violations other than excessive force was not clearly established in the Tenth Circuit prior to November 15, 2022. *See id.* at 617. All of Plaintiff's allegations concerning Sergeant Hysjulien involve activity occurring prior to November

15, 2022.[4] As such, Plaintiff is unable to overcome Sergeant Hysjulien's qualified immunity on this claim.

### E. Plaintiff fails to allege a claim of "reckless investigation" (Claim 7)

As other Defendants have noted, the Tenth Circuit has not explicitly recognized a viable substantive due process claim based on a reckless failure to investigate. *See Parker v. City of Tulsa*, 745 Fed. Appx. 79, 81 at n.1 (10th Cir. 2018). Plaintiff's "reckless investigation" claim is probably more accurately subsumed within Plaintiff's malicious prosecution claim. *Id.* Assuming the claim exists, however, Plaintiff's Complaint still fails to allege facts showing Sergeant Hysjulien was reckless in her investigation. *See* Argument section A, *supra*.

It appears that Plaintiff's "reckless investigation" claim is also based on allegations that "Defendant Officers . . . received numerous investigative leads they did not pursue," including not following up on CODIS matches. *See* Compl. ¶¶ 768-769. Such allegations are insufficient to plead investigatory recklessness, because "[t]he failure to investigate a matter fully, to 'exhaust every possible lead, interview all potential witnesses, and accumulate overwhelming corroborative evidence' rarely suggests a knowing or reckless disregard for the truth." *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 116 (10th Cir. 1994). Investigatory imperfections do not render the investigation unconstitutional. Plaintiff simply has not alleged sufficient factual information to show that Sergeant Hysjulien was "reckless" in her investigation activities.

### State law claims under C.R.S. § 13-21-131

### A. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court has only supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a). If the Court grants the dismissal of Plaintiff's Section 1983 claims against

---

[4] The charges against Plaintiff were dismissed on April 19, 2022. *See* Compl. ¶ 879.

Hysjulien, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). Indeed, the Court not only may, but *should* dismiss Plaintiff's state law claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Moreover, the Court may decline to exercise supplemental jurisdiction over state law claims that raise novel or complex issues of state law. *See* 28 U.S.C. § 1367(c)(3).

Dismissing Plaintiff's Section 1983 claims against Sergeant Hysjulien is warranted for all the reasons articulated above. All that remains are Plaintiff's claims of malicious prosecution, fabrication of evidence, and conspiracy asserted under C.R.S. § 13-21-131. The Court is well within its discretion to decline to exercise its supplemental jurisdiction and dismiss these state law claims. Additionally, the statute was enacted relatively recently in June of 2020, and there have been few state court decisions applying and interpreting the statute since that time. The Court should refrain from broaching novel issues of state law that Colorado's state courts have not yet had the opportunity to address.

### B. C.R.S. § 13-21-131 does not apply retroactively. Therefore, all claims based on conduct allegedly occurring before the statute's enactment must be dismissed.

C.R.S. § 13-21-131 was enacted and went into effect June 19, 2020.[5] The legislative enactment does not contain a retroactivity clause. Absent legislative intent to the contrary, statutes are presumed to operate prospectively. C.R.S. § 2-4-202; *Hill v. DeWitt (In re Estate of DeWitt)*, 54 P.3d 849, 854 (Colo. 2002). The statute does not demonstrate a legislative intent for retroactive application. *See* Ex. A. Therefore, C.R.S. § 13-21-131 does not apply retroactively, which Colorado trial courts have already recognized. *See Barnum v. Klassen, et al.*, 2020CV30762, Weld Cnty.

---

[5] A copy of the statute is attached as Exhibit A for the Court's reference. Because it is a public record, the Court may take judicial notice of the statute without converting this Motion into one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

Dist. Ct., Order Granting Defendants' Motion to Dismiss (entered March 25, 2021); *Maldonado v. Pueblo Cnty. Police Dept., et al.*, 2021CV30024, Pueblo County Dist. Ct., Order on Defendant's Motion to Dismiss (entered January 19, 2022).[6]

There are no factual allegations regarding Sergeant Hysjulien's conduct before June 19, 2020. Even if there were, such conduct cannot be the basis for liability under C.R.S. § 13-21-131.

### C. Plaintiff's state law claims fail for lack of allegations of personal participation.

Sergeant Hysjulien incorporates the arguments made in Section A. For those same reasons, particularly including Plaintiff's failure to allege Sergeant Hysjulien's personal participation, Plaintiff's state law claims of malicious prosecution, fabrication of evidence, and conspiracy against Sergeant Hysjulien fail and must be dismissed.

### CONCLUSION

Considering the absence of allegations of Sergeant Hysjulien's personal participation and her qualified immunity, the Court should dismiss all claims asserted against Sergeant Hysjulien pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the Court should **grant** this Motion and order the dismissal of Plaintiff's claims of malicious prosecution (Claims One and Nine), conspiracy (Claims Four and Twelve), failure to intervene (Claim Six), reckless investigation (Claim Seven), and fabrication of evidence (Claim Ten).

---

[6] Copies of these orders are attached as Exhibits B and C. As with the statute, the Court may take notice of these court orders without converting this into a motion for summary judgment. *Tal*, 453 F.3d at 1264 n.24.

Respectfully submitted this 3rd day of November, 2023.

FOWLER, SCHIMBERG, FLANAGAN & McLETCHIE, P.C.

*/s/ Andrew R. McLetchie*
Andrew R. McLetchie, #34035
350 Indiana Street, Suite 601
Golden, CO  80401
Phone: 303-298-8603
         303-285-9310
Fax: 720-799-2177
a_mcletchie@fsf-law.com

*/s/ Eden R. Rolland*
Eden R. Rolland, #48877
350 Indiana Street, Suite 601
Golden, CO  80401
Phone: 303-298-8603
Fax: 720-799-2177
e_rolland@fsf-law.com

I hereby certify that the foregoing pleading complies with the type-volume limitations set forth in Judge Domenico's Practice Standard III(A)(1).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2023, the above **DEFENDANT HYSJULIEN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** was filed via the USDC E-Filing system which caused service on all counsel of record.

*/s/ Eden R. Rolland*
Eden R. Rolland