

| DISTRICT COURT, WELD COUNTY, COLORADO<br>901 9th Avenue, P.O. Box 2038, Greeley, CO 80632<br>(970) 475-2400 | DATE FILED: March 25, 2021 4:04 PM<br>CASE NUMBER: 2020CV30762 |
|---|---|
| *Plaintiff:*<br>**Richard Barnum**<br><br>*v.*<br><br>*Defendants:*<br>**Kody Klassen, Steven Vaughan, Erin Gooch,** and **Jared Correll** | ▲ COURT USE ONLY ▲<br><br>Case No.<br>2020 CV 30762<br><br>Division 4 |
| **Order Granting Defendants' Motion to Dismiss** | |

The plaintiff, Richard Barnum, seeks to impose civil liability against the defendants for actions they took in 2018 while in the course of their employment as police officers. Barnum relies on § 13-21-131, C.R.S. 2020, which was not enacted by the Colorado General Assembly and signed into law by the Governor until 2020. The defendants move to dismiss Barnum's complaint, contending that basic principles of retroactivity forbid application of § 13-21-131 to events that occurred before its effective date.

Because it is axiomatic that legislation is presumed to operate prospectively—absent clear legislative direction that it be applied retroactively, which does not exist here—and because applying § 13-21-131 retroactively would unconstitutional, the court grants the motion to dismiss.

Unless there is legislative intent to the contrary, a statute is presumed to operate prospectively. *Id.*; § 2-4-202, C.R.S. 2020 ("A statute is presumed to be prospective in its operation."). Thus, the retroactive application of a statute is generally disfavored by both common law and statute. *DeWitt*, 54 P.3d at 854.

"Although disfavored, the retroactive application of a statute is not necessarily unconstitutional; it is permitted where the statute effects a change that is procedural or remedial." *Id.* To describe the distinction between when retroactively-applied legislation is constitutional and when it is not, Colorado courts use the term, *retrospective*, to describe when a statute is unconstitutional. *Id.*; *cf. also* Colo. Const. art. II, § 11 ("No … law … *retrospective* in its operation … shall be passed by the general assembly.") (emphasis added).

Colorado courts apply a two-step test to determine whether a newly-enacted statute or amendment operates retroactively: (1) whether the General Assembly intended it to apply retroactively and (2) if such intent is clearly established, whether the enactment is unconstitutionally retrospective. *DeWitt*, 54 P.3d at 854.

To determine the General Assembly's intent, the reviewing court must consider the statutory language, the legislative history of the new enactment, and whether the provision was ambiguous before it was amended. *City of Colorado Springs v. Powell*, 156 P.3d 461, 465 (Colo. 2007). When the General Assembly intended a mere clarification rather than a substantive change, an amendment may apply retroactively. *Id.*

But even if the General Assembly intended to apply a statute retroactively, a statute is unconstitutionally retrospective if it either (1) impairs a vested right or (2) creates a new obligation, imposes a new duty, or attaches a new disability. *DeWitt*, 54 P.3d at 854.

Before § 13-21-131 was enacted, the Colorado Supreme Court had previously held that Colorado law does not recognize "an implied cause of action in damages for the violation of rights secured by the Colorado Constitution." *Bd. of Cty. Comm'rs of Douglas Cty. v. Sundheim*, 926 P.2d 545, 549

(Colo. 1996). Thus, in enacting § 13-21-131, the General Assembly created a new, explicit cause of action against peace officers who violate a person's rights secured by the bill of rights established by the Colorado Constitution:

> A peace officer … employed by a local government who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights, article II of the state constitution, *is liable to the injured party for legal or equitable relief* or any other appropriate relief.

§ 13-21-131(1), C.R.S. 2020.

The General Assembly did not amend an already-existing statute: it created a new one. *See* S.B. 20-217, § 3. The General Assembly also clearly expressed its intent that the new statute would be effective as of the date of passage: June 19, 2020. *Id.*, § 18.

Thus, § 13-21-131 does not meet either prong of the test for whether a statute applies retroactively. Nothing in language of the statute or in its legislative history suggests that the General Assembly intended to apply it retroactively. Barnum has not identified any statutory language or legislative history to the contrary. The effective date language that the General Assembly used is clear and expresses the General Assembly's intent that the statute apply prospectively.

Even if the General Assembly had intended to apply § 13-21-131 retroactively, because the statute creates a new cause of action, applying the statute retroactively would be unconstitutionally retrospective. As the Colorado Supreme Court has explained: "Substantive statutes relate to the creation, elimination or modification of vested rights or liabilities, while procedural

rights relate only to remedies or modes of procedure to enforce such rights or liabilities." *DeWitt*, 54 P.3d at 854, n.3. In enacting § 13-21-131, the General Assembly created a new source of liability for peace officers—one that did not exist under Colorado law before the statute was enacted. *Cf. Landgraf v. USI Film Products*, 511 U.S. 244, 270 (1994) (if a statute attaches new legal consequences to events completed in the past, it is unconstitutionally retrospective because it is unfair to "impose[e] new burdens on persons after the fact").

The court therefore concludes that (1) the General Assembly did not intend for § 13-21-131 to be applied retroactively and (2) retroactive application of the statute would be unconstitutionally retrospective. Because the court concludes that § 13-21-131 does not apply retroactively, the court does not address the defendants' other arguments.

Accordingly, the *Defendants' Motion to Dismiss* is GRANTED and this case is hereby DISMISSED WITH PREJUDICE.

*So Ordered:*
March 25, 2021

BY THE COURT:

_____
Todd Taylor
District Court Judge