Exhibit C

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:<br>501 N ELIZABETH, ROOM 116, PUEBLO, CO, 81003<br><br>JOSEPH MALDONADO<br>v.<br>PUEBLO COUNTY POLICE DEPARTMENT et al. | DATE FILED: January 19, 2022 9:52 AM<br>CASE NUMBER: 2021CV30024<br><br>⚠ **COURT USE ONLY** ⚠<br><br>Case Number: 2021CV30024<br>Division: 405   Courtroom: |
| **ORDER ON DEFENDANT'S MOTION TO DISMISS** | |

This matter comes before the Court on Defendant's Motion to Dismiss ("Motion"). Having considered the Motion, response, reply and supplements, the Court finds and orders as follows:

1. This case arises out of an incident that occurred on January 1, 2020. Plaintiff alleges that on that date, Defendant, a Pueblo Police Officer, conducted an unconstitutional search of his person and was then unconstitutionally arrested for possession of a controlled substance. Plaintiff has brought this action pursuant to C.R.S. section 13-21-131 ("Statute"). The Statute was enacted June 19, 2020.

2. The Motion argues Plaintiff fails to state a claim because the statute cannot be applied retroactively. Plaintiff suggests that the Motion is inappropriate, as a C.R.C.P. 12(b)(5) motion centers on factual and not legal matters and Defendant is presenting a purely legal issue. Additionally, Plaintiff argues that the Court should deny the Motion and revisit the issue "only if the Supreme Court…rules that the statute applies only prospectively" and alternatively, that the Statute should be applied retroactively.

3. In deciding a C.R.C.P. 12(b)(5) motion, the question is whether the facts alleged in the complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, at 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a court must accept well-pled facts as true, it should look also "'to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.'" Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008), quoting Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007). In Warne v. Hall, 373 P.3d 588, 595 (Colo. 2016), the Colorado Supreme Court adopted the federal standard above, stating that "we join those other states already embracing the plausibility standard articulated in those cases as a statement of the pleading requirements of their own analogs to Federal Rule 8."

4. The question before the Court is whether Plaintiff is plausibly entitled to relief under the Statute for an incident that occurred on January 1, 2020.

5. Senate Bill 20-217 provides that the portions of the law codified in the Statute relating to officer liability would "take[] effect upon passage," on June 19, 2020, with no further clarification or qualifications. Instructively, the General Assembly expressly included exceptions to the effective date upon passage for other parts of Senate Bill 20-217.

6. Colorado courts historically disfavor applying new legislation to previous conduct. See City of Colorado Springs v. Powell, 156 P.3d 461, 464 (Colo. 2007) ("Absent legislative intent to the contrary, we presume a statute operates prospectively") (citing In re Estate of DeWitt, 54 P.3d 849, 854 (Colo. 2002). As noted by Plaintiff, there exists a presumption that a statute operates on transactions occurring after its effective date. Hickman v. Catholic Health Initiatives, 328 P.3d 266, 269 (Colo. App. 2013). The presumption can be overcome where the plain language of the statute demonstrates clear legislative intent that it applies retroactively. Id.

7. Plaintiff argues that "the plain language of the law supports the conclusion that it can be used to redress the constitutional violation at issue here" because the provision at issue here took effect upon passage and the law provides for a two-year statute of limitations. But a mere statute of limitations, as with any substantive cause of action statute, does not automatically result in retroactivity by evincing clear legislative intent.

**Exhibit C**

8. Prior to the statute, individuals had no cause of action under the Colorado Constitution to redress the alleged constitutional violation here. See Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F. Supp. 2d 1090, 1097 (D. Colo. 2000) ("There is no implied cause of action arising directly from the Colorado Constitution"); Board of Cty Com'rs of Douglas Cty v. Sundheim, 926 P.2d 545, 552-53 (Colo. 1996) (en banc) (refusing to allow for implied cause of action under the Colorado Constitution where other causes of action were available).

9. In enacting the Statute, the General Assembly created a new, explicit cause of action against peace officers who violate a person's rights secured by the bill of rights established by the Colorado Constitution. The Statute provides that "[a] peace officer…who, under color of law, subjects or causes to be subjected…any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights…is liable to the injured party for legal or equitable relief or any other appropriate relief." C.R.S. section 13-21-131(1).

10. Additionally, the Statute has introduced new consequences through its mandates concerning personal monetary collection against officers and mandatory P.O.S.T. decertification in certain situations. Moreover, the Statute has taken away qualified immunity as a defense. As such, the Statute is substantive in nature.

11. With that, the Colorado Supreme Court has held that "the distinction between substantive and remedial statutes lies in the fact that substantive statutes create, eliminate or modify vested rights or liabilities, while procedural statutes relate only to remedies or modes of procedure to enforce such rights or liabilities." People v. D.K.B., 843 P.2d 1326, 1331 (Colo. 1993) (citation omitted). Though statutes that are merely remedial in nature may be applied retroactively (so long as such intent is clearly indicated), substantive statutes cannot. See Powell, supra, 156 P.3d at 465 ("This proscription is intended to prevent the unfairness that would otherwise result from changing the consequences of an act after that act has occurred.").

12. Here, there is no indication within the text of the law that the Statute was meant to apply retroactively, it must be presumed prospective in nature, and is therefore inapplicable to the events described in the Complaint, which occurred over five months prior to the passage of the Statute. Thus, the specific allegations within the Complaint, namely that the incident occurred on January 1, 2020, do not plausibly support a legal claim for relief under the Statute.

13. Defendant requests an award of reasonable attorney fees pursuant to C.R.S. section 13-17-201. However, the Statute provides a specific attorney fees provision: "When a judgment is entered in favor of a defendant, the court may award reasonable costs and attorney fees to the defendant for defending any claims the court finds frivolous." C.R.S. section 13-21-131(3). Where statutory provisions seemingly conflict, the specific provision largely prevails over the general. See Bd. of County Com'rs of Douglas County, Colo. v. Bainbridge, Inc., 929 P.2d 691, 698 (Colo. 1996), as modified on denial of reh'g (Jan. 13, 1997). As such, the Court interprets C.R.S. section 13-21-131(3) as controlling over C.R.S. section 13-17-201. The Court cannot find that Plaintiff's claim, although subject to dismissal under C.R.C.P. 12(b)(5), presented no rational argument in support of the claim " that Plaintiff's claim was frivolous.

14. Therefore, Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiff's complaint is dismissed with prejudice. Defendant's request for attorney fees is denied.

Issue Date:  1/19/2022

GREGORY JOSEPH STYDUHAR
District Court Judge