IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

v.

Chaffee County, Colorado,
Board of County Commissioners of Chaffee County, Colorado,
Chaffee County Sheriff's Department,
District Attorney Linda Stanley, in her individual and official capacity,
Chaffee County Sheriff John Spezze, in his individual and official capacity,
Chaffee County Undersheriff Andrew Rohrich,
Eleventh Judicial District Attorney's Office Investigator Alex Walker,
Deputy District Attorney Jeffrey Lindsey,
Deputy District Attorney Mark Hurlbert,
Chaffee County Sheriff's Detective Robin Burgess,
Chaffee County Sheriff's Deputy Randy Carricato,
Chaffee County Sheriff's Deputy Scott Himschoot,
Chaffee County Sheriff's Sergeant Claudette Hysjulien.
Chaffee County Sheriff's Sergeant William Plackner,
Colorado Bureau of Investigation Director John Camper,
Colorado Bureau of Investigation Agent Joseph Cahill,
Colorado Bureau of Investigation Agent Megan Duge,
Colorado Bureau of Investigation Agent Caitlin Rogers,
Colorado Bureau of Investigation Agent Derek Graham,
Colorado Bureau of Investigation Agent Kevin Koback,
Colorado Bureau of Investigation Agent Kirby Lewis,
Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer,
Federal Bureau of Investigation Agent Jonathan Grusing,
Federal Bureau of Investigation Agent Kenneth Harris,

    Defendants.

## REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE

Defendants, by undersigned counsel, submit the following reply to plaintiff's objection to their motion to stay discovery and vacate the scheduling conference [ECF 102]:

## I. REPLY SUMMARY

The unique circumstances of this case weigh in favor of a stay. Plaintiff's analysis of the *String Cheese* factors does not account for the number of defendants, rationale behind immunity defenses, and already-prolonged timeline in this matter. Implementing a stay until motions to dismiss are resolved is the most efficient way of litigating this case.

## II. REPLY ARGUMENT

**A.   The modified *String Cheese* analysis for which plaintiff argues weighs in favor of a stay of discovery.**

Plaintiff asks this Court to consider, in addition to the *String Cheese* factors, the "preliminary peek" approach used in other jurisdictions. While plaintiff does not cite to any decision in this district, he notes that other courts have considered the likelihood of success of a pending motion to dismiss in ruling on a motion to stay. Because of applicable immunities and inadequacies in plaintiff's complaint, it is unlikely that many, if not all, of plaintiff's claims will survive the motions to dismiss. This accordingly weighs in favor of a stay.

Plaintiff contends that a stay is not warranted because (1) the individual defendants have not made a preliminary showing that a qualified immunity defense is meritorious and (2) not all defendants can invoke qualified immunity. This contention is an incomplete characterization of the defense motions to dismiss. Not only do the individual defendants assert the defense of qualified immunity, certain defendants have also asserted absolute immunity.[1] Further, certain of

---

[1] *See* DA Stanley's motion to dismiss, asserting absolute, qualified, and Eleventh Amendment immunity [ECF 87]; Deputy DA Linsey and investigator Alex Walker's motion to dismiss,

2

plaintiff's official-capacity claims are barred. For example, Eleventh Amendment immunity precludes plaintiff's official-capacity claim against DA Stanley.[2] Plaintiff's conclusory assertion that defendants are not likely to succeed on the qualified immunity defense is unsupported and does not warrant proceeding with discovery. Because many of plaintiff's claims cannot proceed, as a matter of law, the modified analysis for which plaintiff argues supports a stay.

**B.      Plaintiff's evaluation of the *String Cheese* factors fails to acknowledge the extraordinary circumstances here which warrant a stay.**

Plaintiff argues that a stay of discovery should only be permitted in extraordinary circumstances, but fails to acknowledge the circumstances present here, which include:

- Over twenty named defendants[3];
- Thirteen claims for relief;
- Eight pending motions to dismiss raising immunity defenses including absolute immunity, qualified immunity, and Eleventh Amendment immunity;
- Parties who are not yet represented[4];
- The Court's order extending plaintiff's deadline to respond to the motions to dismiss until March 29, 2024[5]; and
- Recent developments in the ongoing criminal case which forms the basis of plaintiff's claims in this matter.[6]

---

asserting absolute and qualified immunity [ECF 94]; Deputy DA Hurlbert's motion to dismiss, asserting absolute and qualified immunity [ECF 95]; Colorado Bureau of Investigations defendants' motion to dismiss, asserting qualified immunity [ECF 97]; Agent Cahill's motion to dismiss, asserting Colorado Governmental Immunity Act and qualified immunity [ECF 98]; Chaffee County defendants' motion to dismiss, asserting qualified immunity [ECF 104]; Deputy Himschoot's motion to dismiss, asserting qualified immunity [ECF 108]; and Sergeant Hysjulien's motion to dismiss, asserting qualified immunity [ECF 109].

[2] *See* DA Stanley's motion to dismiss at 6-8, noting that the Eleventh Amendment bars official-capacity claims against district attorneys.
[3] *See* Complaint [ECF 1].
[4] *See* FBI defendants' motion for extension, noting that the process for determining whether they are entitled to Department of Justice representation is ongoing. ¶¶ 6-8 [ECF 91].
[5] Minute Order, November 2, 2023 [ECF 107].
[6] Suzanne Morphew's remains were discovered in September 2023. Steve Alamsy et al., *Colorado authorities find remains of Suzanne Morphew, who disappeared on Mother's Day*

3

1. **Plaintiff's response does not set forth set a particularized risk of prejudice.**

While plaintiff notes the general interest that a plaintiff has in proceeding expeditiously, he does not identify any particular risk of prejudice, let alone one that outweighs the burden faced by defendants. The concern that delaying discovery may prejudice plaintiff because documents and witnesses may become more difficult to locate over time is not present here. In fact, the criminal matter which underlies plaintiff's claims remains open with active developments. Moreover, because plaintiff was prosecuted and investigated in the underlying criminal matter, it is anticipated that he is already in possession of many of the discoverable materials. This is not a case where the value of discovery will be diluted if plaintiff waits until the motions to dismiss are resolved.

2. **The immunity defenses asserted, combined with the potential volume of discovery, presents an unfair burden to defendants.**

Contrary to plaintiff's suggestion, defendants do not argue that merely invoking a qualified immunity defense automatically entitles them to a stay of discovery. Instead, defendants note that the circumstances here align with the policy reasons behind allowing invocation of a defense immunity to shield public officials not only from liability, but from the burdens of litigation altogether. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Plaintiff's citation to *Rome v. Romero*, in which the court noted that qualified immunity does not protect an official from all discovery, but only that which is "broad-reaching," is inapplicable here. 225 F.R.D. 640, 643 (D. Colo. 2004). In *Rome*, defendants had not asserted qualified immunity until

---

*2020 bike ride*, CNN.com, Sept. 28, 2023, *available at* https://www.cnn.com/2023/09/27/us/suzanne-morphew-remains-found-colorado/index.html.

4

the summary judgment stage. The *Rome* court observed, "The protection of the governmental actor is best served when the issue of qualified immunity is raised at the earliest possible stage of the litigation" and *"*[b]ecause the official controls when the issue is presented for adjudication, he cannot be said to be *unduly* burdened if he foregoes an opportunity to address the issue prior to the commencement of discovery. . . ." *Id.* at 644. Here, defendants have asserted immunity defenses at the earliest possible stage, thus warranting greater protection against the burdens of litigation.

Plaintiff's assessment of the *String Cheese* factors also fails to acknowledge that several defendants are asserting absolute immunity, in addition to qualified immunity, which serves as "a complete bar to suit for damages under 42 U.S.C. § 1983." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)). Thus, the rationale for staying discovery when defendants assert immunity defenses – shielding public officials from disruptive discovery – is heightened here. *See, e.g., Eggert v. Chaffee Cnty*., No. 10–cv–01320–CMA–KMT, 2010 WL 3359613, at *14 (D. Colo. Aug. 25, 2010) ("a stay of all proceedings is appropriate in this case to protect the defendants who have asserted immunity defenses from the burdens of litigation"); *Doe v. Woodard*, No. 15-cv-01165-KLM, 2015 WL 5444301, at *2 (D. Colo. Sept. 16, 2015) ("'The Court is obligated to 'exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.'")

Additionally, plaintiff fails to recognize the volume of discovery potentially at issue. Plaintiff's complaint contains over 1,000 numbered paragraphs and describes a complicated criminal investigation and prosecution involving numerous law enforcement officials over a period of nearly two years. For defendants to be distracted from their duties – including

5

continued investigation of the ongoing criminal matter – to engage in an extensive discovery process presents an undue burden.

### 3. Plaintiff's response does not acknowledge the inefficiencies presented by engaging in discovery while motions to dismiss are pending.

This Court has acknowledged that the sheer number of defendants named in this lawsuit warrants special consideration in granting the parties' request to hold the Scheduling Conference in person and vacating the Scheduling Conference pending either an order denying the motion to stay or resolutions of motions to dismiss. *See* Oct. 12 Min. Order [ECF 92]; Oct. 13 Min. Order [ECF 96]. Allowing the motions to dismiss to be resolved before proceeding with discovery would likely reduce the overall number of claims and defendants, thus streamlining discovery.

Further, plaintiff's responses to the motions to dismiss are not due for nearly five months. For the parties to engage in discovery months before plaintiff is required to address the substantive deficiencies in his complaint is against the interests of the Court, the parties, and the public. Requiring the Court to address a scheduling order and potential discovery disputes concerning claims and parties that may not even remain part of the litigation would not serve the Court's interest in cultivating an efficient, predictable, and manageable docket.

### C. Plaintiff's suggestion that discovery should proceed against the entity defendants and those sued in their official capacities, even if stayed as to the individual defendants is not feasible.

Plaintiff's request that discovery be permitted to proceed at least against the entity and official-capacity defendants presents a practical impossibility. Attempting to divide discovery between that relating to *Monell* claims and that relating to individual-capacity claims would itself be unduly burdensome. Moreover, making this determination would necessarily subject the individual defendants to the burdens of litigation and discovery, in contravention of the purpose

of absolute and qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) ("when discovery as to the other parties proceeds, it would prove necessary for [parties asserting immunity] to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [] not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.").

### III.   CONCLUSION

A stay of discovery pending resolution of the motions to dismiss remains the most efficient way of proceeding in this matter. Defendants request that the Court enter an order granting a stay pending the resolution of the motions to dismiss.

Respectfully submitted,

| | |
|---|---|
| s/*Eric M. Ziporin* | s/*Nicholas C. Poppe* |
| Eric M. Ziporin | J. Andrew Nathan |
| Jonathan N. Eddy | Nicholas C. Poppe |
| Courtney B. Kramer | NATHAN DUMM & MAYER, P.C. |
| SGR, LLC | 7900 E. Union Avenue, Suite 600 |
| 3900 East Mexico Avenue, Suite 700 | Denver, CO 80237-2776 |
| Denver, CO 80210 | Telephone: (303) 691-3737 |
| Telephone: (303) 320-0509 | Facsimile: (303) 757-5106 |
| Facsimile: (303) 320-0210 | anathan@ndm-law.com |
| eziporin@sgrllc.com | npoppe@ndm-law.com |
| jeddy@sgrllc.com | *Attorneys for Chaffee County Defendants* |
| ckramer@sgrllc.com | |
| *Attorneys for Defendant Mark Hurlbert* | |

7

s/*Andrew R. McLetchie*
Andrew R. McLetchie
Rachel L. Bradley
Eden R. Rolland
Fowler Schimberg & Flanagan, P.C.
350 Indiana Street, Suite 601
Golden, CO 80401
Phone 303-298-8603; Fax 720-799-2177
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com
e_rolland@fsf-law.com
*Attorneys for Defendants Scott Himschoot and Claudette Hysjulien*

s/*Leslie L. Schluter*
Leslie L. Schluter
Sophia A. N. Fernald
DAGNER | SCHLUTER | WERBER LLC
8400 East Prentice, Suite 1401
Greenwood Village, CO 80111
Telephone: (303) 221-4661
Fax: (303) 221-4594
E-mail:  lschluter@lawincolorado.com
E-mail:  sfernald@lawincolorado.com
*Attorneys For Defendant Eleventh Judicial District Attorney, Linda Stanley*

s/*Scott A. Neckers*
Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100
Denver, Colorado 80203
Tel: (303)860-2848
Fax: (303) 860-2869
san@omhlaw.com
rl@omhlaw.com
sat@omhlaw.com
*Attorneys for Defendant Joseph Cahill*

s/*William Thomas O'Connell, III*
William Thomas O'Connell, III
Wells Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, CO 80290
Telephone: -303-830-1212
Email: woconnell@warllc.com
*Attorneys for Defendants Alex Walker and Jeffrey Lindsey*

s/*Kathleen L. Spalding*
PHILIP J. WEISER, Attorney General
Dmitry B. Vilner, Assistant Attorney General*
Jennifer H. Hunt, Senior Assistant Attorney General*
Kathleen L. Spalding, Senior Assistant Attorney General*
Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6000
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov
*Attorneys for CBI Defendants*
*Counsel of Record

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on November 6, 2023, I electronically filed the foregoing **REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND VACATE SCHEDULING CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jane Holse Fisher-Byrialsen, Esq.
David Nathan Fisher, Esq.
Fisher & Byrialsen PLLC
jane@fblaw.org
david@fblaw.org

Iris Eytan, Esq.
Eytan Law LLC
iris@eytanlawfirm.com

Eric M. Ziporin, Esq.
Jonathan N. Eddy, Esq.
Courtney B. Kramer, Esq.
SGR, LLC
eziporin@sgrllc.com
jeddy@sgrllc.com
ckramer@sgrllc.com

Andrew R. McLetchie, Esq.
Rachel L. Bradley, Esq.
Eden R. Rolland, Esq.
Fowler Schimberg & Flanagan, P.C.
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com
e_rolland@fsf-law.com

Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
rl@omhlaw.com
sat@omhlaw.com
san@omhlaw.com

Hollis Ann Whitson, Esq.
Samler & Whitson, P.C.
hollis.whitson@gmail.com

J. Andrew Nathan, Esq.
Nicholas Christaan Poppe, Esq.
Nathan Dumm & Mayer PC
anathan@ndm-law.com
npoppe@ndm-law.com

William Thomas O'Connell, III, Esq.
Wells Anderson & Race, LLC
woconnell@warllc.com

Dmitry B. Vilner, Esq.
Jennifer H. Hunt, Esq.
Kathleen L. Spalding, Esq.
Colorado Attorney General's Office
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov

*s/Marisa Showalter, Paralegal*

9