IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

v.

CHAFFEE COUNTY, Colorado, et al.,

    Defendants.

---

### DEFENDANTS ALEX WALKER AND JEFFREY LINDSEY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS WALKER AND LINDSEY'S MOTION TO DISMISS

---

Defendants Eleventh Judicial District Attorney's Office Investigator Alex Walker and Deputy District Attorney Jeffrey Lindsey, by and through counsel William T. O'Connell, III of Wells, Anderson & Race, LLC, submit this Reply to Plaintiff's Response to Defendants Walker and Lindsey's Motion to Dismiss ("Plaintiff's Response") (Doc. No. 137) and state as follows:

### ARGUMENT

**I.   LINDSEY IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY AND WALKER IS ENTITLED TO PARTIAL PROSECUTORIAL IMMUNITY**

**Jeffrey Lindsey**

Despite reciting certain principles regarding prosecutorial immunity and attempting to distinguish *Kalina v. Fletcher* and other cases cited in the Motion to Dismiss, Plaintiff fails to address, let alone analyze, the merits of Lindsey's arguments. Plaintiff's reliance on *Mink v. Suthers*, 482 F.3d 1244, 1262 (10th Cir. 2007) in support of his contention that Lindsey is not

entitled to absolute immunity demonstrates the fundamental flaws of his position. In *Mink*, the prosecutor's actions were limited to reviewing and approving a search warrant affidavit before it was forwarded to a judicial officer. *Id*. at 1250. Because the prosecutor's "function was to provide legal advice outside the courtroom to aid a nascent investigation" and not preparing her case, immunity did not attach. *Id*. Here, Plaintiff argues that Lindsey's actions were not limited solely to reviewing the relevant Affidavit and/or providing legal advice. Rather, Plaintiff contends that Lindsey assisted in preparing the Affidavit. (Response, p. 3). To the extent Plaintiff alleges that Lindsey drafted unsworn portion(s) of the Affidavit and selected which facts to include in those portion(s) of the Affidavit, Lindsey's actions undoubtedly fall within the scope of prosecutorial immunity. *See Mink,* 482 F.3d at 1263 ("We acknowledge this conclusion is complicated by those cases where prosecutors have been absolutely immunized for drafting, filing, and arguing in support of an arrest or search warrant…In those cases, however, the prosecutor was acting as an advocate--evaluating evidence, preparing pleadings, and appearing in court. It may be true that a lawyer's more active involvement in preparing a warrant application and presenting it in court will confer absolute immunity.").

### Alex Walker

As described in the Motion to Dismiss, it is well established that prosecutorial immunity extends to certain agents of the prosecutor when they are engaged in performing tasks that are inherently prosecutorial in nature. *See* Motion to Dismiss, pp 5 - 6. Moreover, the Tenth Circuit has stated that the reach of immunity extends to a district attorney's investigator. *Id*. Accordingly, Plaintiff's argument that "police officers" are rarely extended absolute immunity is meritless. The totality of Plaintiff's response to Walker's argument that he is entitled to immunity with respect to

his selection of facts to include in the Affidavit, including those that he omitted, is his observation that Walker provides no case law holding that a *Franks* claim can be parsed in such a way. It is entirely unclear why there would be a need to cite such a case when it is well established that "absolute immunity is not 'subject to all-or-nothing application'—it can apply to some of the prosecutor's actions while not to others at the same time." *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).

## II. WALKER AND LINDSEY ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE PLAINTIFF'S ALLEGATIONS FAIL TO SHOW THAT THEY VIOLATED A CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT

**Constitutional Violation**

### A. Personal Participation

Plaintiff's suggestion that Lindsey and Walker's membership in "a smaller sub-grouping, 'Defendants authoring the Affidavit'" somehow cures his Complaint's failure to make clear exactly who is alleged to have done what to whom is disingenuous. (Response, p. 7). Nine separate defendants, including two CBI agents, three officers and two FBI agents, along with "other Defendants and co-conspirators whose identities are not known to Mr. Morphew at this time," comprise this so called smaller sub-grouping. (Complaint, ¶ 140). Another problem with Plaintiff's approach is the fact that Plaintiff also includes Walker in the collective reference "Defendant Officers" and Lindsey in the collective reference "Defendant Prosecutors" throughout the Complaint. Plaintiff's efforts to remedy the Complaint's improper usage of collective allegations by relying on what he characterizes as his "exceptionally-detailed Complaint" and his suggestion that the Complaint provides adequate notice to Lindsey and Walker when read "in tandem with [Morphew's] factual allegations elsewhere in the complaint" are also unavailing and do not relieve

3

Plaintiff of his obligation to identify the specific manner in which Lindsey and Walker individually violated his constitutional rights. In sum, Plaintiff's Complaint makes it impossible for either Lindsey or Walker to determine specifically what unconstitutional acts he is alleged to have committed as opposed to the other Defendants.

### B.     Malicious Prosecution/*Franks* claim

Notwithstanding Plaintiff's suggestion that Defendants' combined discussion of the malicious prosecution and *Franks* claims is somehow inappropriate, Plaintiff does not deny that the claims are largely duplicative because both involve allegations that Lindsey and Walker omitted exculpatory facts/evidence from the Affidavit and included false statements in the Affidavit. As such, Defendants combined the substantive analysis of both claims in the interest of judicial economy and efficiency.[1]

Plaintiff argues that Defendants' separate analysis of the alleged misrepresentations/false statements in the Affidavit and the alleged exculpatory information that was omitted from the Affidavit is improper because the Court considers it in combination. (Response, p. 8). While Defendants agree with Plaintiff's general proposition with respect to the way the Court considers the arguments, Plaintiff's unwieldly and rambling 185 page, 1042 Complaint does not lend itself to standard analysis. Indeed, the only way to concisely and logically analyze the alleged

---

[1]     Plaintiff's argument that Defendants' alleged failure to follow this Court's practice standards impedes his ability to respond in the manner required by the Court is baseless. As an initial matter, Plaintiff's citation to DDD Civ. P.S. II(C)(1)(b) is obviously in error because there is no such practice standard. To the extent Plaintiff meant to cite DDD Civ. P.S. III(D)(1)(b), Defendants' Motion to Dismiss is in full compliance with the Court's practice standards regarding Ruel 12(b) motions. Moreover, Plaintiff's argument is undermined by his 185 page, 1042 paragraph Complaint which clearly fails to comply with the letter or spirit of Rule 8(a)(2) and Rule 8(d)(1).

4

misrepresentations/false statements in the Affidavit and the alleged exculpatory information that was omitted from the Affidavit is in the manner undertaken by Defendants. That said whether analyzed separately or collectively, it is clear that Plaintiff's Complaint is devoid of any plausible facts demonstrating that absent any purported misrepresentations/false statements attributable to Lindsey and Walker, the Arrest Warrant Affidavit would not provide probable cause for his arrest. Plaintiff's Complaint is also devoid of any plausible facts demonstrating that inclusion of any purported exculpatory information would negate probable cause.

Plaintiff largely repeats the allegations in his Complaint with respect to the 20 to 25 categories of misrepresentations/false statements in the Affidavit and the purported exculpatory information that was omitted from the Affidavit without offering any substantive analysis to refute Defendants' contentions that his allegations are entirely vague and conclusory and that inclusion of the exculpatory information does not serve to negate probable cause for Plaintiff's arrest. (Response, pp. 9 – 12). The fact that Plaintiff's Complaint includes "the words of the state district court judge" is immaterial and does not salvage Plaintiff's deficient malicious prosecution and *Franks* claims. (Response, p. 12).

Plaintiff's argument that Defendants' "only theory why probable cause exists is solely that the Affidavit is "126 pages long" is groundless. (Response, p. 13). As their Motion to Dismiss demonstrates, Defendants analyzed the relevant elements of Plaintiff's malicious prosecution and *Franks* claims against the backdrop of the alleged misrepresentations/false statements in the Affidavit and the purported exculpatory information as identified in Plaintiff's Complaint albeit in a vague and conclusory manner. Setting aside Plaintiff's vague and conclusory misrepresentations/false statements does not vitiate probable cause given the comprehensive and

5

detailed contents of the Affidavit that support the conclusion that Plaintiff engaged in the charged activity. Additionally, inclusion of the alleged exculpatory information does not serve to negate probable cause for Plaintiff's arrest given the comprehensive and detailed contents of the 126 page Affidavit. Finally, contrary to Plaintiff's contention that Defendants failed to address the "continued prosecution" element of his malicious prosecution claim (Response, pp. 13 – 14), Defendants analyzed the continuous receipt of alleged exculpatory information as set forth in Plaintiff's Complaint. *See* Motion to Dismiss, pp. 14 – 16.

### C. Fabrication of Evidence

Significantly, Plaintiff does not deny that the only alleged fabricated evidence identified in the Complaint is the pushpin map. In response to Defendants' argument that Plaintiff fails to allege that either Lindsey or Walker personally participated the pushpin map, Plaintiff points to the allegation in his Complaint that "Defendants authoring the Arrest Affidavit…" fabricated "what became known as the 'pushpin map'…" (Response, p. 15). Plaintiff also claims that he alleges at Paragraphs 217, 218 and 245 that Lindsey and Walker knew the pushpin map was a fabrication. (Response, p. 15).[2] As noted in Section II A of this Reply, Plaintiff's position is undermined by the fact that Lindsey and Walker are collectively grouped with seven other defendants under the moniker of "Defendants authoring the Arrest Affidavit…" Moreover, contrary to Plaintiff's argument, Paragraphs 217, 218 and 245 do not specifically allege that Lindsey and Walker knew the pushpin map was a fabrication.

---

[2]   Plaintiff's cite to Paragraph 291 in his Response at page 15 is obviously in error because Paragraph 291 does not include any allegations regarding the pushpin map.

### D. Conspiracy

As described in their Motion to Dismiss and this Reply, Plaintiff has not plausibly alleged an underlying constitutional violation by Lindsey or Walker. Plaintiff's Response fails to effectively refute Defendants' contention that his Complaint includes nothing more than vague, conclusory and formulaic allegations in support of his conspiracy claim.

### E. Failure to Intervene

Plaintiff's reliance on the incorporation language at Paragraph 939 of his Complaint (Response, p. 17) does not salvage this claim because the specific allegations in support of his failure to intervene claim are entirely vague and conclusory. Moreover, Plaintiff has neither plausibly alleged an underlying constitutional violation nor plausibly alleged that either Lindsey or Walker observed or had reason to know of a constitutional violation yet failed to intervene.

### F. Reckless Investigation

Plaintiff's reliance on the incorporation language at Paragraph 946 of his Complaint (Response, p. 17) does not save this claim because the specific allegations in support of his reckless investigation claim are entirely vague and conclusory.

### Clearly Established Law

Defendants unequivocally argued, with respect to all of the federal claims brought against them (Claims One through Seven), that Plaintiff's allegations fail to show that they violated a clearly established constitutional right. (Motion to Dismiss, p. 10). Accordingly, Plaintiff's statement that Defendants only challenge clearly established law for Claims Six and Seven (Failure to Intervene and Reckless Investigation) is unfounded.

Defendants specifically referenced Plaintiff's Failure to Intervene claim (Claim Six) because *Bledsoe v. v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022) undeniably demonstrates that such a claim, outside of excessive force violations, was not clearly established in 2020, 2021 or early 2022. (Motion to Dismiss, pp. 18 – 19). Accordingly, Plaintiff's imaginative, yet implausible, argument that this type of claim was clearly established at the time Lindsey and Waler allegedly violated his constitutional rights should be rejected. (Response, p. 19). Defendants also specifically referenced Plaintiff's Reckless Investigation claim (Claim Seven) because such a claim, to the extent it is even recognized in this Circuit, was not clearly established in 2020, 2021 or early 2022. (Motion to Dismiss, pp. 18 – 19). Defendants disagree with Plaintiff's assertion that the Tenth Circuit "long ago recognized a due process claim for reckless investigation in the post-arrest context." (Response, p. 20). In support, Defendants not only rely on *Murphy v. City of Tulsa*, No. 15-CV-528, 2018 U.S. Dist. LEXIS 145310, n. 17 (N.D. Ok. Aug, 27, 2018) but the absence of any case law affirmatively recognizing a reckless investigation claim, presumably brought under the 14th Amendment due process clause, as an independent cause of action in this Circuit.

Under a heading entitled Abolition of Absolute and Qualified Immunity at page 23 of his Response, Plaintiff requests that the Court "reject the doctrines of absolute and qualified immunity completely," going as far as to characterize the qualified immunity doctrine as "illegal." (Response, pp. 23-24). In support, Plaintiff offers a strange analysis of selective quotes from assorted Supreme Court cases between 1976 and 2021. Plaintiff's baseless request that this Court nullify decades of constitutional jurisprudence deserves little reply other than that it should be swiftly rejected.

**III.     PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO C.R.S. § 13-21-131 FAIL**

Plaintiff admits that he does not have any evidence that Lindsey was working in a position that required POST certification. (Response, p. 22). It is axiomatic that Plaintiff should therefore voluntarily dismiss his state law claims against Lindsey. Instead, Plaintiff demonstrates that he does not fully appreciate the nature of his state law claims against Lindsey by discussing immunity. Lindsey does not rely on an immunity defense with respect to the state law claims. Rather, because the statute clearly does not apply to Lindsey, Plaintiff's claims against him fail as a matter of law. *See* C.R.S § 16-2.5-102 (district attorneys are not considered "certified peace officers" requiring P.O.S.T. certification).

While the statute may apply to Walker, Plaintiff's state law claims against him nevertheless fail because the analysis applicable to Plaintiff's failure to establish violations of his federal constitutional rights applies with equal force to Plaintiff's state constitution claims. *See* Motion to Dismiss, pp. 20-21. Plaintiff erroneously contends that Walker misstates *Eddie's Leaf Spring Shop & Towing LLC v. Colo. PUC*, 218 P.3d 326, 333 (Colo. 2009). Walker did not misstate the case by merely quoting a relevant sentence. There was no need to include the additional sentence quoted at page 22 of Plaintiff's Response because the four identified areas subject to a greater reasonable expectation of privacy under the Colorado Constitution are not at issue here. *Eddie's Leaf Spring Shop & Towing LLC,* 218 P.3d at 33. Finally, *People v. Young*, 785 P.2d 1306, 1308 (Colo. 1990) and *People v. Dailey*, 639 P.2d 1068, 1074-75 (Colo. 1982) cited at page 23 of Plaintiff's Response have little to no application to this case given that both are criminal cases and the *Franks* analysis in such a setting is vastly different than the analysis in a civil case.

9

## CONCLUSION

For the reasons described above and in Lindsey and Walker's Motion to Dismiss, Plaintiff's allegations fail to state a cognizable claim for relief against either Mr. Walker or Mr. Lindsey. Accordingly, Plaintiff's Civil Rights Complaint with Demand for Trial by Jury against Alex Walker and Jeffrey Lindsey should be dismissed in its entirety with prejudice.

Dated this 15th day of April 2024.

Respectfully submitted,

*s/ William T. O'Connell, III*
William T. O'Connell, III
Wells, Anderson & Race, LLC
1700 Broadway, Suite 900
Denver, CO 80290
T: 303-830-1212
Email:woconnell@warllc.com

**ATTORNEY FOR DEFENDANTS ALEX WALKER AND JEFFREY LINDSEY**

**I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1)**

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, a true and correct copy of the above and foregoing **DEFENDANTS ALEX WALKER AND JEFFREY LINDSEY'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS WALKER AND LINDSEY'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Jane Fisher-Byrialsen, Esq.
David Fisher, Esq.
Jane@FBLaw.org
David@fblaw.org
*Attorneys For Plaintiff*

Hollis Whitson, Esq.
Eric Samler, Esq.
Hollis@SamlerandWhitson.com
Eric@SamlerandWhitson.com
*Attorneys For Plaintiff*

Iris Eytan, Esq.
Eytan Law
iris@eytanlawfirm.com
*Attorneys For Plaintiff*

Andrew R. McLetchie, Esq.
Rachel L. Bradley, Esq.
Eden R. Rolland, Esq.
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com
e_rolland@fsf-law.com
*Counsel for Defendant Scott Himschoot*

Eden R. Rolland, Esq.
e_rolland@fsf-law.com
*Counsel for Defendants Scott Himschoot and Claudette Hysjulien*

Leslie L. Schluter, Esq.
lschluter@lawincolorado.com
sfernald@lawincolorado.com
*Attorneys for Linda Stanley*

Nicholas C. Poppe, Esq.
J. Andrew Nathan, Esq.
NPoppe@ndm-law.com
ANathan@ndm-law.com
*Attorneys Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, John Spezze, and Andrew Rohrich*

Scott Aaron Neckers, Esq.
Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
san@omhlaw.com
rl@omhlaw.com
sat@ohmlaw.com
*Attorney for Defendant Cahill*

Kathleen L. Spalding, Senior AAG
Jennifer H. Hunt, AAG
Dmitry B. Vilner, AAG II
Kit.spalding@coag.gov
jennifer.hunt@coag.gov
Dmitry.vilner@coag.gov
*Attorneys for CBI Defendants*

Courtney B. Kramer, Esq.
Eric M. Ziporin, Esq.
Jonathan N. Eddy, Esq.
ckramer@sgrllc.com
eziporin@sgrllc.com
jeddy@sgrllc.com
*Attorneys for Defendant Hurlbert*

*s/ Barbara McCall*
Barbara McCall, Legal Assistant

11