## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-1108-DDD-JPO

BARRY MORPHEW,

      Plaintiff,

v.

CHAFFEE COUNTY, COLORADO, et al.

      Defendants.

---

## DEFENDANT HURLBERT'S REPLY IN SUPPORT OF MOTION TO DISMISS

---

Defendant, **DEPUTY DISTRICT ATTORNEY MARK HURLBERT**, through his attorneys, **SGR, LLC**, hereby submits his Reply in Support of Motion to Dismiss, and states as follows:

Plaintiff first argues the Court should completely dispense with the doctrines of qualified and absolute immunity. Plaintiff's argument is not only meritless—he is asking the Court to do something it cannot do. *See, e.g.*, *Ullery v. Bradley*, 949 F.3d 1282, 1301 (10th Cir. 2020) (acknowledging inability to contravene the Supreme Court on immunity).

### 1. Defendant Hurlbert is entitled to absolute immunity.

Plaintiff clams Defendant Hurlbert's failure to "deny" the Complaint's allegations somehow abrogates his absolute prosecutorial immunity. Plaintiff cites no authority to support his argument. Moreover, given the nature of the dispositive motion, it would not be appropriate (or productive) for Defendant Hurbert to assert his immunity defense by directly refuting the

Complaint's factual allegations. Defendant Hurlbert's position is that even when accepting the allegations (which he does not concede) as true, Plaintiff has failed to state a plausible claim. Also contrary to Plaintiff's argument, courts *do* regularly extend absolute prosecutorial immunity through motions to dismiss. *See, e.g.*, *DeLia v. U.S. Dep't of Just.*, No. 21-5047, 2021 WL 4258758, at *1 (10th Cir. Sept. 20, 2021); *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1203 (10th Cir. 2022)[1]; *Daniels v. USAO UT Dist*, No. 23-4049, 2023 WL 4115986, at *2 (10th Cir. June 22, 2023); *Clark v. Murch*, No. 22-1330, 2023 WL 5012096, at *5 (10th Cir. Aug. 7, 2023). Much like these cases, the allegations of the Complaint show Defendant Hurlbert is entitled to absolute immunity.

Plaintiff next argues that absolute immunity does not apply to ""fabricating evidence during the preliminary investigation of a crime.'" [Response, p. 3 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993); *Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1118 (10th Cir. 2019))]. Plaintiff's argument is irrelevant. As addressed at length in the Motion, the Complaint does not allege Defendant Hurlbert was involved in the preliminary investigation of his case.[2] [Motion, pp. 5–6]. It instead confirms Defendant Hurlbert's role was limited to the prosecutorial phase, where he would have been acting as an advocate prosecutor. [*Id.*] While Plaintiff asserts that discovery is needed for him to fully understand the "extent and timing" of Defendant Hurlbert's involvement [Response, p. 3], this argument is premature given Plaintiff has not satisfied Rule 8 by first stating a plausible claim. *See Kirby v. Dallas Cnty. Adult Prob. Dep't*, 359 F. App'x 27, 34 (10th Cir. 2009) (granting absolute immunity while acknowledging "the

---

[1] Cert. denied sub nom. *San Juan Cnty., Utah v. Chilcoat*, 143 S. Ct. 1748, 215 L. Ed. 2d 649 (2023).
[2] For instance, Plaintiff admits Defendant Hurlbert played no role in preparing the Arrest Affidavit. [Response, p. 14].

liberal pleading standard under the federal rules 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Finally, with respect to the alleged deprivation of Plaintiff's personal property, the case upon which he attempts to rely, *Coleman v. Turpen*, is distinguishable from his allegations and, when applied to the factual assertions of the Complaint, supports the extension of absolute immunity. *C.f.* 697 F.2d 1341, 1346 (10th Cir. 1982) (finding deprivation and no absolute immunity where seized property that would not be used as evidence was illegally sold). There have been no such allegations made in this case, and because Plaintiff's charges were dismissed without prejudice, he cannot dispute his property is being retained as evidence in an ongoing homicide investigation.

### 2. Defendant Hurlbert is (alternatively) entitled to qualified immunity.[3]

To overcome qualified immunity at this stage of the proceedings, Plaintiff must have adequately alleged: (1) that Defendant Hurlbert violated his constitutional rights, and (2) that such violation was clearly established. [Motion, p. 6]. Plaintiff mistakenly asserts the Court must allow his claims to proceed "unless it appears beyond doubt that [he] can prove no set of facts in support of [same]." [Response, p. 5 (citing *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004))]. Under *Iqbal/Twombly*, this pleading standard no longer applies. [*See* Motion, p. 2].

#### a. No underlying violation: malicious prosecution (claim one).

Plaintiff has clarified he is asserting a *Franks*-based malicious prosecution claim against Defendant Hurlbert. [Response, p. 9 n.7]. To maintain this claim, however, an arrestee must demonstrate that the official acted with the requisite mental state in "include[ing] false

---

[3] Defendant Hurlbert's Motion to Dismiss complied with the Court's practice standards by specifically describing which elements of the operative claims Plaintiff failed to plausibly allege.

statements in the [arrest] affidavit" or by "omit[ting]" exculpatory information therein. *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Stewart v. Donges*, 915 F.2d 572, 581–83 (10th Cir. 1990)); *see also Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) ("In *Franks*, the Supreme Court held that affiants seeking arrest warrants violate the constitution when they knowingly, or with reckless disregard for the truth, include false statements in a supporting affidavit or omit information which, if included, would prevent the warrant from lawfully issuing."); *Marshall v. Dix*, 2022 WL 16924019, at *10 (D. Colo. Nov. 14, 2022) (applying this standard in the context of a motion to dismiss).

Here, Plaintiff admits Defenant Hurlbert was not involved in the creation of the Arrest Affidavit [*supra*] and he has therefore failed to allege a crucial element of his claim. *Cf. Montoya v. City & Cnty. of Denver*, No. 21-1107, 2022 WL 1837828, at *5 (10th Cir. June 3, 2022) (finding plausible *Franks* claim where personal participation in creation of the affidavit was adequately alleged). To the extent Plaintiff also attempts to bring a traditional malicious prosecution claim against Defendant Hurlbert, Plaintiff merely cherry-picks certain factual aspects of his criminal case and claims an absence of probable cause. [Response, pp. 6–8]. However, the Complaint provides no allegations that plausibly explain how or why Defendant Hurlbert should have concluded that probable cause was lacking in this case—particularly in light of the balance of the assertions outlined in the 126-page Arrest Affidavit, along with Judge Murphy's subsequent findings of probable cause.

        ***b.    No underlying violation: due process—fabrication of evidence / reckless
investigation (claims two and seven).***

Plaintiff has clarified the fabrication of evidence claim (claim two) was not asserted against Defendant Hurlbert. [Response p., 14]. With respect to the reckless investigation claim (claim seven), this claim is premised on allegations Defendant Hurlbert (and others) failed to sufficiently investigate Suzanne Morphew's lover, Mr. Libler. [Response, p. 14]. Yet Plaintiff does not allege why Mr. Libler would have remained a viable suspect in Suzanne's murder, or how the specific issues related to Mr. Libler [*see* Complaint, ¶¶ 768–776] would have vitiated probable cause for Plaintiff's prosecution. Plaintiff has in turn failed to sufficiently allege conscience shocking conduct as to Defendant Hurlbert.

        ***c.    No underlying violation: due process—deprivation of property (claim
five).***

As is more thoroughly addressed below, Plaintiff's cited cases do not support the proposition that due process is violated when evidence related to a murder investigation is not returned to a suspect after charges have been dropped against him without prejudice. Additionally, "[a]lthough property rights are protected by the U.S. Constitution, they are created by applicable state and local law. Specifically, property rights 'are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" *Lee v. City of Chicago*, 330 F.3d 456, 469 (7th Cir. 2003) (quoting *Bd. Of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff provides no Colorado law mandating that property must be returned to him under the timing and

circumstances of this case. *See also*, *Strepka v. People* 489 P.3d 1227 (Colo. 2021) (describing post-deprivation remedy for return of property where criminal charges are dismissed).

### d.    No clearly established law.

Plaintiff asks the Court to apply the "sliding scale" approach when determining qualified immunity. [Response, p. 19]. The Tenth Circuit has abandoned this approach. *See Shepherd v. Robbins*, 55 F.4th 810, 818 n.5 (10th Cir. 2022). Moreover, Plaintiff has again failed to allege Defendant Hurlbert committed any patently egregious act to warrant a more lenient pleading standard with respect to the second prong of his qualified immunity. To the extent Plaintiff has relied upon district court decisions or isolated out-of-circuit judgments, those cases cannot create clearly established law. With respect to the binding authority Plaintiff relies on to support his argument, Defendant Hurlbert will address those cases in turn.

In support of his malicious prosecution claim, Plaintiff cites to the binding opinions in *Manuel*, *Pierce*, *Bledsoe*, and *Mglej*. [Response, pp. 19–20]. But none of the cases are analogous to this case, as none involved a prosecutor defendant who had not participated in the creation of an arrest affidavit, and whose alleged conduct was limited to the prosecutorial phase of a criminal case. Plaintiff's attempt to rely on these cases for the general legal principles contained therein cannot overcome Defendant Hurlbert's qualified immunity. *Cox v. Glanz*, 800 F.3d 1231, 1247 n.8 (10th Cir. 2015). This reasoning similarly dispenses with Plaintiff's reliance on *Anthony* and *Dixon* to support his conspiracy claim, *Bledsoe* to support his failure to intervene claim, and *Romero* to support his claim for reckless investigation. [Response, p. 20]. With respect to his depravation of property claim, Plaintiff cites the Supreme Court's decisions in *Hudson*, *Mathews*, and *Nelson*. [Response, p. 20]. *Hudson* concerned the destruction of an

inmate's property at the hands of a prison guard and is nothing like the alleged circumstances here. *Mathews* is highly distinguishable as well, as it turned on the denial of disability benefits. Lastly, *Nelson* concerned the issue of restitution owed to individuals whose convictions have been subsequently overturned. It is difficult to see how such cases would clearly establish—beyond debate—a constitutional violation under Plaintiff's alleged facts. [*See* Motion, p. 14].

**3. Plaintiff's ELEIA claims fail.**

Plaintiff concedes his ELEIA claims lack merit because Defendant Hurlbert is not a "peace officer." [Response, pp. 20–21]. Those claims should be dismissed with prejudice.

Respectfully submitted,

s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile:  (303) 320-0210
E-mail:  eziporin@sgrllc.com

s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Facsimile:  (303) 320-0210
Email:  jeddy@sgrll.com
*Attorneys for Defendant Hurlbert*

**\*\*\*This pleading complies with the Court's Civil Practice Standards\*\*\***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of April, 2024, I electronically filed a true and correct copy of the above and foregoing **DEFENDANT HURLBERT'S REPLY IS SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jane Fisher-Byrialsen
Email:  jane@fblaw.org
*Counsel for Plaintiff*

Hollis Whitson
Email:  hollis@samlerandwhitson.com
*Counsel for Plaintiff*

Iris Eytan
Email:  iris@eytanlawfirm.com
*Counsel for Plaintiff*

J. Andrew Nathan
Nicholas Christaan Poppe
Email:  anathan@ndm-law.com
Email:  npoppe@ndm-law.com
*Counsel for Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, John Spezze, Robin Burgess, Randy Carricato, William Plackner, and Andrew Rohrich*

Dmitry B. Vilner
Jennifer H. Hunt
Kathleen L. Spalding
Email:  dmitry.vilner@coag.gov
Email:  jennifer.hunt@coag.gov
Email:  kit.spalding@coag.gov
*Counsel for Defendants John Camper, Megan Duge, Caitlin Rogers, Derek Graham, Kevin Koback, Kirby Lewis and Chris Schaefer*

William T. O'Connell, III
Email:  woconnell@warllc.com
*Counsel for Defendants Alex Walker and Jeffrey Lindsey*

Andrew R. McLetchie
Rachel L. Bradley
Email:  a_mcletchie@fsf-law.com
Email:  r_bradley@fsf-law.com
*Counsel for Defendant Scott Himschoot and Claudette Hysjulien*

Scott A. Neckers
Robert I. Lapidow
Sarah A. Thomas
Email:  san@omhlaw.com
Email:  rl@omhlaw.com
Email:  sat@ohmlaw.com
*Counsel for Defendant Joseph Cahill*

Leslie L. Schluter
Sophia A.N. Fernald
Email:  lschluter@lawincolordo.com
Email:  sfernald@lawincolorado.com
*Counsel for Defendant Linda Stanley*

*/s/Taylor Will*
Legal Secretary