IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1108-DDD-JPO

BARRY MORPHEW

    Plaintiff,

v.

CHAFFEE COUNTY, Colorado,
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado,
CHAFFEE COUNTY SHERIFF'S DEPARTMENT,
LINDA STANLEY, District Attorney, in her official and individual capacities,
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual capacities,
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy,
ANDREW ROHRICH, Chaffee County Undersheriff,
ALEX WALKER, Eleventh Judicial District Attorney's Office Investigator,
JEFFREY LINDSEY, Deputy District Attorney,
JOHN CAMPER, Colorado Bureau of Investigation Director,
JOSEPH CAHILL, Colorado Bureau of Investigation Agent,
MEGAN DUGE, Colorado Bureau of Investigation Agent,
CAITLIN ROGERS, Colorado Bureau of Investigation Agent,
DEREK GRAHAM, Colorado Bureau of Investigation Agent,
KEVIN KOBACK, Colorado Bureau of Investigation Agent,
KIRBY LEWIS, Colorado Bureau of Investigation Agent,
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director of Investigations,
and
JOHN/JANE DOES 1-10, and other unknown employees of the Eleventh Judicial District Attorney, and other unknown officers of the Chaffee County Sheriff's Department,

    Defendants.

___

**DEFENDANT JOSEPH CAHILL'S REPLY IN SUPPORT OF HIS FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS [DKT. 98]**
___

    Defendant Joseph Cahill ("Cahill"), by and through his attorneys, Overturf McGath & Hull, P.C. hereby submits his Reply in Support of his Fed. R. Civ. P. 12(b)(6) Motion to Dismiss and in support states as follows:

1

I.  **PLAINTIFF'S STATE LAW CLAIMS BROUGHT PURSUANT TO C.R.S. § 13-21-131 CANNOT BE ASSERTED AGAINST DEFENDANT CAHILL**

Plaintiff admits that he does not have knowledge that suggests Cahill was working a position that required POST certification. (Pltf's Response at p. 2.) As noted in Cahill's Motion, CBI agents are not enumerated in the statutory definition of peace officers requiring POST certification. (Cahill's Motion at p. 5–6.) Plaintiff attempts to avoid this issue by pointing to potential immunity arguments more generally. However, this argument is irrelevant because Plaintiff only brought his state law claims against Cahill under C.R.S. § 13-21-131. The statute cannot apply to Cahill because he is not a peace officer under the relevant statutes. *See* C.R.S. § 16-2.5-102.

Plaintiff also claims that even if Cahill is not a "peace officer" under C.R.S. §§ 13-21-131(1), 24-31-901(3), that he is not automatically immune from state law claims. *Id.* Although not fully briefed in his Motion, Cahill alleged that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because the state law claims are barred by the Colorado Governmental Immunity Act ("CGIA"), C.R.S. § 24-1-101 *et seq.*, and no waiver of immunity exists. (*See* Motion at p. 4 n. 1.) Plaintiff has not alleged that Cahill waived CGIA immunity or engaged in "willful and wanton" conduct that would remove him from the CGIA's protection. *See* C.R.S. § 24-10-105(1).

II.  **CAHILL IS ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S SECTION 1983 CLAIMS**

   **A. Personal Participation and Collective References to Defendants**

Plaintiff alleges that Cahill's inclusion in the subgroups "Defendants authoring the Affidavit," "CBI Defendants," and/or "all Defendants" are a permissible means of

2

identifying Cahill's alleged violations of Plaintiff's constitutional rights under *Bledsoe*.[1] (Response at p. 3–4.) While the court in *Bledsoe* noted that the "occasional use of [the plaintiff's] collective references to "the Defendants" or "Defendant Officers" does not automatically defeat his claims," the plaintiff in *Bledsoe* used these references in the headings for each specific count and then made specific allegations in the body of each count. *See Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022). In contrast, Plaintiff uses collective terms throughout the majority of his Complaint, creating vagueness and ambiguity that was not present in *Bledsoe.*

There are eighteen defendants remaining in this case. Including Cahill in the "Defendants" subgroup means referring to Cahill with effectively every party involved (including prosecutors, public entities, and local law enforcement officers) in this case is insufficient to provide Cahill with "fair notice as to the basis of the claims against him…." *Bledsoe*, 53 F.4th at 607 (quoting *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)). While "Defendants authoring the Affidavit" is somewhat more refined, this term encompasses nine separate defendants including two prosecutors, two CBI agents, three officers, and two FBI agents along with "other Defendants and co-conspirators whose identities are not known to Mr. Morphew at this time." (Compl. at ¶ 140.) "CBI Defendants" includes eight other CBI agents. (*Id.* at ¶ 32.)

---

[1] Plaintiff also cites *Briggs v. Johnson,* 274 F . App'x 730, 736 (10th Cir. 2008) for the proposition that collective allegations are sufficiently specific. (Response at p. 3.) However, this case did not examine the applicability of collective allegations and the Tenth Circuit did not make any findings regarding whether collective allegations were sufficient in that case. Further, the collective use of "Defendants" in that case referred to three employees of the Oklahoma Department of Human Services, which is a much more limited subgroup than the ones employed by Plaintiff.

3

Further, Plaintiff's assertion that the Complaint provides adequate notice to Cahill when read "in tandem with [Morphew's] factual allegations elsewhere in the complaint" is insufficient to provide adequate notice. Plaintiff is obligated to identify what each individual defendant did. Failure to do so results in the failure of the claims. *Matthews v. Bergdorf,* 889 F.3d 1136, 1144 (10th Cir. 2018) (quoting *Robbins v. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

### B. Malicious Prosecution

#### i. Probable Cause

In his Response, Plaintiff repeated approximately thirty allegations from his Complaint that purportedly show various false statements and omissions made mostly by the "Defendants authoring the Arrest Affidavit." (Response at p. 5–8.) Cahill has already discussed the impermissible ambiguity and vagueness of these allegations in his Motion. Cahill also discussed various factual allegations that support a finding of probable cause, which Plaintiff entirely failed to address in his Response.

In determining whether an officer had probable cause for an arrest, courts examine the events "leading up to the arrest," and determine whether these "historical facts," from the point of view of an "objectively reasonable officer, amount to probable cause." *D.C. v. Wesby*, 138 S. Ct. 577, 586 (2018). These "historical" facts amount to probable cause if they are sufficient to warrant a person of "reasonable caution" to believe an offense "has been or is being committed." *Hinkle v. Beckham Cnty. Bd. of Cnty. Commissioners*, 962 F.3d 1204, 1220 (10th Cir. 2020).

4

Here, the Arrest Affidavit contains both direct and circumstantial evidence supporting adequate probable cause for the arrest. A year's worth of investigation by dozens of investigators led to the 129-page Arrest Affidavit and the criminal court determined that this was sufficient to allow that proceeding to continue.

### ii. Malice

Plaintiff alleges that Cahill's opposition to Plaintiff's arrest somehow makes him more culpable on this claim. (Response at p. 9). Plaintiff also now alleges that Cahill chose "an ineffective means of voicing his objections" and that malice should be inferred regardless of Cahill's clear objections. (*Id.* at p. 11.) As Plaintiff alleged in his Complaint, Cahill raised his concerns regarding potential deficiencies in the Arrest Affidavit to the head of the Major Crimes Division at CBI. (Compl. ¶¶ 125–126.) It is unclear what steps Cahill could have taken aside from bringing his concerns to his superiors. Further, the Chaffee County Sheriff's Department, not the CBI, arrested Plaintiff. (Id. at ¶ 790). The Chaffee County Sherriff's Department did so in spite of Cahill and other CBI officials' concerns regarding the timing of the arrest. (*Id.* at ¶¶ 126–129.) Raising concerns about the timing of the arrest and the decision to arrest Plaintiff is inapposite to a finding that Cahill acted with malice towards Plaintiff. Without a showing of malice against Plaintiff by Cahill, he has not alleged a constitutional violation and this claim must be dismissed.

### C. Plaintiff Failed to State a Claim for Fabrication of Evidence (Claim 2)

Plaintiff's claim for fabrication of evidence is based on the alleged fabrication of the "pushpin map" by the "Defendants authoring the Arrest Affidavit" and the use of that fabricated map to cause Plaintiff's continued prosecution. (Motion at p. 19.)

5

However, Plaintiff never identifies specific conduct by Cahill that would show he (1) knowingly fabricated evidence, (2) the fabricated evidence was used against Plaintiff, or that (3) the use of the fabricated evidence deprived Plaintiff of liberty. *See Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) (citing *Warnick v. Cooley*, 895 F.3d 746, 753 (10th Cir. 2018)).

Plaintiff did not address whether Cahill knowingly fabricated evidence in violation of Plaintiff's constitutional rights. *See id.* As discussed in Section II.A, Plaintiff groups Cahill in with the "Defendants authoring the Arrest Affidavit" or just "Defendants" when discussing the pushpin map. (*See* Compl. at ¶¶ 214 – 52.)*Est. of Roemer v. Johnson*, 764 F. App'x 784, 790 n.5 (10th Cir. 2019) (a plaintiff's use of this tactic "will trigger swift and certain dismissal.") The only specific allegations involving Cahill are that Cahill was told that some of the data used to create the pushpin map may have been unreliable. (*Id.* at ¶¶ 227, 236.) Without more, Plaintiff has not sufficiently alleged a constitutional violation.

### D. Plaintiff Failed to State a Claim for Deprivation of Due Process Based on Allegedly False, Misleading, or Omitted Exculpatory Statements in the Arrest Warrant Affidavit (*Franks* Claim) (Claim 3)

With respect to the *Franks* claim, Plaintiff alleges that he is not obligated to "detail in the complaint which paragraphs or sentences would be redacted and what material would be added." Response at p. 14. Plaintiff fails to address Cahill's main point, that Plaintiff failed to meet the pleading requirements for a *Franks* claim by alleging that (1) the affiant included false statements in support or omitted information from an affidavit; (2) the affiant acted knowingly or with reckless disregard for the truth; and (3) if the false

6

information were omitted, or if the omitted information were included, the warrant would not have issued. *Kapinski v. City of Albuquerque*, 964 F.3d 900, 905 (10th Cir. 2020) (citing *Franks*, 438 U.S. 154, 171 (1978)). There is no allegation that Cahill authored or signed the affidavit, nor does the Complaint plausibly allege that Cahill was responsible for including any particular allegedly false evidence or omitting supposedly exculpatory evidence. Therefore, Plaintiff failed to allege sufficient facts against Cahill to satisfy the first two elements needed to prove a constitutional violation. Further, as previously discussed, there was sufficient probable cause to support the underlying arrest based on various factual allegations in the Complaint that Plaintiff does not address in his Response. Additionally, the inclusion of the alleged exculpatory information does not serve to negate probable cause for Plaintiff's arrest given the extensive 129-page Arrest Affidavit.

### E.  Plaintiff Failed to State a Claim for Conspiracy (Claim 4)

Cahill reiterates his position that Plaintiff has not sufficiently alleged that Cahill committed an underlying constitutional violation that would support Plaintiff's conspiracy claim. Plaintiff cannot state a plausible claim for malicious prosecution, fabrication of evidence, or false and/or misleading information in the Arrest Affidavit that would provide the necessary underlying constitutional violation to support a conspiracy claim.

Further, "conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Bledsoe*, 53 F.4th at 609 (citing *Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021)). Plaintiff failed to allege specific facts showing an agreement and concerted

7

action among any defendants but especially Cahill. He generally alleges that the defendants worked together and shared information (Compl. ¶ 781) but fails to explain how these actions are anything more than standard collaboration among investigators doing their jobs. Simply stating that working together amounted to a conspiracy is not sufficient to show the existence of an agreement to pursue or concerted action taken to advance any conspiracy. As such, Cahill is entitled to qualified immunity against Plaintiff's conspiracy claim.

### F. Plaintiff Cannot Show a Clearly Established Right to Support a Failure to Intervene Claim (Claim 6) or Reckless Investigation Claim

#### i. Clearly Established Law, Generally

The constitutional right at issue must be defined "at the appropriate level of specificity." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). A plaintiff "must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity. *Id.* (citing *Pueblo Neighborhood Health Ctrs. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988)).

#### ii. Failure to Intervene

Plaintiff misstates the holding in *Bledsoe* regarding whether a failure to intervene claim was clearly established in 2022. It is true that the Tenth Circuit noted that failure to intervene claims could extend to non-excessive force contexts based on precedent from

8

other Circuits and used this reasoning to find that the plaintiff adequately alleged a violation of his constitutional rights to fulfill the first prong of the qualified immunity analysis. *Bledsoe v. Carreno*, 53 F.4th 589, 616–17 (10th Cir. 2022). However, the Tenth Circuit also held that at the time of the alleged constitutional violation, a failure to intervene claim was not clearly established. *Id.* at 617. *See also Shaw v. Schulte*, 36 F.4th 10006, 1020 – 21 (10th Cir. 2022) (holding that the general proposition that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence described in *Vondrak v. City of Las Cruces,* 535 F.3d 1198, 1210 (10th Cir. 2008), was made in the excessive force context and did not constitute a clearly established right in the search and seizure context as of the time of the alleged constitutional violation.) The Tenth Circuit noted that the plaintiff in *Bledsoe* did not argue that the alleged constitutional violation was obvious, but this issue was not dispositive in its decision as Plaintiff suggests in his Response.

Here, Plaintiff cannot show that this claim was clearly established in 2020, 2021, or early 2022 such that it would negate Cahill's qualified immunity defense. Further, Plaintiff does not provide any support for his allegation that the instant case constitutes an "obvious" example of a clearly established right. Accordingly, cannot establish the second prong of the qualified immunity analysis and his sixth claim should be dismissed.

### G. Reckless Investigation

In response to Cahill's assertion that the Tenth Circuit has not recognized the viability of a claim for reckless investigation, Plaintiff cites *Murphy v. City of Tulsa* for the

9

proposition that the Tenth Circuit would hypothetically agree with the Eighth Circuit's position that a reckless investigation could rise to the level of a violation of due process. Response at p. 18. *See also In Murphy v. City of Tulsa*, 2018 WL 4088071, at *11 n. 17 (N.D. Okla. Aug. 27, 2018). However, Plaintiff completely ignores another case, decided about a week before *Murphy*, that reasoned that the Eighth Circuit was the only court that recognized this type of claim and did not make any statement supporting such a theory. *See Parker v. City of Tulsa,* 745 Fed. Appx. 79, 83 at n. 1 (10th Cir. 2018) ("As far as this court can tell, the Eighth Circuit stands alone in recognizing the existence of such a cause of action.") Regardless, Eighth Circuit precedent is not binding on this Court and should not be the basis for finding a "clearly established right" for qualified immunity purposes. *See Ullery v. Bradley*, 949 F.3d 1282, 1291, 1294 (10th Cir. 2020) ("Clearly established" precedent consists of either a Supreme Court decision, a binding circuit decision, or lacking either of these, a "consensus of cases of persuasive authority" from other jurisdictions).

Cahill also disputes Plaintiff's allegation that "The Tenth Circuit long ago recognized a due process claim for reckless investigation in the post-arrest context in *Romero v. Fay*. (Response at p. 18.) There, the Tenth Circuit did not reach the issue of whether the plaintiff had carried his burden of showing that he had a clearly established right to a reasonable post-arrest investigation because it found that the plaintiff failed to allege any conduct that amounted to a constitutional violation. *Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995). Accordingly, the requirement that a plaintiff asserts facts that, at a minimum, demonstrate [d]defendants acted with deliberate or reckless intent" goes

10

to whether a constitutional violation occurred, not whether such a right is clearly established in this Circuit. *Id.*

Even under *Romero*, Plaintiff has not alleged sufficient facts to support such a claim. Plaintiff did not allege that Cahill intentionally or recklessly failed to follow up on leads or investigate potential witnesses beyond a conclusory statement that he did not take these actions, nor does he attempt to explain his failure to do so in his Response. Moreover, "the mere negligent failure to investigate, such as failing to follow up on additional leads, does not violate due process." *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012) (citing *Amrine v. Brooks*, 522 F.3d 823, 833–34 (8th Cir.2008)). Thus, this Court should dismiss Plaintiff's claim for reckless investigation because Cahill is entitled to qualified immunity on that claim.

DATED this 26th day of April 2024.

                                       Respectfully submitted,

                                       **OVERTURF McGATH**
                                       **& HULL, P.C.**

By  *s/ Scott A. Neckers*
       Scott A. Neckers
       Robert I. Lapidow
       Sarah A. Thomas
       Overturf McGath & Hull, P.C.
       625 East Sixteenth Avenue, Suite 100
       Denver, Colorado 80203
       Tel: (303)860-2848
       Fax: (303) 860-2869
       san@omhlaw.com
       rl@omhlaw.com
       sat@omhlaw.com
       *Attorneys for Defendant Joseph Cahill*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2024, I electronically filed the foregoing **DEFENDANT JOSEPH CAHILL'S REPLY IN SUPPORT OF HIS FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS [DKT. 98]** with the Clerk of Court using the CM/ECF system with service as follows:

| | |
|---|---|
| Jane Fisher-Byrialsen<br>David Fisher<br>Fisher & Byrialsen, PLLC<br>4600 South Syracuse St., 9th Floor,<br>Denver, Colorado 80237<br>(303) 256-6345<br>Jane@FBlaw.org<br>*Attorneys or Plaintiff Barry Lee Morphew* | Hollis Whitson<br>Eric Samler<br>Samler and Whitson, PC<br>1600 Stout Street, Suite 1400<br>Denver, CO 80202<br>(303) 670-0575<br>Hollis@SamlerandWhitson.com<br>*Attorneys or Plaintiff Barry Lee Morphew* |
| Iris Eytan<br>Eytan Law<br>2701 Lawrence St, Ste 108<br>Denver, CO 80205<br>(720) 440-8155<br>iris@eytanlawfirm.com<br>*Attorneys or Plaintiff Barry Lee Morphew* | William T. O'Connell III<br>Wells, Anderson & Race, LLC<br>1700 Broadway, Suite 900<br>Denver, CO 80290<br>(303) 830-1212<br>woconnell@warllc.com<br>*Attorney for Defendants Alex Walker and Jeffrey Lindsey* |
| Nicholas C. Poppe<br>J. Andrew Nathan<br>NATHAN DUMM & MAYER P. C.<br>7900 E. Union Avenue, Suite 600<br>Denver, CO 80237-2776<br>(303) 691-3737<br>NPoppe@ndm-law.com<br>Anathan@ndm-law.com<br>*Attorneys for Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Colorado, Chaffee County Sheriff's Department, Chaffee County Sheriff John Spezze, and Chaffee County Undersheriff Andrew Rohrich* | Jennifer H. Hunt<br>Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6215<br>jennifer.hunt@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and* |

13

|  |  |
|---|---|
|  | *Colorado Bureau of Investigation Agent Derek Graham* |
| Dmitry B. Vilner<br>Assistant Attorney General II<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6645<br>dmitry.vilner@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* | Kathleen L. Spalding<br>Senior Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6000<br>kit.spalding@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* |
| Andrew R. McLetchie<br>Rachel L. Bradley<br>Eden R. Rolland<br>Fowler, Schimberg, Flanagan & McLetchie, P.C.<br>350 Indiana Street, Suite 601<br>Golden, CO 80401<br>(303) 298-8603<br>a_mcletchie@fsf-law.com<br>r_bradley@fsf-law.com<br>e_rolland@fsf-law.com<br>*Attorneys for Defendant Scott Himschoot* | Eric M. Ziporin<br>Jonathan N. Eddy<br>Courtney B. Kramer<br>SGR, LLC 3900 East Mexico Avenue, Suite 700<br>Denver, CO 80210<br>(303) 320-0509<br>eziporin@sgrllc.com<br>jeddy@sgrllc.com<br>ckramer@sgrllc.com<br>*Attorneys for Defendant Mark Hurlbert* |

| | |
|---|---|
| Leslie L. Schluter<br>DAGNER \| SCHLUTER \| WERBER LLC<br>8400 East Prentice, Suite 1401<br>Greenwood Village, CO 80111<br>(303) 221-4661<br>lschluter@lawincolorado.com<br>*Attorneys for Defendant Linda Stanley* | |

*s/Jessica Pringle*

15