IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-01108-DDD-JPO

BARRY MORPHEW,

    Plaintiff,

v.

Chaffee County, Colorado,
Board of County Commissioners of Chaffee County, Colorado,
Chaffee County Sheriff's Department,
District Attorney Linda Stanley, in her individual and official capacity,
Chaffee County Sheriff John Spezze, in his individual and official capacity,
Chaffee County Undersheriff Andrew Rohrich,
Eleventh Judicial District Attorney's Office Investigator Alex Walker,
Deputy District Attorney Jeffrey Lindsey,
Deputy District Attorney Mark Hurlbert,
Chaffee County Sheriff's Detective Robin Burgess,
Chaffee County Sheriff's Deputy Randy Carricato,
Chaffee County Sheriff's Deputy Scott Himschoot,
Chaffee County Sheriff's Sergeant William Plackner,
Colorado Bureau of Investigation Director John Camper,
Colorado Bureau of Investigation Agent Joseph Cahill,
Colorado Bureau of Investigation Agent Megan Duge,
Colorado Bureau of Investigation Agent Caitlin Rogers,
Colorado Bureau of Investigation Agent Derek Graham,
Colorado Bureau of Investigation Agent Kevin Koback,
Colorado Bureau of Investigation Agent Kirby Lewis,
Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer,

    Defendants.

---

## DEFENDANT STANLEY'S REPLY IN SUPPORT OF HER MOTION TO DISMISS
### [Doc. 87]

---

    Defendant District Attorney Linda Stanley replies to the plaintiff's response [Doc. 129] to her motion to dismiss [Doc. 87]:

A. **Eleventh Amendment bars claims against the District Attorney in official capacity.**

Plaintiff concedes DA Stanley's motion with respect to Eleventh Amendment immunity with respect to damages, but argues that it does not bar his claims for injunctive and prospective relief. Resp. p. 5 [Doc. 129]. The undersigned conducted a word search on the complaint and was not able to find any claim for prospective or injunctive relief against the District Attorney. The word "injunctive" appears only in reference to her request for relief against the Sheriff's Office.

B. **District Attorney Stanley is Entitled to Absolute Prosecutorial Immunity.**

Plaintiff begins this section of her response with what amounts to a policy argument against prosecutorial immunity, but her argument is not consonant with the U.S. Supreme Court's decision to apply the doctrine in section § 1983 litigation. Resp. p. 6 [Doc. 129]. *See Imbler v. Pachtman*, 424 U.S. 409, 424-429 (1976). In *Imbler,* the Court provided an extensive discussion of its rationale, beginning with the observation, "If a prosecutor had only a qualified immunity, the threat of 1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. . . ." ending pages later with, "These checks undermine the argument that the imposition of civil liability is the only way to insure that prosecutors are mindful of the constitutional rights of persons accused of crime." *Imbler*, 424 U.S. at 424-429.

Plaintiff argues that absolute immunity "is often unsolvable until the summary judgment stage" (Resp. p. 6 [Doc. 129]), but this assertion conflicts with the Supreme Court's rationale for adoption of this level of immunity explained in *Imbler,* 424 U.S. at 424-429. In addition, plaintiff's pronouncement is not a supported approach, as evidenced in recent Tenth Circuit

decisions. *See, e.g., Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1203 (10th Cir. 2022), *cert. denied sub nom. San Juan Cnty., Utah v. Chilcoat*, 143 S. Ct. 1748 (2023); *Daniels v. USAO UT Dist*, No. 23-4049, 2023 WL 4115986, at *2 (10th Cir. June 22, 2023); *Clark v. Murch*, No. 22-1330, 2023 WL 5012096, at *5 (10th Cir. Aug. 7, 2023); *DeLia v. U.S. Dep't of Just.*, No. 21-5047, 2021 WL 4258758, at *1 (10th Cir. Sept. 20, 2021).

Plaintiff's allegations against DA Stanley relate to her role as advocate for the state. *See* Stanley Mot. to Dismiss, Doc. 87, pp. 5-6. Plaintiff's characterizations in his response aside, the non-conclusory fact assertions in his complaint are "intimately associated with the judicial phase of the criminal process," including "initiating a prosecution" and "presenting the State's case." *Imbler*, 424 U.S. at 430-31. The allegation against DA Stanley prior the filing of charges is that she reviewed and approved the arrest warrant affidavit. This conduct is intimately associated with the judicial phase and directly linked to initiating a prosecution. Where a prosecutor is involved in drafting, reviewing, or approving an arrest warrant affidavit or charging document, she acts as an advocate and is protected by absolute immunity. *Kalina*, 522 U.S. at 129-30 (prosecutor functioned as advocate in submitting unsworn information and unsworn motion for arrest warrant).

With respect to the plaintiff's response on the issue of "supervision and training" [Resp. Doc. 129, p. 8], it is helpful to return to what the plaintiff actually pled on this topic. His allegations appear in sweeping conclusory language against groups of defendants. Compl. ¶¶ 955, 956. They are conclusory statements, not well-pled facts, and are not appropriately viewed as overcoming prosecutorial immunity.

3

**C.    Qualified immunity.**

Plaintiff responds to DA Stanley's alternative request for qualified immunity by arguing that his accusations against groups adequately identify what conduct he alleges against her. Resp. pp. 11-12 [Doc. 129]. This argument does not accord with *Robbins v. Oklahoma*, 519 F.3d 1242, 1249- 50 (10th Cir. 2008). Given constraints of time and for efficiency, DA Stanley joins in the responses submitted by Deputy DAs Lindsey and Hurlbert. Lindsey Reply pp. 3-8 [Doc. 147]; Hurlbert Reply pp. 3-8 [Doc. 149].

Respectfully submitted,

By  s/*Leslie L. Schluter*
    Leslie L. Schluter
    DAGNER | SCHLUTER | WERBER LLC
    8400 East Prentice, Suite 1401
    Greenwood Village, CO 80111
    Telephone: (303) 221-4661
    Fax: (303) 221-4594
    E-mail:  lschluter@lawincolorado.com

Attorneys For Defendant
District Attorney Linda Stanley

**TYPE-VOLUME CERTIFICATION**
I hereby certify that the foregoing reply complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

4

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 3, 2024, I electronically filed the foregoing **DEFENDANT STANLEY'S REPLY IN SUPPORT OF HER MOTION TO DISMISS [Doc. 87]** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jane Holse Fisher-Byrialsen, Esq.
David Nathan Fisher, Esq.
Fisher & Byrialsen PLLC
jane@fblaw.org
david@fblaw.org

Iris Eytan, Esq.
Eytan Law LLC
iris@eytanlawfirm.com

Eric M. Ziporin, Esq.
Jonathan N. Eddy, Esq.
Courtney B. Kramer, Esq.
SGR, LLC
eziporin@sgrllc.com
jeddy@sgrllc.com
ckramer@sgrllc.com

Andrew R. McLetchie, Esq.
Rachel L. Bradley, Esq.
Eden R. Rolland, Esq.
Fowler Schimberg & Flanagan, P.C.
a_mcletchie@fsf-law.com
r_bradley@fsf-law.com
e_rolland@fsf-law.com

Robert I. Lapidow, Esq.
Sarah A. Thomas, Esq.
Scott A. Neckers, Esq.
Overturf McGath & Hull, P.C.
rl@omhlaw.com
sat@omhlaw.com
san@omhlaw.com

Hollis Ann Whitson, Esq.
Samler & Whitson, P.C.
hollis.whitson@gmail.com

J. Andrew Nathan, Esq.
Nicholas Christaan Poppe, Esq.
Nathan Dumm & Mayer PC
anathan@ndm-law.com
npoppe@ndm-law.com

William Thomas O'Connell, III, Esq.
Wells Anderson & Race, LLC
woconnell@warllc.com

Dmitry B. Vilner, Esq.
Jennifer H. Hunt, Esq.
Kathleen L. Spalding, Esq.
Colorado Attorney General's Office
Dmitry.Vilner@coag.gov
Jennifer.Hunt@coag.gov
Kit.Spalding@coag.gov

s/*Marisa Showalter*
Paralegal