IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-01108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

V.

CHAFFEE COUNTY, COLORADO, et al.,

    Defendants.

_____

### SECOND SUPPLEMENT TO RESPONSES TO MOTIONS TO DISMISS
_____

On August 21, 2024 the Court convened a hearing on the Defendant's Motions to Dismiss (Dkt Nos. 87, 94, 95, 97, 98, 104, 108). After the hearing, a pertinent ruling was issued that would have been attached to Mr. Morphew's responses had it been available: Cuervo v. Sorenson, No. 22-1387, 2024 WL 3997268 (10th Cir. Aug. 30, 2024) (reversing Judge Martinez's grant of motions to dismiss in a Section 1983 lawsuit).  On pages 9-10 of the Slip Opinion (p. *4 of the Westlaw edition), the Tenth Circuit states:

> Defendants claim Plaintiff's allegations are insufficient because she copied and pasted identical allegations of conduct for each defendant. But Defendants point to no rule—and we find none—stating that a party cannot sue multiple defendants for the same wrongful conduct.[5] And Plaintiff did not merely allege general conduct by "Defendants." Instead, she pleaded each defendant's conduct in a separate paragraph, alleging that each defendant acted by *participating*, *entering* and *searching*, and *aiding* and *abetting*. See *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 489, 143 S.Ct. 1206, 215 L.Ed.2d 444 (2023) (holding that aiding and abetting involves culpable conduct by the individual and does not merely rely on the wrong acts of another). These allegations provided each defendant with "fair notice as to the basis of the claims against him or her" because they made clear "exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). So, limiting our review to the documents properly before us, we conclude that Plaintiff plausibly alleged individual action by each defendant.

The Tenth Circuit adds: "we do not find Plaintiff's identical allegations suspect—especially in the absence of discovery allowing her to more specifically describe each defendant's purported conduct." (*Id*., footnote 5).

Respectfully submitted this 16th day of September, 2024.

**FISHER & BYRIALSEN, P.L.L.C.**

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: 303-256-6345
E-Mail: Jane@FBLaw.org

Attorney for Plaintiff Barry Morphew

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing supplement was electronically filed on Sept. 16, 2024, using the CM/ECF system and served on all counsel of record.

/s/*Jane Byrialsen*