ALLMTN,APPEAL,JD1,MJ CIV PP,TERMED

# U.S. District Court – District of Colorado
## District of Colorado (Denver)
## CIVIL DOCKET FOR CASE #: <u>1:23–cv–01108–DDD–JPO</u>

Morphew v. Chaffee County et al

Assigned to: Judge Daniel D. Domenico

Referred to: Magistrate Judge James P. O'Hara

Demand: $15,000,000

Cause: 42:1983 Civil Rights Act

Date Filed: 05/02/2023

Date Terminated: 09/24/2024

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Barry Morphew**                    represented by    **Jane Holse Fisher–Byrialsen**
Fisher & Byrialsen PLLC
4600 South Syracuse Street
9th Floor
Denver, CO 80237
303–256–6345
Fax: 303–954–0573
Email: jane@fblaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Nathan Fisher**
Fisher & Byrialsen PLLC
4600 South Syracuse Street
9th Floor
Denver, CO 80237
303–256–6345
Email: david@fblaw.org
*ATTORNEY TO BE NOTICED*

**Hollis Ann Whitson**
Samler & Whitson, P.C.
1600 Stout Street
Suite 1400
Denver, CO 80202
303–670–0575
Fax: 303–534–5721
Email: hollis.whitson@gmail.com
*ATTORNEY TO BE NOTICED*

**Iris Eytan**
Eytan Law LLC
2701 Lawrence Street
Suite 108
Denver, CO 80205
720–440–8155
Fax: 720–440–8156
Email: iris@eytanlawfirm.com

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Chaffee County**<br>*Colorado* | represented by | **J. Andrew Nathan**<br>Nathan Dumm & Mayer PC<br>7900 East Union Avenue<br>Denver Corporate Center III<br>Suite 600<br>Denver, CO 80237–2776<br>303–691–3737<br>Fax: 303–757–5106<br>Email: anathan@ndm–law.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicholas Christaan Poppe**<br>Nathan Dumm & Mayer PC<br>7900 East Union Avenue<br>Denver Corporate Center III<br>Suite 600<br>Denver, CO 80237–2776<br>303–691–3737<br>Email: npoppe@ndm–law.com<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Board of County Commissioners of Chaffee County**<br>*Colorado* | represented by | **J. Andrew Nathan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicholas Christaan Poppe**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Chafee County Sheriff's Department** | represented by | **J. Andrew Nathan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicholas Christaan Poppe**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Linda (I) Stanley**<br>*in her individual capacity* | represented by | **Eric Michael Ziporin**<br>SGR, LLC<br>3900 East Mexico Avenue<br>Suite 700<br>Denver, CO 80210 |

303–320–0509
Fax: 303–320–0210
Email: eziporin@sgrllc.com
*TERMINATED: 08/25/2023*

**Jonathan N. Eddy**
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303–320–0509
Email: jeddy@sgrllc.com
*TERMINATED: 08/25/2023*

**Leslie L. Schluter**
Dagner Schluter Werber LLC
8400 East Prentice Avenue
Suite 1401
Greenwood Village, CO 80111
303–221–4661
Fax: 303–221–4594
Email: lschluter@lawincolorado.com
*ATTORNEY TO BE NOTICED*

**Sophia Fernald**
Dagner Schluter Werber LLC
8400 East Prentice Avenue
Suite 1401
Greenwood Village, CO 80111
303–221–4661
Email: sophia.fernald@denvergov.org
*TERMINATED: 11/20/2023*

**Defendant**

| | | |
|---|---|---|
| **Linda Stanley** | represented by | **Eric Michael Ziporin** |
| *District Attorney, in her official capacity* | | (See above for address) |
| | | *TERMINATED: 08/25/2023* |

**Jonathan N. Eddy**
(See above for address)
*TERMINATED: 08/25/2023*

**Leslie L. Schluter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sophia Fernald**
(See above for address)
*TERMINATED: 11/20/2023*

**Defendant**

**John Spezze**
*Chaffee County Sheriff, in his official capacity*

represented by **J. Andrew Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Christaan Poppe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alex Walker**
*Eleventh Judicial District Attorney's Office Investigator*

represented by **William Thomas O'Connell , III**
Wells Anderson & Race, LLC
1700 Broadway
Suite 900
Denver, CO 80290
303–830–1212
Fax: 303–830–0898
Email: woconnell@warllc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Lindsey**
*Deputy District Attorney*

represented by **William Thomas O'Connell , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Hurlbert**
*Deputy District Attorney*

represented by **Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue
Suite 700
Denver, CO 80210
303–320–0509
Fax: 303–320–0210
Email: ckramer@sgrllc.com
*ATTORNEY TO BE NOTICED*

**Eric Michael Ziporin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan N. Eddy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robin Burgess**
*Chaffee County Sheriff's Detective*
*TERMINATED: 10/25/2023*

represented by **J. Andrew Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Christaan Poppe**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**Randy Carricato**
*Chaffee County Sheriff's Deputy*
*TERMINATED: 10/25/2023*

represented by  **J. Andrew Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Christaan Poppe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Claudette Hysjulien**
*Chaffee County Sheriffs Sergeant*
*TERMINATED: 04/17/2024*

represented by  **Andrew R. McLetchie**
Fowler Schimberg & Flanagan, P.C.
350 Indiana Street
Suite 850
Golden, CO 80401
303−298−8603
Fax: 303−298−8748
Email: a_mcletchie@fsf−law.com
*ATTORNEY TO BE NOTICED*

**Eden R. Rolland**
Fowler Schimberg & Flanagan, P.C.
350 Indiana Street
Suite 850
Golden, CO 80401
303−298−8603
Fax: 303−298−8748
Email: e_rolland@fsf−law.com
*ATTORNEY TO BE NOTICED*

**Rachel Lisotta Bradley**
Fowler Schimberg & Flanagan, P.C.
350 Indiana Street
Suite 850
Golden, CO 80401
720−473−5948
Email: r_bradley@fsf−law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Plackner**
*Chaffee County Sheriff's Sergeant*
*TERMINATED: 10/25/2023*

represented by  **J. Andrew Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Christaan Poppe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Andrew Rohrich**<br>*Chaffee County Undersheriff* | represented by | **J. Andrew Nathan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Nicholas Christaan Poppe**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **John Camper**<br>*Colorado Bureau of Investigation*<br>*Director* | represented by | **Dmitry B. Vilner**<br>Colorado Attorney General's Office<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>720−508−6645<br>Email: Dmitry.Vilner@coag.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **Jennifer H. Hunt**<br>Colorado Attorney General's Office<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>720−508−6215<br>Email: jennifer.hunt@coag.gov<br>*ATTORNEY TO BE NOTICED* |
| | | **Kathleen L. Spalding**<br>Colorado Attorney General's Office<br>Ralph L. Carr Colorado Judicial Center<br>1300 Broadway<br>Denver, CO 80203<br>720−508−6000<br>Fax: 720−508−6032<br>Email: kit.spalding@coag.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Scott Himschoot**<br>*Chaffee County Sheriff's Deputy* | represented by | **Andrew R. McLetchie**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Eden R. Rolland**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Rachel Lisotta Bradley**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

**John (I) Spezze**
*in his individual capacity*

represented by **J. Andrew Nathan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas Christaan Poppe**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Cahill**
*Colorado Bureau of Investigation Agent*

represented by **Robert Ian Lapidow**
Overturf McGath & Hull, P.C.
625 East 16th Avenue
Suite 100
Denver, CO 80203
303−860−2848
Fax: 303−866−9488
Email: rl@omhlaw.com
*ATTORNEY TO BE NOTICED*

**Sarah Anne Thomas**
Overturf McGath & Hull, P.C.
625 East 16th Avenue
Suite 100
Denver, CO 80203
303−860−2848
Email: sat@omhlaw.com
*ATTORNEY TO BE NOTICED*

**Scott Aaron Neckers**
Overturf McGath & Hull, P.C.
625 East 16th Avenue
Suite 100
Denver, CO 80203
303−860−2848
Fax: 303−860−2869
Email: san@omhlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Megan Duge**
*Colorado Bureau of Investigation Agent*

represented by **Dmitry B. Vilner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jennifer H. Hunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen L. Spalding**
(See above for address)
*ATTORNEY TO BE NOTICED*

7

**Defendant**

**Caitlin Rogers**                        represented by    **Dmitry B. Vilner**
*Colorado Bureau of Investigation Agent*                   (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer H. Hunt**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kathleen L. Spalding**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Derek Graham**                         represented by    **Dmitry B. Vilner**
*Colorado Bureau of Investigation Agent*                   (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer H. Hunt**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kathleen L. Spalding**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin Koback**                         represented by    **Dmitry B. Vilner**
*Colorado Bureau of Investigation Agent*                   (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer H. Hunt**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kathleen L. Spalding**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Kirby Lewis**                          represented by    **Dmitry B. Vilner**
*Colorado Bureau of Investigation Agent*                   (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Jennifer H. Hunt**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Kathleen L. Spalding**
                                                           (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Chris Schaefer** | represented by | **Dmitry B. Vilner** |
| *Colorado Bureau of Investigations* | | (See above for address) |
| *Deputy Director of Investigations* | | *ATTORNEY TO BE NOTICED* |

**Jennifer H. Hunt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen L. Spalding**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Jonathan Grusing** | represented by | **Reginald M. Skinner** |
| *Federal Bureau of Investigation Agent* | | U.S. Department of Justice |
| *TERMINATED: 03/27/2024* | | P.O. Box 7146 |

Ben Franklin Station
Washington, DC 20044–7146
202–616–3111
Fax: 202–616–4314
Email: reginald.m.skinner@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Kenneth Harris** | represented by | **Reginald M. Skinner** |
| *Federal Bureau of Investigation Agent;* | | (See above for address) |
| *John/Jane Does 1–10, and other* | | *ATTORNEY TO BE NOTICED* |
| *unknown employees of the Eleventh* | | |
| *Judicial District Attorney, and other* | | |
| *unknown officers of the Chaffee County* | | |
| *Sheriff's Department* | | |
| *TERMINATED: 03/27/2024* | | |

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2024 | 163 | NOTICE OF APPEAL as to 162 Clerk's Judgment,, 161 Order on Motion to Dismiss,,,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,, by Plaintiff Barry Morphew (Filing fee $ 605, Receipt Number ACODC–9949980) (Fisher–Byrialsen, Jane) (Entered: 10/24/2024) |
| 09/24/2024 | 162 | FINAL JUDGMENT by Clerk on 9/24/2024 in favor of Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, Chaffee County, Alex Walker, Andrew Rohrich, Caitlin Rogers, Chris Schaefer, Derek Graham, Jeffrey Lindsey, John Camper, John Spezze, John (I) Spezze, Joseph Cahill, Kevin Koback, Kirby Lewis, Linda Stanley, Linda (I) Stanley, Mark Hurlbert, Megan Duge, Scott Himschoot against Barry Morphew re: 161 Order on Motion to Dismiss, Order on Motion to Dismiss for Failure to State a Claim, entered by Judge Daniel D. |

| | | Domenico on 9/24/2024. (rkeec) (Entered: 09/24/2024) |
|---|---|---|
| 09/24/2024 | 161 | ORDER granting 87 Motion to Dismiss. Granting 94 Motion to Dismiss. Granting 95 Motion to Dismiss. Granting 97 Motion to Dismiss. Granting 98 Motion to Dismiss for Failure to State a Claim. Granting 104 Motion to Dismiss. Granting 108 Motion to Dismiss for Failure to State a Claim. All claims are DISMISSED WITHOUT PREJUDICE. SO ORDERED by Judge Daniel D. Domenico on 9/24/2024.(rkeec) (Entered: 09/24/2024) |
| 09/16/2024 | 160 | SUPPLEMENT/AMENDMENT to 130 Response to Motion, 129 Response to Motion, 132 Response to Motion, 134 Response to Motion, 137 Response to Motion, 136 Response to Motion, 135 Response to Motion *Second Supplement to Responses to Motions to Dismiss* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 09/16/2024) |
| 09/12/2024 | 159 | SUPPLEMENT/AMENDMENT to 129 Response to Motion, 134 Response to Motion, 137 Response to Motion, 135 Response to Motion, 130 Response to Motion, 132 Response to Motion, 136 Response to Motion *to Dismiss* by Plaintiff Barry Morphew. (Attachments: # 1 Exhibit People v Stanley Opinion)(Fisher–Byrialsen, Jane) (Entered: 09/12/2024) |
| 08/28/2024 | 158 | SUPPLEMENT/AMENDMENT to 130 Response to Motion, 129 Response to Motion, 132 Response to Motion, 134 Response to Motion, 137 Response to Motion, 136 Response to Motion, 135 Response to Motion *Notice of Supplemental Authority Re Response to Motions to Dismiss* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 08/28/2024) |
| 08/21/2024 | 157 | MINUTE ENTRY for proceedings held before Judge Daniel D. Domenico: Motion Hearing held on 8/21/2024. Taking under advisement 87 Motion to Dismiss. Taking under advisement 94 Motion to Dismiss. Taking under advisement 95 Motion to Dismiss. Taking under advisement 97 Motion to Dismiss. Taking under advisement 98 Motion to Dismiss for Failure to State a Claim. Taking under advisement 104 Motion to Dismiss. Taking under advisement 108 Motion to Dismiss for Failure to State a Claim. Court indicates that a written order shall follow. Court Reporter: Tammy Hoffschildt. (rkeec) (Entered: 08/21/2024) |
| 08/21/2024 | 156 | ORDER DENYING AS MOOT 109 Motion to Dismiss for Failure to State a Claim by Defendant Claudette Hysjulien in light of 148 Order Granting Stipulated Motion to Dismiss Defendant Hysjulien. By Judge Daniel D. Domenico on 8/21/2024. Text Only Entry (dddlc1, ) (Entered: 08/21/2024) |
| 07/19/2024 | 155 | ORDER Setting Hearing on Docs. 87 , 94 , 95 , 97 , 98 , 104 , 108 , and 109 . A two–hour motion hearing on the pending motions to dismiss is set for August 21, 2024 at 9:30 AM in Courtroom A1002 before Judge Daniel D. Domenico. SO ORDERED by Judge Daniel D. Domenico on 7/19/2024. Text Only Entry (dddlc9, ) (Entered: 07/19/2024) |
| 05/03/2024 | 154 | REPLY to Response to 87 MOTION to Dismiss filed by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 05/03/2024) |
| 05/03/2024 | 153 | REPLY to Response to 104 MOTION to Dismiss filed by Defendants Board of County Commissioners of Chaffee County, Chafee County Sheriff's Department, Chaffee County, Andrew Rohrich, John Spezze, John (I) Spezze. (Poppe, Nicholas) (Entered: 05/03/2024) |

| 05/03/2024 | 152 | REPLY to Response to 97 MOTION to Dismiss filed by Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris Schaefer. (Vilner, Dmitry) (Entered: 05/03/2024) |
| --- | --- | --- |
| 04/26/2024 | 151 | REPLY to Response to 108 MOTION to Dismiss for Failure to State a Claim filed by Defendant Scott Himschoot. (Rolland, Eden) (Entered: 04/26/2024) |
| 04/26/2024 | 150 | REPLY to Response to 98 MOTION to Dismiss for Failure to State a Claim filed by Defendant Joseph Cahill. (Neckers, Scott) (Entered: 04/26/2024) |
| 04/26/2024 | 149 | BRIEF in Support of 95 MOTION to Dismiss filed by Defendant Mark Hurlbert. (Eddy, Jonathan) (Entered: 04/26/2024) |
| 04/17/2024 | 148 | ORDER GRANTING 128 Stipulated Motion to Dismiss Defendant Hysjulien. All claims asserted by the plaintiff against Defendant Claudette Hysjulien are DISMISSED, with each party to bear its own fees and costs. SO ORDERED by Judge Daniel D. Domenico on 4/17/2024. Text Only Entry (dddlc1, ) (Entered: 04/17/2024) |
| 04/15/2024 | 147 | REPLY to Response to 94 MOTION to Dismiss filed by Defendants Jeffrey Lindsey, Alex Walker. (O'Connell, William) (Entered: 04/15/2024) |
| 04/10/2024 | 146 | ORDER granting motions: 142 MOTION for Extension of Time to File Response/Reply as to 104 MOTION to Dismiss 143 MOTION for Extension of Time to File Response/Reply as to 98 MOTION to Dismiss 144 MOTION for Extension of Time to File Response/Reply as to 87 MOTION to Dismiss 145 MOTION for Extension of Time to File Response/Reply as to 108 MOTION to Dismiss Defendants Cahill and Himschoot may file a Reply in Support of their Motions to Dismiss on or before April 26, 2024. Defendants Stanley, Chaffee County, Board of County Commissioners of Chaffee County, Chaffee County Sheriffs Department, Chaffee County Sheriff John Spezze, and Chaffee County Undersheriff Andrew Rohrich may file a Reply in Support of their Motions to Dismiss on or before May 3, 2024. SO ORDERED by Judge Daniel D. Domenico on 4/10/2024. Text Only Entry (dddlc9, ) (Entered: 04/10/2024) |
| 04/09/2024 | 145 | Unopposed MOTION for Extension of Time to File Response/Reply as to 108 MOTION to Dismiss for Failure to State a Claim by Defendant Scott Himschoot. (Rolland, Eden) (Entered: 04/09/2024) |
| 04/09/2024 | 144 | Unopposed MOTION for Extension of Time to File Response/Reply as to 87 MOTION to Dismiss by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 04/09/2024) |
| 04/09/2024 | 143 | Unopposed MOTION for Extension of Time to File Response/Reply as to 98 MOTION to Dismiss for Failure to State a Claim by Defendant Joseph Cahill. (Neckers, Scott) (Entered: 04/09/2024) |

| 04/09/2024 | 142 | Unopposed MOTION for Extension of Time to File Response/Reply as to 104 MOTION to Dismiss by Defendants Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, Chaffee County, Andrew Rohrich, John Spezze, John (I) Spezze. (Poppe, Nicholas) (Entered: 04/09/2024) |
|---|---|---|
| 04/08/2024 | 141 | ORDER granting 140 Motion for Extension of Time to File Response/Reply as to 97 MOTION to Dismiss. CBI Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, and Chris Schaefer may submit their Reply in Support of their Motion to Dismiss on or before May 3, 2024. SO ORDERED by Judge Daniel D. Domenico on 4/8/2024. Text Only Entry (dddlc9, ) (Entered: 04/08/2024) |
| 04/08/2024 | 140 | Unopposed MOTION for Extension of Time to File Response/Reply as to 97 MOTION to Dismiss by Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris Schaefer. (Vilner, Dmitry) (Entered: 04/08/2024) |
| 04/05/2024 | 139 | ORDER granting 138 Motion for Extension of Time to File. Defendant Hurlbert may submit a Reply in Support of his Motion to Dismiss any time on or before April 26, 2024. SO ORDERED by Judge Daniel D. Domenico on 4/5/2024. Text Only Entry (dddlc9, ) (Entered: 04/05/2024) |
| 04/04/2024 | 138 | Unopposed MOTION for Extension of Time to *Submit Reply* by Defendant Mark Hurlbert. (Eddy, Jonathan) (Entered: 04/04/2024) |
| 04/01/2024 | 137 | RESPONSE to 94 MOTION to Dismiss *Filed by Walker and Lindsey* filed by Plaintiff Barry Morphew. (Attachments: # 1 Amended Certificate of Service for Response to Motion to Dismiss Filed by Walker and Lindsey)(Fisher–Byrialsen, Jane) (Entered: 04/01/2024) |
| 04/01/2024 | 136 | RESPONSE to 97 MOTION to Dismiss *Filed by CBI Defendants* filed by Plaintiff Barry Morphew. (Attachments: # 1 Amended Certificate of Service for Response to Motion to Dismiss Filed by CBI Defendants)(Fisher–Byrialsen, Jane) (Entered: 04/01/2024) |
| 03/29/2024 | 135 | RESPONSE to 108 MOTION to Dismiss for Failure to State a Claim filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 134 | RESPONSE to 104 MOTION to Dismiss *by Chafee Count Defendants* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 133 | RESPONSE to 97 MOTION to Dismiss *to Dismiss by CBI Defendants* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 132 | RESPONSE to 95 MOTION to Dismiss *by Defendant Hurlburt* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 131 | RESPONSE to 94 MOTION to Dismiss *by Walker and Lindsey* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 130 | RESPONSE to 98 MOTION to Dismiss for Failure to State a Claim filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 129 | RESPONSE to 87 MOTION to Dismiss *Def. Stanely's Motion to Dismiss* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 128 | |

| | | Stipulated MOTION to Dismiss Party *Defendant Hysjulien* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/29/2024) |
|---|---|---|
| 03/27/2024 | 127 | ORDER GRANTING 124 Motion for Leave to File Excess Pages. Plaintiff's responses to the motions to dismiss at ECF Nos. 95, 104, 108, and 109 must not exceed 6,000 words each. Replies to any of those motions must not exceed 4,050 words for each reply absent further leave of court. SO ORDERED by Judge Daniel D. Domenico on 3/27/2024. Text Only Entry(dddlc3, ) (Entered: 03/27/2024) |
| 03/27/2024 | 126 | ORDER Dismissing Defendants Jonathan Grusing and Kenneth Harris. Pursuant to Plaintiff's 125 Stipulated Motion to Dismiss, the claims brought against Defendants Jonathan Grusing and Kenneth Harris only are dismissed with prejudice. Given the dismissal of those claims, Defendants Grusing's and Harris's 119 Motion to Dismiss is DENIED AS MOOT. SO ORDERED by Judge Daniel D. Domenico on 3/27/2024. Text Only Entry(dddlc3, ) (Entered: 03/27/2024) |
| 03/27/2024 | 125 | NOTICE of Voluntary Dismissal of Party *Stipulated Motion to Dismiss Defendants Grusing and Harris* by Plaintiff Barry Morphew (Fisher–Byrialsen, Jane) (Entered: 03/27/2024) |
| 03/26/2024 | 124 | First MOTION for Leave to File Excess Pages *Partially Unopposed Request for Additional Words In Response to Motions to Dismiss Filed by Defendants Mark Hurlbert Dkt 95 Chaffee County Defendants Dkt 104 Scott Himschoot Dkt 108 and Claudette Hysjulien Dkt 109* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 03/26/2024) |
| 02/05/2024 | 123 | NOTICE of Supplemental Authorities re: 119 MOTION to Dismiss by Defendants Jonathan Grusing, Kenneth Harris (Skinner, Reginald) (Entered: 02/05/2024) |
| 02/02/2024 | 122 | ORDER GRANTING 121 Motion for Extension of Time to File Response. All of Plaintiff's outstanding responses to the pending motions to dismiss must be filed on or before 3/29/2024, including the response to the motion to dismiss filed by Defendants Grusing and Harris. SO ORDERED by Judge Daniel D. Domenico on 2/2/2024. Text Only Entry(dddlc3, ) (Entered: 02/02/2024) |
| 01/30/2024 | 121 | Unopposed MOTION for Extension of Time to File Response/Reply as to 119 MOTION to Dismiss *to and Including March 29 2024* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 01/30/2024) |
| 01/24/2024 | 120 | **REASSIGNING MAGISTRATE JUDGE:** Due to the recent appointment of Magistrate Judge S. Kato Crews as a United States District Judge, this case is reassigned to visiting Magistrate Judge James P. O'Hara. All future pleadings should reference Magistrate Judge OHara at the end of the civil action number (such as 23–cv–01108–DDD–JPO). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained. Judge O'Hara's chambers can be reached at 913–735– 2287 and ksd_ohara_chambers@ksd.uscourts.gov. (Text only entry). (rvill, ) (Entered: 01/24/2024) |
| 01/16/2024 | 119 | MOTION to Dismiss by Defendants Jonathan Grusing, Kenneth Harris. (Attachments: # 1 Exhibit 1: Sept. 17, 2021 Prelim. Hearing Tr.)(Skinner, Reginald) (Entered: 01/16/2024) |
| 01/16/2024 | 118 | ORDER GRANTING 117 Motion for Leave to File Excess Pages. The FBI Defendants' motion to dismiss must not exceed 6,500 words. SO ORDERED by Judge Daniel D. Domenico on 1/16/2024. Text Only Entry(dddlc3, ) (Entered: |

| | | 01/16/2024) |
|---|---|---|
| 01/12/2024 | 117 | Unopposed MOTION for Leave to File Excess Pages by Defendants Jonathan Grusing, Kenneth Harris. (Skinner, Reginald) (Entered: 01/12/2024) |
| 12/21/2023 | 116 | ORDER GRANTING 115 Motion for Extension of Time to Answer or Otherwise Respond. Defendants Harris and Grusing must answer or otherwise respond to the operative complaint on or before 1/16/2024. Plaintiff's opposition to any motion to dismiss filed by Defendants Harris and Grusing must be filed within 21 days of the filing of such motion. SO ORDERED by Judge Daniel D. Domenico on 12/21/2023. Text Only Entry(dddlc3, ) (Entered: 12/21/2023) |
| 12/20/2023 | 115 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Jonathan Grusing, Kenneth Harris. (Skinner, Reginald) (Entered: 12/20/2023) |
| 12/20/2023 | 114 | NOTICE of Entry of Appearance by Reginald M. Skinner on behalf of Jonathan Grusing, Kenneth Harris (Skinner, Reginald) (Entered: 12/20/2023) |
| 11/20/2023 | 113 | ORDER granting 112 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorney Sophia Fernald as counsel of record, and to remove this name from the electronic certificate of mailing. Defendant Linda Stanley will continue to be represented by attorney Leslie Schluter. SO ORDERED by Judge Daniel D. Domenico on 11/20/2023. Text Only Entry(dddlc3, ) (Entered: 11/20/2023) |
| 11/14/2023 | 112 | MOTION to Withdraw as Attorney *Sophia A. N. Fernald* by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 11/14/2023) |
| 11/06/2023 | 111 | ORDER granting 84 Motion to Stay. The Court recognizes that Plaintiff has a strong interest in proceeding expeditiously with this case; however, having weighed the relevant factors, it concludes the better course of action is to stay this matter pending the resolution of the plentiful motions to dismiss.<br><br>First, the Court is not inclined to take a "preliminary peek" at the pending motions to speculate as to whether they have merit. These motions are not referred to the undersigned, and therefore, it is not for this Court to weigh in on the matter.<br><br>Second, although Plaintiff concludes it is in this Court's interest to proceed with discovery, the Court––being in a better position to make this determination––concludes otherwise. Here, there are 20 defendants, eight motions to dismiss, numerous and varying claims of immunity, and the briefing on these issues will not be finalized until next spring, as was Plaintiff's request. To begin discovery now (and possibly engage in discovery dispute procedures), only to have Defendants and claims perhaps dismissed from the case is an inefficient use of the Court's and the parties' resources.<br><br>While the Court might have been inclined to permit entity discovery to proceed, the foregoing complexities lead this Court to conclude the contrary. Proceeding in part with the entity Defendants will be onerous, particularly when determining what discovery is appropriate in light of the individuals' defenses of qualified and/or absolute immunity. And, at minimum, questions of Eleventh Amendment immunity, which is jurisdictional, should be resolved prior to commencing wide–reaching and voluminous discovery. |

14

| | | Consequently, discovery in this case shall be STAYED pending the outcome of the Motions to Dismiss.<br><br>SO ORDERED by Magistrate Judge S. Kato Crews on 11/6/2023. Text Only Entry (skclc1) (Entered: 11/06/2023) |
|---|---|---|
| 11/06/2023 | 110 | REPLY to Response to 84 MOTION to Stay *Discovery and Vacate Scheduling Conference* filed by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 11/06/2023) |
| 11/03/2023 | 109 | MOTION to Dismiss for Failure to State a Claim by Defendant Claudette Hysjulien. (Attachments: # 1 Exhibit Exhibit A – C.R.S. 13–21–131, # 2 Exhibit Exhibit B – Weld Order Granting Ds MTD, # 3 Exhibit Exhibit C – 2022–01–19 Order on MTD)(Rolland, Eden) (Entered: 11/03/2023) |
| 11/03/2023 | 108 | MOTION to Dismiss for Failure to State a Claim by Defendant Scott Himschoot. (Attachments: # 1 Exhibit Exhibit A – C.R.S. 13–21–131, # 2 Exhibit Exhibit B – Weld Order Granting Ds MTD, # 3 Exhibit Exhibit C – 2022–01–19 Order on MTD)(Rolland, Eden) (Entered: 11/03/2023) |
| 11/02/2023 | 107 | ORDER re 105 Motion for Extension of Time. Although the Court understands that some of the parties oppose this motion, the Court views any opposition with some skepticism, particularly in light of the extensions already granted to the Defendants as a group. Consequently, in its discretion, the Court does not await any responses and GRANTS the Motion. Plaintiff's deadline to respond to any pending Motions to Dismiss is extended to March 29, 2024. By Magistrate Judge S. Kato Crews on 11/2/2023. Text Only Entry (skclc1) (Entered: 11/02/2023) |
| 11/01/2023 | 106 | ORDER REFERRING MOTION:<br><br>105 Motion To Order Plaintiff's Response To All Motions to Dismiss To Be Due On A Single Day<br><br>Motion referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 11/1/2023. Text Only Entry (dddlc3, ) (Entered: 11/01/2023) |
| 10/31/2023 | 105 | MOTION for Extension of Time to File Response/Reply as to 94 MOTION to Dismiss , 104 MOTION to Dismiss for Failure to State a Claim , 97 MOTION to Dismiss , 87 MOTION to Dismiss , 95 MOTION to Dismiss by Plaintiff Barry Morphew. (Whitson, Hollis) (Entered: 10/31/2023) |
| 10/27/2023 | 104 | MOTION to Dismiss by Defendants Board of County Commissioners of Chaffee County, Chaffee County Sheriff's Department, Chaffee County, Andrew Rohrich, John Spezze, John (I) Spezze. (Poppe, Nicholas) (Entered: 10/27/2023) |
| 10/25/2023 | 103 | ORDER GRANTING 101 Motion to Dismiss Parties. Plaintiff's claims brought against Defendants Randy Carricato, Robin Burgess, and William Plackner are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to terminate these three defendants from this case. SO ORDERED by Judge Daniel D. Domenico on 10/25/2023. Text Only Entry(dddlc3, ) (Entered: 10/25/2023) |
| 10/23/2023 | 102 | RESPONSE to 84 MOTION to Stay *Discovery and Vacate Scheduling Conference* filed by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 10/23/2023) |
| 10/20/2023 | 101 | |

| | | |
|---|---|---|
| | | Unopposed MOTION to Dismiss Party *Defendants Carricato, Burgess and Plackner* by Plaintiff Barry Morphew. (Fisher−Byrialsen, Jane) (Entered: 10/20/2023) |
| 10/18/2023 | 100 | ORDER GRANTING 91 Motion for extension of time to answer or otherwise respond; 93 Motion for extension of time to answer or otherwise respond; and 99 Motion for extension of time to answer or otherwise respond.<br><br>The FBI Defendants must answer or otherwise respond to the complaint on or before December 26, 2023.<br><br>The "Chaffee County Defendants" listed in ECF No. 93 must answer or otherwise respond to the complaint on or before October 27, 2023.<br><br>Defendants Himschoot and Hysjulien must answer or otherwise respond to the complaint on or before November 3, 2023. SO ORDERED by Judge Daniel D. Domenico on 10/18/2023. Text Only Entry(dddlc3, ) Modified to correct document linkage on 10/18/2023 (cmadr, ). (Entered: 10/18/2023) |
| 10/13/2023 | 99 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Scott Himschoot, Claudette Hysjulien. (Rolland, Eden) (Entered: 10/13/2023) |
| 10/13/2023 | 98 | MOTION to Dismiss for Failure to State a Claim by Defendant Joseph Cahill. (Neckers, Scott) (Entered: 10/13/2023) |
| 10/13/2023 | 97 | MOTION to Dismiss by Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris Schaefer. (Attachments: # 1 Exhibit Ex. A, # 2 Envelope Ex. B)(Hunt, Jennifer) (Entered: 10/13/2023) |
| 10/13/2023 | 96 | MINUTE ORDER re: 84 MOTION to Stay *Discovery and Vacate Scheduling Conference*. Because the response to the Motion to Stay is not due until the Monday before the Scheduling Conference and given the sheer number of individuals who will attend the Conference, the Court concludes the Motion to Stay should be resolved first. Consequently, the forthcoming Scheduling Conference is VACATED and will be reset following either (1) an order denying the Motion; or (2) resolutions of the Motions to Dismiss.<br><br>SO ORDERED by Magistrate Judge S. Kato Crews on 10/13/2023. Text Only Entry (skclc1) (Entered: 10/13/2023) |
| 10/13/2023 | 95 | MOTION to Dismiss by Defendant Mark Hurlbert. (Eddy, Jonathan) (Entered: 10/13/2023) |
| 10/13/2023 | 94 | MOTION to Dismiss by Defendants Jeffrey Lindsey, Alex Walker. (O'Connell, William) (Entered: 10/13/2023) |
| 10/12/2023 | 93 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Board of County Commissioners of Chaffee County, Robin Burgess, Randy Carricato, Chafee County Sheriff's Department, Chaffee County, William Plackner, Andrew Rohrich, John Spezze, John (I) Spezze. (Poppe, Nicholas) (Entered: 10/12/2023) |
| 10/12/2023 | 92 | MINUTE ORDER: The Scheduling Conference set for 10/26/2023 at 10:00 AM in Courtroom C201 before Magistrate Judge S. Kato Crews will now take place IN PERSON. By Magistrate Judge S. Kato Crews on 10/12/2023. Text Only Entry |

| | | (skclc1) (Entered: 10/12/2023) |
|---|---|---|
| 10/12/2023 | 91 | MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Jonathan Grusing, Kenneth Harris. (Attachments: # 1 Exhibit A)(Skinner, Reginald) (Entered: 10/12/2023) |
| 10/11/2023 | 90 | NOTICE of Entry of Appearance by Eden R. Rolland on behalf of Scott Himschoot, Claudette HysjulienAttorney Eden R. Rolland added to party Scott Himschoot(pty:dft), Attorney Eden R. Rolland added to party Claudette Hysjulien(pty:dft) (Rolland, Eden) (Entered: 10/11/2023) |
| 10/11/2023 | 89 | ORDER granting 88 Motion to Exceed Word Limits. Defendant Cahill's motion to dismiss must not exceed 6,500 words. Plaintiff's response must not exceed 6,500 words. SO ORDERED by Judge Daniel D. Domenico on 10/11/2023. Text Only Entry(dddlc3, ) (Entered: 10/11/2023) |
| 10/10/2023 | 88 | Unopposed MOTION for Order to *Exceed Word Limit for Motion to Dismiss* by Defendant Joseph Cahill. (Attachments: # 1 Proposed Order (PDF Only))(Neckers, Scott) (Entered: 10/10/2023) |
| 10/04/2023 | 87 | MOTION to Dismiss by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 10/04/2023) |
| 10/03/2023 | 86 | ORDER GRANTING 83 Motion to Exceed Word Limit. For good cause shown, the moving defendants' respective motions to dismiss must not exceed 6,500 words. Plaintiff's responses to the motions respectively must not exceed 6,500 words. SO ORDERED by Judge Daniel D. Domenico on 10/3/2023. Text Only Entry(dddlc3, ) (Entered: 10/03/2023) |
| 10/03/2023 | 85 | ORDER REFERRING MOTION: <br><br>84 MOTION to Stay *Discovery and Vacate Scheduling Conference* filed by Linda (I) Stanley, Linda Stanley. <br><br>Motion referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 10/3/2023. Text Only Entry (dddlc3, ) (Entered: 10/03/2023) |
| 10/02/2023 | 84 | MOTION to Stay *Discovery and Vacate Scheduling Conference* by Defendants Linda Stanley, Linda (I) Stanley. (Schluter, Leslie) (Entered: 10/02/2023) |
| 09/28/2023 | 83 | Joint MOTION for Order to *Exceed Word Limit for Their Motions to Dismiss* by Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Jeffrey Lindsey, Caitlin Rogers, Chris Schaefer, Linda Stanley, Linda (I) Stanley, Alex Walker. (Attachments: # 1 Proposed Order (PDF Only))(O'Connell, William) (Entered: 09/28/2023) |
| 09/12/2023 | 82 | NOTICE of Entry of Appearance by Courtney B. Kramer on behalf of Mark HurlbertAttorney Courtney B. Kramer added to party Mark Hurlbert(pty:dft) (Kramer, Courtney) (Entered: 09/12/2023) |
| 09/05/2023 | 81 | ORDER: For the sake of efficiency, the Court GRANTS all pending Motions for Extension of Time to Answer or Otherwise Respond and resets ALL Defendants' deadlines for responsive pleadings to October 13, 2023. Should any Defendants file Rule 12 motions as their responsive pleadings, Plaintiff is given leave in advance to seek any extension of time necessary for completing response briefs. |

| | | |
|---|---|---|
| | | IT IS FURTHER ORDERED the Telephonic Scheduling Conference is RESET for 10/26/2023 at 10:00 AM in Courtroom C201 before Magistrate Judge S. Kato Crews. The proposed Scheduling Order is due seven days in advance. Dial in information for the Scheduling Conference is as follows:CONFERENCE CALL LINE: (888) 251–2909ACCESS CODE: 5662814# SO ORDERED by Magistrate Judge S. Kato Crews on 9/5/2023. Text Only Entry (skclc1) (Entered: 09/05/2023) |
| 09/05/2023 | 80 | ORDER granting 70 Motion to Supplement; granting 16 First MOTION for Extension of Time to *Effect Service*. Having reviewed the Motions, they are GRANTED and the deadline for service is amended nunc pro tunc. Any service of process completed after the original deadline are deemed timely by the Court. By Magistrate Judge S. Kato Crews on 9/5/2023. Text Only Entry(skclc1) (Entered: 09/05/2023) |
| 08/25/2023 | 79 | ORDER GRANTING 77 Motion to Withdraw as Attorney and 78 Motion to Withdraw as Attorney. The Clerk of Court is instructed to terminate attorneys Jonathan N. Eddy and Eric Michael Ziporin as attorneys of record only for Defendant Linda Stanley. Mr. Eddy and Mr. Ziporin remain as attorneys of record for Defendant Mark Hulbert. Defendant Stanley will continue to be represented by attorney Leslie L. Schluter. SO ORDERED by Judge Daniel D. Domenico on 8/25/2023. Text Only Entry(dddlc3, ) (Entered: 08/25/2023) |
| 08/24/2023 | 78 | MOTION to Withdraw as Attorney by Defendants Linda Stanley, Linda (I) Stanley. (Eddy, Jonathan) (Entered: 08/24/2023) |
| 08/24/2023 | 77 | MOTION to Withdraw as Attorney by Defendants Linda Stanley, Linda (I) Stanley. (Ziporin, Eric) (Entered: 08/24/2023) |
| 08/24/2023 | 76 | NOTICE of Entry of Appearance by Sophia Fernald on behalf of Linda Stanley, Linda (I) StanleyAttorney Sophia Fernald added to party Linda Stanley(pty:dft), Attorney Sophia Fernald added to party Linda (I) Stanley(pty:dft) (Fernald, Sophia) (Entered: 08/24/2023) |
| 08/24/2023 | 75 | NOTICE of Entry of Appearance by Leslie L. Schluter on behalf of Linda Stanley, Linda (I) StanleyAttorney Leslie L. Schluter added to party Linda Stanley(pty:dft), Attorney Leslie L. Schluter added to party Linda (I) Stanley(pty:dft) (Schluter, Leslie) (Entered: 08/24/2023) |
| 08/23/2023 | 74 | SUMMONS Returned Executed by Barry Morphew. Mark Hurlbert served on 7/31/2023, answer due 8/21/2023. (Fisher–Byrialsen, Jane) (Entered: 08/23/2023) |
| 08/22/2023 | 73 | MINUTE ORDER. Given the reassignment of this case to District Judge Domenico and Magistrate Judge Crews, IT IS HEREBY ORDERED that the Scheduling Conference set for August 29, 2023, before Magistrate Judge Starnella and the August 22, 2023 deadline to file a Proposed Scheduling Order are VACATED. by Magistrate Judge Kathryn A. Starnella on 8/22/2023. Text Only Entry (kaslc2, ) (Entered: 08/22/2023) |
| 08/22/2023 | 72 | ORDER REFERRING MOTION: 70 MOTION to Supplement 16 First MOTION for Extension of Time to *Effect Service* filed by Barry Morphew. Motion referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 8/22/2023. Text Only Entry (dddlc3, ) (Entered: 08/22/2023) |
| 08/21/2023 | 71 | STIPULATION for Extension of Time to Answer or Respond to the Complaint by Defendant Scott Himschoot. Scott Himschoot answer due 9/11/2023. (Bradley, |

| | | Rachel) (Entered: 08/21/2023) |
|---|---|---|
| 08/21/2023 | 70 | MOTION to Supplement 16 First MOTION for Extension of Time to *Effect Service* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 08/21/2023) |
| 08/21/2023 | 69 | ORDER REFERRING MOTION: 68 Unopposed MOTION for Order to *Extend Responsive Pleading Deadline* filed by Mark Hurlbert. Motion referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 8/21/2023. Text Only Entry (dddlc3, ) (Entered: 08/21/2023) |
| 08/18/2023 | 68 | Unopposed MOTION for Order to *Extend Responsive Pleading Deadline* by Defendant Mark Hurlbert. (Eddy, Jonathan) (Entered: 08/18/2023) |
| 08/17/2023 | 67 | NOTICE of Entry of Appearance by Jonathan N. Eddy on behalf of Mark Hurlbert, Linda Stanley, Linda (I) StanleyAttorney Jonathan N. Eddy added to party Mark Hurlbert(pty:dft), Attorney Jonathan N. Eddy added to party Linda Stanley(pty:dft), Attorney Jonathan N. Eddy added to party Linda (I) Stanley(pty:dft) (Eddy, Jonathan) (Entered: 08/17/2023) |
| 08/17/2023 | 66 | NOTICE of Entry of Appearance by Eric Michael Ziporin on behalf of Mark Hurlbert, Linda StanleyAttorney Eric Michael Ziporin added to party Mark Hurlbert(pty:dft), Attorney Eric Michael Ziporin added to party Linda Stanley(pty:dft) (Ziporin, Eric) (Entered: 08/17/2023) |
| 08/17/2023 | 65 | NOTICE of Entry of Appearance by Andrew R. McLetchie on behalf of Claudette HysjulienAttorney Andrew R. McLetchie added to party Claudette Hysjulien(pty:dft) (McLetchie, Andrew) (Entered: 08/17/2023) |
| 08/17/2023 | 64 | NOTICE of Entry of Appearance by Rachel Lisotta Bradley on behalf of Claudette HysjulienAttorney Rachel Lisotta Bradley added to party Claudette Hysjulien(pty:dft) (Bradley, Rachel) (Entered: 08/17/2023) |
| 08/16/2023 | 63 | NOTICE of Entry of Appearance by J. Andrew Nathan on behalf of John (I) SpezzeAttorney J. Andrew Nathan added to party John (I) Spezze(pty:dft) (Nathan, J.) (Entered: 08/16/2023) |
| 08/16/2023 | 62 | NOTICE of Entry of Appearance by Nicholas Christaan Poppe on behalf of John (I) SpezzeAttorney Nicholas Christaan Poppe added to party John (I) Spezze(pty:dft) (Poppe, Nicholas) (Entered: 08/16/2023) |
| 08/15/2023 | 61 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Barry Morphew All parties do not consent.. (Attachments: # 1 Continuation of Main Document Certificate of Filing and Service of Election)(Fisher–Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 60 | WAIVER OF SERVICE Returned Executed by Barry Morphew. Claudette Hysjulien waiver sent on 8/15/2023, answer due 10/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 59 | WAIVER OF SERVICE Returned Executed by Barry Morphew. Linda (I) Stanley waiver sent on 8/15/2023, answer due 10/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 58 | SUMMONS Returned Executed by Barry Morphew. Jonathan Grusing served on 7/28/2023, answer due 8/18/2023. (Fisher–Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 57 | |

| | | |
|---|---|---|
| | | SUMMONS Returned Executed by Barry Morphew. Randy Carricato served on 8/1/2023, answer due 8/22/2023. (Fisher−Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 56 | SUMMONS Returned Executed by Barry Morphew. Scott Himschoot served on 8/1/2023, answer due 8/22/2023. (Fisher−Byrialsen, Jane) (Entered: 08/15/2023) |
| 08/15/2023 | 55 | MEMORANDUM regarding 38 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint filed by Andrew Rohrich, John Spezze, Robin Burgess, Chaffee County, Randy Carricato, Chaffee County Sheriff's Department, William Plackner, Board of County Commissioners of Chaffee County, 16 First MOTION for Extension of Time to *Effect Service* filed by Barry Morphew, 44 Unopposed MOTION for Extension of Time to File Response/Reply as to 38 Unopposed , MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint , 42 Unopposed MOTION for Extension of Time to File Answer or Otherwis filed by Kirby Lewis, Derek Graham, Kevin Koback, Caitlin Rogers, John Camper, Megan Duge, Chris Schaefer, 42 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint filed by Alex Walker. Motions referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 8/15/2023. Text Only Entry. (rkeec) (Entered: 08/15/2023) |
| 08/15/2023 | 54 | MEMORANDUM regarding 49 Unopposed MOTION for Extension of Time to *Extend the Deadline to Submit a Proposed Scheduling Order and Reset the Court's Scheduling Conference* filed by Barry Morphew. Motion referred to Magistrate Judge S. Kato Crews by Judge Daniel D. Domenico on 8/15/2023. Text Only Entry. (rkeec) (Entered: 08/15/2023) |
| 08/14/2023 | 53 | NOTICE of Entry of Appearance by Robert Ian Lapidow on behalf of Joseph CahillAttorney Robert Ian Lapidow added to party Joseph Cahill(pty:dft) (Lapidow, Robert) (Entered: 08/14/2023) |
| 08/14/2023 | 52 | NOTICE of Entry of Appearance by Sarah Anne Thomas on behalf of Joseph CahillAttorney Sarah Anne Thomas added to party Joseph Cahill(pty:dft) (Thomas, Sarah) (Entered: 08/14/2023) |
| 08/14/2023 | 51 | ORDER REFERRING CASE to Magistrate Judge S. Kato Crews. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of Local Civ. R. 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non−dispositive motions, (4) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions, and (5) pursuant to Local Civ. R. 16.6 and at the discretion of the Magistrate Judge, convene such early neutral evaluation and/or settlement conferences and direct related procedures as may facilitate resolution of this case without the necessity of a motion or prior authorization of the undersigned. SO ORDERED by Judge Daniel D. Domenico on 8/14/2023. Text Only Entry. (rkeec) (Entered: 08/14/2023) |
| 08/14/2023 | 50 | MEMORANDUM RETURNING CASE by Senior Judge Blackburn. This case is randomly reassigned to Judge Daniel D. Domenico and drawn to Magistrate Judge S. Kato Crews. All future pleadings should be designated as 23−cv−01108−DDD. (athom, ) (Entered: 08/14/2023) |

| 08/14/2023 | 49 | Unopposed MOTION for Extension of Time to *Extend the Deadline to Submit a Proposed Scheduling Order and Reset the Court's Scheduling Conference* by Plaintiff Barry Morphew. (Fisher–Byrialsen, Jane) (Entered: 08/14/2023) |
|---|---|---|
| 08/14/2023 | 48 | NOTICE of Entry of Appearance by Rachel Lisotta Bradley on behalf of Scott HimschootAttorney Rachel Lisotta Bradley added to party Scott Himschoot(pty:dft) (Bradley, Rachel) (Entered: 08/14/2023) |
| 08/14/2023 | 47 | NOTICE of Entry of Appearance by Andrew R. McLetchie on behalf of Scott HimschootAttorney Andrew R. McLetchie added to party Scott Himschoot(pty:dft) (McLetchie, Andrew) (Entered: 08/14/2023) |
| 08/14/2023 | 46 | CASE REASSIGNED pursuant to 45 Order of Recusal. This case is randomly reassigned to Judge Robert E. Blackburn and drawn to Magistrate Judge S. Kato Crews. All future pleadings should be designated as 23–cv–01108–REB. (Text Only Entry) (cmadr, ) (Entered: 08/14/2023) |
| 08/14/2023 | 45 | Minute ORDER by Magistrate Judge Kathryn A. Starnella on 14 August 2023. This matter is before the Court sua sponte. This case was recently reassigned to me following the retirement of Magistrate Judge Kristen L. Mix. Although I am fully confident that I am able to fairly, impartially, and disinterestedly adjudicate any issues that may come before me in this matter, 28 U.S.C. § 455(a) instructs that a Magistrate Judge "shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." During the year prior to my appointment to the bench, I worked in the same work group as attorneys Jennifer Hunt and Kathleen Spalding at the Colorado Attorney General's Office. Therefore, I hereby recuse myself from this matter in order to avoid the appearance of impropriety. Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall reassign this case to another judicial officer. (cmadr, ) (Entered: 08/14/2023) |
| 08/10/2023 | 44 | Unopposed MOTION for Extension of Time to File Response/Reply as to 38 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint , 42 Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris Schaefer. (Hunt, Jennifer) (Entered: 08/10/2023) |
| 08/10/2023 | 43 | NOTICE of Entry of Appearance by Kathleen L. Spalding on behalf of John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris SchaeferAttorney Kathleen L. Spalding added to party John Camper(pty:dft), Attorney Kathleen L. Spalding added to party Megan Duge(pty:dft), Attorney Kathleen L. Spalding added to party Derek Graham(pty:dft), Attorney Kathleen L. Spalding added to party Kevin Koback(pty:dft), Attorney Kathleen L. Spalding added to party Kirby Lewis(pty:dft), Attorney Kathleen L. Spalding added to party Caitlin Rogers(pty:dft), Attorney Kathleen L. Spalding added to party Chris Schaefer(pty:dft) (Spalding, Kathleen) (Entered: 08/10/2023) |
| 08/08/2023 | 42 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendant Alex Walker. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order re DEFENDANT ALEX WALKERS UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS CIVIL RIGHTS COMPLAINT WITH DEMAND FOR TRIAL BY JURY)(O'Connell, William) (Entered: 08/08/2023) |
| 08/08/2023 | 41 | |

| | | |
|---|---|---|
| | | REASSIGNING MAGISTRATE JUDGE. This action is reassigned to Magistrate Judge Kathryn A. Starnella upon her appointment. All future pleadings should reference Magistrate Judge Starnella at the beginning of the civil action number (such as 23–cv–01108–KAS). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge Starnella in Courtroom C–204. Her chambers are located in Room C–253 of the Byron G. Rogers Courthouse. Her telephone number is 303–335–2770. (Text only entry) (agarc, ) (Entered: 08/08/2023) |
| 08/07/2023 | 40 | NOTICE of Entry of Appearance by Dmitry B. Vilner on behalf of John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris SchaeferAttorney Dmitry B. Vilner added to party John Camper(pty:dft), Attorney Dmitry B. Vilner added to party Megan Duge(pty:dft), Attorney Dmitry B. Vilner added to party Derek Graham(pty:dft), Attorney Dmitry B. Vilner added to party Kevin Koback(pty:dft), Attorney Dmitry B. Vilner added to party Kirby Lewis(pty:dft), Attorney Dmitry B. Vilner added to party Caitlin Rogers(pty:dft), Attorney Dmitry B. Vilner added to party Chris Schaefer(pty:dft) (Vilner, Dmitry) (Entered: 08/07/2023) |
| 08/07/2023 | 39 | NOTICE of Entry of Appearance by Jennifer H. Hunt on behalf of John Camper, Megan Duge, Derek Graham, Kevin Koback, Kirby Lewis, Caitlin Rogers, Chris SchaeferAttorney Jennifer H. Hunt added to party John Camper(pty:dft), Attorney Jennifer H. Hunt added to party Megan Duge(pty:dft), Attorney Jennifer H. Hunt added to party Derek Graham(pty:dft), Attorney Jennifer H. Hunt added to party Kevin Koback(pty:dft), Attorney Jennifer H. Hunt added to party Kirby Lewis(pty:dft), Attorney Jennifer H. Hunt added to party Caitlin Rogers(pty:dft), Attorney Jennifer H. Hunt added to party Chris Schaefer(pty:dft) (Hunt, Jennifer) (Entered: 08/07/2023) |
| 08/07/2023 | 38 | Unopposed MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint by Defendants Board of County Commissioners of Chaffee County, Robin Burgess, Randy Carricato, Chafee County Sheriff's Department, Chaffee County, William Plackner, Andrew Rohrich, John Spezze. (Poppe, Nicholas) (Entered: 08/07/2023) |
| 08/07/2023 | 37 | NOTICE of Entry of Appearance by J. Andrew Nathan on behalf of Board of County Commissioners of Chaffee County, Robin Burgess, Randy Carricato, Chafee County Sheriff's Department, Chaffee County, William Plackner, Andrew Rohrich, John SpezzeAttorney J. Andrew Nathan added to party Board of County Commissioners of Chaffee County(pty:dft), Attorney J. Andrew Nathan added to party Robin Burgess(pty:dft), Attorney J. Andrew Nathan added to party Randy Carricato(pty:dft), Attorney J. Andrew Nathan added to party Chafee County Sheriff's Department(pty:dft), Attorney J. Andrew Nathan added to party Chaffee County(pty:dft), Attorney J. Andrew Nathan added to party William Plackner(pty:dft), Attorney J. Andrew Nathan added to party Andrew Rohrich(pty:dft), Attorney J. Andrew Nathan added to party John Spezze(pty:dft) (Nathan, J.) (Entered: 08/07/2023) |
| 08/07/2023 | 36 | NOTICE of Entry of Appearance by Nicholas Christaan Poppe on behalf of Board of County Commissioners of Chaffee County, Robin Burgess, Randy Carricato, Chafee County Sheriff's Department, Chaffee County, William Plackner, Andrew Rohrich, John SpezzeAttorney Nicholas Christaan Poppe added to party Board of County Commissioners of Chaffee County(pty:dft), Attorney Nicholas Christaan Poppe |

| | | added to party Robin Burgess(pty:dft), Attorney Nicholas Christaan Poppe added to party Randy Carricato(pty:dft), Attorney Nicholas Christaan Poppe added to party Chafee County Sheriff's Department(pty:dft), Attorney Nicholas Christaan Poppe added to party Chaffee County(pty:dft), Attorney Nicholas Christaan Poppe added to party William Plackner(pty:dft), Attorney Nicholas Christaan Poppe added to party Andrew Rohrich(pty:dft), Attorney Nicholas Christaan Poppe added to party John Spezze(pty:dft) (Poppe, Nicholas) (Entered: 08/07/2023) |
|---|---|---|
| 08/07/2023 | 35 | NOTICE of Entry of Appearance by William Thomas O'Connell, III on behalf of Jeffrey Lindsey, Alex WalkerAttorney William Thomas O'Connell, III added to party Jeffrey Lindsey(pty:dft), Attorney William Thomas O'Connell, III added to party Alex Walker(pty:dft) (O'Connell, William) (Entered: 08/07/2023) |
| 08/01/2023 | 34 | WAIVER OF SERVICE Returned Executed by Barry Morphew. William Plackner waiver sent on 7/31/2023, answer due 9/29/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 33 | WAIVER OF SERVICE Returned Executed by Barry Morphew. Joseph Cahill waiver sent on 7/28/2023, answer due 9/26/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 32 | WAIVER OF SERVICE Returned Executed by Barry Morphew. John Spezze waiver sent on 7/31/2023, answer due 9/29/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 31 | WAIVER OF SERVICE Returned Executed by Barry Morphew. Andrew Rohrich waiver sent on 7/31/2023, answer due 9/29/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 30 | WAIVER OF SERVICE Returned Executed by Barry Morphew. John Camper waiver sent on 7/31/2023, answer due 9/29/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 29 | SUMMONS Returned Executed by Barry Morphew. Robin Burgess served on 7/25/2023, answer due 8/15/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 28 | SUMMONS Returned Executed by Barry Morphew. Megan Duge served on 7/25/2023, answer due 8/15/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 27 | SUMMONS Returned Executed by Barry Morphew. Kirby Lewis served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 26 | SUMMONS Returned Executed by Barry Morphew. Kevin Koback served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 25 | SUMMONS Returned Executed by Barry Morphew. Kenneth Harris served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 24 | SUMMONS Returned Executed by Barry Morphew. Jeffrey Lindsey served on 7/25/2023, answer due 8/15/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 23 | SUMMONS Returned Executed by Barry Morphew. Derek Graham served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 22 | SUMMONS Returned Executed by Barry Morphew. Chris Schaefer served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |

| 08/01/2023 | 21 | SUMMONS Returned Executed by Barry Morphew. Chafee County Sheriff's Department served on 7/31/2023, answer due 8/21/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
|---|---|---|
| 08/01/2023 | 20 | SUMMONS Returned Executed by Barry Morphew. Chaffee County served on 7/26/2023, answer due 8/16/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 19 | SUMMONS Returned Executed by Barry Morphew. Alex Walker served on 7/25/2023, answer due 8/15/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 18 | WAIVER OF SERVICE Returned Executed by Barry Morphew. Caitlin Rogers waiver sent on 7/28/2023, answer due 9/26/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 08/01/2023 | 17 | SUMMONS Returned Executed by All Plaintiffs. Board of County Commissioners of Chaffee County served on 7/31/2023, answer due 8/21/2023. (Fisher–Byrialsen, Jane) (Entered: 08/01/2023) |
| 07/31/2023 | 16 | First MOTION for Extension of Time to *Effect Service* by Plaintiff Barry Morphew. (Whitson, Hollis) (Entered: 07/31/2023) |
| 07/19/2023 | 15 | SUMMONSES issued by Clerk. (cmadr, ) (Entered: 07/19/2023) |
| 07/18/2023 | 14 | SUMMONS REQUEST as to Chaffee County et al (Multiple Defendants see Summons) by Plaintiff Barry Morphew. (Attachments: # 1 Summons Summons Board of County Commissioners, # 2 Summons Summons Chaffee County Sheriff's Dept, # 3 Summons Summons Linda Stanley, # 4 Summons Summons John Spezze, # 5 Summons Summons Andrew Rohrich, # 6 Summons Summons Alex Walker, # 7 Summons Summons Jeffrey Lindsey, # 8 Summons Summons Mark Hurlbert, # 9 Summons Summons Robin Burgess, # 10 Summons Summons Randy Carricato, # 11 Summons Summons Scott Himschoot, # 12 Summons Summons Claudette Hysjulien, # 13 Summons Summons William Plackner, # 14 Summons Summons John Camper, # 15 Summons Summons Joseph Cahill, # 16 Summons Summons Megan Duge, # 17 Summons Summons Caitlin Rogers, # 18 Summons Summons Derek Graham, # 19 Summons Summons Kevin Koback, # 20 Summons Summons Kirby Lewis, # 21 Summons Summons Chris Schaefer, # 22 Summons Summons Jonathan Grusing, # 23 Summons Summons Kenneth Harris)(Fisher–Byrialsen, Jane) (Entered: 07/18/2023) |
| 07/17/2023 | 13 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 12 Summons Request, filed by attorney Jane Holse Fisher–Byrialsen. Summons submitted has incorrect caption and not issued. Please file completed summons for issuance using the event Summons Request. (Text Only Entry). (alave, ) (Entered: 07/17/2023) |
| 07/11/2023 | 12 | SUMMONS REQUEST as to Chaffee County et al by Plaintiff Barry Morphew. (Attachments: # 1 Summons Summons Board of County Commissioners, # 2 Summons Summons Chaffee County Sheriff's Dept, # 3 Summons Summons John Spezze, # 4 Summons Summons Andrew Rohrich, # 5 Summons Summons William Plackner, # 6 Summons Summons Claudette Hysjulien, # 7 Summons Summons Robin Burgess, # 8 Summons Summons Scott Himschoot, # 9 Summons Summons Randy Carricato, # 10 Summons Summons Linda Stanley, # 11 Summons Summons Jeffrey Lindsey, # 12 Summons Summons Mark Hurlbert, # 13 Summons Summons Alex Walker, # 14 Summons Summons John Camper, # 15 Summons Summons Chris Schaefer, # 16 Summons Summons Megan Duge, # 17 Summons Summons |

| | | |
|---|---|---|
| | | Kirby Lewis, # 18 Summons Summons Kevin Koback, # 19 Summons Summons Joseph Cahill, # 20 Summons Summons Derek Graham, # 21 Summons Summons Caitlin Rogers, # 22 Summons Summons Kenneth Harris, # 23 Summons Summons Jonathan Grusing)(Fisher–Byrialsen, Jane) (Entered: 07/11/2023) |
| 05/31/2023 | 11 | NOTICE of Entry of Appearance by Iris Eytan on behalf of Barry MorphewAttorney Iris Eytan added to party Barry Morphew(pty:pla) (Eytan, Iris) (Entered: 05/31/2023) |
| 05/31/2023 | 10 | NOTICE of Entry of Appearance by David Nathan Fisher on behalf of Barry MorphewAttorney David Nathan Fisher added to party Barry Morphew(pty:pla) (Fisher, David) (Entered: 05/31/2023) |
| 05/31/2023 | 9 | NOTICE of Entry of Appearance by Jane Holse Fisher–Byrialsen on behalf of Barry Morphew (Fisher–Byrialsen, Jane) (Entered: 05/31/2023) |
| 05/17/2023 | 8 | NOTICE of Entry of Appearance by Hollis Ann Whitson on behalf of All Plaintiffs Attorney Hollis Ann Whitson added to party Barry Morphew(pty:pla) (Whitson, Hollis) (Entered: 05/17/2023) |
| 05/11/2023 | 7 | NOTICE of Entry of Appearance by Scott Aaron Neckers on behalf of Joseph CahillAttorney Scott Aaron Neckers added to party Joseph Cahill(pty:dft) (Neckers, Scott) (Entered: 05/11/2023) |
| 05/05/2023 | 6 | ORDER SETTING SCHEDULING/PLANNING CONFERENCE by Magistrate Judge Kristen L. Mix on May 5, 2023. Proposed Scheduling Order due 8/22/2023 Scheduling Conference set for 8/29/2023 11:00 AM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. (Attachments: # 1 Instructions for Preparation of Scheduling Order, # 2 Proposed Order (PDF Only)) (csarr, ) (Entered: 05/05/2023) |
| 05/05/2023 | 5 | MINUTE ORDER. Pursuant to D.C.COLO.LCivR 40.1(c)(4), the deadline to file the Consent/Non–Consent to United States Magistrate Judge Jurisdiction form [#4] is August 15, 2023. by Magistrate Judge Kristen L. Mix on 5/5/2023. Text Only Entry (klmlc2, ) (Entered: 05/05/2023) |
| 05/02/2023 | 4 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. No Summons Issued. (jcharl, ) (Entered: 05/02/2023) |
| 05/02/2023 | 3 | Case assigned to Magistrate Judge Kristen L. Mix. Text Only Entry. (jcharl, ) (Entered: 05/02/2023) |
| 05/02/2023 | 2 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES:Attorney or pro se has used an incorrect signature format in violation of D.C.COLO.LCivR 5.1(a) and 4.3(a) of the Electronic Case Filing Procedures (Civil cases). **DO NOT REFILE THE DOCUMENT.** In the future, the filer must affix an electronic s/signature and s/followed by a typed, not an inked, signature to all future documents.(Text Only Entry) (jcharl, ) (Entered: 05/02/2023) |
| 05/02/2023 | 1 | COMPLAINT against All Plaintiffs (Filing fee $ 402,Receipt Number ACODC–9078209), filed by Barry Morphew. (Attachments: # 1 Exhibit Exhibit A)(Fisher–Byrialsen, Jane) (Entered: 05/02/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:23-cv-01108-DDD**


**BARRY MORPHEW,**

Plaintiff(s),

v.

**CHAFFEE COUNTY, et al.**

Defendant(s).

---

### NOTICE OF APPEAL FROM FINAL JUDGMENT

---

Barry Morphew, through counsel, Jane Fisher-Byrialsen, Iris Eytan and Hollis Whitson appeals to the United States Court of Appeals for the Tenth Circuit from the final judgment entered on September 24, 2024. (Doc Nos. 161 and 162).

October 24, 2024

FISHER & BYRIALSEN, P.L.L.C.

/s/ *Jane Fisher- Byrialsen*

Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor Denver,
Colorado 80237
T: 303-256-6345
Jane@FBLaw.org

26

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Appeal was electronically filed on October 24, 2024 using the CM/ECF system, which will be automatically served on the following:

    All parties will be notified via ECF.

                    FISHER & BYRIALSEN, P.L.L.C.

                    /s/ *Abigail Clement*
                    Abigail Clement
                    4600 S. Syracuse Street, 9th Floor
                    Denver, Colorado 80237
                    T: 303-256-6345
                    Abigail@FBLaw.org

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01108-DDD-JPO

BARRY MORPHEW,

     Plaintiff,

v.

CHAFFEE COUNTY, Colorado;
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado;
CHAFFEE COUNTY SHERIFF'S DEPARTMENT;
LINDA STANLEY, District Attorney, in her official and individual capacities;
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual capacities;
ALEX WALKER, Eleventh Judicial District Attorney's Office Investigator;
JEFFREY LINDSEY, Deputy District Attorney;
MARK HURLBERT, Deputy District Attorney;
ANDREW ROHRICH, Chaffee County Undersheriff;
JOHN CAMPER, Colorado Bureau of Investigation Director;
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy;
JOSEPH CAHILL, Colorado Bureau of Investigation Agent;
MEGAN DUGE, Colorado Bureau of Investigation Agent;
CAITLIN ROGERS, Colorado Bureau of Investigation Agent;
DEREK GRAHAM, Colorado Bureau of Investigation Agent;
KEVIN KOBACK, Colorado Bureau of Investigation Agent;
KIRBY LEWIS, Colorado Bureau of Investigation Agent;
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director of Investigations;
and JOHN/JANE DOES 1-10, and other unknown employees of the Eleventh Judicial
District Attorney, and other unknown officers of the Chaffee County Sheriff's
Department,

     Defendants.

---

## FINAL JUDGMENT

---

     In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is entered.

1

Pursuant to and in accordance with Fed. R. Civ. P. 58(a) and the Order, filed
September 24, 2024, by the Honorable Daniel D. Domenico, United States District
Judge, and incorporated herein by reference as if fully set forth, it is hereby

ORDERED that judgment is hereby entered in favor of Defendants and against
Plaintiff, on Defendants' motions to dismiss. It is further

ORDERED that Plaintiff's complaint and action are dismissed without prejudice.

DATED at Denver, Colorado this 24th day of September, 2024.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK


*s/ Robert R. Keech*
Robert R. Keech,
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Civil Action No. 1:23-cv-01108-DDD-JPO

BARRY MORPHEW,

     Plaintiff,

v.

CHAFFEE COUNTY, Colorado;
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY,
Colorado;
CHAFFEE COUNTY SHERIFF'S DEPARTMENT;
LINDA STANLEY, District Attorney, in her official and individual ca-
pacities;
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual
capacities;
ALEX WALKER, Eleventh Judicial District Attorney's Office Investi-
gator;
JEFFREY LINDSEY, Deputy District Attorney;
MARK HURLBERT, Deputy District Attorney;
ANDREW ROHRICH, Chaffee County Undersheriff;
JOHN CAMPER, Colorado Bureau of Investigation Director;
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy;
JOSEPH CAHILL, Colorado Bureau of Investigation Agent;
MEGAN DUGE, Colorado Bureau of Investigation Agent;
CAITLIN ROGERS, Colorado Bureau of Investigation Agent;
DEREK GRAHAM, Colorado Bureau of Investigation Agent;
KEVIN KOBACK, Colorado Bureau of Investigation Agent;
KIRBY LEWIS, Colorado Bureau of Investigation Agent;
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director
of Investigations; and
JOHN/JANE DOES 1-10, and other unknown employees of the Elev-
enth Judicial District Attorney, and other unknown officers of the
Chaffee County Sheriff's Department,

     Defendants.

---

## ORDER GRANTING MOTIONS TO DISMISS

---

On Mother's Day, 2020, Plaintiff's wife, Suzanne Morphew, disappeared. After a year of investigation, Plaintiff was charged with murdering her. Shortly before trial began, Plaintiff's legal team discovered that the government had not disclosed a variety of potentially exculpatory information to him and the court. Doc. 1 at 127-32. Prosecutors filed a motion to dismiss all charges against Plaintiff without prejudice, and the case was dismissed on April 19, 2022, just before it was set for trial. *Id.* at 134.

Plaintiff now sues the prosecutors, investigators, officers, and municipalities involved in his arrest and abandoned prosecution, alleging that they conspired to violate his rights and maliciously prosecute him. Specifically, Plaintiff alleges that the affidavit prosecutors submitted to justify his arrest was full of misrepresentations and omissions that led to his arrest and jailing without probable cause to believe he committed the crime. Doc. 1. The defendants have filed seven different motions to dismiss the claims against them. Docs. 87, 94, 95, 97, 98, 104, 108.[1] The motions are granted.

## BACKGROUND

Plaintiff is presumed innocent of his wife's murder, and at this stage of the case, the allegations in his complaint in this civil lawsuit are presumed true. Those allegations paint the following picture.

## I.   Mrs. Morphew's Disappearance

Mrs. Morphew disappeared on May 10, 2020. Plaintiff last saw her around 5:00 a.m. that day as he was preparing to leave their home in Chaffee County, Colorado for a previously scheduled landscaping job a few hours away in Broomfield, Colorado. Doc. 1 at 14. Around 3:00 p.m.

---

[1] A number of additional defendants have already been dismissed from the case with Plaintiff's consent. *See* Docs. 103, 126, 148.

that day, Plaintiff called and asked neighbors to go to his home and look for his wife because he and his daughters, who had been away on a road trip, were unable to reach her. *Id*. The neighbors could not find her and also did not see her mountain bike, which she rode almost daily. *Id*. Around 5:30 p.m., Plaintiff asked the neighbors to call the authorities while he packed up his things and drove back from Broomfield. *Id* at 15.

## II.    The Investigation

Shortly after law enforcement was contacted that evening, Mrs. Morphew's bike was discovered down a ravine off a dirt road near their home. *Id*. When Plaintiff arrived on the scene, he helped law enforcement try to track down his wife by providing them an article of her clothing for a scent dog. *Id*. The dog followed her scent to a river, where the scent disappeared. *Id*.

Suspecting that Plaintiff may have staged his wife's bicycle in the ravine to cover his tracks or to make it look like she had been abducted, law enforcement quickly began to focus on Plaintiff as the prime suspect in his wife's disappearance. *Id*. at 17. Investigators searched his residence, including vehicles parked in the garage. *Id*. at 18. They seized his truck and phone, his wife's car, and his daughters' phones. *Id*. They took DNA samples from his home as well as from his vehicle, his wife's vehicle, and the bicycle. *Id*. at 18. Over the course of the year leading up to his arrest, Plaintiff met with investigators more than sixty times. *Id*. at 19. He maintained his innocence throughout the investigation and still does. *Id*.

During the investigation, law enforcement discovered that Plaintiff's wife had been having an affair with another man for approximately two years prior to her disappearance. *Id*. They suspected that Plaintiff learned of this affair and became enraged. Doc. 1-1 at 59-66. They further theorized that he returned home from work on May 9, 2020,

around 2:30 p.m., chased his wife around the house, killed her using tranquilizer serum in a dart shot by a gun, disposed of her body and all evidence of the crime, and then created an alibi by going to Broomfield the next day, Sunday, May 10, 2020. Doc. 1 at 18.

## III.   The Arrest Affidavit

Despite not having discovered Mrs. Morphew's body,[2] the defendants, according to Plaintiff, crafted an investigation and prosecution to fit the preconception that he was guilty, rather than to objectively seek the truth. This culminated when prosecutors in Colorado's 11th Judicial District filed a misleading arrest affidavit. Doc. 1-1 at 1. This 129-page arrest affidavit, which outlined the prosecution's theory of the case, included many facts in support of its conclusion which do not appear to be disputed here, but also included a number of allegedly misleading assertions and omitted several potentially important exculpatory facts. This led to Plaintiff's arrest for the murder of his wife on May 4, 2021, and his subsequent months-long jailing before the charges were dismissed.

### A.   The Undisputed Inculpatory Facts

Law enforcement discovered a number of facts during the course of the investigation that supported its theory. While Plaintiff alleges that other exculpatory facts were overlooked and that the arrest affidavit ultimately charging him with murder fabricated additional evidence to

---

[2] Her remains were eventually found in September 2023. Thomas Piepert et al., Suzanne Morphew's remains found 3 years after she went missing in Colorado. What happened to her?, Associated Press News (Sept. 28, 2023, 4:53 PM), https://apnews.com/article/remains-found-missing-colorado-woman-suzanne-morphew-1ff32e64fe7d045b0359bb2a9fe6796b.

suggest his guilt, he does not dispute that the investigation yielded the following inculpatory facts:[3]

- Macy Morphew's admission that her parents argued a lot and that she feared they would separate or divorce. Doc. 1-1 at 6.

- Mrs. Morphew's sister, Melinda Baumunk, described Plaintiff as one who lives a double life, a liar, an adulterer, a bully, one that has to have control, cunning, fools people a lot, and treats his wife and daughters as trophies. *Id.* at 11.

- Mrs. Morphew texted her sister two days before she disappeared: "Its hard dealing with the harsh abrasiveness and having to show respect. He's also been abusive, emotionally and physically. There's so much…I went thru a period of acceptance and I feel more angry now. Anger at what I've allowed." *Id.* at 12.

- Mrs. Morphew kept a list of grievances about her husband on the notes application on her phone, which included "Phys abuse," "Stalking Sheila and me in house without telling," "Chase me around resort and threatened," "Took phone," "Not safe alone with you. Can't be trusted," "Oppressive," and "Accused me of bf." *Id.* at 13.

- Mrs. Morphew texted her husband a few days before she disappeared: "I'm done. I could care less what you're up to and have been for years. We just need to figure this out civilly." *Id.*

- Plaintiff declined to submit to a polygraph examination regarding his memory of the events leading up to his wife's disappearance and his alibi. *Id.* at 21.

- Investigators observed scratches on Plaintiff's upper left arm three days after his wife disappeared. *Id.*

- Plaintiff thought it was "very suspicious" that his wife would not tell him about some of her communications, even if he did not know she was involved in a sexual relationship with another man. *Id.* at 22.

---

[3]  I note that the following facts are all drawn from Plaintiff's complaint and arrest affidavit referenced in and attached to the complaint. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (court may consider documents that complaint incorporates by reference and documents attached as exhibits to complaint); *cf. Cuervo v. Sorenson*, 112 F.4th 1307, 1312-13 (10th Cir. 2024) (district court erred by relying on documents outside of the pleadings).

- Plaintiff's conflicting statements about whether he went on a hike to Fooses Lake with his wife the day before her disappearance. *Id*. at 125.

- Plaintiff's conflicting statements about whether he used his tranquilizer or darts in Colorado, including his admissions that "I've shot two deer with my tranq gun, 'cause I used to raise deer, and I collect horns" and that "I've shot deer from that little breezeway from between the garage and the laundry room." *Id*. at 23 n.32, 86.

- Plaintiff's admission that he used BAM, Telazol, and Xylazine as tranquilizers and that he brought these chemicals, which he knew to be controlled substances, from Indiana. *Id*. at 119.

- Retired Colorado Parks & Wildlife Field Veterinarian Lisa Wolfe's surprise that a civilian would have these animal tranquilizers. *Id*. at 129.

- Plaintiff's admission that he kept the tranquilizer chemicals in vials and injected them into darts himself. *Id*. at 119.

- Mrs. Morphew's "spy pen" recorded her husband listening to several episodes of "Forensic Files"—including three episodes about murders—during a drive to Pueblo less than two months before she disappeared. *Id*. at 29.

- Plaintiff was originally scheduled to pick up an employee to drive to Broomfield for a landscaping job around 5:30 p.m. on the day his wife disappeared but instead left at 5:00 a.m., twelve hours earlier than planned. *Id*. at 47.

- Plaintiff was seen "carrying unknown items in his hands and placing items into two separate trash cans located on the edge of the McDonald's lot between 10:19 AM and 10:41 AM" on May 10, 2020, roughly six hours after Mrs. Morphew was last seen alive. *Id*. at 36.

- Plaintiff was the last person to see his wife alive. *Id*. at 112 n.79.

- Plaintiff could not recall the items that were in the trash bags, stating that they were "probably old clothes" or boots. He could also not recall why he pushed the trash to the extent that his shoulder was in the trash can. *Id*. at 27, 37.

- Plaintiff suggested saying "I don't recall" was code for not wanting to tell the truth but himself didn't recall a number of critical facts surrounding his wife's disappearance. *Id*. at 67.

- Plaintiff began to liquidate the family's assets within a month of his wife's disappearance. *Id*. at 45-46.

- Plaintiff was an avid hunter and a professional landscaper and may have possessed the tools and expertise necessary to kill his wife, bury her body, and dispose of the evidence. *Id*. at 18.

- Plaintiff became intimately involved in a relationship with another woman in the months immediately following his wife's disappearance (before her body had been discovered). *Id*. at 123.

- Mrs. Morphew's father felt it was odd that neither of his granddaughters or Plaintiff were home on Mother's Day, when Mrs. Morphew disappeared, and that it was unusual that Plaintiff would choose to work on the Sunday of Mother's Day when he seldom worked on Sundays. *Id*. at 52.

### B.    The Exculpatory Facts

These facts, however, do not paint the whole picture. The investigation into Mrs. Morphew's disappearance also discovered facts that were inconsistent with the prosecution's theory and that would have tended to support the conclusion that his wife was abducted by a stranger. These include the following:

- Partial unknown genetic profiles were recovered from his wife's car and, using a national DNA database called CODIS, identified as potential matches to unsolved sex crimes committed in other states. Doc. 1 at 20-21.

- Unknown male DNA was found in a number of locations inside his home and on his wife's bike. *Id*. at 29-30.

- Plaintiff tried to contact his wife on the day she disappeared. *Id*. at 79.

- A K-9 detected his wife's scent near the scene of the abandoned bicycle. *Id*. at 85.

- A K-9 did not alert to the scent of a cadaver in their home or vehicles. *Id*. at 89.

- His hotel room in Broomfield may have smelled like chlorine because it was above an indoor pool (not because Plaintiff was destroying evidence, as the affidavit suggested). *Id*. at 100.

- His wife's phone and computer exhibited activity into the evening of May 9, suggesting that she was alive past the time investigators theorized he had killed her. *Id*. at 53-63.

- The plastic needle cap allegedly found by investigators in Plaintiff's dryer was actually a hypodermic needle cap, not a tranquilizer dart cap. *Id*. at 67.

- A tranquilizer gun is the only method by which to shoot a tranquilizer dart and Plaintiff's tranquilizer gun, which was stored in a locked gun safe, was inoperable and had not been used in a long time. *Id*. at 68-69.

None of these facts was mentioned in the affidavit submitted by prosecutors to the court.

The affidavit also included a range of allegedly fabricated and unreliable information in an attempt to bolster the inference that the evidence against Plaintiff was overwhelming. This included the following:

- A "pushpin map" that was used to suggest that Plaintiff was chasing his wife around the house on the afternoon of May 9, immediately before killing her. Investigators knew this map was unreliable because of a phenomenon called "static drift," which would have been a better explanation for why his phone was moving around the house so quickly. Doc. 1 at 38-46.

- Plaintiff's alleged admission that he was probably chasing a chipmunk in response to being confronted with the "pushpin map." Investigators also knew this admission was unreliable because it was made in response to fabricated and deceptive evidence. *Id*. at 44.

- Unreliable conclusions regarding his phone being in "airplane mode" on May 9. *Id*. at 46-52.

- Unreliable conclusions drawn from the "telematics" and odometer of his truck. *Id*. 87-89.

- The false statement that he knew about his wife's affair. *Id*. at 110.

- The false statement that he admitted to keeping tranquilizer chemicals on his work bench. *Id*. at 74.

- That his wife's bicycle was "discarded." *Id*. at 77.

- That his alibi was "created" to account for her disappearance. *Id*.

- That his tools were "staged" in the Broomfield hotel lobby. *Id*. at 82.

- That his wife "wanted out" of their marriage. *Id.* at 91.

- That his wife bought a spy pen for "safety" reasons. *Id.* at 93.

- That his wife's romantic partner refused to travel to Colorado because Plaintiff had security cameras all over the house. *Id.* at 95.

- That there was "suspected blood" near Plaintiff's garage. *Id.* at 97.

- That it was fair to assume his wife was dead because there were no records of her entering another country or using a credit card. *Id.* at 98.

- That he was having an affair. *Id.* at 100.

- That he used his Bobcat skid steer to dispose of his wife's body. *Id.* at 107.

- That he lied about having "steaks" for dinner with his wife the night before she disappeared. *Id.* at 114.

- That he "blamed" a mountain lion for his wife's disappearance. *Id.* at 116.

- That he "blamed" a turkey for why he was down by the creek while his wife was on the phone with her lover the afternoon before she disappeared. *Id.* at 117-18.

- That he used the "firing of a gun" to "describe" his violence towards his wife on the day she disappeared. *Id.* at 119.

- That he described his wife's breathing as "labored" the last time he saw her. *Id.* at 120.

- That he admitted to taking his wife's phone once or twice in the past to monitor what she was doing. *Id.* at 121.

The affidavit's case synopsis, which included these alleged fabrications, was prepared by investigator Alex Walker with the assistance of FBI Special Agent Jonathan Grusing. Doc. 1-1 at 2. The affidavit states it was reviewed and edited by FBI Special Agent Kenneth Harris as well as CBI Agents Joseph Cahill and Derek Graham. *Id.* It also states that the affidavit and warrant were reviewed by District Attorney Linda Stanley and Senior Deputy District Attorney Jeff Lindsey. *Id.* at 126.

## IV.   Procedural History

On May 2, 2023, after the charges against him were dismissed, Plaintiff filed the complaint in this case. In it, he brings claims under 42 U.S.C. § 1983 for (1) malicious prosecution, (2) fabrication of evidence, (3) arrest-affidavit violations under *Franks v. Delaware*, 438 U.S. 154 (1978), (4) conspiracy, (5) unlawful retention of property, (6) failure to intervene, (7) reckless investigation, and (8) municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). He also brings parallel state-law claims for malicious prosecution, fabrication of evidence, arrest-affidavit violations, conspiracy, and unlawful deprivation of property. Defendants subsequently moved to dismiss the case in seven separate motions. Docs. 87, 94, 95, 97, 98, 104, 108. A hearing was held on these motions on August 21, 2024. Doc. 157.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) requires a court to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In doing so, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will

not suffice." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555). A court will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* At this stage, the well-pleaded facts underlying a plaintiff's allegations must articulate a viable legal claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555.

## DISCUSSION

The defendants named here were all involved in investigating, charging, and prosecuting Plaintiff to one degree or another. The allegations against them, if true, show an investigation and prosecution that was, in a number of senses, *wrongful*. Plaintiff alleges that prosecutors omitted significant evidence, failed to follow up on or answer questions that may have undermined the case against him, and misrepresented material facts. All are wrongful, and all undermine the criminal justice system in serious ways. There should be, and are, consequences for that conduct.[4] But civil liability for money damages is not necessarily one of those consequences. All of Mr. Morphew's asserted causes of action suffer from one or more legal deficiencies. Chief among those deficiencies is that, despite the failings of the investigation and prosecution, there was still probable cause to arrest and charge him with murder. For this and the other reasons set forth below, Plaintiff's claims must be dismissed.

---

[4]    Besides the implosion of the prosecution of Plaintiff and the need to restart the investigation into Mrs. Morphew's death, consequences can, and have, included sanctions both in court and through the professional oversight processes. *See, e.g.*, Doc. 159-1.

I.    **Probable Cause:**
      **Claims One, Two, Three, Four, Six, and Eight**
      **as to All Named Defendants**

The core of Plaintiff's complaint and nearly all of his claims is that the affidavit that led to his arrest and prosecution was misleading, and he should not have been arrested. His claims for malicious prosecution, fabrication of evidence, *Franks* violations, conspiracy, failure to intervene, and *Monell* liability (except as to unlawful retention of property)[5] all turn on whether law enforcement had probable cause to arrest and charge him for his wife's murder in May 2021.[6] That is because each of these claims requires a showing that any misconduct by the defendants was material to a violation of Plaintiff's rights, or, in other words, that there would have been no probable cause to arrest and charge him had it not been for the alleged misconduct. *See Taylor v. Meacham*, 82 F.3d 1556, 1558 (10th Cir. 1996) (malicious-prosecution claim requires showing that there was no probable cause to arrest); *Truman v. Orem City*, 1 F.4th 1227, 1236 (10th Cir. 2021) ("[A] plaintiff must assert a

---

[5]   Plaintiff's retention-of-property claim is addressed separately below.

[6]   As to Plaintiff's claim for "reckless investigation," there is something of a circuit split on whether such a cause of action should exist, with some courts recognizing the claim but others rejecting it. *See Parker v. City of Tulsa*, 745 F. App'x 79, 81 n.1 (10th Cir. 2018) ("As far as this court can tell, the Eighth Circuit stands alone in recognizing the existence of such a cause of action."). The Tenth Circuit, however, has not recognized any such constitutional claim. In the absence of any binding Supreme Court or Tenth Circuit precedent on point, I am persuaded by the majority of other courts that have held there is no such cause of action. *See Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009) (plaintiff cannot state a due-process claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment"); *see also Parker*, 745 F. App'x at 81 n.1 ("[T]here exists serious reason to doubt the existence of [this] claim . . . ."). Plaintiff's Claim Seven is therefore dismissed.

causal connection between the fabrication of evidence and the depriva-
tion of liberty."); *United States v. Moses*, 965 F.3d 1106, 1113 (10th
Cir. 2020) (*Franks* claim requires showing that excluded information
would have been material to a finding of probable cause); *Dixon v. City
of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) ("[T]o recover under a
§ 1983 conspiracy theory, a plaintiff must plead and prove not only a
conspiracy, but also an actual deprivation of rights."); *Bledsoe v.
Carreno*, 53 F.4th 589, 616 (10th Cir. 2022) (a failure-to-intervene claim
requires a preliminary showing that a government actor violated a
plaintiff's constitutional rights); *Hinkle v. Beckham Cnty. Bd. of Cnty.
Comm'rs*, 962 F.3d 1204, 1226 (10th Cir. 2020) (finding plaintiff's *Mo-
nell* claim failed because "he was arrested with probable cause"); *see also
Kerns v. Bader*, 663 F.3d 1173, 1187 (10th Cir. 2011) (Finding probable
cause to be the "easiest and most economical" piece "of common ground"
to resolve a number of constitutional claims requiring "a variety of dif-
ferent elements").

In hindsight, it appears everyone involved now agrees that Mr. Mor-
phew should not have been arrested, at least not at that time. As some
defendants pointed out behind the scenes at the time, the investigation
wasn't complete, there were loose ends to tie up, and there were too
many questions to answer before a case against Plaintiff could be proved
beyond a reasonable doubt. *See* Doc. 1 at 24 ("Defendants Cahill and
Graham were highly critical of the affidavit and opposed the impending
arrest of Barry, citing the need for more forensic testing, evidence col-
lection, and review and analysis of the investigation and materials
seized up to date."). But the question for this Court isn't whether the
decision to arrest Plaintiff was wise or whether the government would
have been able to prove its case to a jury beyond a reasonable doubt. The
question is whether arresting and prosecuting him at that time was

unlawful. That depends on whether law enforcement had probable cause to arrest and charge him for his wife's murder, which is a significantly different inquiry.

### A.   Applicable Law

Probable cause is not a concept that can be reduced to percentages or formulas. It requires more than mere suspicion, but allows for reasonable doubts, and indeed does not even require showing that guilt is more likely than not. *See Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014) ("Probable cause is not a precise quantum of evidence—it does not, for example, require the suspect's guilt to be more likely true than false. Instead, the relevant question is whether a substantial probability existed that the suspect committed the crime, requiring something more than a bare suspicion." (internal quotation marks omitted)). It requires far less than the "beyond a reasonable doubt" standard needed to convict, though more than "bare suspicion." *United States v. Johnson*, 43 F.4th 1100, 1107 (10th Cir. 2022) ("The probable-cause standard requires only a fair probability, a standard understood to mean something more than a bare suspicion but less than a preponderance of the evidence at hand." (internal quotation marks omitted)).

The probable-cause inquiry is an objective one, meaning it asks what a reasonable person in the circumstances would believe, not what any particular defendant or anyone else might have actually believed. *See, e.g.*, *Mglej v. Gardner*, 974 F.3d 1151, 1161 (10th Cir. 2020) ("[P]robable cause is measured by an objective standard."). In a case such as this where defendants are alleged to have fabricated evidence and omitted exculpatory facts from an arrest affidavit, the existence of probable cause is determined by ignoring the allegedly false information, accounting for the exculpatory omissions, and inquiring whether the accurate picture "would still have given rise to probable cause for the warrant."

*Taylor*, 82 F.3d at 1562. While this can be a question for a jury, it is not always. The Tenth Circuit has held, for example, that "whether an officer had probable cause to arrest [is] a 'proper issue for the jury if there is room for a difference of opinion.'" *Bruner v. Baker*, 506 F.3d 1021, 1028 (10th Cir. 2007) (quoting *DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990)). But where "the evidence supports only one conclusion, which is that the arrest of [the] plaintiff . . . was lawful because probable cause existed," it is proper for a court to resolve the question. *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985); *see also Easton v. City of Boulder*, 776 F.2d 1441, 1446 (10th Cir. 1985) (claims properly dismissed where there was "no basis upon which a jury could have reasonably concluded that" probable cause was lacking).

## B.   Analysis

Even including the facts that Plaintiff alleges  were misleadingly omitted from the affidavit and setting aside those he says were wrongfully included or fabricated, no reasonable person could have looked at the allegations in it and found that probable cause was lacking. As alleged in the complaint and summarized above, the investigation developed hundreds of facts that support probable cause that Plaintiff does not dispute. Out of the 129-page arrest affidavit, Plaintiff only disputes the facts discussed in the background section above. Accepting, as I must at this stage of the case, that Plaintiff's allegations are true, there remains ample reason to find probable cause that he was involved in the murder of his wife.

Plaintiff is correct that the exculpatory information omitted from the arrest affidavit was material and may have undercut the prosecution's theory by supporting the alternative conclusion that his wife was abducted by a stranger. Particularly significant in this regard are the facts that unknown DNA swabbed from Mrs. Morphew's car potentially

matched DNA found in three out-of-state unsolved sexual assault investigations, that unknown male DNA was discovered in several places on her discarded bike and in their home, and that her scent was found near the area where her bicycle was found, possibly suggesting that this scene was not staged. Doc. 1. at 20-21, 29-30, 85, 127.[7] These facts explain why proceeding with the arrest and charges at the time the affidavit was filed was at the very least unwise: the uncertainties raised by some of this evidence would have made it very difficult for the prosecution to secure a conviction at trial beyond a reasonable doubt, and prosecutors, generally, understand they have an ethical obligation not to bring charges that they cannot prove beyond a reasonable doubt.

But as noted above, not every unwise decision is unconstitutional, and the *legal* (if not ethical) standard for an arrest does not require the same level of certainty as that for a conviction. The question here is not whether the evidence was sufficient to show beyond a reasonable doubt that Plaintiff murdered his wife, but whether the uncertainties raised by the omitted and misrepresented evidence erased any substantial probability that Plaintiff was involved. The evidence, even as presented by the Plaintiff's complaint, still supports only one conclusion: that there was such probable cause. *See Karr*, 774 F.2d at 1031 ("[W]e believe that

---

[7]  While it is not clear whether he considered the other exculpatory omissions mentioned in the complaint, Judge Murphy, who presided over the proof-evident-presumption-great hearing, expressly considered the CODIS matches. The complaint states that Judge Murphy "specifically found that the unknown male DNA profile was 'particularly significant because while it doesn't prove a stranger abduction theory, it does at least support it.'" Doc. 1 at 131. Yet Judge Murphy still found probable cause to arrest Plaintiff existed. *Id.* at 130. *See Stonecipher*, 759 F.3d at 1141 ("A neutral magistrate judge's issuance of a warrant is 'the clearest indication that the officers acted in an objectively reasonable manner . . . .'").

the evidence supports only one conclusion, which is that the arrest of plaintiff Karr was lawful because probable cause existed.").

Accounting for the exculpatory omissions and leaving out the allegedly fabricated or misleading evidence Plaintiff depends on, the arrest affidavit would tell an objective observer the following:

- Plaintiff was controlling and both physically and emotionally abusive according to his wife. He was suspicious that she was cheating, at least emotionally, and they fought frequently. She didn't feel safe at home with him and tried to break up with him a few days before she disappeared.

- Plaintiff's behavior on the Sunday of her disappearance was unusual. He had a job planned in Broomfield and was supposed to pick up an employee at 5:30 p.m. to drive to Broomfield and stay overnight in a hotel that he had booked over a week in advance. But he instead left his house at 5:30 a.m. and drove to Broomfield alone. This was Mother's Day, and according to Plaintiff's father-in-law, it was strange that he would work the Sunday of Mother's Day, as he rarely worked on Sundays. He was observed throwing trash away in a McDonald's parking lot in Broomfield around 10:00 a.m. and when questioned couldn't remember what it was, stating it was "probably old clothes" or an old pair of boots. He tried to call and text his wife several times throughout this day.

- Plaintiff was the last person to see his wife alive. By his own admission, he was alone with her from the afternoon of May 9 until the morning of May 10, when she disappeared, and he would have had time to murder her and dispose of the evidence. His wife's computer and phone exhibited activity late into the evening of May 9, however, indicating she may still have been alive at that time.

- His memory regarding the events leading up to his wife's disappearance is fuzzy, and he gave conflicting statements about those events, including about whether they went on a hike together the day before her disappearance. He had scratches on his arm after she disappeared.

- He suggested that saying "I don't recall" is code for not wanting to tell the truth, but himself stated that he didn't recall a number of key events leading to his wife's disappearance.

- He has previously bought and used tranquilizer chemicals in darts that he filled himself. He had a tranquilizer gun, but it was not operable and hadn't been used recently. He gave conflicting statements about whether he had used the tranquilizer darts in Colorado. An expert was surprised that a civilian would have those tranquilizer chemicals.

- He started liquidating assets and seeing another woman shortly after his wife disappeared, long before her body was found.

- His wife's mountain bike was found in a ravine near their home, and dogs detected her scent in that area. Unknown male DNA was found on the bike, on the carpet by their bed and on a stair in their house, and in her car. The DNA from her car potentially matched that from unsolved sexual assault investigations.

- Cadaver dogs did not alert to Plaintiff's truck, and GPS data indicated that his Bobcat skid steer had not been moved since before his wife's disappearance.

- Plaintiff is a skilled hunter and a landscaper and may have had the tools and expertise to kill his wife, bury her body, and destroy the evidence.

On these facts, I find no room for debate that the relatively low bar of probable cause was met. That is not to say that the prosecution's theory was airtight, particularly at the time of the arrest. The excluded evidence, had it been included, indeed would have raised some doubts about others' possible involvement in Mrs. Morphew's death. But while those doubts may have been enough to acquit Plaintiff of a criminal charge, or even to permit debate about whether it was more likely than not (under that evidence) that he was guilty, neither of those questions is relevant to this case. Indeed, whether Plaintiff is actually guilty of murder is irrelevant here—the Constitution protects both the guilty and the innocent. But even with the full picture as Plaintiff has presented it in his complaint, there was still evidence that Plaintiff had a motive, means, and opportunity to kill his wife; that his alibi was fabricated (as it was uncorroborated and supported only by his own self-serving

statements); and that his credibility was dubious (given his conflicting statements to investigators).

While the full picture undermines the certainty expressed in the affidavit and might suffice to create some reasonable doubt, there remains far more than a "bare suspicion," and more than a "fair probability" that Plaintiff was involved in his wife's murder. *See Johnson*, 43 F.4th at 1107. By any reasonable, objective measure, this evidence goes well beyond the standard required for probable cause to arrest and charge Plaintiff for the murder of his wife.[8] *See, e.g.*, *Mallory v. Holdorf*, 575 F. App'x 108, 109 (4th Cir. 2014) (affirming district court's finding that probable cause existed to arrest plaintiff who was later acquitted of murdering his wife where he had an opportunity to commit the murder, witnesses heard him arguing with his wife, and plaintiff lacked credibility with investigators).

Did the investigators and prosecutors have an obligation to Plaintiff and the state courts to be more careful and candid? Yes. Did they fail to live up to that duty? By all appearances, yes.[9] Do the full facts as alleged

---

[8]    It is worth emphasizing, again, that it is not necessary that the evidence support only one possible conclusion about Plaintiff's guilt; that would be akin to proof beyond a reasonable doubt. *See United States v. Martin*, 613 F.3d 1295, 1302 (10th Cir. 2010) ("As the standard itself indicates, *probable* cause does not require metaphysical certitude or proof beyond a reasonable doubt.") (emphasis in original). Nor is it even necessary that the evidence support the conclusion that Plaintiff's guilt is more likely than not. *Johnson*, 43 F.4th at 1107. The question is whether the evidence is strong enough to raise a "fair probability" that Plaintiff was involved in the crime. *See United States v. Denson*, 775 F.3d 1214, 1220 (10th Cir. 2014). The evidence here, as in *Karr*, was sufficient to raise such a fair probability, so his arrest, while foolish and flawed, was not unlawful.

[9]    *See* Doc. 159-1 at 1-2 (disbarring District Attorney Linda Stanley in part because she "did not adequately supervise the prosecution of the case" against Plaintiff).

- 19 -

here raise some doubt about the theory presented in the affidavit and the certainty that Plaintiff was solely responsible for Mrs. Morphew's death? Yes. But do they eliminate even a "fair probability" that he was involved? The answer to that can only be no. For all its infuriating flaws, then, the prosecution of Plaintiff was not unlawful, and his Section 1983 claims for malicious prosecution, fabrication of evidence, *Franks* violations, conspiracy, failure to intervene, and *Monell* liability[10] must be dismissed on the basis of the existence of probable cause.

## II.    Claims Against Non-Prosecutorial Defendants in Their Individual Capacities

### A.    Causation and Personal Participation: Claims One, Two, and Three

Even if one assumes that the alleged misrepresentations in and omissions from the arrest affidavit obviated probable cause to arrest Plaintiff, there are other problems with his effort to state viable legal claims as to the non-prosecutorial defendants (Defendants Spezze, Rohrich, Camper, Himschoot, Cahill, Duge, Rogers, Graham, Koback, Lewis, and Schaefer). He has failed to directly link these defendants to his alleged injury, both as a matter of legal causation and because his allegations are insufficiently specific as to the role each played in causing his arrest. His claims for malicious prosecution, fabrication of evidence, and *Franks* violations against these defendants thus must be dismissed for this reason in addition to the existence of probable cause.

The injury Plaintiff alleges is being wrongfully arrested and then jailed and prosecuted. While the evidence does not support that assertion as explained above, even if it did, what caused it was the decision of the prosecutors to submit the arrest affidavit and move forward with

---

[10]  Except as to unlawful retention of property, which is addressed below.

the case when and how they did. None of the allegations against these defendants shows that they played a material role in that action.

As to the investigation, the allegations are that defendants ignored exculpatory evidence and ginned up unreliable evidence to include in the affidavit. But the allegations are not that the prosecutors were misled by the investigators or duped into believing fabricated evidence. To the contrary, the allegations point to the prosecutors as ringleaders. *See*, *e.g.*, Doc. 1 at 21 ("[H]ighly exculpatory information was not disclosed in the affidavit for Arrest Warrant prepared by Defendants Walker, Stanley, Lindsey, Cahill, and other defendants and co-conspirators."). Most of the defendants are simply accused of not preventing the misleading information from being included in the affidavit (or the exculpatory information from being excluded), or not preventing the affidavit from being filed at all. *See, e.g., Id.* at 27 ("Even though only Defendant Walker subscribed and swore to the Arrest Affidavit, all Defendants identified above . . . personally participated in meetings and conversations and exchanged emails and other communications as participation in drafting of the Arrest Affidavit."). But those are all different ways of saying they failed to prevent the prosecutors from violating Mr. Morphew's rights. As explained below, failure to intervene was not recognized as a separate claim in these circumstances until after the events of this case. As to Claims One, Two and Three for malicious prosecution, fabrication of evidence, and *Franks* violations, the prosecutors took the action that injured Plaintiff, not the defendants who didn't stop them.

To be sure, if an investigator or officer conceals or misrepresents material facts to a prosecutor who then acts on that false information, a claim may be stated. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1292-93 (10th Cir. 2004) (finding that a plaintiff can state a claim for malicious prosecution against the district attorneys who filed charges as well as

"officers who conceal and misrepresent material facts to the district attorney"). But that is not what is alleged in Plaintiff's complaint.

There is one possible exception, but even there the complaint stops short of asserting facts sufficient to support a claim. At times, Plaintiff seems to insinuate that Defendant Himschoot planted the hypodermic needle cap in Plaintiff's drying machine, but he never directly alleges that Mr. Himschoot planted evidence, only that he might have had the opportunity. *See, e.g.*, Doc. 1 at 19. While planting evidence likely would be the sort of allegation that, if it obviated probable cause, would suffice, the complaint is too oblique on this point to state a claim. The prosecutorial defendants are therefore the only ones who could have been responsible for any alleged injury.

Plaintiff also impermissibly uses group allegations against the non-prosecutorial defendants. Though he repeatedly asserts that various groups of defendants were responsible for his alleged injury, these allegations are often unaccompanied by factual support showing why each individual defendant is included in the group. *See Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) ("[I]t is particularly important . . . that the complaint make clear *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him.") (emphasis in original). At times, Plaintiff's allegations as to individuals actually contradict his allegations as to the groups in which those individuals are included. Plaintiff alleges, for example, that "Defendants who authored the Arrest Affidavit, individually, jointly, and in conspiracy with one another . . . deprived Barry Morphew of his constitutional rights." Doc. 1 at 149. But he also admits, incongruently, that Defendant Cahill, who is explicitly included in this group, was actively counseling against filing the arrest affidavit in May 2021. *See* Doc. 1 at 26, 42.

As to the arrest affidavit, many of the non-prosecutorial defendants
are only alleged to have "edited" or "reviewed" this document. *See*
Doc. 1-1 at 2 ("This affidavit was edited and reviewed . . . by CBI Agents
Joseph Cahill and Derek Graham."). This is insufficient to show that
these defendants caused the prosecutors to initiate a malicious prosecu-
tion based on material falsehoods or omissions, and it does not negate
the fact that the prosecutors were ultimately responsible for submitting
the affidavit they did. Though Mr. Morphew might have adequately
pleaded his claims if he had alleged that the investigators and sheriffs
concealed facts from the prosecutors, such as, for example, the exculpa-
tory CODIS matches, that is not what he has alleged. To the contrary,
the complaint is clear that the prosecutors were also aware of this evi-
dence and simply chose not to include it in the affidavit they were re-
sponsible for authoring. *See*, *e.g.*, Doc. 1 at 129 ("Defendant Hurlbert
was involved in numerous of the meetings and conversations about the
CODIS matches."). That certain defendants "reviewed" and "edited" the
affidavit before it was filed is insufficient to establish the causation nec-
essary to state a claim in this context.

Other defendants are not even alleged to have reviewed the affidavit
at all. Defendant Koback, for example, is only alleged to have known
about certain exculpatory material that was omitted from the affidavit.
*Id.* at 79. As with the other allegations regarding reviewing and editing
the affidavit, this is insufficient to state a claim where it is not also cou-
pled with the assertion that Mr. Koback actually concealed information
or misled the prosecutors.

For these reasons, Mr. Morphew has failed to adequately allege that
Defendants Spezze, Himschoot, Rohrich, Camper, Cahill, Duge, Rogers,
Graham, Lewis, Koback, and Schaefer caused the injury that underlies

Plaintiff's malicious prosecution, fabrication of evidence, and *Franks* claims.

### B.   Qualified Immunity: Claim Six

Plaintiff's failure-to-intervene claim does not require a showing that each defendant legally caused his alleged injury. It only requires a show-ing that Plaintiff's rights were violated and that others, knowing of this violation, failed to intervene. *See Bledsoe*, 53 F.4th at 616. But until late 2022, failure-to-intervene claims were limited exclusively to the ex-cessive-force context. *Id.* at 617; *see also Shaw v. Schulte*, 36 F.4th 1006, 1020 (10th Cir. 2022) (noting that the duty to intervene is limited to the excessive-force context and holding that Tenth Circuit law did not "clearly establish that an officer must intervene to prevent an illegal search and seizure"). Because all of the alleged misconduct here took place before then, all of the individual defendants (including the prose-cutors) are entitled to qualified immunity on his failure-to-intervene claim, as none of their alleged actions would have violated a clearly es-tablished constitutional right at the time those actions took place. *Cuervo*, 105 F.4th at 1292 (qualified immunity applies if constitutional right violated was not "clearly established at the time of the violation").

### III.   Claims Against Prosecutorial Defendants in Their Individual Capacities

### A.   Absolute Immunity: Claims One, Two, Three, Four, Five, and Six as to Defendants Stanley, Lindsey, and Hurlbert

Plaintiff's claims against the prosecutors (Defendants Stanley, Lind-sey, and Hurlbert) therefore are better supported by the factual allega-tions in the complaint. But they must also be dismissed because they are blocked by the legal doctrine of absolute prosecutorial immunity. *See Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007) ("Absolute

prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983.").

A prosecutor is "fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Such functions include anything associated with the "judicial phase of the criminal process," as opposed to the investigative phase, and encompass "initiating a prosecution" and "presenting the State's case." *Imbler v. Patchman*, 424 U.S. 409, 431 (1976). The Tenth Circuit, moreover, has held that it is a "well-settled rule that prosecutors are entitled to absolute immunity for the malicious prosecution of someone whom [they] lacked probable cause to indict." *Warnick v. Cooley*, 895 F.3d 746, 752 (10th Cir. 2018) (internal quotation marks omitted). It has also held that "a prosecutor has absolute immunity from a civil damages suit, even if he deliberately withholds exculpatory information." *Hartz v. Campbell*, 680 F. App'x 703, 707 (10th Cir. 2017) (internal quotation marks omitted).

The allegations as to defendant prosecutors Stanley, Lindsey, and Hurlbert fall squarely within the ambit of prosecutorial function protected by absolute immunity. Despite the complaint's conclusory assertion that all "acts by Defendant DAs Stanley, Lindsey, and Hurlbert alleged herein were performed in an investigative and/or administrative phase of the case," the factual allegations show otherwise. *See Kalina*, 522 U.S. at 130 ("[T]he selection of the particular facts to include in the certification to provide the evidentiary support for the finding of probable cause required the exercise of the judgment of the advocate."). None of these three defendants is alleged to have done more than draft, review, and select which facts to include in the affidavit, and none is alleged to have acted as a complaining witness and personally vouched for the truth of facts included in the affidavit. *See Chilcoat v. San Juan*

- 25 -

*Cnty.*, 41 F.4th 1196, 1212 (10th Cir. 2022) ("A public prosecutor assumes the role of a complaining witness, and is not entitled to absolute immunity, when personally vouching for the truth of facts that provide the evidentiary basis for a finding of probable cause."). In fact, Plaintiff readily admits that "only Defendant Walker subscribed and swore to the Arrest Affidavit." Doc. 1 at 27; *see Chilcoat*, 41 F.4th at 1212 ("We have likewise observed the distinction between sworn and unsworn statements when deciding whether a prosecutor functioned as an advocate or a complaining witness."). Because Defendants Stanley, Lindsey, and Hurlbert are only alleged to have participated in the construction of the arrest affidavit in their roles as advocates for the County, they are entitled to absolute prosecutorial immunity.[11]

### B.  Qualified Immunity: Claims One, Two, Three, Four, and Six as to Defendant Walker

Defendant Walker is not entitled to absolute immunity because he swore to the truth of the arrest affidavit and thus acted as a complaining witness. He is, however, entitled to qualified immunity.[12] Even assuming one could say the facts as alleged in the complaint arguably fall short of showing probable cause (and I do not think they could for the reasons

---

[11]  Plaintiff argues that the doctrine of absolute immunity should be abolished. Perhaps. But that is not for a court at this level to say. It is well-established, binding precedent, and to the extend he argues I should ignore it, I am obliged to apply the law as it is, regardless of what I think it ought to be.

[12]  Even if Plaintiff's complaint adequately alleged causation and personal participation as to the non-prosecutorial defendants and failure to intervene was a clearly established legal claim at the time, and even if the prosecutors were not entitled to absolute immunity, the non-prosecutorial defendants and the prosecutors would all still be entitled to qualified immunity for the exact same reasons explained in this section as to Defendant Walker.

discussed above), qualified immunity would still apply to Mr. Walker because that conclusion is not so obvious that any reasonable official in his position would have believed that the alleged fabrications and omissions were immaterial to a finding of probable cause. *See A.M. v. Holmes*, 830 F.3d 1123, 1140 ("in the § 1983 qualified-immunity context, an officer may be mistaken about whether he possesses *actual* probable cause to effect an arrest, so long as the officer's mistake is reasonable—*viz.*, so long as he possesses 'arguable probable cause'" (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007) (en banc))). That is because the facts, even as alleged, still show that Plaintiff had a motive and an opportunity to kill his wife, dubious credibility, and a suspicious alibi. That is enough to entitle Mr. Walker to qualified immunity on the claims raised in the complaint. *See Stonecipher*, 759 F.3d at 1141 (defendant "is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to arrest or detain the plaintiff").

## IV. Conclusory Allegations: Claims Four and Five as to All Named Defendants

### A. Claim Four – Conspiracy

Plaintiff's conspiracy claim also fails as to all named defendants because it is supported only by conclusory allegations. To properly plead a claim for conspiracy, a plaintiff must allege "specific facts showing an agreement and concerted action among defendants." *Bledsoe*, 53 F.4th at 609. He does not do so here. He instead relies wholly on conclusory allegations, like that defendants "conspired . . . to manufacture probable cause that [Plaintiff] committed murder." Doc. 1 at 124. He does not allege any facts that would tend to show the defendants entered into an agreement to deprive Plaintiff of his constitutional rights. He generally posits that "defendants worked closely together, sharing information,

[and] strategizing," but does not explain why this allegation amounts to evidence of a conspiratorial agreement as opposed to the standard collaboration of investigators and law-enforcement officials doing their jobs.[13] *Id.* He alleges many instances of parallel conduct, but the Tenth Circuit and Supreme Court have both held that "an allegation of parallel conduct absent context implying a meeting of the minds 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Gee*, 627 F.3d at 1183 (quoting *Twombly*, 550 U.S. at 557, and holding this standard is not limited to the antitrust context). Indeed, the complaint includes various allegations showing that there was no meeting of the minds as to at least a number of the defendants. *See, e.g.*, Doc. 1 at 42. Plaintiff's conspiracy claim therefore fails as a matter of law and is subject to dismissal for this reason, in addition to the existence of probable cause.

### B.    Claim Five – Unlawful Retention of Property

Plaintiff's claim for unlawful retention of property is grounded in legitimate concerns about the ability of the state to retain his property indefinitely. *See U.S. v. Rodriguez-Aguirre*, 264 F.3d 1195, 1213 (10th Cir. 2001) ("After the criminal proceedings conclude, however, the government has no right to retain the property as evidence, absent the commencement of forfeiture proceedings, and its continued retention of the property from that point forward could legitimately be viewed as a deprivation of the defendant's due process rights."). The claim fails at this point, however, because his allegations are either conclusory or not

---

[13]   Plaintiff also does not explain how all defendants could have been engaged in a conspiracy when, as mentioned above, some defendants were actively counseling against charging him at the time the arrest affidavit was filed.

sufficient to explain how the state process for seeking return of confiscated property is unconstitutional.

Plaintiff admits, on the one hand, that "On May 6, 2022, four days after the Complaint was filed in this case, Morphew filed a motion for return of property in the Fremont County District Court." Doc. 134 at 11. He notes that this motion was opposed by two of the prosecutors named as defendants in this case, that there was a hearing on October 25, 2022, and that the state district court ordered his property not to be returned "because the property had been seized pursuant to a search warrant." *Id.* He then asserts, on the other hand, that "Colorado's purported post-deprivation procedures do not satisfy due process because, after a trial court lacks subject matter jurisdiction over the criminal case, the court has no jurisdiction to rule on a motion to return property." *Id.* at 12. While it may be that he could state a claim in this context if his property request were denied on these jurisdictional grounds, his allegations are not clear enough to do so at this stage. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivations of property violate the Due Process clause if adequate state post-deprivation remedies are not available). He has not, for example, attached a copy of the state-court order that might show the basis for that court's decision—or the process he was afforded. Given this, all that supports this claim are conclusory assertions that the County's process is inadequate, along with his contradictory allegation that he was afforded a hearing on his request. For this reason, his retention-of-property claim is dismissed as insufficiently pled.

V.   **Claims Against Entity Defendants and
      Stanley and Spezze in Their Official Capacities:
      Claim Eight**

As with his claim for conspiracy, Plaintiff's assertions in support of municiapal liability are conclusory.[14] He claims *Monell* liability on failure-to-train and failure-to-supervise theories, but he fails to allege with any specificity what training or supervision was not provided or why what was provided was insufficient. He also does not give examples of similar constitutional violations by the County, Sheriff's Department, or DA's office in other cases. *See, e.g., Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for the purposes of failure to train.").

His allegations as to policy and custom are similarly lacking. Plaintiff again simply recites the elements of this form of liability without actually pointing to a specific policy or custom to substantiate his claim. He argues that his inability to identify policy, custom, lack of training, or lack of supervision with specificity is due to the fact that he "has been unable to conduct discovery." Doc. 134 at 14. But this argument has repeatedly been rejected. *See, e.g., Frazier v. Jordan,* No. 06-1333, 2007 WL 60883, at *6 (10th Cir. Jan. 10, 2007) (affirming dismissal where plaintiff admitted "he could only make assumptions as to relevant policies or customs because he was denied discovery on this issue" but "fail[ed] to describe any policy or custom in place"). Plaintiff's allegations on these points are conclusory and insufficient to state claims.

---

[14] In this context, claims against defendants in their official capacities are treated as claims against the corresponding entity or municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's allegations as to ratification and final policymaking au-
thority are also conclusory. He offers no factual averments demonstrat-
ing that the alleged final policymakers actually exercised that authority
in this case. And as to ratification he simply offers more conclusory alle-
gations—allegations that do not suffice to provide the factual context
necessary to state a claim under the law in this context. *See Bryson v.
Okla. City*, 627 F.3d 784, 790 (10th Cir. 2010) ("[A] municipality will not
be found liable under a ratification theory unless a final decisionmaker
ratifies an employee's specific unconstitutional actions, as well as the
basis for these actions."). Plaintiff's claims as to municipal liability are
therefore dismissed for this reason in addition to the fact that he has not
adequately pled any underlying constitutional violation for the reasons
discussed above.

## VI.   Claims Against Doe Defendants: All Claims

Plaintiff's complaint purports to assert claims against "John/Jane
Does 1-10, and other unknown employees of the Eleventh Judicial Dis-
trict Attorney, and other unknown officers of the Chaffee County Sher-
iff's Department." Doc. 1 at 2. Claims against unnamed defendants may
be dismissed if the plaintiff's allegations "are vague and fail to meet the
pleading standards under . . . *Twombly*, 550 U.S. 544." *Culp v. Williams*,
No. 10-cv-00886-CMA-CBS,   2011   WL 1597686,   at *3   (D. Colo.
Apr. 27, 2011), *appeal dismissed as frivolous*, 456 F. App'x 718 (10th
Cir. 2012). Such is the case here, as Plaintiff's complaint contains no
specific factual allegations as to what the unnamed defendants did or
failed to do that would support a cause of action against them; indeed,
the complaint does not even identify what cause or causes of action is or
are asserted against the unnamed defendants. *See generally* Doc. 1.
Plaintiff's claims against the Doe defendants and other unknown de-
fendants must therefore be dismissed. *Cf. Sweets v. Wyo. Dep't of Emp't*,

589 F. App'x 887, 890 (10th Cir. 2014) (affirming dismissal of unnamed
defendants where complaint "contained no facts showing that they had
personally participated in any constitutionally impermissible conduct");
*McNees v. Ocwen Loan Servicing, LLC*, No. 16-cv-01055-WJM-KLM,
2017 WL 1386360, at *7 (D. Colo. Feb. 16, 2017) (R. & R.) (recommend-
ing dismissal of claims against unnamed defendants where claims relied
on same underlying factual allegations asserted against named defend-
ant, against whom plaintiff had failed to state a claim), *adopted by* 2017
WL 1390676 (D. Colo. Mar. 15, 2017); *Jensen v. Nucor Corp.*, No. 1:21-
CV-00100-DAK-JCB, 2021 WL 4748453, at *2 to *3 (D. Utah
Oct. 12, 2021) (dismissing unnamed defendants where plaintiff "fail[ed]
to sufficiently describe" and "failed to provide any allegations relating
to" them); *Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117, 1134-35
(D. Colo. 2018) (R. & R.) (recommending dismissal without prejudice of
Doe defendants where all claims against named defendants were dis-
missed), *adopted by* No. 17-cv-1529-WJM-KLM, 2018 WL 10561514
(D. Colo. Mar. 19, 2018).

## VII.  Subject-Matter Jurisdiction Over State-Law Claims: Claims Nine, Ten, Eleven, Twelve, and Thirteen

Having granted the defendants' motions to dismiss as to all of Plain-
tiff's federal claims, I decline to exercise jurisdiction over his state
claims. *See* 28 U.S.C. § 1367(c)(3); *Koch v. City of Del City*, 660
F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been
dismissed, the court may, and usually should, decline to exercise juris-
diction over any remaining state claims.").

## CONCLUSION

Plaintiff, like anyone accused of a crime, deserves better than what
happened here. The People of the State of Colorado, on whose behalf and
in whose name the charges against Plaintiff were brought, deserved

better. And Suzanne Morphew certainly deserved better. Perhaps Plaintiff is right that immunity doctrines ought to be revisited and it should be easier to sue those who mishandle prosecutions like this for damages in federal court. But that is a question for another day and another court. This court must apply the law as it is, and that requires the motions to be granted and the Plaintiff's claims to be dismissed.

Therefore, it is **ORDERED** that:

the motions to dismiss, **Docs. 87, 94, 95, 97, 98, 104, 108**, are **GRANTED**, and all claims are **DISMISSED WITHOUT PREJUDICE**.

DATED: September 24, 2024       BY THE COURT:

Daniel D. Domenico
United States District Judge

- 33 -