## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:23-cv-01108-DDD-SKC

BARRY MORPHEW,

      Plaintiff,

V.

CHAFFEE COUNTY, COLORADO, et al.,

      Defendants.

_____

## MOTION FOR INDICATIVE RULING PURSUANT TO RULE 62.1

_____

Plaintiff, Barry Morphew, by and through his attorneys, Fisher & Byrialsen, PLLC, Samler & Whitson, PC, and Eytan Law LLC, request that this Court issue an indicative ruling under Rule 62.1 of the Rules of Civil Procedure, indicating either that if the Tenth Circuit agrees to a limited remand, this Court would grant Mr. Morphew's Motion to Amend the Complaint, or in the alternative, that his Motion to Amend presents a substantial question and this Court agrees to take up his motion and consider it if the case is remanded.

Counsel has conferred with counsel for the Defendants and has been advised Defendants oppose the relief requested herein.

Mr. Morphew has filed a Motion to Amend the Complaint, together with a copy of the Proposed Amended Complaint as required by the rules of this Court. Pursuant to the preferred procedure under the rules, Mr. Morphew is requesting a stay of the appeal to give this Court time to issue its indicative ruling, in other words, to say whether or not this Court will consider his Motion to Amend.

**1**

Rule 62.1 of the Rules of Civil Procedure provides that, while an appeal is pending, a party may file in the District Court a motion for indicative relief:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> >
> > (2) deny the motion; or
> >
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

Under this procedure, if this Court states in its indicative order that it would grant Mr. Morphew's motion to amend the complaint, or even that his motion presents a substantial question worthy of consideration, Mr. Morphew will promptly notify the Court of Appeals in the pending appeal. Fed. R. Civ. P. 62.1(b); F.R.A.P. 12.1(a). The Tenth Circuit would then be able to remand the matter to this Court for full consideration of the motion to amend the judgment and entry of its decision. Once the Amended Complaint is accepted, Mr. Morphew would promptly seek to voluntarily dismiss the pending appeal. See F.R.A.P. 12.1.[1]

---

[1] Rule 12.1 of the Rules of Appellate Procedure provides the procedure:

> (a) Notice to the Court of Appeals. If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue.
>
> (b) Remand After an Indicative Ruling. If the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal. If the court of appeals remands but retains jurisdiction, the parties must promptly notify the circuit clerk when the district court has decided the motion on remand.

As the Advisory Committee notes to the Rule's 2009 adoption explain, "If the district court states that it would grant the motion or that the motion raises a substantial issue, the movant may ask the court of appeals to remand so that the district court can make its final ruling on the motion." FRAP Rule 12.1, Advisory Committee Notes to the 2009

Plaintiff-Appellant believes this court's issuance of an indicative order is in the interests of judicial economy.  In the proposed Amended Complaint, the number of defendants is reduced, several claims for relief have been omitted, and the claims that remain have been better articulated to address the deficiencies in the factual allegations found by this Court with respect to the original Complaint.

Respectfully submitted this 9th day of December, 2024.

**FISHER & BYRIALSEN, P.L.L.C.**

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone: 303-256-6345
E-Mail: Jane@FBLaw.org

**SAMLER AND WHITSON, PC**

*/s/ Hollis Whitson*
Hollis Whitson
Eric Samler
Samler and Whitson, PC
1600 Stout Street, Suite 1400
Denver, CO 80202
Telephone: (303) 670-0575
E-Mail: Hollis@SamlerandWhitson.com

**EYTAN LAW**

*/s/ Iris Eytan*
Iris Eytan
Eytan Law
2701 Lawrence St, Ste 108
Denver, CO 80205
Telephone: (720) 440-8155
E-Mail: iris@eytanlawfirm.com
*Attorneys for Plaintiff Barry Morphew*

---

Adoption. The Advisory Committee explains the wisdom of the limited remand procedure it calls "the preferred course": It permits a remand "for the sole purpose of ruling on the motion while retaining jurisdiction to proceed with the appeal after the district court rules on the motion (if the appeal is not moot at that point and if any party wishes to proceed)." *Ibid.*

**3**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed on December 9th, 2024, using the CM/ECF system and served on all counsel of record. Additionally, email service was provided to all counsel of record.

/s/*Abby Clement*
Paralegal

**4**