**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-1108

BARRY MORPHEW,

                Plaintiff,

v.

Chaffee County, Colorado, et. al.

---

**MOTION TO AMEND CIVIL RIGHTS COMPLAINT**

---

Plaintiff Barry Morphew, by and through his attorneys, moves to amend his complaint to create an Amended Complaint as this Court in its decision on the Defendants' Motions to Dismiss, granted those motions and dismissed Mr. Morphew's claims without prejudice. [Dkt. 161]. Mr. Morphew has complied with the rule in this District, that "[a] party who files an opposed motion for leave to amend or supplement a pleading shall attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g. strikes through) the text to be deleted and underlines (e.g. underlines) the text to be added." D.C. COLO.L. Civ. R 15.1(b).

Plaintiff's counsel have conferred with counsel for the Defendants and have been advised that Defendants oppose the relief requested herein.

**PROCEDURAL BACKGROUND**

1.    On May 2, 2023, Plaintiff Barry Morphew ("Plaintiff") filed his Complaint.

2.    The defendants filed multiple motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6): On October 4, 2023, Defendant Stanley did so. On October 13, 2023, by

Defendants Lindsey and Walker; On October 13, 2023, three separate motions to dismiss were filed (one by Defendant Hurlbert, one by Defendant Cahill, one combined motion by Defendants Camper, Duge, Graham, Koback, Lewis, Rogers and Schaefer. On October 27, 2023, one combined motion was filed on behalf of Defendants Chaffee County, Chaffee County's Sheriff's Department, Rohrich, and Spezze. On November 3, 2023, Defendants HimSchoot and Hysjulien each moved to dismiss. On January 16, 2024, Defendants Grusing and Harris moved to dismiss.

3. On March 29, 2024, and April 1, 2024, Plaintiff filed responses to Defendants' motions to dismiss.

4. Prior to resolution of the motions to dismiss on the merits, Defendants Hysjulien, Grusing, Harris, Carricato, Burgess, and Plackner were dismissed as defendants through stipulation of the parties.

5. On August 21, 204, this Court heard oral arguments from the Parties on the motions to dismiss.

6. On September 24, 2024, this Court granted all Defendants' motions to dismiss Plaintiff's claims without prejudice.

7. Plaintiff has conferred with the Defendants regarding this proposed amendment and the Defendants **do not consent**.

8. In the proposed Amended Complaint, Mr. Morphew has removed several parties entirely. What began with 24 defendants is now down to 14. Five claims have been eliminated entirely, with others alleged to relieve many defendants of most claims. Collective groupings are minimized. In these and many other ways, Mr. Morphew has addressed the factual deficiencies in his allegations that lead this Court to issue its order of dismissal.

2

## ARGUMENT AND LEGAL AUTHORITY

9. The U.S. Supreme Court has stated that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Foman v. Davis,* 371 U.S. 178, 181–82 (1962) (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957) (*overruled on other grounds by Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

10. Consistent with these broad principles, Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." More specifically:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis, supra,* 371 U.S. at 182. Accord, *Castleglen, Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir.1993) (citing *Foman v. Davis, supra*). "Rule 15 of the Federal Rules of Civil Procedure provides for liberal allowance of amendments in order to meet the 'requirements of justice.'" *Hampton v. Hanrahan*, 522 F. Supp. 140, 143 (N.D. Ill. 1981) (permitting amendment

to add individuals employed by former FBI and DOJ officials to the original lawsuit against other individual defendants).

11. "The grant or denial of leave is committed to the discretion of the district court." *Gorsuch, Ltd. v Wells Fargo Natl. Bank Assn.*, No. 11-cv-00970-PAB-MEH, 2013 WL 6925132, *9 (D. Colo. Dec. 13, 2013), citing *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

12. "The Court must heed Rule 15's mandate that the 'court should freely give leave when justice so requires.' Fed. R. Civ. P. 15(a)(2) (2013)." *Id.* "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (internal citations omitted).

13. "Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted." *Trudi Shouse v. Catholic Charities Of Northeast Kansas, Inc.*, No. 20-2462-EFM-ADM, 2021 WL 289314, at *2 (D. Kan. Jan. 28, 2021) (citations omitted).

14. In this case, all of the traditional considerations militate in favor of granting the motion to amend.

## No undue prejudice

15. "In the Tenth Circuit, the most important ... factor in deciding a motion to amend the pleadings ... is whether the amendment would prejudice the nonmoving party." *Bakken Waste, LLC v Great Am. Ins. Co.*, No. 15-cv-00303-CMA-MEH, 2015 WL 4036190, *2 (D. Colo. June 30, 2015) (internal citations omitted). As Judge Hegarty stated in *Bakken Waste,*

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the

4

> amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues. As a general rule, a plaintiff should not be prevented from pursuing a valid claim ... provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.

*Ibid.* (internal quotations and citations omitted). And as this Court stated, there is no "evidence of prejudice to the defense of the case" when "Defendants have been on notice from the outset" that the claims are brought. *Pacheco v. Const. Nursing & Rehab. Ctr. LLC*, No. 121CV00875-DDD-KMT, 2021 WL 5548303, at *2 (D. Colo. July 6, 2021).

16. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id*. (citations omitted). "As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . .' provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.'" *Evans v. McDonald's Corp*., 936 F.2d 1087, 1090-91 (10th Cir. 1991).

17. The proposed amendment will not prejudice the Defendants under the Rule. "[T]here is little undue prejudice where the amended claims arise out of the same subject matter as the prior complaint." *Romero v. Reams*, No. 18-cv-02575-RM-NRN, 2020 WL 6044323, at *4 (D. Colo. Oct. 13, 2020); *see Minter, supra,* 451 F.3d at 1208 (finding that the district court's denial of the motion to amend to add claims was clear error and observing that undue prejudice most often occurs "when the amended claims arise out of a subject matter different from what was set forth

5

in the complaint and raise significant new factual issues"). As Magistrate Judge Neureiter has observed: "But the raising of new factual issues must adversely affect the defendant in terms of preparing a defense to the amendment. (*citing Minter, supra*). It is when the defendant is prejudiced from maintaining his defense on the merits that the prejudice is considered undue. *Id.*" *Romero v. Reams, supra,* at *3. *See also Minter, supra*, 451 F.3d at 1209 (explaining that "an amendment may be prejudicial if its timing prevents the defendant from pursuing a potentially promising line of defense").

18. This amendment does not raise new claims, create new parties nor change Plaintiff's operative theory. *See Hampton v. Hanrahan, supra,* 522 F. Supp. at 143 (Permitting amendment where it was "clear that the claims against the City and County arise from the same conduct alleged against all defendants in the original proceeding.").

## The proposed amendment is not "patently futile on its face."

19. "A futility analysis examines whether claims as alleged in the amended complaint would survive a motion to dismiss." *Jones v. Am. Fam. Ins. Co.,* No. 16-CV-02084-CMA-MEH, 2017 WL 11548848, at *3 (D. Colo. Mar. 23, 2017), citing *Hawkinson v. Montoya*, 385 F. App'x 836, 840 (10th Cir. 2010). Because most "futility arguments are more appropriately addressed through a motion to dismiss the amended pleading," *Murphy Creek Ests., LLC v. Murphy Creek Ests. Funding, LLC*, No. 122CV00304-DDD-NRN, 2022 WL 18674573, at *2 (D. Colo. Nov. 23, 2022), this criterion should be rarely employed to deny a motion to amend. *See also Romero v. Reams*, *supra,* 2020 WL at *5 (At the motion to amend stage, this Court does not apply the more rigorous standards of Rule 12(b)(6), but merely asks whether the proposed amendment is "patently futile on its face."). "Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can

6

prove no set of facts in support of his amendment that would entitle him to relief." *Nitchman v. Union Pac. R.R. Co.*, No. 05-cv-01219-EWN-MEH, 2007 U.S. Dist. LEXIS 7361, at *11-12 (D. Colo. Jan. 31, 2007), citing *Beckett v. United States,* 217 F.R.D. 541, 543 (D. Kan. 2003).

20. The proposed amendment in this case is not futile. Well-established law in the Tenth Circuit and the United States Supreme Court support that the well pleaded facts in Plaintiff's Proposed Amended Complaint establish that the Defendants violated Plaintiff's constitutional rights. After painstaking work, the issues that this Court found in the original complaint have been corrected.

21. This Court dismissed the original Complaint finding that Plaintiff alleged insufficient facts to support any conclusion other than probable cause existed. E.g., Doc. 161, pp. 16-17 (assessing the facts "Plaintiff depends on" but finding allegations in the Arrest Affidavit that Plaintiff had not addressed in the Complaint left no room for debate). The proposed amended complaint cures the concerns raised by this Court in its prior decision by honing in on the salient Arrest Affidavit facts discussed in this Court's order and alleging that most of them, too, are either based on falsehoods Defendants knew to be untrue or rendered impossible to believe by other exculpatory evidence omitted from the Complaint.

**No undue delay**

22. In the Tenth Circuit, although delay by itself can be a reason to deny a motion to amend, it can be, especially when it causes prejudice to the nonmoving party. The important inquiry is not simply whether the moving party has delayed, but whether such delay is *undue*. *Minter, supra,*

451 F.3d at 1206, that is, it must prejudice the nonmoving party or impose an unwarranted burden on the court, such as when it comes on the eve of trial or after the close of discovery.

23. In this Circuit, "there is no bright line regarding how long after filing or removal a motion to amend becomes dilatory. Persuasive authority from within this Circuit seems to establish that amending within a few weeks to a few months was not undue delay, while waiting more than four months after removal constitutes dilatory filing." *Romero v. Hartford Cas. Ins. Co.*, No. 1:16-CV-1335-RB-LF, 2017 WL 8220447, at *6 (D.N.M. Aug. 3, 2017). The District Court in *Romero* found no bright lines from other jurisdictions but did cite two cases where delays of up to five months or six months were not found to constitute undue delay. *Ibid. See also Baskas v. Vogel,* No. 13-2018-RDR, 2013 WL 4047526, at *2 (D. Kan. Aug. 9, 2013) (four months did not constitute undue delay). In *Minter, supra,* a six-month delay was not "undue" and the Tenth Circuit reversed the district court's denial of the motion to amend.

24. Plaintiff did not delay the request to amend his complaint. Plaintiff has been working diligently with the team of attorneys on this case and amending the complaint to account for this Court's decision. Many of this Court's observations had not been raised by the parties but were gleaned from the 129-page Arrest Affidavit. Going back through the Arrest Affidavit and the known evidence in the case was a complex, labor-intensive task.[1] On November 15, 2024, undersigned counsel notified defendants' counsel and inquired whether they consented to this motion. Counsel have acted with diligence and good faith.

---

[1] During this period since the case was dismissed, two of the three counsel on this case contracted COVID with substantial and lingering symptoms.

8

25.     In a case of this complexity, the number of original parties and claims, and the case authority cited in this Court's order, the time required to complete the Amended Complaint is not excessive, and in any case, it is not undue because the nonmoving parties have no prejudice to the defense of their case.

## CONCLUSION

The Court must not forget that Rule 15(a) requires that courts "freely give leave when justice so requires."  Mr. Morphew seeks an opportunity for his revised claims to be decided on its merits. Granted, this case involves complex legal and factual claims. But with an amended, streamlined and much clearer Amended Complaint, justice now requires that this Court grant leave for Plaintiff to amend his complaint to address the issues and deficiencies raised in the Court's order granting the motions to dismiss.

**WHEREFORE,** Plaintiff respectfully requests the Court grant leave for him to file an Amended Complaint.

Respectfully submitted this 9th day of December 2024.

**FISHER & BYRIALSEN PLLC**

**/s/*Jane Fisher-Byrialsen***
Jane Fisher-Byrialsen, Esq.
Fisher & Byrialsen, PLLC
4600 S. Syracuse Street, 9th Floor
Denver, Colorado 80237
Telephone:(303) 256-6345
Email:Jane@FBLaw.org
*Attorney for Plaintiff Barry Morphew*

9

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that on the 9th day of December 2024, I electronically filed a true and exact copy of the above and foregoing **Motion** with the Clerk of the Court using the CM/WCF system which will send notification of such filing to all email addresses for attorneys noticed on this case.

      /s/ Abigail Clement
      Abigail Clement, Paralegal
      Fisher & Byrialsen, PLLC

10