IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01108-DDD-SKC

BARRY MORPHEW,

    Plaintiff,

V.

CHAFFEE COUNTY, COLORADO, et al.,

    Defendants.

_____

**MOTION TO REOPEN CASE FOR THE PURPOSE OF AMENDMENT OF COMPLAINT**
_____

Plaintiff, Barry Morphew, through his attorneys, Fisher & Byrialsen, PLLC, Samler & Whitson, PC, and Eytan Law LLC, request that this Court reopen this case pursuant to Fed. R. Civ. P. 60(b) to permit Mr. Morphew to amend his complaint. As explained below, Mr. Morphew does not believe this motion is necessary for this Court to issue its indicative ruling regarding his motion to amend or to issue a finding that it presents a substantial question this court would like to have full briefing on before issuing a ruling. However, because the Defendants have taken the position (in the Court of Appeals) that Mr. Morphew's motion to amend must be accompanied by a motion for relief under Rule 60(b), Mr. Morphew files this motion in an abundance of caution.

On December 20, 2024, undersigned counsel sought conferral from the defendants on this motion. Few have responded. Defendant Scott Himschoot opposes the motion. Undersigned counsel does not have a response from any other defendant.

1

## Introduction

On December 4, 2024, Mr. Morphew filed in this Court a motion for an indicative ruling and a motion to amend the complaint and, in the Tenth Circuit Court of Appeals, filed a motion to stay the appeal so that this Court could issue its indicative ruling. This procedure is outlined in Fed. R. Civ. P. 62.1(b), F.R.A.P. 12.1(a). The purpose is to further judicial economy, because if this Court believes that amendment of the complaint is proper – or that the motion to amend presents a substantial question that requires briefing and full consideration before this Court rules on that motion – then it is pointless for all parties to go through the expense and delay of an appeal. These rules exist to further judicial economy and to reduce overall delay.

On December 20, 2024, the Tenth Circuit ruled it would not stay the appeal at this time. Under Rule 62.1, this Court may issue an indicative ruling and at that time, depending upon what this Court rules, Mr. Morphew will give notice to the Court of Appeals that you have issued the ruling. If this Court rules that either (1) it would grant the motion to amend/Rule 60 motion if the court had jurisdiction, or (2) it finds a substantial question for which briefing from all sides is appropriate before this Court rules, then Mr. Morphew will ask the Court of Appeals to issue a limited remand so this Court can take up the matter and issue its ruling on the merits.

This case is a good example of the purpose behind the rule. In the proposed Amended Complaint, the number of defendants is reduced, several claims for relief have been omitted, and the claims that remain have been better articulated to address the deficiencies in the factual allegations found by this Court regarding the original Complaint. This Court's ruling was expressly "without prejudice," and this is the proper mechanism to employ under the factual circumstances of this case.

**2**

In response to Mr. Morphew's motion to stay and abey the appeal, the Defendants have argued that, to give this Court full jurisdiction to act, Mr. Morphew should file the instant motion to reopen the case pursuant to Rule 60(b).  In so arguing, Appellees demonstrate their misunderstanding of both the purpose of an indicative order motion and the nature of the non-final nature of the dispute.

### A Rule 60(b) motion is  un necessary at this stage.

For an indicative ruling, this Court need not reopen the case, and this Court does not re-assume full jurisdiction.  While a motion for an indicative ruling and motion to stay can be accompanied by a Rule 60(b) motion, neither Fed. R. Civ. P. 62.1(b), F.R.A.P. 12.1(a) condition an indicative ruling on such a motion and neither rule dictates in what order filing of the motions must occur.

"Courts are split as to whether a party seeking a ruling under Rule 62.1 must also file an accompanying predicate motion that the district court lacks authority to grant." *Est. of Najera-Aguirre v. County of Riverside*, 2020 WL 5370618, at *1 (C.D. Cal. Aug. 13, 2020).  Some courts accept a "'freestanding' Rule 62.1(a) motion if the moving party sufficiently states the merits of its substantive argument in its briefs." *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (collecting cases and granting the request for an indicative ruling).[1] See also *In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-

---

[1] In *Index Newspapers LLC v. Portland*, the movants filed only the motion for indicative ruling, without having filed any predicate motion with the court. The court construed the motion for indicative ruling as a motion to dissolve the preliminary injunction (for which the Court did not have jurisdiction because of the pending appeal) and issued an indicative ruling that the Court would grant the motion to dissolve if the Ninth Circuit were to remand for that purpose. The Court observed that in numerous court decisions, the district courts did not require the predicate motion to have been filed. *Id*., at *2 (citing *Est. of Najera-Aguirre*, 2020 WL 5370618, at *1 ("Because

**3**

MD-2924, 2023 WL 2325536, at *4 (S.D. Fla. Mar. 2, 2023)("Even if they did not file a predicate motion, courts frequently construe a motion for an indicative ruling as an underlying motion.'); *Howard v. Cook Cnty. Sheriff's Off.*, No. 17 C 8146, 2020 WL 1445620, at *3 (N.D. Ill. Mar. 25, 2020)("Although the plaintiffs have not filed a separate motion in this regard, their motion under Rule 62.1 makes clear their underlying request and the basis for the relief they seek….").

This logic applies here. The relief Mr. Morphew seeks here is clear. He did not file a "freestanding" Rule 62.1 motion. He filed an accompanying Motion to Amend. It is clear what he seeks. The prerequisites for the indicative ruling have been met.

The motions already filed in this Court can be construed as a request for relief under Rule 60(b) and an any event, the Rule 60(b) motion would not be necessary until after this Court issues its indicative ruling and the Tenth Circuit issues its limited remand. *See cf. Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (granting

---

Defendants' Rule 62.1(a) motion sufficiently sets forth the merits of their arguments to reconsider the Court's denial of summary judgment, the Court declines to deny Defendants' motion for an indicative ruling merely because they failed to file a separate motion for reconsideration."); *Lawson v. Grubhub, Inc.*, 2018 WL 6190316, at *2 (N.D. Cal. Nov. 28, 2018) ("Plaintiff, however, has not made a formal Rule 60(b)(6) motion; instead, he asks, in effect, for the Court to indicate what it would do if Plaintiff filed a Rule 60(b)(6) motion. Nonetheless, rather than deny Plaintiff's motion for this procedural defect, the Court will construe it as a Rule 60(b)(6) motion which this Court does not have jurisdiction to decide because of the pending appeal."); *Metalcraft of Mayville, Inc. v. Toro Co.*, 2016 WL 8737777, at *2 (E.D. Wis. Nov. 18, 2016) ("I find that defendants' motion is procedurally sufficient. It requests relief that I cannot currently grant because of defendants' pending appeal and asks, instead, that I grant an indicative ruling under Rule 62.1. It is clear to me (and seems to be clear to the parties) what underlying relief defendants are requesting; the basis for their request; and why, under the circumstances, I lack the authority to grant that relief."); *Gorrell v. Haynes*, 2013 WL 174561, at *1 n. 1 (S.D. Ga. Jan. 16, 2013) ("The Court will consider Gorrell's Motion for Indicative Ruling filed pursuant to Rule 62.1 as if Gorrell had filed a motion to vacate the judgment pursuant to Rule 60(b) because Gorrell makes arguments in support of a Rule 60(b) motion in the instant Motion.").

4

the request for an indicative ruling, construing the motion for indicative ruling as a motion to dissolve the preliminary injunction for which the Court does not have jurisdiction because of the pending appeal, and issuing an indicative ruling that the Court would grant the motion to dissolve if the Ninth Circuit remands for that purpose).

While Mr. Morphew disagrees that such a motion is needed at this point, before issuance of this court's indicative ruling or finding of a substantial question that requires briefing, in an abundance of caution, Mr. Morphew is now filing that motion.

**Because Mr. Morphew filed an appeal, the jurisdictional prerequisite for granting a motion to amend would exist even without a Rule 60(b) motion.**

Mr. Morphew does not come before the Court as one who sat on his rights to appeal or who is seeking to circumvent appellate deadlines. The whole point of the indicative ruling process is to permit this Court to rule on the merits of the motion to amend, without the necessity of an expensive, time-consuming appeal. Cases where the plaintiff returns to the district court without having demonstrated his compliance with appellate deadlines are distinguishable from this case. This is an extraordinary case where Mr. Morphew has taken the step of forestalling finality by filing a notice of appeal and then following proper procedures to bring the issue from the appellate court back to this Court.

When a notice of appeal has been filed, the judgment is not yet final. The dispute continues, the case continues, and the only question is *where* the case continues – in the appellate court or the district court. "Final judgments implicate two important concerns militating against giving district courts free reign to reconsider their judgments. First, when a case is not appealed, there is an interest in finality. The parties and the lawyers expect to go home, quit obsessing about the dispute,

5

and put the case behind them, and the final judgment -- especially once the twenty-eight day window of robust district court review and the thirty day window of appeal have both closed -- is the disposition upon which they are entitled to rely." *Anderson Living Tr. v. WPX Energy Prod.*, LLC, 308 F.R.D. 410, 431-32 (D.N.M. 2015). Because a notice of appeal was filed, all defendants were on notice that there was no finality and the case was continuing.

If this Court issues an indicative ruling either that it would grant the motion to amend or that the motion presents a substantial question that this court would prefer to have briefed and submitted, the case will be returned to this Court on a limited remand. The procedural posture is pre-judgment. Until either after the appellate court has ruled on the merits of the dispute or the appeal is dismissed, finality concerns do not arise in the same way as when a Rule 60(b) motion is filed and the case has been fully and finally resolved following the appeal. Moving to amend during pendency of the appeal, with a request that the appellate court return jurisdiction to the district court on a limited remand so this Court may rule, does not offend finality concerns that underlie Rule 60(b).

Once again, even though Mr. Morphew believes a Rule 60(b) motion is unnecessary when this Court operates under a limited or full remand from the Court of Appeals, in an abundance of caution, Mr. Morphew is now filing that motion.

**Alternatively, this Court should grant relief under Rule 60(b) to allow Mr. Morphew to file an Amended Complaint.**

Rule 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: …

**6**

(6) any other reason that justifies relief.

"The language of Rule 60(b)(6) is broad: it allows the district court to grant relief for 'any other reason that justifies relief.'" *Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc*., 570 F.3d 845, 848 (7th Cir.2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.") (quotations omitted).

For the reasons stated in the Motion to Amend (filed 12/4/2024), and with the full recognition that the broad relief offered by Rule 60(b)(6) is extraordinary in nature, Mr. Morphew urges this Court to reopen this case to allow him to amend the Complaint. This Court entered its dismissal without prejudice. Because of the complexity of the case, the need to research the basis for this Court's ruling, and the changing developments in facts related to this case, counsel could not complete the motion to amend by the time the Notice of Appeal was due.

To make it clear that Mr. Morphew was not attempting to circumvent the deadline for an appeal, he appealed the decision and continued to research the potential amendments. He is not filing this motion as a substitute for an appeal. These extraordinary steps all show he has acted in good faith with this Court and his request to reopen to amend the complaint should be granted. It would offend justice to refuse to reopen the case to allow an amendment. There is no prejudice to the defendants (especially because some are proposed to be dismissed). Relief from judgment for the purposes of filing an amended complaint would not lead to any undue delay or prejudice. It would save the litigants the expense and delay of an unnecessary appeal.

Mr. Morphew has been grievously wronged and absent relief, his amended claims would go unheard. The indicators of probable cause this Court relied upon had not been argued by the

parties but were primarily things this Court found by reviewing the Arrest Affidavit de novo. Mr. Morphew should be allowed to respond with his Amended Complaint. This Court dismissed without prejudice. A Rule 60(b)(6) is the appropriate vehicle for exercise of this Court's discretion to permit an amendment.

## Conclusion

At this stage, Mr. Morphew has requested an indicative ruling on his motion to amend the complaint. This Court can (but need not) make a final decision on the motion to amend. This Court can indicate that it presents a substantial question that deserves full briefing. At that point, it is anticipated that the Tenth Circuit would return the case to this Court for full briefing.

The finality concerns that underpin Rule 60(b) do not apply at this stage because the case is not final. An appeal has been filed, and a limited remand is appropriate so this Court can decide the motion to amend.

Even if, alternatively, a Rule 60(b) motion is necessary as a predicate for this Court's consideration as part of the motion for indicative ruling, this case satisfies Rule 60(b)(6). The extraordinary circumstances of the posture of this case, Mr. Morphew's demonstrated good faith and compliance with appellate deadlines, that this would be the first amended complaint, and other reasons stated herein and in his motion to amend the complaint, all warrant exercise of this Court's broad discretion to permit Mr. Morphew to file a First Amended Complaint.

Respectfully submitted this 24th day of December, 2024.

FISHER & BYRIALSEN, P.L.L.C.

*/s/Jane Fisher-Byrialsen*
Jane Fisher-Byrialsen, Esq.
4600 S. Syracuse Street, 9th Floor

8

> Denver, Colorado 80237
> Telephone: 303-256-6345
> E-Mail: Jane@FBLaw.org
>
> **SAMLER AND WHITSON, PC**
> */s/ Hollis Whitson*
> Hollis Whitson
> Samler and Whitson, PC
> 1600 Stout Street, Suite 1400
> Denver, CO 80202
> Telephone: (303) 670-0575
> E-Mail: Hollis@SamlerandWhitson.com

*Attorneys for Plaintiff Barry Morphew*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

> */s/ Hollis Whitson*
> Hollis A. Whitson

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was electronically filed on December 24, 2024, using the CM/ECF system and served on all counsel of record. Additionally, email service was provided to all counsel of record.

> /s/*Jane Byrialsen*

9