IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-1108-DDD-JPO

BARRY MORPHEW

      Plaintiff,

v.

CHAFFEE COUNTY, Colorado,
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, Colorado,
CHAFFEE COUNTY SHERIFF'S DEPARTMENT,
LINDA STANLEY, District Attorney, in her official and individual capacities,
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual capacities,
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy,
ANDREW ROHRICH, Chaffee County Undersheriff,
ALEX WALKER, Eleventh Judicial District Attorney's Office Investigator,
JEFFREY LINDSEY, Deputy District Attorney,
ROBIN BURGESS, Chaffee County Sheriff's Detective,
RANDY CARRICATO, Chaffee County Sheriff's Deputy,
CLAUDETTE HYSJULIEN, Chaffee County Sheriff's Sergeant,
WILLIAM PLACKNER, Chaffee County Sheriff's Sergeant,
JOHN CAMPER, Colorado Bureau of Investigation Director,
JOSEPH CAHILL, Colorado Bureau of Investigation Agent,
MEGAN DUGE, Colorado Bureau of Investigation Agent,
CAITLIN ROGERS, Colorado Bureau of Investigation Agent,
DEREK GRAHAM, Colorado Bureau of Investigation Agent,
KEVIN KOBACK, Colorado Bureau of Investigation Agent,
KIRBY LEWIS, Colorado Bureau of Investigation Agent,
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director of Investigations,
JONATHAN GRUSING, Federal Bureau of Investigation Agent,
KENNETH HARRIS, Federal Bureau of Investigation Agent, and
JOHN/JANE DOES 1-10, and other unknown employees of the Eleventh Judicial District
Attorney, and other unknown officers of the Chaffee County Sheriff's Department,

      Defendants.

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR INDICATIVE
RULING PURSUANT TO RULE 62.1 [DOC. 171] AND MOTION TO AMEND CIVL
RIGHTS COMPLAINT [DOC. 172]**

Defendants, through their respective undersigned counsel, hereby submit their response to Plaintiff's Motion for Indicative Ruling Pursuant to Rule 62.1 [Doc. 171] and Motion to Amend Civil Rights Complaint [Doc. 172], as follows:

## RESPONSE TO MOTION FOR INDICATIVE RULING

Plaintiff seeks an indicative ruling from this Court on a motion he could have filed at any time between May 2, 2023—the date on which Plaintiff filed his Complaint, *see* [Doc. 1]—and September 24, 2024—the date on which this Court dismissed the Complaint and entered judgment against Plaintiff, *see* [Doc. 162]. Even after this Court entered judgment, Plaintiff had ample time to file post-judgment motions to alter or amend the judgment under Fed. R. Civ. P. 59, or to obtain relief from the judgment under Fed. R. Civ. P. 60. Filing either motion would have tolled Plaintiff's deadline to file a notice of appeal. Fed. R. App. P. 4(a)(4)(A)(iv), (vi).

Instead, Plaintiff elected to appeal the judgment. [Doc. 163]. Plaintiff's decision divested this Court of jurisdiction to hear further post-judgment challenges. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). And even if the Tenth Circuit returned jurisdiction to this Court, Plaintiff has no grounds to seek amendment of his Complaint under Fed. R. Civ. P. 15 at this juncture because Plaintiff did not seek timely relief from the judgment. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985))

("Once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).")

In short, Plaintiff's motion for an indicative ruling is too little, too late, and this Court should deny it.

## RESPONSE TO MOTION TO AMEND COMPLAINT

### I.    INTRODUCTION

Plaintiff seeks to amend his Complaint 587 days after he filed this lawsuit, [Doc. 1], 433 days after the first Defendant filed a motion to dismiss, [Doc. 87], 76 days after this Court granted all Defendants' motions to dismiss and entered final judgment, [Docs. 161 and 162], 46 days after filing a notice of appeal, [Doc. 163], and just 8 days before his opening brief was due in that appeal. Plaintiff's request runs headlong into controlling Tenth Circuit precedent, which has "*repeatedly* and *unequivocally* held that '[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).'" *The Tool Box, Inc.*, 419 F.3d at 1087 (ultimately quoting *Cooper*, 780 F.2d at 29) (emphasis added). But regardless of the standard this Court applies, Plaintiff's proposed amended complaint fails, and this Court should deny it.

### II.    ARGUMENT

#### A.    Plaintiff's motion is procedurally defective.

As an initial matter, Plaintiff cannot file a motion to amend his Complaint after judgment has already been entered. Instead, Plaintiff was required to first seek post-judgment relief under Rule 59 or Rule 60 before he could seek leave to amend. *See The Tool Box, Inc.*, 419 F.3d at 1087. Plaintiff failed to seek *any* post-judgment relief in this lawsuit before filing his appeal to

the Tenth Circuit. Accordingly, this Court should deny Plaintiff's motion to amend for this reason alone.

**B.      There are no grounds for relief under Rule 59(e).**

Even if this Court construes Plaintiff's motion as one under Rule 59, such a motion is groundless.[1] Rule 59(e) requires that a motion to alter or amend the judgment be filed no later than 28 days following the entry of judgment. Plaintiff filed his 76 days after the entry of judgment, so Plaintiff cannot avail himself of relief under Rule 59(e).

Regardless, Plaintiff's motion does not meet the criteria for alteration of amendment of the judgment pursuant to Rule 59(e), under which "relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete*, 204 F.3d at 1012) (internal citation omitted).

---

[1] To be sure, this Court should not construe Plaintiff's motion as anything other than a motion to amend under Rule 15. Plaintiff is not *pro se*; he is represented by three separate sets of experienced counsel. His filings are therefore not entitled to the liberal construction normally afforded to *pro se* plaintiffs. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

Here, Plaintiff cannot point to any intervening change in the law, new evidence that was previously unavailable, or clear error in this Court's order dismissing the Complaint. Instead, Plaintiff simply seeks to refine the allegations in the Complaint in the hope that he can clear the Fed. R. Civ. P. 12(b)(6) hurdle on the next go-round. Thus, Plaintiff is not entitled to relief under Rule 59(e).

### C.    There are no grounds for relief under Rule 60(b).

Like under Rule 59, construing Plaintiff's motion as one under Rule 60(b)—and again, it should not, as Plaintiff is represented by experienced counsel and his pleadings are not entitled to a liberal construction—would be fruitless.

"Relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'" *Manzanares v. City of Albuquerque*, 628 F.3d 1237, 1241 (10th Cir. 2010) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)). "[T]he party requesting relief from judgment bears the burden of showing that relief is warranted." *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023). Rule 60(b) provides several avenues for relief, including for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff cannot meet his burden to show he is entitled to relief under Rule 60(b). As argued above, Plaintiff does not seek to amend his Complaint due to any intervening circumstance, newly discovered evidence, fraud, or other reason that would justify post-judgment relief. Instead, his request is an attempt to cure the perceived pleading deficiencies that led to dismissal of his Complaint. This Court should therefore deny Plaintiff relief under Rule 60(b).

> **D.      This Court should deny Plaintiff's motion under Rule 15.**

Finally, if this Court permits Plaintiff to proceed under Rule 15, it should still deny the motion to amend.

Fed. R. Civ. P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." This liberal policy of amendment "is not limitless. . . ." *Calderon v. Kansas Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). This court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Invs. Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 2015) (citing *TV Commc'ns Network, Inc., v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)).

**1.    Plaintiff's undue delay justifies denial of his motion.**

Plaintiff provides no compelling reason why he failed to seek amendment of his
Complaint until 587 days after initially filing it. Such delay far outstrips the four- or six-month
delays Plaintiff cites as examples where courts have not found undue delay. *See* [Doc. 172 at 7–
8]. Nor does Plaintiff provide any compelling reason why he waited 76 days until after the entry
of judgment to seek amendment. *See Craft v. Null*, 543 F. App'x 778, 780–81 (10th Cir. 2013)
(affirming denial of leave to amend complaint after entry of judgment where plaintiff "failed to
say why he waited until after entry of the judgment to add [new] claim"). This Court should deny
Plaintiff leave to amend his Complaint because of Plaintiff's extraordinary undue delay.

**2.    Granting Plaintiff's motion would create undue prejudice.**

The prejudicial effect to Defendants of granting a motion to amend at this stage would be
palpable. This Court has already entered judgment in Defendants' favor. [Doc. 162]. Before that,
the parties vigorously litigated motions to dismiss based on the original Complaint for almost a
year. Moreover, Plaintiff has filed a notice of appeal [Doc. 163] and the parties have been
litigating this matter in the Tenth Circuit for approximately two months. Granting the motion
would deprive the Defendants of a final judgment in their favor—without the benefit of extended
briefing and argument before a panel of the Tenth Circuit—and would essentially unwind
everything that has happened in this case for the last year and a half. There could hardly be a
more prejudicial outcome. This Court should deny Plaintiff leave to amend because of the
extraordinary undue prejudice to Defendants that would result.

    **3.**       **Plaintiff's requested amendment is futile.**

Looking to the merits of any proposed amendment, Plaintiff is remarkably vague about how the proposed amended complaint satisfies Rule 15. In the Motion for Indicative Ruling, he states only that his remaining claims "have been better articulated to address the deficiencies in the factual allegations found by the Court with respect to the original Complaint." [ECF 171, p. 3]. Plaintiff is slightly more articulate in the Motion to Amend itself, stating that "The proposed amended complaint cures the concerns raised by this Court in its prior decision by honing in on the salient Arrest Affidavit facts discussed in this Court's order and alleging that most of them, too, are either based on falsehoods Defendants knew to be untrue or rendered impossible to believe by other exculpatory evidence omitted from the Complaint." [ECF 172, p. 7, ¶ 21].

Based on this last statement, the Defendants expected that the proposed Amended Complaint would level attacks against the twenty-three categories of inculpatory information the Court previously relied upon in determining that probable cause existed for Plaintiff's arrest. [*See* ECF 161, pp. 5-7 (noting twenty-three bullet points of inculpatory information that Mr. Morphew does not dispute)]. Indeed, taking Plaintiff at his word that he raised challenges to "most of them" in his proposed Amended Complaint (*see* ECF 172, p. 7, ¶ 21), one would expect at least twelve new sources of information disputing the twenty-three categories of inculpatory information.

But as best the Defendants can tell, the proposed Amended Complaint criticizes only *two* of the twenty-three sources of inculpatory information. First, Plaintiff seeks to add allegations about the scratches to his arm, claiming that the Defendants knew Ms. Morphew had shorter fingernails and the surveillance footage from the Broomfield hotel did not show scratches on

Plaintiff's arms.[2] [ECF 172-1, pp. 184-86, ¶¶ 737-43]. Second, Plaintiff alleges that certain

Defendants knew of a pending sale of the Morphew home and the possibility that Ms. Morphew

was going to sell her vehicle to buy one with a trailer hitch. [ECF 172-1, pp. 176-80, ¶¶ 722-35].

Plaintiff alleges those facts provide greater context to his liquidation of Ms. Morphew's assets,

although he only offers comment on certain assets held by Ms. Morphew.

     With only two new sources of information, Plaintiff's proposed amendment thus falls

well short of establishing that all or most of the inculpatory facts are based on "falsehoods

Defendants knew to be untrue or rendered impossible to believe by other exculpatory

evidence…" [ECF 172, p. 7, ¶ 21].[3] Indeed, Plaintiff has not – and apparently cannot – offer

excuses for any of the key inculpatory facts demonstrating a fair probability that he was involved

in his wife's disappearance and death. This includes, for example, Plaintiff's trash runs to two

separate McDonald's trash cans on the morning of May 10, multiple reports and text messages

substantiating a physically and emotionally abusive relationship, and the fact that Plaintiff was

the last person to see Ms. Morphew alive. [ECF 161, pp. 17-18 (discussing overall picture

developed based on inculpatory and exculpatory facts developed during the investigation)].

---

[2] The Defendants would note that people with short fingernails can still scratch others. Also, Plaintiff makes no effort to show that the hotel's security camera system was sophisticated enough to capture details like scratches (assuming Mr. Morphew was wearing short sleeves, which was not always the case – *see* ECF 172-3, p. 125)].

[3] Plaintiff also discusses his constant use of the phrase "I don't recall" – claiming he actually lacked an accurate recollection of events when he used that phrase. [ECF 172-1, pp. 142-43, ¶ 545]. But Plaintiff also admits that he referenced James Comey and Hillary Clinton when offering that excuse, noting that they appeared to use the phrase whenever they did not want to tell the truth. While Plaintiff may not have been implying such a connection to his own statements, it was certainly reasonable for the Defendants to infer that. Indeed, why else would Plaintiff offer that analogy when questioned by law enforcement.

Finally, although not emphasized in the Motion to Amend, Plaintiff also proposes a new exculpatory fact, namely that the Defendants failed to mention that Ms. Morphew's swimsuit was folded neatly in the closet. [ECF 172-1, p. 174, ¶ 716]. Beyond the location of the swimsuit, Plaintiff did not highlight, nor did the Defendants find, any "new" exculpatory facts in the proposed amended complaint.

 Put bluntly, information about Ms. Morphew's assets, her fingernail length, and her swimsuit are not enough to shift the analysis of probable cause in light of the remaining undisputed sources of inculpatory information. Plaintiff's proposed amendment is thus futile because the representation he makes in his Motion, namely that he has addressed "most" of the inculpatory facts, is not even close to being accurate. At best, he attacks the fringes of certain sources of information, glossing over the remaining facts that he simply cannot explain away.

## III.   CONCLUSION

Plaintiff's motion to amend is both procedurally deficient and lacking any factual or legal basis. For all the reasons stated above, the motions should be denied.

DATED this 30th day of December, 2024.

Respectfully submitted,

**OVERTURF McGATH
& HULL, P.C.**

By _s/ Scott A. Neckers[4]_
Scott A. Neckers
Robert I. Lapidow
Sarah A. Thomas
Overturf McGath & Hull, P.C.
625 East Sixteenth Avenue, Suite 100

---

[4] Submitted on behalf of all Defendants with their email consent.

Denver, Colorado 80203
Tel: (303)860-2848
Fax: (303) 860-2869
san@omhlaw.com
rl@omhlaw.com
sat@omhlaw.com
*Attorneys for Defendant Joseph Cahill*

## CERTIFICATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system with service as follows:

| | |
|---|---|
| Jane Fisher-Byrialsen<br>David Fisher<br>Fisher & Byrialsen, PLLC<br>4600 South Syracuse St., 9th Floor,<br>Denver, Colorado 80237<br>(303) 256-6345<br>Jane@FBlaw.org<br>*Attorneys or Plaintiff Barry Lee Morphew* | Hollis Whitson<br>Eric Samler<br>Samler and Whitson, PC<br>1600 Stout Street, Suite 1400<br>Denver, CO 80202<br>(303) 670-0575<br>Hollis@SamlerandWhitson.com<br>*Attorneys or Plaintiff Barry Lee Morphew* |
| Iris Eytan<br>Eytan Law<br>2701 Lawrence St, Ste 108<br>Denver, CO 80205<br>(720) 440-8155<br>iris@eytanlawfirm.com<br>*Attorneys or Plaintiff Barry Lee Morphew* | William T. O'Connell III<br>Wells, Anderson & Race, LLC<br>1700 Broadway, Suite 900<br>Denver, CO 80290<br>(303) 830-1212<br>woconnell@warllc.com<br>*Attorney for Defendants Alex Walker and Jeffrey Lindsey* |
| Nicholas C. Poppe<br>J. Andrew Nathan<br>NATHAN DUMM & MAYER P. C.<br>7900 E. Union Avenue, Suite 600<br>Denver, CO 80237-2776 | Jennifer H. Hunt<br>Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor |

| | |
|---|---|
| (303) 691-3737<br>NPoppe@ndm-law.com<br>Anathan@ndm-law.com<br>*Attorneys for Defendants Chaffee County, Colorado, Board of County Commissioners of Chaffee County, Colorado, Chaffee County Sheriff's Department, Chaffee County Sheriff John Spezze, and Chaffee County Undersheriff Andrew Rohrich* | Denver, Colorado 80203<br>(720) 508-6215<br>jennifer.hunt@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* |
| Dmitry B. Vilner<br>Assistant Attorney General II<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6645<br>dmitry.vilner@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* | Kathleen L. Spalding<br>Senior Assistant Attorney General<br>Civil Litigation and Employment Law Section<br>1300 Broadway, 10th Floor<br>Denver, Colorado 80203<br>(720) 508-6000<br>kit.spalding@coag.gov<br>*Attorney for Defendants Colorado Bureau of Investigation Director John Camper, Colorado Bureau of Investigation Agent Megan Duge, Colorado Bureau of Investigations Deputy Director of Investigations Chris Schaefer, Colorado Bureau of Investigation Agent Caitlin Rogers, Colorado Bureau of Investigation Agent Kevin Koback, Colorado Bureau of Investigation Agent Kirby Lewis, and Colorado Bureau of Investigation Agent Derek Graham* |
| Andrew R. McLetchie<br>Rachel L. Bradley<br>Eden R. Rolland<br>Fowler, Schimberg, Flanagan & McLetchie, P.C.<br>350 Indiana Street, Suite 601<br>Golden, CO 80401<br>(303) 298-8603 | Eric M. Ziporin<br>Jonathan N. Eddy<br>Courtney B. Kramer<br>SGR, LLC 3900 East Mexico Avenue, Suite 700<br>Denver, CO 80210<br>(303) 320-0509<br>eziporin@sgrllc.com |

| | |
|---|---|
| a_mcletchie@fsf-law.com<br>r_bradley@fsf-law.com<br>e_rolland@fsf-law.com<br>*Attorneys for Defendant Scott Himschoot* | jeddy@sgrllc.com<br>ckramer@sgrllc.com<br>*Attorneys for Defendant Mark Hurlbert* |
| Leslie L. Schluter<br>DAGNER \| SCHLUTER \| WERBER LLC<br>8400 East Prentice, Suite 1401<br>Greenwood Village, CO 80111<br>(303) 221-4661<br>lschluter@lawincolorado.com<br>*Attorneys for Defendant Linda Stanley* | Reginald M. Skinner<br>Senior Trial Attorney<br>United States Department of Justice<br>Civil Division, Torts Branch<br>P.O. Box 7146, Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 616-3111<br>reginald.m.skinner@usdoj.gov<br>*Attorney for Defendants Jonathan Grusing and Kenneth Harris* |

*s/Glorianne Slusher*