**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Daniel D. Domenico**

Civil Action No. 1:23-cv-01108-DDD-SKC

BARRY MORPHEW,

     Plaintiff,

v.

CHAFFEE COUNTY, Colorado,
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY,
Colorado,
CHAFFEE COUNTY SHERIFF'S DEPARTMENT,
LINDA STANLEY, District Attorney, in her official and individual ca-
pacities,
JOHN SPEZZE, Chaffee County Sheriff, in his official and individual
capacities,
SCOTT HIMSCHOOT, Chaffee County Sheriff's Deputy,
ANDREW ROHRICH, Chaffee County Undersheriff,
ALEX WALKER, Eleventh Judicial District Attorney's Office Investi-
gator,
JEFFREY LINDSEY, Deputy District Attorney,
ROBIN BURGESS, Chaffee County Sheriff's Detective,
JOHN CAMPER, Colorado Bureau of Investigation Director,
JOSEPH CAHILL, Colorado Bureau of Investigation Agent,
MEGAN DUGE, Colorado Bureau of Investigation Agent,
CAITLIN ROGERS, Colorado Bureau of Investigation Agent,
DEREK GRAHAM, Colorado Bureau of Investigation Agent,
KEVIN KOBACK, Colorado Bureau of Investigation Agent,
KIRBY LEWIS, Colorado Bureau of Investigation Agent,
CHRIS SCHAEFER, Colorado Bureau of Investigation Deputy Director
of Investigations; and
JOHN/JANE DOES 1-10, and other unknown employees of the Elev-
enth Judicial District Attorney, and other unknown officers of the
Chaffee County Sheriff's Department,

     Defendants.

---

**ORDER DENYING MOTION TO REOPEN CASE**

---

The material facts of this case are laid out at length in a previous order dismissing Plaintiff's complaint. *See generally* Dkt. 161. For the purposes of this order, I simply add that final judgment was entered in favor of Defendants on September 24, 2024. Dkt. 162. Plaintiff filed a notice of appeal on October 24, 2024. Dkt. 163. On December 9, 2024, he filed motions to amend his complaint and for an indicative ruling that he would be permitted to amend his complaint were this case remanded from the Tenth Circuit. Dkt. 171; 172. On December 24, 2024, Plaintiff filed an additional motion to reopen this case for the purpose of allowing him to amend his complaint.[1] Dkt. 173. Defendants oppose these motions. Dkt. 175; 177. Because Plaintiff has failed to show that reopening this case is proper at this point, and because he may still file a new case, his motions are denied.

## DISCUSSION

"Once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (cleaned up; collecting cases). A Rule 59 motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). A Rule 60 motion may be filed "within a reasonable time" but "no more than a year after entry of the judgment." Fed. R. Civ. P. 60(c)(1). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Plaintiff moved to reopen this case more than 28 days after judgment was entered, so he must satisfy the demanding standard

---

[1]    This motion was filed twice. *See* Dkt. 174.

applicable under Rule 60. He has not done so, so the motion to reopen this case is denied as are the related motions to amend his complaint and for an indicative ruling.

Plaintiff argues that relief from judgment would be appropriate in this case under Rule 60(b)(6), which permits a court to set aside final judgment for "any [] reason that justifies relief." However, "Rule 60(b)(6) relief is even more difficult to attain [than relief under other subsections of Rule 60] and is appropriate only 'when it offends justice to deny such relief.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)).

Justice would not be offended were I to deny Plaintiff's request. To begin, Plaintiff's first complaint was dismissed without prejudice, so he may still file his new proposed complaint in a new case even though he cannot do so here. That alone is likely enough for me to find that injustice would not result from denial of the motions presently before me. But Plaintiff has also failed to present any compelling reason why justice would be served by reopening this case at this point. He explains that "[b]ecause of the complexity of the case, the need to research the basis for this Court's ruling, and the changing developments in facts related to this case, counsel could not complete the motion to amend by the time the Notice of Appeal was due." Dkt. 174 at 7. But this explanation does not describe why relief under Rule 60(b)(6)—relief that Plaintiff admits is "extraordinary in nature"—is warranted. *Id*. While it does provide some helpful context for why it took more than a month to file a motion to amend his complaint after his notice of appeal was filed, it does not provide any affirmative reasons for why the requested relief is appropriate at this time. And, as Defendants note, there have been no new

development in the facts[2] or law related to this case since judgment was entered that might justify relief under Rule 60. *See* Dkt 177 at 4.

Further, and contrary to what Plaintiff argues, this is not a case where "a Rule 60(b) motion is unnecessary." Dkt. 174 at 6. Regardless of whether a formal "freestanding" Rule 60(b) motion is required in addition to a motion for an indicative ruling, since final judgment was previously entered, leave to amend the complaint cannot be granted unless and until the final judgment is set aside or vacated. That Plaintiff has appealed the order dismissing his complaint does not indicate that the case has somehow returned to a pre-judgment posture; in fact, it indicates the opposite. *Cf id.* ("The procedural posture is pre-judgment."); 28 U.S.C. § 1291 (limiting jurisdiction of Federal Courts of Appeals to appeals from "final decisions of the district courts of the United States"). Accordingly, Plaintiff has failed to demonstrate good cause to reopen this case.

Given this ruling, Plaintiff's motions to amend his complaint and for an indicative ruling also must be denied. They are either technically moot in light of this order or, to the extent they are not, they are denied because Plaintiff has failed to satisfy the procedural prerequisite for amendment.

---

[2] Though Plaintiff's proposed amended complaint adds various allegations, none of these additions appear to be premised on facts that only became available after judgment was entered in this case. *See generally* Dkt. 172-1.

## CONCLUSION

It is ORDERED that:

The Motions to Reopen Case for the Purpose of Amendment, **Dkt. 173 and 174**, are **denied**;

The Motion for an Indicative Ruling, **Dkt. 171**, is **denied**; and

The Motion to Amend Civil Rights Complaint, **Dkt. 172**, is **denied**.

DATED: March 10, 2025          BY THE COURT:

_____

~~Daniel D. Domenico~~
United States District Judge